IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil No.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | **DECLARATION OF JEFFREY** |
| v. ) | **WAGNER IN SUPPORT OF** |
| ) | **PETITION TO ENFORCE** |
| JOHN K. THORNTON, ) | **INTERNAL REVENUE SERVICE** |
| ) | **SUMMONS** |
| Respondent. ) | |

Jeffrey Wagner declares pursuant to 28 U.S.C. § 1746(1):

1.  I am a duly commissioned revenue officer employed in the Small Business/Self Employed Division Midwest Compliance Area of the Internal Revenue Service located at 1550 American Blvd. E, Suite 500, Bloomington, Minnesota 55425.

2.  Jeffrey Wagner is a pseudonym I used in my official capacity as an officer of the IRS. The pseudonym, used for privacy and safety reasons, has been registered with the IRS in accordance with all IRS procedures governing the use of pseudonyms (Internal Revenue Manual 10.5.7).

3.  In my capacity as a revenue officer, I am conducting an investigation into the federal income tax liability of Respondent John K. Thornton for the calendar years ending: 2001, 2002, and 2003. In addition, I am conducting an investigation regarding delinquent individual income tax returns for tax periods ending: 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

4.  Pursuant to this investigation, I have learned that Respondent resides or is found at

4128 Utica Ave. South, St. Louis Park, Minnesota 55416.

5. On July 25, 2013, in furtherance of the above investigation of tax liability, and in accordance with 26 U.S.C. section 7602, I issued an administrative summons, Internal Revenue Service Form 6638, to Respondent, directing him to appear on August 9, 2013, to testify and produce for examination books, papers, records, or other data as described in said summons. A true and correct copy of the summons is attached hereto as **Exhibit A**.

6. On July 25, 2013, in accordance with 26 U.S.C. section 7603, I served attested copies of the summonses described in paragraph 4 above on Respondent by leaving it at his last and usual place of abode: 4128 Utica Ave. South, St. Louis Park, Minnesota 55416, by affixing it to the front door with tape, as evidenced in the certificate of service on the reverse side of the summons.

7. On August 13, 2013, in furtherance of the above investigation regarding delinquent individual income tax returns, and in accordance with 26 U.S.C. section 7602, I issued an administrative summons, Internal Revenue Service Form 6638, to Respondent, directing him to appear on September 4, 2013, to testify and produce for examination books, papers, records, or other data as described in said summons. A true and correct copy of the summons is attached hereto as **Exhibit B**.

8. On August 13, 2013, in accordance with 26 U.S.C. section 7603, I served attested copies of the summonses described in paragraph 6 above on Respondent by personal delivery as evidenced in the certificate of service on the reverse side of the summons.

9. Service of notice of the summons on Respondent is not required as both

summonses were served on the person with respect to whose liability the summonses were issued, in accordance with U.S.C. 26 section 7609(c)(2)(A), as evidenced in the certificate of service of notice on the reverse side of the summons.

10. On July 30, 2013, I received a call from Respondent and a third party identified as Marc Stevens, who claimed he represented Respondent. Marc Stevens was not able to demonstrate he had any credential or power of attorney for Respondent. Respondent was informed that he was to appear as directed on the summons and that failure to appear would result in enforcement proceedings.

11. On August 6, 2013, I received a call from Marc Stevens attempting again to represent Respondent and requesting to extend the appearance date. I informed Marc Stevens he was not a representative of the respondent and I would not discuss the matter with him. Respondent then came on the line. Respondent stated that he needed to move the appearance date from August 9, 2013, to August 13, 2013 due to a family obligation. I advised Respondent that the summons appearance would only be moved for a compelling reason. Respondent then stated that he had a family obligation out of town and could not move it. I informed Respondent that his appearance date was officially extended to August 13, 2013 at 11 A.M.

12. On August 6, 2013, I sent a letter to Respondent extending his appearance date to August 13, 2013 at 11 A.M. A copy of the letter is attached hereto as **Exhibit C**.

13. On August 13, 2013, Respondent did appear in response to the summons. Respondent appeared with two other individuals who identified themselves as Marc Stevens and John Thomas. Respondent was advised that a written authorization for

disclosure of tax information would be needed if they wished to observe the summons appearance. Respondent prepared a handwritten authorization and provided it to me. I informed both Marc Stevens and John Thomas that they would be permitted to view the proceeding but would not be allowed to talk or interrupt in any way. Marc Stevens attempted to speak for Respondent and act as his representative. After repeated direction for Marc Stevens to stop interrupting the proceeding, he was directed to leave. I proceeded to administer the oath statement. Respondent repeatedly refused to take the oath statement. I asked Respondent if he brought the books, papers, records, or other data as described in said summons. Respondents only response was questioning how the United States Constitution and the code applied to him. Respondent was advised that enforcement proceedings would result if he failed to comply. He continued to refuse to participate in taking the oath or providing any documents.

14. On August 21, 2013, Respondent was issued a "last chance" letter, giving him an opportunity to comply with the summonses by appearing and meeting with me on September 4, 2013. A true and correct copy of the letter is attached hereto as **Exhibit D**.

15. On September 4, 2013, Respondent did not appear in response to last chance letter.

16. On August 23, 2013, September 3, 2013, and September 9, 2013, I received letters from Respondent. The letters are attached hereto as **Exhibit E**.

17. Respondent's refusal to comply with the summons continues to date of this declaration.

18. The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

19. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

20. It is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons in order to properly investigate the collectability of federal tax liability of Respondent for the calendar years ending 2001, 2002, and 2003. Further, It is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons in order to properly investigate the delinquent individual tax returns for tax periods 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

21. As of the date that the summons was issued and served, and as of the date I signed this declaration, no recommendation for criminal prosecution of Respondent has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to Respondent.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23RD day of October, 2013.

Jeffrey Wagner
Revenue Officer