**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil Action No. 13-mc-87 (SRN/TNL)**

UNITED STATES OF AMERICA,

    Petitioner,

v.                                              **REPORT & RECOMMENDATION**

JOHN K. THORNTON,

    Respondent.

---

D. Gerald Wilhelm, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street, Minneapolis, MN 55415, for Petitioner; and

John K. Thornton, 4128 Utica Avenue South, St. Louis Park, MN 55416, *pro se* Respondent.

---

## I.    INTRODUCTION

This matter is before the Court, Magistrate Judge Tony N. Leung, on Petitioner United States of America's ("the Government") Petition to Enforce Internal Revenue Service Summons, (ECF No. 1), and Respondent John K. Thornton's "Motion to strike/dismiss" (ECF No. 5) and Motion to Dismiss and Sanction (ECF No. 14).  This action has been referred to the undersigned magistrate judge for report and recommendation to the Honorable Susan Richard Nelson, United States District Court Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(B).  Based upon the files, records and proceedings herein, this Court will recommend that Respondent's Motion to Dismiss be denied and the Petitioner's Summons be enforced.

**II.     FACTS**

Jeffrey Wagner,[1] in his capacity as a revenue officer, is investigating the tax liability of John K. Thornton for the calendar years 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.  (Petition ¶ 4; Wagner Decl. ¶ 3, ECF No. 2.)

On July 25, 2013, and August 13, 2013, Wagner served IRS Summonses upon Respondent in accordance with section 7602 of the Internal Revenue Code.  (*Id.* ¶¶ 5-8; Ex. A, ECF No. 2; Ex. B, ECF No. 2.)  The Summonses directed Respondent to appear before Wagner on August 9, 2013, and September 4, 2013, to testify and produce books, records, and other data described in the Summonses.  (*Id.* ¶ 5)  The first Summons furthered the investigation of Respondent's income tax liability, and the second Summons furthered the investigation regarding delinquent individual income tax returns.  (*Id.* ¶ 7)

On July 30, 2013, Wagner received a phone call from Respondent and a third party identified as Marc Stevens, who claimed to represent Respondent.  (Wagner Decl. ¶ 10.)  Mr. Stevens was unable to demonstrate that he was an attorney.  (*Id.*)  Wagner informed Respondent that failure to appear as directed by the Summonses would result in enforcement proceedings.  (*Id.*)

On August 6, 2013, Wagner sent Respondent a letter rescheduling the appearance date for the first summons to August 13, 2013, upon Respondent's request.  (*Id.* ¶¶ 11-12; Ex. C, ECF No. 2.)  On August 13, 2013, Respondent appeared at the time and place directed on the Summons,  accompanied by two men who identified themselves as Marc Stevens and John Thomas, neither of whom is licensed to represent Respondent in tax matters.  (Wagner Decl. ¶ 13.)  Wagner attempted to administer the oath to Respondent, but Respondent

---

[1] Jeffrey Wagner is a pseudonym the Revenue Officer uses in his official capacity as an officer of the IRS.

repeatedly refused to take the oath. (*Id.*) Wagner asked Respondent if he brought the materials identified in the Summons. Respondent did not respond to Wagner's questions. Instead, he asked how the Internal Revenue Code and Constitution provide the Government with the authority to summon him and his records. (*Id.*) Wagner informed Respondent that enforcement proceedings would result if he failed to comply. (*Id.*) Respondent continued to refuse to take the oath or provide any documents. (*Id.*)

On August 21, 2013, Wagner sent a "last chance" letter to Respondent. The letter gave Respondent another opportunity to comply with the Summons on September 4, 2013. (*Id.* ¶ 14; Ex. D, ECF No. 2.) On August 23, 2013, September 3, 2013, and September 9, 2013, Wagner received letters from Respondent. Respondent asked for "evidence" that the Internal Revenue Code and Constitution give the Government authority to summon him and his records. (*Id.* ¶ 16; Ex. E, ECF No. 2.) Respondent did not attend the meeting on September 4, and his refusal to comply with both Summonses continues to date. (*Id.* ¶¶ 15, 17).

On October 25, 2013, the Government filed a Petition to Enforce Internal Revenue Service Summons. (ECF No. 1.) Relying on *United States v. Powell*, 379 U.S. 48, 57-58 (1964), the Court determined that the Government made a prima facie showing in its Petition and ordered Respondent to show cause why he should not be compelled to obey the Internal Revenue Summonses issued to him on July 25, 2013 and August 13, 2013. (ECF No. 4 ¶ 1.) On November 14, 2013, Respondent filed a "Motion to strike/dismiss." (ECF No. 5.) The Court heard oral argument on the Order to Show Cause on December 11, 2013, and on Respondent's Motion to Dismiss on Monday, January 27, 2014. (*See* ECF Nos. 12, 20.)

