John Thornton
P.O. Box 31258
Mesa, Arizona 85275
(602) 635-1974

RECEIVED

14 SEP -5  AM 10: 10

CLERK, U.S. DIST COURT
MINNEAPOLIS, MN

United States District Court
District of Minnesota

UNITED STATES OF AMERICA" aka "Jeffrey)   Civil docket #13-mc-87 (SRN/TNL)
Wagner"                                    )
                                           )  Motion to strike and request for adversarial
          petitioner,                      )  hearing
     vs.                                   )
                                           )
John Thornton,                             )
                                           )
          alleged respondent               )

Now Comes John Thornton, alleged defendant, by special appearance and under threat, duress and coercion, not submitting to the court's (judges Leung and Nelson) asserted jurisdiction over me, who hereby moves to strike the order issued by Nelson denying reconsideration. The order again ignores the facts and pleading. Grounds are further set forth below.

1. Motion did not just reargue the merits. The order, in what appears to be a non-responsive copy and paste, is wrong. We did not "essentially reargue the merits", there are more than two new issues raised that Nelson ignored. We need to only address two to show the order is wrong.

First, Nelson made an unsupported opinion outside the pleadings. Second, the issue of not having an adversarial hearing where we can confront the witness against us. Neither of these issues was raised before because conditions changed since our initial pleadings.

Nelson, completely on her own, without a shred of evidence, shows bias by using an opinion outside the pleadings to support Wilhelm's petition. Neither Wilhelm nor Leung made the argument we are "citizens" and subject to the constitution and code. This mere opinion, outside the pleadings, was pulled out of thin air in an attempt to cover Wilhelm's lack of evidence. And worse, the opinion is considered irrefutable and violates due process, Vlandis v. Kline, 412 U.S. 441 (1973).

SCANNED
SEP - 5 2014
U.S. DISTRICT COURT MPLS

Submitting her own opinions that are outside the pleadings would qualify not only as bias, but as "changed conditions..." to justify a reconsideration. The order is unfair and violates due process.

2. <u>No adversarial hearing</u>. This issue was not raised initially because we were told the hearings were not evidentiary so no confrontation would be permitted. We know that if the motion to dismiss (not an answer) was denied, then we could file an answer, request an adversarial hearing and then confront Wagner.

This didn't happen; so we filed to reconsider because there was a change in conditions; we wouldn't be able to confront the dishonest Wagner in open court. Chris, who works for Leung, confirmed for us on 18 August 2014 there had been no evidentiary hearings. Any claim we could have put Wagner on the stand is wrong.[1]

3. <u>Bias</u>. The two orders appear to be copy and paste jobs. Even if a pass is given for the first order, there is no excuse for this last one. The claim we "essentially reargue the merits" is wrong and appears deliberately so. The two issues above are clearly presented and show changed conditions. This is not a simple oversight, it's deliberate.

Also proving bias to our detriment is the fact Nelson, like Leung, Wilhelm and Wagner, just assume the constitution and laws apply because they say so, and because other judges said so. The usage of opinions to settle issues of fact always to the benefit of Wilhelm is proof of bias.

Nelson wouldn't accept our opinions in place of facts, yet this is routine for Wilhelm. He has no evidentiary burden at all, just opinions and argument. We present statements of facts and they are labeled "conclusory statements." We show Wilhelm has no facts to support his arguments and Leung cites opinions as support. Nelson does the same and goes further on behalf of Wilhelm by submitting an opinion that's outside the pleadings.

We can't defend ourselves in a rigged game like this.

---

1  Yes, Wagner was there both times, this does not mean the hearings were evidentiary and we would have been permitted to cross-examine Wagner. We know from experience federal judges refuse to permit cross-examination of IRS agents, even giving the US attorney legal advice from the bench not to put the IRS agents on the stand.

Conclusion.   Based on the foregoing, Nelson's order should be stricken as it is wrong.   An adversarial hearing should be set so we can confront Wagner who has established a pattern of lying and committed perjury.

We ask that a hearing be set in a few weeks so we can clear our work schedules.

Submitted this 5th day of September 2014

BY: _John Thornton_

John Thornton

### Certificate of service

This is to certify that a true and correct copy of the foregoing has been mailed this 5th day of September 2014, to the plaintiff at the following address:

Jerry Wilhelm
U.S. Courthouse
300 S 4th Street
Suite 600
Minneapolis, MN 55415

BY: _John Thornton_

John Thornton