John Thornton
4128 Utica Avenue South
Saint Louis Park, Minnesota [55416]

RECEIVED
OCT 28 2014
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**United States District Court**
**District of Minnesota**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>    *Petitioner*           )<br>vs.                              )<br>**John Thornton,**              )<br>    *Respondent*          )<br>                                      ) | Case No.  0:13-mc-00087-SRN-TNL |

**Motion to Vacate Judgment Under Rule 60(b) With Memorandum Inextricably Tied to Motion on Show Cause on Sanction**

Comes now John Thornton ("Thornton") without Assistance of Counsel with this

Motion to Vacate Judgment Under Rule 60(b) with Memorandum is Inextricably

Tied to Motion on Show Cause on Sanctions.

### Table of Contents.

I. Intro. ........................................................................................................... 3

II. Brief Overview of Newly Discovered Evidence, Fraud and Misrepresentation. .......... 3

   A. Brief List of Cases in Support Newly Discovered Evidence, Fraud, Fraud on Court,
   Collusion and Misrepresentation. ............................................................. 3

III. Attachments ................................................................................................ 6

   A1. Letter to Wagner. ................................................................................ 6

   A. Docket 2—Declaration of Jeffrey Wagner, a pseudonym ("A—Declaration 1"). ..... 6

   B. Docket 2, Exhibit A—Summons ("B—Summons 1"). ................................... 6

   C. Docket 2, Exhibit B—Summons ("C—Summons 2"). .................................... 6



D. Form 4549 Examination Changes & Letter Dated October 27, 2010 for 2001, 2002, 2003 ("D—Form 4549") ................................................................................................ 6

E. Notice of Deficiency ("NOD") Dated March 15th, 2011 with Forms 886-A and Worksheets ("E—NOD, 886-A") ................................................................................. 6

F. Docket 32—Declaration of Jeffrey Wagner, a pseudonym ("F—Declaration 2"). ... 6

G. Supreme Court Case of *United States v. Clarke*, 134 S.Ct. 2361 (2014) ("G—Clarke Case") ............................................................................................................................ 6

H. CC-2007-0005—Chief Counsel Notice: Subject: Litigating Position For Returns Prepared Under Section 6020(b) ("H—Chief Counsel Notice") ................................ 6

I. Response of Wagner to Letter A1 and Attachments A-H ("Wagner Response") ....... 7

IV. Newly Discovered Evidence, Fraud, Fraud on the Court and Mispresention. ............ 7

A. Newly Discovered Evidence ................................................................................... 7

  a. Wagner's Penalty of Perjury Statement ............................................................... 8

  b. Under H—Chief Counsel, the mandated Required Forms to be Entered in the Record ......................................................................................................................... 9

  b. When will the Chief Counsel Defend the Form 13496 Package? ....................... 11

  c. Collusion and Conflicts of IRM Forms and H—Chief Counsel Notice ............. 12

  d. Form 4549 Not Entered into Court Record ....................................................... 13

  e. Form 886-A and Substitute For Return under 6020(b) Not Entered into Court Record ...................................................................................................................... 14

  f. Known Legal Duty, 26 U.S.C. § 6211—Definition of Deficiency, 26 U.S.C. 6212—Notice of Deficiency, 26 U.S.C. § 7701(a)(23)—Taxable Year and 26 U.S.C. § 7701(a)(16)—Withholding Agent. .......................................................................... 15

V. Conclusion ................................................................................................................... 18

## I. Intro.

Thornton Motions this Court to Vacate the Judgment therein the voiding the ensuing Motion for Sanctions under Federal Rules of Civil Procedure ("FRCP") Rule 60(b)[1] including but not limited to the following:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);**
>
> **(3) fraud** (whether previously called intrinsic or extrinsic), **misrepresentation, or misconduct by an opposing party;**
>
> **(6) any other reason that justifies relief.**

