**Certified Delivery: 7014 1200 0000 6293 2582**
**John Thornton@**
4128 Utica Avenue South
Saint Louis Park, Minnesota [55416]

Date: October 16th, 2014

Jeffrey Wagner, Internal Revenue Agent
30 East Seventh Street, Stop 5114
Saint Paul, Minnesota 55101
651-312-7795

RE: Summons

Dear Mr. Wagner:

I, John Thornton, ("Thornton") have some questions on the current Case in Minnesota on the Administrative Summons Enforcement 0:13-mc-00087-SRN-TNL for you ("Wagner") that will assist me in the upcoming Show Cause Hearing on November 4th, 2014 that have not been answered to date or entered evidence into the Court to date. I am attempting to cooperate with any valid investigation or the issues with the Summons at issue but I am lacking enough information at this time. If you, Wagner, would please provide the documents and answers to the following questions, that would greatly help me understand and respond accordingly as required to the upcoming Show Cause Motion and upcoming hearing on November 4th, 2014

I have taken the liberty including of a couple of conclusions based upon your Declarations to the United States District Court under the penalties of perjury as true and correct, and it they are untrue, please let me know.

I am also relying upon the recent **holdings** of the Supreme Court of the United States in *United States v. Clarke*, 134 S.Ct. 2361 (2014) briefly summarized in *ibid @ 2364* "A person receiving a summons is entitled to contest it in an **adversarial enforcement proceeding * * * and that the administrative steps required by the [internal Revenue] Code have been followed * * * The taxpayer, however, has an opportunity to challenge that affidavit."**

And further, *Ibid @ 2367*, to wit:

> As part of the adversarial process concerning a summons's validity, the taxpayer **is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith.** Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge.

SCANNED
OCT 28 2014
U.S. DISTRICT COURT MPLS

* * *

*Ibid* @ 2368—**As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith.** Naked allegations of improper purpose are not enough: **The taxpayer must offer some credible evidence supporting his charge. But circumstantial evidence can suffice to meet that burden;** after all, direct evidence of another *2368 person's bad faith, at this threshold stage, will rarely if ever be available. And although bare assertion or conjecture is not enough, neither is a fleshed out case demanded: **The taxpayer need only make a showing of facts that give rise to a plausible inference of improper motive.** That standard will ensure inquiry where the facts and circumstances make inquiry appropriate, without turning every summons dispute into a fishing expedition for official wrongdoing.

## TABLE OF CONTENTS


I. Attachments. .... 3

A. Docket 2—Declaration of Jeffrey Wagner, a pseudonym ("A—Declaration 1"). .... 3

B. Docket 2, Exhibit A—Summons ("B—Summons 1") .... 3

C. Docket 2, Exhibit B—Summons ("C—Summons 2"). .... 3

D. Form 4549 Examination Changes & Letter Dated October 27, 2010 for 2001, 2002, 2003 ("D—Form 4549") .... 4

E. Notice of Deficiency ("NOD") Dated March 15th, 2011 with Forms 886-A and Worksheets ("E—NOD, 886-A") .... 4

F. Docket 32—Declaration of Jeffrey Wagner, a pseudonym ("F—Declaration 2"). .... 4

G. Supreme Court Case of *United States v. Clarke*, 134 S.Ct. 2361 (2014) ("G—Clarke Case"). .... 4

H. CC-2007-0005—Chief Counsel Notice: Subject: Litigating Position For Returns Prepared Under Section 6020(b) ("H—Chief Counsel Notice") .... 4