**III.   DISCUSSION**

    **A.  MOTION TO DISMISS**

        **1.  Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction may take two forms. *Sierra Club v. Clinton*, 689 F. Supp. 2d 1147, 1154 (D. Minn. 2010).  When the challenge is factual, the court may rely on documents outside the pleadings and the specific factual circumstances surrounding the claim at issue. *Id.*  When the challenge is facial, the court assumes all facts in the pleadings are true and views them in the light most favorable to the non-moving party. *Id.* (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)).   Here, Respondent raises one factual challenge and several facial challenges.

        **2.  Respondent's Factual Challenge Fails**

Respondent factually challenges the basis of the Petition and Wagner's Declaration by making the conclusory statement that Wagner "has a history of bad faith and dishonesty." (Motion to Dismiss ¶ 2.)  Respondent provides no facts to support this serious allegation. Therefore, the Court will not conclude that this allegation is true, and Respondent's factual challenge fails.

        **3.  Respondent's Facial Challenges Fail**

With respect to his facial challenges, Respondent argues that the Court does not have subject matter jurisdiction because (1) there is no evidence that the Government has the authority to issue summonses, and (2) there is no case or controversy before the Court.

           **a.  The Internal Revenue Code and the Constitution Give the Government the Authority to Summon Respondent**

The Constitution of the United States is "the supreme law of the land." U.S. Const. art. VI, cl. 2.  It provides that "[a]ll legislative powers herein shall be vested in a Congress of the

United States." U.S. Const. art. I, § 1. This legislative power explicitly includes the authority to make laws to "lay and collect Taxes." U.S. Const. art. I, § 8, cl. 1. The only requirement the guarantee of Due Process imposes upon Congress when it is enacting laws is that it shall not be "unreasonable, arbitrary or capricious." *PruneYard Shopping Ctr. v. Robins*, 447 U.S. 74, 85 (1980) (quoting *Nebbia v. New York*, 291 U.S. 502, 510-511 (1934)). Congress may not delegate the power to make laws, but it "may delegate to others the authority or discretion to execute the law under and in pursuance of its terms." *Loving v. United States*, 517 U.S. 748, 749 (1996) (citing *Marshall Field & Co. v. Clark*, 143 U.S. 649, 692 (1892)).

Congress delegated the authority to issue summonses to the Secretary of Treasury in the Internal Revenue Code:

> For the purpose of . . . determining the liability of any person for any internal revenue tax . . . the Secretary is authorized . . . [t]o summon the person liable for tax or required to perform the act . . . or any other person the Secretary may deem proper to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony under oath, as may be relevant or material to such inquiry. . . .

I.R.C. § 7602(a). The Secretary then delegated the power to issue summonses to the Internal Revenue Service. 26 C.F.R. § 301.7602-1; Treas. Reg. § 301.7602-1. "The delegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees." *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992) (citing 26 C.F.R. § 301.7701-9). In light of this "valid delegation," Respondent's argument that he does not have to comply with the Summonses because the Government has presented no "evidence" that it has the authority to issue summonses is unpersuasive. Congress authorized the IRS to issue

summonses to investigate tax liability. Wagner, an IRS Revenue Officer, may accordingly issue summonses like those at issue in this matter as authorized by Congress and the United States Constitution.

### b. This Court Has Jurisdiction

Respondent's second facial challenge asserts that the Court does not have jurisdiction because there is no case or controversy before it. The Court, having been ordained and established by Congress, has jurisdiction over cases and controversies involving the laws of the United States in which the United States is a party, subject to the jurisdictional boundaries determined by Congress. U.S. Const. art. III, § 2. The Internal Revenue Code provides:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

I.R.C. §§ 7402(b), 7604(a). Because Respondent lives within the District of Minnesota, he is within the jurisdictional boundaries of the Court. (Petition ¶ 3; Wagner Decl. ¶ 4.) Therefore, the Court has jurisdiction to enforce the Summonses.