## II. Brief Overview of Newly Discovered Evidence, Fraud and Misrepresentation.

### A. Brief List of Cases in Support Newly Discovered Evidence, Fraud, Fraud on Court, Collusion and Misrepresentation.

This newly discovered evidence, fraud, fraud on the Court, collusion and/or misrepresentation changes the complete Case against Thornton being perpetuated by **Revenue Agent Jeffrey Wagner ("Wagner") and U.S. Attorney D. Gerald Wilhelm ("Welhelm")**. Under *Goland v. Central Intelligence Agency*, 607 F.2d 339 (C.A.D.C. 1990) *cert. denied* 445 U.S. 927 when newly discovered evidence or changes circumstances will warrant setting aside a final judgment are limited to **procedurally as well as substantive;** In *United States Fidelity & Guaranty Co. v. Lawrenson*, 334 F.2d

---

[1] *Paige v. Sanbute*, 917 F.2d 1108 (8th Cir 1990); *Goland v. Central Intelligence Agency*, 607 F.2d 339 (C.A.D.C. 1990);

464 (4th Cir. 1964) *cert. denied 369 U.S. 869* is the standard governing relief from judgment on basis of newly discovered evidence is the same as that governing new trial; In *Dugan v. United States*, 521 F.2d 231 (5th Cir. 1975) is a motion to vacate order on the basis of newly discovery evidence is addressed to sound discretion of district court;  in *Laguna Royalty Co. v. Marsh*, 350 F.2d 817 (5th Cir. 1965) where "newly discovered evidence" situation there is the vital discretion element in which the judge inescapably has to measure the impact of the "new" against the whole record;  in *McCormack v. Citibank, N.A.*, 100 F.3d 532 (8th Cir. 1996) To prevail on motion for relief judgment bases on newly discovered evidence, movant must show that evidence was discovered after trial, that movant exercises due diligence to discover evidence prior to end of trial, that evide3nce is material and not merely cumulative or impeaching, and that evidence would probably produce different result if new trial was granted;  See also *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996); *Compass v Technology, Inc. v. Tseng Laboratories*, 71 F.3d 1125 (3rd Cir. 1995); in *MIF Realty L.P. v. Rochester Assoc.* 92 F.3d. 752 (1996) Rule 60(b) provides the that the court may relieve party from final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect is to be given liberal construction so as to do substantial justice and prevent the judgment form becoming vehicle of injustice; See on Fraud also *Conerly v. Flower*, 410 F.2d 941 (8th Cir. 1969); *United States v. Denham*, 817 F.2d 1307 (8th Cir. 1987); "fraud" in knowing misrepresentation of a material fact—See *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448 (6th Cir. 2008).

Thornton also incorporates also recent **holdings and pronouncements** of the Supreme Court of the United States in *United States v. Clarke*, 134 S.Ct. 2361 (2014) briefly summarized in *ibid @ 2364* "A person receiving a summons is entitled to contest it in an **adversarial enforcement proceeding * * * and that the administrative steps required by the [internal Revenue] Code have been followed * * * The taxpayer, however, has an opportunity to challenge that affidavit.**"

And further, *Ibid @ 2367*, to wit:

The power "**vested in tax collectors may be abused, as all power**" may be abused. *Bisceglia,* 420 U.S., at 146, 95 S.Ct. 915.

\* \* \*

<u>**And we have time and again stated that the requisite judicial proceeding is not *ex parte* but adversarial.**</u> See *Donaldson v. United States,* 400 U.S. 517, 527, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *Powell,* 379 U.S., at 58, 85 S.Ct. 248; *Reisman,* 375 U.S., at 446, 84 S.Ct. 508. The summoned party must receive notice, and may present argument and evidence on all matters bearing on a summons's validity. See *Powell,* 379 U.S., at 58, 85 S.Ct. 248.

As part of the adversarial process concerning a summons's validity, the taxpayer **is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith.** Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge.