II. Conclusionary Premises taken as True From Evidence. .... 4

A. Conclusion Document of G—Clarke Case. .... 4

B. Conclusion Document of H—Chief Counsel Notice. .... 5

II. Questions. .... 5

A. Question 1. .... 5

B. Question 2 .... 6

C. Question 3 .... 6

D. Question 4. .......... 6
F. Question 5. .......... 7
a. D—Form 4549, is it an Authorized Form for the Public? .......... 7
b. D—Form 4549 States "Return From No: 1040." .......... 7
c. D—Form 4549 Examininer's Signature. .......... 7
G. Question 6. .......... 8
H. Question 7. .......... 8
I. Question 8. .......... 8
J. Question 9. .......... 9
K. Question 10. .......... 9
L. Question 11. .......... 10
M. Question 12. .......... 11
N. Question 13. .......... 12
O. Question 14. .......... 12
Q. Question 16. .......... 13
R. Question 17. .......... 14
S. Question 18. .......... 14
T. Question 19. .......... 14
U. Question 20. .......... 15
III. Conclusion. .......... 15

## I. Attachments.

I have included the following attachments to this Letter for your convenience and inspection.

**A. Docket 2—Declaration of Jeffrey Wagner, a pseudonym ("A—Declaration 1").**

**B. Docket 2, Exhibit A—Summons ("B—Summons 1").**

**C. Docket 2, Exhibit B—Summons ("C—Summons 2").**

**D. Form 4549 Examination Changes & Letter Dated October 27, 2010 for 2001, 2002, 2003 ("D—Form 4549")**

**E. Notice of Deficiency ("NOD") Dated March 15th, 2011 with Forms 886-A and Worksheets ("E—NOD, 886-A")**

**F. Docket 32—Declaration of Jeffrey Wagner, a pseudonym ("F—Declaration 2").**

**G. Supreme Court Case of *United States v. Clarke*, 134 S.Ct. 2361 (2014) ("G—Clarke Case").**

**H. CC-2007-0005—Chief Counsel Notice: Subject: Litigating Position For Returns Prepared Under Section 6020(b) ("H—Chief Counsel Notice")**

## II. Conclusionary Premises taken as True From Evidence.

### A. Conclusion Document of G—Clarke Case.

In the **G—Clarke Case** it states that an Affidavit [2 Declarations in this case] will accompany the Summons in Administrative Summons Enforcement, which is true. See **A—Declaration 1** and **F—Declaration 2.**

In the **G—Clarke Case,** another requirement is that the Revenue Officer, Wagner, have followed all of the Administrative Steps to issue the Summons, which is true based upon **A–Declaration 1** "19. **All administrative steps** required by the Internal Revenue Code for issuance of a summons have been taken * * * under the penalty of perjury that the foregoing is true and correct." Therefore also, I take the following as true essential elements: (1) Wagner had the proper training and understanding of the Internal Revenue Service's ("IRS") procedures to assure that all of the Administrative Steps have been followed confirmed in **A—Declaration 1** and **F—Declaration 2**; and, (2) before Wagner proceeded to issue **(B)—Summons 1** and **(C)—Summons 2,** that Wagner had in his possession all of the Administrative Record of Thornton to verify all of the Administrative Steps had been followed as attested to under the penalty of perjury as true and correct; and (3), that Wagner introduced into the USDC all of the evidence required to validate that all of the Administrative steps had been followed by the IRS and Wagner to support the Administrative Summons Enforcement by USDC being a *sine qua non* (required essential elements) to invoke the judicial Power of the USDC to enforce the Administrative Summons **(B)—Summons 1** and **(C)—Summons 2** against Thornton.

**B. Conclusion Document of H—Chief Counsel Notice.**

The **H—Chief Counsel Notice** must be given credibility and deference including but limited to **First**: the **Office** of the "Chief Counsel for the Internal Revenue Service" ("Chief Counsel") was established by a Statute of the United States by Congress[1] under Article II Section 2 Clause 2; and, **Second:** This "Office" clothes the Chief Counsel as being an bona fide "Officer of the United States;" and **Third:** there are bona fide duties delegated under the Chief Counsel "Office" codified in **26 U.S.C. 7803(b)–Chief Counsel** for the Internal Revenue Service including being the "chief law officer for the Internal Revenue Service," "furnish legal opinions," and "determine which civil actions should be litigated under the laws relating to the Internal Revenue Service."