Respondent argues that no case or controversy exists because the Government did not allege the violation of a legal right. (Motion to Dismiss ¶ 3.) *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (explaining that the case or controversy requirement arises from the Constitution and that the requirement is not fulfilled unless a legally protected interest belonging to one of the parties was invaded). As set forth above, however, Congress has given the IRS the legal right to summon "the person liable for tax or required to perform the act . . . to produce such books, papers, records, or other data, and to give such testimony under oath . . ." to investigate tax liability. I.R.C. § 7602(a). In its petition, the Government pleaded that it has a

6

legal right to summon Respondent to investigate his tax liability, (Petition ¶¶ 3, 5, 7; Wagner Decl. ¶ 2), and that Respondent refused to comply with the Summonses in violation of Federal Law. (Petition ¶¶ 9, 12 ; Wagner Decl. ¶¶ 13, 17.) Accordingly, there is a justiciable case or controversy before the Court as required by the Constitution, and Respondent's Motion to dismiss must be denied.

### B. PETITION TO ENFORCE SUMMONS

Because the Government has the authority to issue summonses and this Court has jurisdiction, the Court must examine whether the Summonses issued in this case are enforceable.

#### 1. Standard of Review

For a summons to be enforceable, the Government "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . ." *Powell*, 379 U.S. at 57-58. In order to establish a prima facie case,[2] the Government need only provide a "minimal showing of good faith compliance with summons requirements." *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005) (citing *United States v. Moon,* 616 F.2d 1043, 1046 (8th Cir.1980)). Proof of each requirement may be provided through the affidavit of an IRS agent. *Id.* Once the Government makes a prima facie showing for enforcement, the burden shifts to respondent to prove that the petition is an abuse of court process. *United States v. Meininger,* 101 F.R.D. 700, 703 (D. Neb. 1984) (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1977)).

---

[2] Respondent's argument that the Petition should be dismissed for failure to state a claim is a different way of saying that the Government has failed to make a prima facie showing in its Petition. Accordingly, this Court will consider the two arguments together.

An abuse of process occurs when a summons is issued "for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58. The taxpayer carries a "heavy" burden to prove that the IRS has abused the court's process. *See United States v. Stuart*, 489 U.S. 353, 360 (1989). The taxpayer must "disprove the actual existence of a valid . . . collection purpose by the Service," *LaSalle Nat'l Bank*, 437 U.S. at 316, by presenting "*specific facts* from which the court could infer a significant possibility of wrongful conduct by the government." *Jungles v. United States,* 634 F. Supp. 585, 586 (N.D. Ill.1986) (emphasis added).

### 2. The Government Made a Prima Facie Showing

The Government issued the Summonses to investigate the tax liability of Respondent. (Petition ¶ 4; Wagner Decl. ¶¶ 3, 5, 7.) The Government provided that it is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the Summonses in order to properly investigate Respondent's tax liability. (Petition ¶ 15; Wagner Decl. ¶ 20.) The Government also represented that it does not have possession of the information requested in the Summonses and that it followed all of the administrative steps required by the Internal Revenue Code. (Petition ¶¶ 13-14; Wagner Decl. ¶¶ 18-19.) Based on the foregoing, the Court determines that the Government sufficiently pled each element required for a prima facie showing in its Petition and that the Government's inquiry is relevant to the legitimate purpose of investigating Respondent's tax liability.

Respondent points to no specific facts that support his argument that the Government lacks a legitimate purpose; instead, he makes the conclusory statement that the purpose is not legitimate because the Government did not provide evidence that the

Constitution and Internal Revenue Code give the Government authority to summon him. (Motion to Dismiss ¶ 6.)  This circular argument does not meet Respondent's "heavy" burden.  Therefore, this Court will enforce the Government's Summonses.

### 3. Specific Enforcement Terms

At oral argument, the Government requested that the Court impose specific enforcement terms—such as the time and place for appearance—to ensure that Respondent complies with the Summons.  A summons enforcement proceeding is a limited hearing.  *See United States v. Kis*, 658 F.2d 526, 535 (7th Cir. 1981).  "The sole reason for the proceeding[]. . . is to ensure that the IRS has issued the summons for proper investigatory purposes . . . and not for some illegitimate purpose . . . ."  *Id*.  The Court has determined that the Summons was issued for a legitimate purpose.  The Government has not demonstrated that any extraordinary circumstances exist that justify court ordered enforcement terms at this time.  Accordingly, the undersigned will not recommend specific enforcement terms.

## IV. RECOMMENDATION

Based on the foregoing, the record, and memoranda, **IT IS HEREBY RECOMMENDED** that Respondent's Motions to Dismiss (ECF No. 5, 14) be **DENIED** and Petitioner's Internal Revenue Service Summonses (ECF No. 1) be **ENFORCED**.

Date:  April 9, 2014                                               s/ Tony N. Leung
                                                                   Tony N. Leung
                                                                   United States Magistrate Judge
                                                                   District of Minnesota

                                                                   *United States v. Thornton*
                                                                   File No. 13-mc-87 (SRN/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically

identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **May 10, 2014.**