\* \* \*

*Ibid @* 2368—**As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith.** Naked allegations of improper purpose are not enough: **The taxpayer must offer some credible evidence supporting his charge. But circumstantial evidence can suffice to meet that burden;** after all, direct evidence of another \*2368 person's bad faith, at this threshold stage, will rarely if ever be available. And although bare assertion or conjecture is not enough, neither is a fleshed out case demanded: **The taxpayer need only make a showing of facts that give rise to a plausible inference of improper motive.** That standard will ensure inquiry where the facts and circumstances make inquiry appropriate, without turning every summons dispute into a fishing expedition for official wrongdoing.

## III. Attachments

Thornton did in good faith deliver via certified mail the following letter **Attachment A1 with Attachments A-H** to Wagner to give Wagner the ability to address the newly discovered evidence, the fraud, the fraud on the Court, collusion and misrepresentation so that a possible remedy would be forthcoming before requiring the intervention of this Court. Wagner and Welhelm refused to address the issues as evidenced in **I—Wagner Response**, *infra*. Thornton is using the same Attachment Numbers to this Motion to avoid confusion where the Attachments are also used and found under **Attachment A1—Letter to Wagner.** This Court is hereby Noticed to take judicial Notice of the Letter, the same Attachments that are used both in this Motion and the Letter to Wagner and all Court cases and especially **Attachment H—Chief Counsel Notice** and **Attachment I—Response to Letter to Wagner with Attachments A-H.**

**A1. Letter to Wagner.**
**A. Docket 2—Declaration of Jeffrey Wagner, a pseudonym ("A—Declaration 1").**
**B. Docket 2, Exhibit A—Summons ("B—Summons 1").**
**C. Docket 2, Exhibit B—Summons ("C—Summons 2").**
**D. Form 4549 Examination Changes & Letter Dated October 27, 2010 for 2001, 2002, 2003 ("D—Form 4549")**
**E. Notice of Deficiency ("NOD") Dated March 15th, 2011 with Forms 886-A and Worksheets ("E—NOD, 886-A")**
**F. Docket 32—Declaration of Jeffrey Wagner, a pseudonym ("F—Declaration 2").**
**G. Supreme Court Case of *United States v. Clarke*, 134 S.Ct. 2361 (2014) ("G—Clarke Case").**
**H. CC-2007-0005—Chief Counsel Notice: Subject: Litigating Position For Returns Prepared Under Section 6020(b) ("H—Chief Counsel Notice")**

**I. Response of Wagner to Letter A1 and Attachments A-H ("Wagner Response").**

**IV. Newly Discovered Evidence, Fraud, Fraud on the Court and Mispresention.**

**A. Newly Discovered Evidence.**

Thornton found a party that has access to a very expensive and high-level access to Westlaw Tax information including Mertens, Casey's and Chief Counsel of the IRS's Notice. This party provided Thornton a copy of the **H—Chief Counsel Notice that is on point not available to even the couple of attorneys that Thornton had talked to as they didn't have this high level access in Westlaw.** This is not available that Thornton can find on the Internet, IRS Home Page or even on the Chief Counsel's list of Notices as **H—Chief Counsel Notice is missing as it goes to CC-2007-006 and STOPS.**

The **H—Chief Counsel Notice** must be given credibility and deference by the Court also Wagner and Wilhelm including but not limited to:

**First**: the **Office** of the "Chief Counsel for the Internal Revenue Service" ("Chief Counsel") was established by a Statute of the United States by Congress[2] under Article II Section 2 Clause 2; and,

**Second**: This "Office" clothes the Chief Counsel as being an bona fide "Officer of the United States;" and,

**Third**: there are bona fide duties delegated under the Chief Counsel "Office" codified in **26 U.S.C. 7803(b)—Chief Counsel** for the Internal Revenue Service including being the "**chief law officer for the Internal Revenue Service**," "furnish legal

---

[2] See *Cain v. Untied States*, 73 F.Supp. 1019, 1020-1021 (N.D.Ill.EasternDiv. 1947); *Scully v. United States*, 193 F. 185, 187, 188 (C.C.D.Nev. 1910); *Martin v. United States*, 202-204 (8th Cir. 1909); *Burnap v. United States*, 252 U.S. 512, 515-516 (1920).