## II. Questions.

**A. Question 1.**

Upon inspection of the **(B)—Summons 1** and **(C)—Summons 2,** within the both Summons it states "[T]o give **testimony** and to bring for examination information related to the **collection** of the **tax liability** of the person identified above for the periods shown * * * IRS will used this information to prepare a **Collection information Statement.**" "Collection" mandates that a determination of a taxable year liability exists and has been made. This is accomplished via a return Form 1040 OMB 1534-0074 being filed by Thornton, which does not exist: or, a Substitute for Return under 26 U.S.C. § 6020(b).

---

[1] See *Cain v. Untied States*, 73 F.Supp. 1019, 1020-1021 (N.D.Ill.EasternDiv. 1947); *Scully v. United States*, 193 F. 185, 187, 188 (C.C.D.Nev. 1910); *Martin v. United States*, 202-204 (8th Cir. 1909); *Burnap v. United States*, 252 U.S. 512, 515-516 (1920).

Please provide the documents in support of the Summons issued by Wagner against Thornton concerning the determination of the taxable year liability that the Summons is issued for concerning **collections**.

**B. Question 2.**

Upon inspection of the **A—Declaration 1** and **F—Declaration 2** to be in accord with the **G—Clarke Case, neither of the Declarations** (affidavits) are in support of the two Summons exist for "**collections**." Thornton has found the following in **A—Declaration 1 #3** and **F—Declaration 2 #3** "In my capacity as a revenue officer, I am conducting an investigation into the **federal income tax liability** of Respondent John K. Thornton for the **calendar years ending: 2001, 2002, and 2003**." First, "Federal Income tax Liability" is not defined that Thornton can find and therefore unable to discern what the real issue is; and Secondly, this is an investigation into if Thornton has any "taxable year" liabilities? Please provide the documents in support of these Declarations and definitions so that Thornton can understand and proceed accordingly.

**C. Question 3.**

Upon inspection of the **A—Declaration 1 #3** and **F—Declaration 2 #3,** Wagner states "In addition, **I am conducting an investigation regarding delinquent individual income tax returns** for tax periods ending: 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012;", which is not clothed within the scope of the **(B)—Summons 1** and **(C)—Summons 2** that Thornton can discern. Please provide the documents and authority in support of Wagner's "investigation of delinquent income individual income tax returns for tax periods ending: 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012."

**D. Question 4.**

In **A—Declaration 1,** it seems that part is in Accord with the **(B)—Summons 1** and **(C)—Summons 2** and the second part of **A—Declaration 1** isn't, to wit:

> 20. It is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons in order to properly investigate the **collectability of federal tax liability** of Respondent for the calendar years ending 2001, 2002, and 2003. **[second part]** Further, It is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons in order to properly investigate the delinquent individual tax returns for tax periods 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

Please provide the documents and evidence in support of "collectability of federal tax liability"; and second, please provide the authority and documents in support of the "second part?"

**F. Question 5.**

Within the complete Administrative File of Thornton that Wagner has, it states in **D—Form 4549** many issues that Thornton does not understand, which will be listed separately wanting clarification or documents in support thereof, to wit:

**a. D—Form 4549, is it an Authorized Form for the Public?**

Thornton has been unable to find that the **D—Form 4549** is an authorized Form concerning use concerning the public or any IRS authorized Investigation. Please provide the documents and authority for the use of this Form 4549 concerning the public.

**b. D—Form 4549 States "Return From No: 1040."**

As Thornton has not submitted any Form 1040 OMB 1545-0074 for the three years on the **D—Form 4549 or authorized any Form 1040 OMB 1545-0074,** please provide the Form 1040s for the three years of 2001, 2002 and 2003.