**opinions**," and "determine which civil actions should be litigated under the laws relating to the Internal Revenue Service."

Are Wagner and Wilhelm empowered by their *ipse dixit* pontifications clothed with discretion to discard, ignore, fraudulent statements with Wagner under the Penalties of Perjury that all administrative procedures have been followed and hide these procedural mandates by the Chief Counsel from Thornton and this Court?

Wagner and Wilhelm along with the Judges are deemed to know the law.[3]

### a. Wagner's Penalty of Perjury Statement.

In the **G—Clarke Case,** another requirement is that the Revenue Officer, Wagner, have followed all of the Administrative Steps to issue the Summons, which is true based upon **A–Declaration 1** "19. **All administrative steps** required by the Internal Revenue Code for issuance of a summons have been taken * * * under the penalty of perjury that the foregoing is true and correct." Therefore also, I take the following as true essential elements: (1) Wagner had the proper training and understanding of the Internal Revenue Service's ("IRS") procedures to assure that all of the Administrative Steps have been followed confirmed in **A—Declaration 1** and **F—Declaration 2**; and, (2) before Wagner proceeded to issue **(B)—Summons 1** and **(C)—Summons 2,** that Wagner had in his possession all of the Administrative Record of Thornton to verify all of the Administrative Steps had been followed as attested to under the penalty of perjury as true and correct; and (3), that Wagner introduced into the USDC all of the evidence required to validate that all of the Administrative steps had been followed by the IRS and Wagner

---

[3] *Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges,** unlike juries, **are presumed to know the law**."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

to support the Administrative Summons Enforcement by USDC being a *sine qua non* (required essential elements) to invoke the judicial Power of the USDC to enforce the Administrative Summons **(B)—Summons 1** and **(C)—Summons 2** against Thornton.

### b. Under H—Chief Counsel, the mandated Required Forms to be Entered in the Record.

Clothed in **H—Chief Counsel Notice,** Thornton finds the following "**Form 13496 Package**", *supra,* contains: **(1) A Form 4549, Income Tax examination Changes or Equivalent: and, (2) A Form 886-A, Explanation of Items, appropriate issue lead sheet or similar form; and, (3) A signed and Dated by an IRS Agent/Officer certification (Form 13496)** is a *sine qua non* for a procedurally valid and legal Substitute for Return under § 6020(b). Wagner has not been provided these there Forms to Thornton or Filed them into to the Court as Evidence do date. Why are these three mandated Forms not Filed into the Court Record.

According to the **H—Chief Counsel Notice,** to wit:

> **[I]t should be ascertained as soon as possible after a case has been filed whether a valid section 6020(b) return exists, always keeping in mind the requirements for signing pleadings under T.C. Rule 33(b). If no valid return exists, the court should be advised of this fact at the earliest opportunity, and in all events at the very latest in the pretrial memorandum.**

Thornton has not found that the Court has been advised that the required "valid section 6020(b) return" does not exist for the years of 2001, 2002 or 2003 to date. Why has Wagner and Wilhelm not caused the Court to be notified of the major procedural deficiency?

According to the **H—Chief Counsel Notice,** "It is essential that section **6020(b) returns be placed in evidence** if the Tax Court is to find that the Service

**has met its burden of production under section 7491(c) and sustain the Service's addition to tax determination * * * As stated above, the section 6020(b) return must be placed into evidence to satisfy the Service's burden of production under section 7491(c)."** Wagner has not placed any "6020(b) returns" in evidence into the current Court Case that Thornton can find or provided Thornton any 6020(b) evidence to date? Why?