**c. D—Form 4549 Examininer's Signature.**

Upon inspection of **D—Form 4549** and the place for "Examiner's Signature", is this is accord with 26 U.S.C. § 6065 and 26 U.S.C. § 6051 that requires a "signature" for all returns if Form 4549 is part of a Substitute For Return Form under 26 U.S.C. § 6020(b). Please provide

the authority for a typed in "Nona Bosshart" that qualifies as a valid "signature" and the authority for the use of the Form 4549.

**G. Question 6.**

Upon inspection of **E—NOD, 886-A,** which would be the Thornton's Administrative File that Wagner has in his possession, Thornton found the following: First, in **E—NOD, 886-A** pg. 2 in the Form 886-A "**FACTS:** John Thornton did not file a **tax return for the years 2001, 2002 and 2003.** **Substitute for return procedures were used.**" And in **E—NOD, 886-A, pg. 19 "Since you file your tax return(s) shown in this report, we have filed for you as authorized by IRC 6020(b).**" Please provide the "Substitute for Returns" for the years 2001, 2002 and 2003 as Thornton does not have them and they have not been entered into the Current Court case as evidence or by any other manner to date.

**H. Question 7.**

According to the **H—Chief Counsel Notice,** "It is essential that section **6020(b) returns be placed in evidence** if the Tax Court is to find that the Service **has met its burden of production under section 7491(c)** and sustain the Service's addition to tax determination * * * **As stated above, the section 6020(b) return must be placed into evidence to satisfy the Service's burden of production under section 7491(c).**" Wagner has not placed any "6020(b) returns" in evidence into the current Court Case that Thornton can find or provided Thornton any 6020(b) evidence to date? Why? Explain.

**I. Question 8.**

According to the **H—Chief Counsel Notice,** Thornton finds the following "Form 13496 Package", *supra,* contains: **(1) A Form 4549, Income Tax examination Changes or Equivalent: and, (2) A Form 886-A, Explanation of Items, appropriate issue lead sheet or similar form; and, (3) A signed and Dated by an IRS Agent/Officer certification (Form**

13496) is a ***sine qua non*** for a procedurally valid and legal Substitute for Return under § 6020(b). Wagner has not provided these there Forms to Thornton or Filed them into to the Court as Evidence do date, therefore Thornton does request Wagner to provide these three Forms that are in accord with the **H—Chief Counsel Notice to Thornton and to file them into the current Court Case as evidence.**

**J. Question 9.**

According to the **H—Chief Counsel Notice,** to wit:

> [I]t **should be ascertained as soon as possible after a case has been filed whether a valid section 6020(b) return exists**, always keeping in mind the requirements for signing pleadings under T.C. Rule 33(b). **If no valid return exists, the court should be advised of this fact at the earliest opportunity**, and in all events at the very latest in the pretrial memorandum.

Thornton has not found that the Court has been advised that the required "valid section 6020(b) return" does not exist for the years of 2001, 2002 or 2003 to date. Why has Wagner not caused the Court to be notified of the major deficiency?

**K. Question 10.**

According to the **H—Chief Counsel Notice,** any claim of a penalty under § 6651(a)(2) requires the Form 13496 Package to exist, to wit:

> Notice CC-2004-009 provides that this office **will defend the section 6651(a)(2)** addition to tax in cases in which the addition to tax is supported by a **Form 13496 package conforming to the new procedures**. The section 6651(a)(2) addition to tax **should be defended** in cases in which we can introduce into evidence a **properly completed Form 13496 package as described in this Notice**. In cases in which the former Form 13496 (prior to the current revised form, rev. 4-2005) was used to create the 6020(b) return and the appropriate tax return form or transcript of account is not attached, **the section 6651(a)(2) addition to tax should be conceded.**

In the **D—Form 4549, pg. 4 &5** the Administrative Record that Wagner is using claims penalties under § 6651(a)(2), which according to the **H—Chief Counsel Notice**