According to the **H—Chief Counsel Notice,** any claim of a penalty under § 6651(a)(2) requires the Form 13496 Package to exist, to wit:

> Notice CC-2004-009 provides that this office **will defend the section 6651(a)(2) addition to tax in cases in which the addition to tax is supported by a Form 13496 package conforming to the new procedures.** The section 6651(a)(2) addition to tax <u>should be defended</u> in cases in which we can introduce into evidence a <u>**properly completed Form 13496 package as described in this Notice**</u>. In cases in which the former Form 13496 (prior to the current revised form, rev. 4-2005) was used to create the 6020(b) return and the appropriate tax return form or transcript of account is not attached, **the section 6651(a)(2) addition to tax should be conceded.**

In the **D—Form 4549, pg. 4 &5** the Administrative Record that Wagner is using claims penalties under § 6651(a)(2), which according to the **H—Chief Counsel Notice requires the Form 13496 Package to exist but if it doesn't exist; then the 6651(a)(2) should be conceded**; and, this shall be disclosed to Thornton that the Form 13496 package does not exist; and, this shall be disclosed to the Court that the Form 13496 Package does not exist by filing same into the Court record, which has not been done to date: or, has Wagner chosen to defy the **H—Chief Counsel Notice.** This § 6651(a)(2) also in found in the Thornton's

Administrative Record that Wagner is using in **E—NOD, 886-A, pgs. 1—Notice of Deficiency, pg. 13, 14, 15, 20—Explanation of the delinquency Penalty.**

Thornton does not understand what is happening here. Would you explain?

### b. When will the Chief Counsel Defend the Form 13496 Package?

In **H—Chief Counsel Notice**, to wit:

"As described in **IRM 20.1.2.1.4(9),** to prepare the return under section 6020(b), the Service **attaches a completed Form 13496 to other documents**, which, when combined, <u>satisfy each of the elements of a valid section 6020(b) return.</u> Specifically, the package of documents consists of (1) <u>the Form 13496, signed and dated;</u> (2) **Form 4549, Income Tax Examination Changes;** and (3) **Form 886-A, Explanation of Items.**

\* \* \*

[T]his office will defend the section 6651(a)(2) addition to tax in cases in which the addition to tax **is supported by a Form 13496 package conforming to the new procedures.** The section 6651(a)(2) addition to tax **should be defended in cases in which we can introduce into evidence a properly completed Form 13496 package as described in this Notice.**

This is also restated in **1 Casey Fed. Tax Prac. § 3:18**, to wit:

[T[he Service cautions its employees that it **will not defend a substitute return unless it has been properly prepared** (according to the guidelines of Regulation § 301.6020-1T) [should be **§ 301.6020-1** today and **placed in evidence.** It states that a properly produced substitute return typically involves a **Form 13496 "package"—including that Form, a Form 4549** (Income Tax Examination Changes), and a **Form 886-A** (Explanation of Items).

In the **H—Chief Counsel Notice**, to wit:

If, however, the **Service has not prepared a Form 13496 or ASFR Certification package, the <u>Office of Chief Counsel will not defend a document as constituting a section 6020(b) return</u> in cases with facts that do not closely parallel those described** in *Millsap v. Commissioner,* 91 T.C. 926 (1988), *acq. in result in part,* 1991-2 C.B.1.

Again, from the Administrative Records of Thornton that Wagner is using,

there has been no compliance with **H—Chief Counsel Notice** as also found in IRM 20.1.2.1.4(9) to provide the valid Form 13496 Package consisting of the Form 4549, Form 886-A and Form 13496 signed by an IRS agent.