**requires the Form 13496 Package to exist but if it doesn't exist; then** the 6651(a)(2) should be conceded; and, this shall be disclosed to Thornton that the Form 13496 package does not exist; and, this shall be disclosed to the Court that the Form 13496 Package does not exist by filing same into the Court record, which has not been done to date: or, has Wagner chosen to defy the **H—Chief Counsel Notice.** This § 6651(a)(2) also in found in the Thornton's Administrative Record that Wagner is using in **E—NOD, 886-A, pgs. 1—Notice of Deficiency, pg. 13, 14, 15, 20—Explanation of the delinquency Penalty.** Thornton does not understand what is happening here. Would you explain?

**L. Question 11.**

When will the Chief Counsel Defend the Form 13496 Package?

In **H—Chief Counsel Notice**, to wit:

"As described in **IRM 20.1.2.1.4(9),** to prepare the return under section 6020(b), the Service **attaches a completed Form 13496 to other documents**, which, when combined, **satisfy each of the elements of a valid section 6020(b) return.** Specifically, the package of documents consists of (1) **the Form 13496, signed and dated**; (2) **Form 4549, Income Tax Examination Changes**; and (3) **Form 886-A, Explanation of Items.**

* * *

[T]his office will defend the section 6651(a)(2) addition to tax in cases in which the addition to tax **is supported by a Form 13496 package conforming to the new procedures.** The section 6651(a)(2) addition to tax **should be defended in cases in which we can introduce into evidence a properly completed Form 13496 package as described in this Notice.**

This is also restated in **1 Casey Fed. Tax Prac. § 3:18**, to wit:

[T[he Service cautions its employees that it **will not defend a substitute return unless it has been properly prepared** (according to the guidelines of Regulation § 301.6020-1T) [should be **§ 301.6020-1** today and **placed in evidence.** It states that a properly produced substitute return typically involves a **Form 13496 "package"—including that Form**, a **Form 4549** (Income Tax Examination Changes), and a **Form 886-A** (Explanation of Items).

In the **H—Chief Counsel Notice,** to wit:

> If, however, the **Service has not prepared a Form 13496** or ASFR Certification package, **the Office of Chief Counsel will not defend a document as constituting a section 6020(b) return in cases with facts that do not closely parallel those described** in *Millsap v. Commissioner*, 91 T.C. 926 (1988), *acq. in result in part*, 1991-2 C.B.1.

Again, from the Administrative Records of Thornton that Wagner is using, there has been no compliance with **H—Chief Counsel Notice** as also found in IRM 20.1.2.1.4(9) to provide the valid Form 13496 Package consisting of the Form 4549, Form 886-A and Form 13496 signed by an IRS agent.

Would Wagner please provide the Form 13496 Package to Thornton and file it also into the Court record; or in the alternate withdrawn the enforcement of the two Summons against Thornton as stated by in the **H—Chief Counsel Notice.**

**M. Question 12**

In the Internal Revenue Manual ("IRM") in 4.19.17.1.2 Certification Procedures (01-05-2010) it states the following: "**Note: Form 13496 is an internal use only form and should not be sent to the taxpayer(s).**" Is this the reason that Wagner with Thornton's Administrative Record that claims that Substitute for Returns under § 6020(b) exist, but the Form 13496 has not been provided as the mandatory part of the Form 13496 Package according to **H—Chief Counsel Notice.** Not only does this prejudice Thornton, but the withholding of the Form 13496 to date rises suspicions of **collusion as not only is Wagner deemed competent concerning the Administrative Procedures involved concerning Thornton, but the Prosecutor Wilhelm, Magistrate Leung** and **Judge Susan Richard Nelson** are deemed to know the law[2]. How is

[2] *Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a **reasonably competent public official should know the law governing his conduct.**" Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law**."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed

Thornton to proceed, when no one is following the Code, regulations and **H—Chief Counsel Notice?**