Why has Wagner not provided Form 13496 Package to Thornton and file it also into the Court record; or in the alternate withdrawn the enforcement of the two Summons against Thornton as stated by in the **H—Chief Counsel Notice?**

### c. Collusion and Conflicts of IRM Forms and H—Chief Counsel Notice

In the Internal Revenue Manual ("IRM") in 4.19.17.1.2 Certification Procedures (01-05-2010) it states the following: "**Note: Form 13496 is an internal use only form and should not be sent to the taxpayer(s).**" Is this the reason that Wagner and Wilhelm with Thornton's Administrative Record that claims that Substitute for Returns under § 6020(b) exist, but the Form 13496 has not been provided as the mandatory part of the Form 13496 Package according to **H—Chief Counsel Notice.** Not only does this prejudice Thornton, but the withholding of the Form 13496 to date rises suspicions of **collusion as not only is Wagner deemed competent concerning the Administrative Procedures involved concerning Thornton, but the Prosecutor Wilhelm and possibly Magistrate Leung** and **Judge Susan Richard Nelson—All** are deemed to know the law[4]. How is Thornton to proceed, when no one is following the Code, regulations and

---

[4] *Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . **a reasonably competent public official should know the law governing his conduct.**" Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges,** unlike juries, **are presumed to know the law.**"; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof

H—Chief Counsel Notice?  Is the Chief Law Officer of the IRS and a bona fide Officer of the United States to be ignored not to mention that the H—Chief Counsel Notice is not available to Thornton even with much researching.

In **IRM 5.1.11.6.7—IRS 6020(b) Authority** (04-23-2014), to wit:

> (1) **The following returns may be prepared, signed and executed by revenue officers under the authority of IRC 6020(b)**,
> (a.) Form 940, Employer's Annual Federal Unemployment Tax Return
> (b.) Form 941, Employer's Quarterly Federal Tax Return
> (c.) Form 943, Employer's Annual Tax Return for Agricultural Employees
> (d.) Form 944, Employer's Annual Federal Tax Return
> (e.) Form 720, Quarterly Federal Excise Tax Return
> (f.) Form 2290, Heavy Highway Vehicle Use Tax Return
> (g.) Form CT-1, Employer's Annual Railroad Retirement Tax Return
> (h.) Form 1065, U.S. Return of Partnership Income
> (2) Per **Delegation Order 5-2 (Rev 2)**, effective October 21, 2013, GS-09 Revenue Officers, GS-09 Bankruptcy Specialists, and GS-11 Bankruptcy Advisors have the authority to prepare, sign and execute returns under IRC 6020(b).

If the IRM is to be believed concerning Substitute for Returns under § 6020(b) as claimed to have been executed by the IRS, *supra*; then why have none of these have been provided from Thornton's Administrative Record that Wagner and Wilhelm is using against him and filed into the Court.  Thornton asked Wagner to provide the specific Forms Authorized by this IRM 5.1.11.6.7 for § 6020(b) that have application to Thornton from his Administrative Record that Wagner is using and also file the same into court record but he declined as evidenced in **I—Wagner Response**.

### d. Form 4549 Not Entered into Court Record.

After Thornton found the New Evidence of **H—Chief Counsel Notice**,

---

thereof, the judges being deemed to know the law or at least where it is to be found."

then he searched for the Form 4549s that he could find now understanding the importance of them, but of course they have been hidden from this Court and not entered into evidence to be adjudicated and validated for use by this Court in its judicial powers.

Thornton has been unable to find that the **D—Form 4549** is an authorized Form concerning use concerning the public or any IRS authorized Investigation.

As Thornton has not submitted any Form 1040 OMB 1545-0074 for the three years on the **D—Form 4549 or authorized any Form 1040 OMB 1545-0074,** please provide the Form 1040s for the three years of 2001, 2002 and 2003; they should have been filed into the Court Record as required by the **H—Chief Counsel Notice.**

Upon inspection of **D—Form 4549** and the place for "Examiner's Signature", is this is accord with 26 U.S.C. § 6065 and 26 U.S.C. § 6051 that requires a "signature" for all returns if Form 4549 is part of a Substitute For Return Form under 26 U.S.C. § 6020(b). Does a typed in "Nona Bosshart" qualifies as a valid "signature" and the authority for the use of the Form 4549 in accord with the **H—Chief Counsel Notice?**

### e. Form 886-A and Substitute For Return under 6020(b) Not Entered into Court Record.

Thornton unaware of the **H–Chief Counsel Notice,** Thornton researched into this files for the Form 886–As and Notice of Deficiency Letters understanding now the importance of them in this instant Case and files them into the Court Record as evidence.