**N. Question 13.**

In **IRM 5.1.11.6.7—IRS 6020(b) Authority** (04-23-2014), to wit:

> (1) **The following returns may be prepared, signed and executed by revenue officers under the authority of IRC 6020(b),**
> (a.) Form 940, Employer's Annual Federal Unemployment Tax Return
> (b.) Form 941, Employer's Quarterly Federal Tax Return
> (c.) Form 943, Employer's Annual Tax Return for Agricultural Employees
> (d.) Form 944, Employer's Annual Federal Tax Return
> (e.) Form 720, Quarterly Federal Excise Tax Return
> (f.) Form 2290, Heavy Highway Vehicle Use Tax Return
> (g.) Form CT-1, Employer's Annual Railroad Retirement Tax Return
> (h.) Form 1065, U.S. Return of Partnership Income
> (2) Per **Delegation Order 5-2 (Rev 2),** effective October 21, 2013, GS-09 Revenue Officers, GS-09 Bankruptcy Specialists, and GS-11 Bankruptcy Advisors have the authority to prepare, sign and execute returns under IRC 6020(b).

If the IRM is to be believed concerning Substitute for Returns under § 6020(b) as claimed to have been executed by the IRS, *supra*; then why have none of these have been provided from Thornton's Administrative Record that Wagner is using against him and filed into the Court. Please provide the specific Forms Authorized by this IRM 5.1.11.6.7 for § 6020(b) that have application to Thornton from his Administrative Record that Wagner is using and also file the same into court record.

**O. Question 14.**

As a Notice of Deficiency is in Thornton's Administrative Record evidenced in **E—NOD, 886-A** that Wagner is using, but Wagner has not disclosed the specific Subtitle of Tax that the Substitute for Returns were allegedly filed by the IRS and what specific Subtitle of tax

---

to know the law or at least where it is to be found."

Wagner is investigating and attempting collection of to date from Thornton.

Under **26 U.S.C. § 6211—Definition of Deficiency**[3] and **26 U.S.C. § 6212—Notice of Deficiency**[4] there are **Part 1 Subtitle A—Income Taxes, Part 20 Subtitle B—Esta**tes and Gifts and Subtitle D—Miscellaneous Excise Taxes under Chapters 41, 42, 43 or 44. Precluded from NODs are **Part 31 Subtitle C—Employment Taxes** which is limited to taxation issues concerning "wages" in Chapter 24 § 3401-3406.

Would Wagner disclose to Thornton what Subtitle or Subtitles of taxation that he is pursuing.

**P. Question 15.**

Is the Collections and federal taxable liability in the **B—Summons, C—Summons, A—Declaration** and **F—Declaration** that Wagner is pursuing clothed within **26 U.S.C. § 7701(a)(23)— (23) Taxable year.**--The **term "taxable year" means** the **calendar year** . . .upon the basis of which the **taxable income**[5] **is computed**[6] **under subtitle A**[7]**."** Please disclose if this is true or not to Thornton so that he can understand what Wagner is pursuing and claiming.

**Q. Question 16.**

In definition found in 26 U.S.C. § 7701(a)(16)—"(16) **Withholding agent.**--The term

---

[3] In § 6211 "(a) In general.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term **"deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44.**"

[4] In § 6212 " (a) In general.--If the Secretary determines that there is a deficiency in respect of **any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44**, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."

[5] 26 U.S.C. § 63—Taxable Income defined.

[6] 26 U.S.C. § 3—Individual Tax Tables.

[7] 26 U.S.C. § 7701(a)(16)—Withholding Agent.

**"withholding agent" means any person required to deduct and withhold any tax** under the provisions of section 1441[8], 1442[9], 1443[10], or 1461[11]" is Thornton to be a "withholding agent?" Is Wagner stating that Thornton under the unambiguous Statutes of the United States codified in Title 26 that Thornton should be acting as a "**withholding agent**" for Subtitle A—Income Taxes means "**<u>any person</u>** required to **de<u>duct any tax</u>**" and that this compensation shall be send it to the IRS? Explain please.