Upon inspection of **E—NOD, 886-A,** which would be the Thornton's Administrative File that Wagner has in his possession, Thornton found the following: First, in **E—NOD, 886-A** pg. 2 in the Form 886-A "**FACTS:** John Thornton did not file **a tax return for the years 2001, 2002 and 2003. <u>Substitute for return procedures were used.</u>**" And in **E—NOD, 886-A, pg. 19** "<u>Since you file your tax return(s) shown in this report, we have filed for you as authorized by IRC 6020(b).</u>" Please provide the "Substitute for Returns" for the years 2001, 2002 and 2003 as Thornton does not have them and they have not been entered into the Current Court case as evidence or by any other manner to date.

**f. <u>Known Legal Duty, 26 U.S.C. § 6211—Definition of Deficiency, 26 U.S.C. 6212—Notice of Deficiency, 26 U.S.C. § 7701(a)(23)—Taxable Year and 26 U.S.C. § 7701(a)(16)—Withholding Agent.</u>**

As a Notice of Deficiency is in Thornton's Administrative Record evidenced in E—NOD, 886-A that Wagner is using, but Wagner has not disclosed the specific Subtitle of Tax that the Substitute for Returns were allegedly filed by the IRS and what specific Subtitle of tax Wagner is investigating and attempting collection of to date from Thornton.

Under 26 U.S.C. § 6211—Definition of Deficiency[5] and 26 U.S.C. § 6212—Notice of Deficiency[6] there are **Part 1 Subtitle A—Income Taxes, Part 20 Subtitle B—**

---

[5] In § 6211 "(a) In general.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "**deficiency" means the amount by which the tax imposed by <u>subtitle A or B, or chapter 41, 42, 43, or 44</u>**."

[6] In § 6212 " (a) In general.--If the Secretary determines that there is a deficiency in respect of **<u>any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44</u>**, he is

–**Estat**es and Gifts and Subtitle D—Miscellaneous Excise Taxes under Chapters 41, 42, 43 or 44. Precluded from NODs are **Part 31 Subtitle C—Employment Taxes** which is limited to taxation issues concerning "wages" in Chapter 24 § 3401-3406.

Is the Collections and federal taxable liability in the **B—Summons, C—Summons, A—Declaration** and **F—Declaration** that Wagner is pursuing clothed within **26 U.S.C. § 7701(a)(23)— (23) Taxable year.**--The **term "taxable year" means** the **calendar year** . . .upon the basis of which the **taxable income**[7] **is computed**[8] **under subtitle A**[9]**.**" Please disclose if this is true or not to Thornton so that he can understand what Wagner is pursuing and claiming.

In definition found in 26 U.S.C. § 7701(a)(16)—"(16) **Withholding agent.**--The term **"withholding agent" means any person required to deduct and withhold any tax** under the provisions of section 1441[10], 1442[11], 1443[12], or 1461[13]" is Thornton to be a "withholding agent?" Is Wagner stating that Thornton under the unambiguous Statutes of the United States codified in Title 26 that Thornton should be acting as a "**withholding agent**" for Subtitle A—Income Taxes means "<u>**any person**</u> required to de<u>**duct any tax**</u>"

---

authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."
[7] 26 U.S.C. § 63—Taxable Income defined.
[8] 26 U.S.C. § 3—Individual Tax Tables.
[9] 26 U.S.C. § 7701(a)(16)—Withholding Agent.
[10] 26 U.S.C. § 1441—Withholding on tax on nonresident aliens. (Subtitle A).
[11] 26 U.S.C. § 1442—Withholding on tax on foreign corporations (Subtitle A).
[12] 26 U.S.C. § 1443—Foreign tax-exempt organizations (Subtitle A).
[13] 26 U.S.C. § 1461—Liability for withheld tax (Hold harmless if you withhold from one of §§ 1441, 1442 or 1443).

and that this compensation shall be send it to the IRS?