**<u>R. Question 17.</u>**

What individual, parties or entities is "under Subtitle A" within **26 U.S.C. § 7701(a)(23)–– (23) Taxable year.**--The **term "taxable year" means** the **calendar year** . . .upon the basis of which the **taxable income[12] is computed[13] under subtitle A"** is within the authority of the **B—Summons** and the **C—Summons?** Please explain so that Thornton can understand.

**<u>S. Question 18.</u>**

Is the Form 1040 OMB 1545-0074 the form that Wagner is claiming that Thornton as a "return" for the years 2001, 2002 and 2003 was required to file with the IRS? Explain.

**<u>T. Question 19.</u>**

Is this Form 1040 OMB 1545-0074 the form that Wagner is claiming that Thornton should have filed as a "return", being a form for Subtitle A—Income Taxes, the same form identified in **26 U.S.C. 6012—Persons required to make returns of income** "General rule.--**Returns** with respect to **income taxes under <u>subtitle A</u> shall be made by the following: (1)(A)**

---

[8] 26 U.S.C. § 1441—Withholding on tax on nonresident aliens. (Subtitle A).

[9] 26 U.S.C. § 1442—Withholding on tax on foreign corporations (Subtitle A).

[10] 26 U.S.C. § 1443—Foreign tax-exempt organizations (Subtitle A).

[11] 26 U.S.C. § 1461—Liability for withheld tax (Hold harmless if you withhold from one of §§§ 1441, 1442 or 1443).

[12] 26 U.S.C. § 63—Taxable Income defined.

[13] 26 U.S.C. § 3—Individual Tax Tables.

Every **individual** having for the **taxable year**[14] **gross income**[15] **which equals or exceeds the exemption amount.**" Explain Please.

**U. Question 20.**

The references to "income" used in Thornton's Administrative File that Wagner is using and in Wagner's Declaration and Summons isn't defined in as a term in Title 26 and Thornton has no idea what exactly is "income" and if it is subject to a "taxable income computed under subtitle A." Therefore if Wagner would identify what exactly is "income" and if it is subject to "taxable income is computed under subtitle A.

## III. Conclusion.

With all of Wagner's non-compliance with the procedures and withholding of forms mandated for a valid Substitute for Return under § 6020(b) in the **H—Chief Counsel Notice**; and, the fatal discrepancies between the **B—Summons, C—Summons, A—Declaration** and the **F—Declarations**; and extensive violations concerning the Administrative Procedures with the complete Administrative Record that Wagner is using concerning Thornton; therein Thornton would offer the suggestion that Wagner and Wilhelm withdraw the enforcement of the two Summons in this the instant case of 0:13-mc-87.

Thornton has most definitely exceeded the criteria set in *United States v. Clarke*, 134 S.Ct. 2361 (2014) that Wagner must be deposed under Oath to determine the truth of the issues concerning the Summons, all of the violations from using Thornton's Administrative Record and why Forms are being withheld from Thornton that are required according the Chief Counsel of the IRS for valid Substitute for Returns under 6020(b) claimed by Wagner to exist.

Also before Thornton is required to file into the USDC on the Show Cause, Thornton would expect that Wagner and Wilhelm at a minimum must file in as the Chief Counsel has

---

[14] 26 U.S.C. § 7701(a)(23)—Taxable Year.

[15] 26 U.S.C. § 61—Gross Income.

mandated concerning the existence of or lack of valid Substitute for Returns under 6020(b) or file in a withdrawal as the Chief Counsel states that the Chief Counsel will not defend a fatally defective case.

Thornton expects a timely response to this query so that he can use that in the upcoming mandated response to the USDC having a much better understanding of what exactly Wagner is pursuing to enforce.

My Hand, BY: [signature]