What individual, parties or entities is "under Subtitle A" within **26 U.S.C. § 7701(a)(23)— (23) Taxable year.**--The **term "taxable year" means** the **calendar year** . . .upon the basis of which the **taxable income**[14] **is computed**[15] **under subtitle A"** is within the authority of the **B—Summons** and the **C—Summons?** Please explain so that Thornton can understand.

Is the Form 1040 OMB 1545-0074 the form that Wagner is claiming that Thornton as a "return" for the years 2001, 2002 and 2003 was required to file with the IRS?

Is this Form 1040 OMB 1545-0074 the form that Wagner is claiming that Thornton should have filed as a "return", being a form for Subtitle A—Income Taxes, the same form identified in **26 U.S.C. 6012—Persons required to make returns of income** "General rule.--**Returns** with respect to **income taxes under** <u>**subtitle A**</u> **shall be made by the following: (1)(A)** Every **individual** having for the **taxable year**[16] **gross income**[17] **which equals or exceeds the exemption amount.**"

The references to "income" used in Thornton's Administrative File that Wagner is using and in Wagner's Declaration and Summons isn't defined in as a term in Title 26 and Thornton has no idea what exactly is "income" and if it is subject to a "taxable income computed under subtitle A." Therefore if Wagner would identify what exactly is "income" and if it is subject to "taxable income is computed under subtitle A.

---

[14] 26 U.S.C. § 63—Taxable Income defined.
[15] 26 U.S.C. § 3—Individual Tax Tables.
[16] 26 U.S.C. § 7701(a)(23)—Taxable Year.
[17] 26 U.S.C. § 61—Gross Income.

## V. Conclusion.

Thornton does hereby state that all of the facts in this Motion and its Attachments; and, the Letter to Wagner with its Attachment are true and correct with his current understanding and knowledge.

Thornton motions this Court to Vacate its judgment in this instant Case as Thornton has exceeded requirements in under Rule 60(b), *supra*.

Thornton motions this Court to Vacate the Show Cause Hearing on Sanctions unless this Court chooses to have Wagner and Wilhelm sworn in with the issues raised and evidenced in this Motion of withholding evidence, fraud, fraud on the Court, collusion and misrepresentation.

Thornton has exceeded with the circumstantial evidence of the holding in *United States v. Clarke*, 134 S.Ct. 2361 (2014) to proceed therefore with a bona fide adversarial proceeding with both Wagner and Wilhelm to be put under Oath and answer questions especially concerning the mandates of Chief Counsel of the IRS in his Notice being the chief law officer of the IRS. Thornton has been prejudiced, under threat of severe damages under sanctions, his wife has been also prejudiced and threaten; wherein, Wagner and Wilhelm have intentionally and knowingly even after Thornton's Good Faith effort to correct and resolve their past actions; and continue working in concert with each other on these extremely fraudulent and prejudicial acts against Thornton. Thornton will be filing in for Sanctions to taken against Wagner and a Complaint against Wilhelm with the Bar, presuming that these proven actions by Wagner and Wilhelm are not sanctioned by the Bar and this Court.

Another solution would be for this Court to Vacate its Judgment; Cease and Desist the Sanctions against Thornton; and then, for Wilhelm to withdraw the case as was done in *United States of America v. MacAlpine*, 1:14-mc-9 USDC W.D. North Carolina in Docket 22 when the Plaintiffs were confronted with the **Chief Counsel Notice and its violations.**

My Hand, BY: [signature]

### Certification of Service

I certify that this Motion and Attachments were delivered or mailed First Class prepaid to the following parties, to wit:

Jerry Wilhelm
U.S. Courthouse
300 S 4th Street
Suite 600
Minneapolis, MN 55415

Date: October 28th, 2014

BY: [signature]
_____
Signature