John Thornton
4128 Utica Avenue South
Saint Louis Park, Minnesota [55416]

## United States District Court
## District of Minnesota

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>*Petitioner* )<br>)<br>vs. )<br>)<br>**John Thornton,** )<br>)<br>*Respondent* )<br>) | **Case No.  0:13-mc-00087-SRN-TNL** |

---

### Motion to Clarify Inquisitorial Hearing by Inquisitor Wagner and Inquisitor Wallin

Comes Now John Thornton ("Thornton") with this Motion to Clarify the Inquisitorial Hearing by Inquisitor Wagner and Inquisitor Wallin.

Thornton does hereby state that all of the Attachments are true and correct copies and further that all of the facts contained herein are the complete truth.

### Table of Contents

I. Introduction.................................................................................................................. 2

II. Notice to This Court, Notice to Inquisitor Wagner and Notice Inquisitor Wallin of Intention of Filing a Complaint under 26 U.S.C. § 7433 and 26 CFR § 301.7433 With The Area Director First, Then Filing in the USDC for Damages up to One Million Next............................................ 4

III. IRS Books and Records Hearing with IRS is Inquisitorial..................................... 6

   A. Are the Books and Records Hearing by the IRS Inquisitorial in Nature? ........................... 6

   B. What is an Inquisition.................................................................................... 9

   C. Inquisitor Wagner's Alleged Declaration From the Inquisition of December 4th, 2015.... 10



D. Thornton Has Entered in Administrative Step Evidence and Administrative Procedures as Evidence. ................................................................................................................. 12

E. Inquisitor Wagner The Has Burden of Proof on 6020(b) Substitute for Returns. ............... 12

F. Were the Administrative Steps/Procedures by Title 26 Followed by Inquisistor Wagner? 16

   a. Docket 2—"Declaration of Jeffrey Wagner in Support of Petition to Enforce Internal Revenue Service Summons ............................................................................ 16

   b. Chief Counsel for the Internal Revenue Service ............................................. 22

IV. Were the unambiguous Statutes of the United States codified in Title 26 Followed by the Inquisitor Wagner on December 4, 2014? ........................................................... 24

A. Statutes of the United States Codified in 26 U.S.C. § 7602 ................................. 24

B. Swearing an Oath. ................................................................................ 24

C. First Essential Element of 7602 ................................................................ 25

D. Second Essential Element of 7602. ........................................................... 28

E. Third Essential Element of § 7602. ........................................................... 29

   a. Known Legal Duty is a Question of Law for the Courts. ............................... 30

F. "Taxable Year" is Contained in § 7602. ...................................................... 31

G. Definitions of § 7701(a)(23)—Taxable Year ............................................... 32

H. Definition of "Withholding Agent" in 26 U.S.C. 7701(a)(16). ........................... 33

   a. 26 U.S.C. Subtitle A § 1441—Withholding of tax on nonresident aliens. ......... 34

   b. 26 U.S.C. Subtitle A § 1442—Withholding of tax on foreign corporations ....... 34

   c. 26 U.S.C. Subtitle A § 1443—Foreign tax-exempt organizations. .................. 34

   d. 26 U.S.C. Subtitle A § 1461—Liability for withheld tax. ............................. 34

V. Conclusion. ......................................................................................... 35

VI. Certificate of Service. ........................................................................... 37

## I. Introduction.

Is the mandated Books and Records hearing under 26 U.S.C. § 7602 and 26 U.S.C. § 7604 with Revenue Officer Jeffrey Wagner (an admitted nom de guerre) and Revenue

Officer Richard Wallin (unknown if this is a true name—probably not) mandated by this United States District Court ("this Court") an Inquisition?  The Answer is a Yes, therein in the pursuit of accuracy; it is Inquisitor Wagner and Inquisitor Wallin.

Thornton is being coerced into submitting to the Inquisitorial Hearing conducted by Inquisitor Wagner and Inquisitor Wallin with the punishment being either or both civilly sanctioned or criminally punished[1] by the United States District Court ("this Court") if Inquisitor Wagner's "Inquisition Standard of Review" (which is not known or disclosed) and "Inquisitorial Judgment" (Conclusions of Law and Finding of Facts is unknown if required) issued to this Court "**did not substantially comply**[2]" by a mere Letter by Assistant U.S. Attorney D. Gerald Wilhelm ("Wilhelm") would result in Thornton being incarcerated or fined by hortatory means to "confess" or make statements that he knows are not true and in compliance with the unambiguous Statutes of the United States codified in Title 26.

**Wilhelm is stating facts not in evidence that Inquisitor Wagner did NOT state.**

---

[1] *United States v. Campbell*, 524 F.2d 604, 607 (8th Cir. 1975) "**The possibility of criminal consequences does not bar issuance of the summons.** *Couch v. United Stat*es, 409 U.S. 322, 326, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973)."

[2] 0-13-mc-87, **Docket 62**—Letter from Assistant U.S. Attorney D. Gerald Wilhelm; and, **Docket 63** Alleged Declaration by Inquisitor Wagner not in Compliance with 28 U.S.C. § 1746(1) **without** the "United States" [?] as it does not state "that the forgoing is **true and correct;**" and, **Docket 69—Order** alleging "<u>supporting affidavit</u> on December 8, 2014, representing that Respondent "<u>**did not substantially comply**</u> with the IRS Summons", with no "affidavit" in compliance with 26 U.S.C. § 1746 in evidence at Docket 63.

**II.  Notice to This Court, Notice to Inquisitor Wagner and Notice Inquisitor Wallin of Intention of Filing a Complaint under 26 U.S.C. § 7433 and 26 CFR § 301.7433 With The Area Director First, Then Filing in the USDC for Damages up to One Million Next.**

Thornton has identified the "Area Director" for Minnesota as being Tim (Timothy) S. Sherrill, 211 West Wisconsin Avenue, Milwaukee, Wisconsin 53203 with a phone of 312-292-4300.  Under 26 U.S.C. 7433—Civil damages for certain unauthorized collection actions; and, under 26 CFR § 301.7433-1— Civil cause of action for certain unauthorized collection actions.    Thornton will assure that the recklessly and intentionally, or by reason of negligence are alleviated with proper notice before filing with the Area Director; wherein, Inquisitor Wagner and Inquisitor Wallin have disregarded many provisions of the Internal Revenue Code and regulations promulgated under the Internal Revenue Code including the ones listed in the Chief Counsel's Notices that have been precluded in the November 4th, 2014 Show Cause Hearing and the Chief Counsel Notices that have application also in the Tax Court were precluded from this Court and the Inquisition conducted by Inquisitor Wagner.    Does Thornton misunderstand what the Tax Court is tasked with as pronounced in *Kuretski v. C.I.R.*, 755 F.3d 929, 943 (D.C. Cir. 2014) **"The Tax Court is in the business of interpreting and applying the internal revenue laws,** *see Freytag,* 501 U.S. at 891, 111 S.Ct. 2631, **not in the business of making those laws."**  Are these same Internal Revenue Laws used by the Chief Counsel Notices have their application limited to only Tax Court, wherein evidently there are **different Internal Revenue Laws in Tax Court than the Internal Revenue Laws in the USDC and Inquisition by Inquisitor Wagner?**

Thornton has had enough of the continual harassment by the arrogance and lawlessness of Inquisitor Wagner, the total ignoring or claiming ignorance of the terms in the unambiguous Statutes of the United States codified in Title 26 by Inquisitor Wagner including but not limited to 26 U.S.C § 7701(a)(23)—Taxable Year, 26 U.S.C. § 7701(a)(16)—Withholding Agent and, the use of "federal income tax liabilities[3]" without identifying how and which Subtitles this tax liability allegedly arises under, *i.e.*, from Part 1 Subtitle A—Income Taxes; and/or from Part 20 Subtitle B–Gifts and Estates; and/or from, Part 31 Subtitle C—Employment Taxes; and/or  from Subtitle D—Excise Taxes comprised of any, some or all of Chapters 41, 42, 53 or 44?

Inquisitor Wagner claims determinations of taxable year liability via assessment with no Part 1 Subtitle A—Income Tax regulations  promulgated under the unambiguous statute codified in Title 26 U.S.C. § 6203—Method of Assessment that mandates regulations be promulgated, which must be in compliance with 1 CFR § 21.40, 1 CFR § 21.41 and 1 CFR § 21.43.[4]

Inquisitor Wagner claims that he is attempting to "collect" an alleged tax liability, which was determined how?   Did Thornton file an implied-in-law Form 1040 OMB 1545-0074—NO; then, did the IRS file a Substitute for Return under 6020(b)?  The IRS claims a 6020(b) Substitute for Return was used in documents received by Thornton in a Form 886-A, but Inquisitor Wagner denies this and of course the three forms consisting

---

[3] A totally **subjective** allegation with no specific meaning.

[4] 49 Stat. 501 Sec. 6 -  "The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act."

of Form 4549 signed (not signed) and the Form 886-A that have been received by Thornton in the mail consist do not contain the Form 13496, which is being withheld in violation of **CC-2007-00**. But Inquisitor Wagner's actions are in accord with IRM 4.19.17.1.2 Certification Procedures (01-05-2010), which states the following: "**Note: Form 13496 is an internal use only form and should not be sent to the taxpayer(s).**"). Inquisitor Wagner while refusing to disclose the administrative steps and administrative record that he personally has if it exists is totally ignoring the Chief Counsel Notices from the Chief Counsel for the Internal Revenue Service including but not limited to **CC-2003-014, CC-2007-005, CC-2007-014 and CC-2009-014.**

Inquisitor Wagner has refused to disclose **ANY of the Claimed** Administrative Steps and Administrative Procedures by entering them into evidence into this Court so as to comply with 26 U.S.C. § 7491(c), being the burden of proof and Chief Counsel Notices. This is just a start of the unlawful and illegal actions that Inquisitor has committed, which has to date been covered up by the interdiction of Wilhelm and this Court.

### III.  IRS Books and Records Hearing with IRS is Inquisitorial.

### A.  Are the Books and Records Hearing by the IRS Inquisitorial in Nature?

Yes the Books and Records Hearings conducted by mere employees of the IRS being such persons as Inquisitor Wagner is shocking with no rules, regulations or controlling limits apparently in place with *ipse dixit* pontification edict issued from Inquisitor Wagner being "**did not substantially comply** with the IRS Summons," which is relayed from the Inquisition by a "letter" with a fraudulent Declaration in support

thereof that could result with Thornton fined or incarcerated, and even criminally charged

at some point.  Unbelievable!

In *United States v. Campbell*, 524 F.2d 604 (8th Cir. 1975), to wit:

We have noted that "(t)he power of the IRS to investigate the records and
affairs of taxpayers **has long been characterized as an inquisitorial
power,** analogous to that of a grand jury, and one which should be liberally
construed." *United States v. Matras,* 487 F.2d 1271, 1274 (8th Cir. 1973)
(citations omitted). But we have not hesitated to affirm the district court's
refusal to enforce a summons seeking information found to be irrelevant.
*Id.*

In *United States v. Matras,* 487 F.2d 1271, 1274 (8th Cir. 1973), to wit:

The power of the IRS to investigate the records and affairs of taxpayers has
long **been characterized as an inquisitorial power,** analogous to that of a
grand jury, and **one which should be liberally construed.** *United States v.
Schwartz,* 469 F.2d 977 (5th Cir. 1972); *United States v. Widelski,* 452 F.2d
1 (6th Cir. 1971), cert. denied, 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117
(1972); *United States v. Giordano,* 419 F.2d 564 (8th Cir. 1969), cert.
denied, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970); *United
States v. McKay,* 372 F.2d 174 (5th Cir. 1967); *DeMasters v. Arend,* 313
F.2d 79 (9th Cir. 1963); *Brownson v. United States,* 32 F.2d 844 (8th Cir.
1929).

There are many aspects of the Inquisitional Power compared to a

grand jury covered in *United States v. Rosinsky*, 547 F.2d 249, 252-253 (4th

Cir. 1977), to wit:

s 7601 (26 U.S.C.) gives the Internal Revenue Service a broad mandate to
investigate and audit <u>**'persons who may be liable' for taxes**</u>," and s 7602
(26 U.S.C.) provides the power to conduct such investigation by
authorizing the Secretary of the Treasury or his delegate " * * * (2) To
summon the person liable for tax * * * to appear before the Secretary or his
delegate at a time and place named in the summons and to produce such
books, papers, records, or other data, and to give such testimony, under
oath, **as may be relevant or material to such inquiry.**" See *United States
v. Bisceglia* (1975) 420 U.S. 141, 145, 95 S.Ct. 915, 918, 43 L.Ed.2d 88.
The authority thus given to require the witness to "appear" impliedly

carries with it the power to require certain nontestimonial acts on the part of the witness such as providing handwriting or voice exemplars. This **follows from the analogy of the administrative summons under s 7602 to a grand jury subpoena.** *United States v. Bisceglia,* supra, 420 U.S. at 147-8, 95 S.Ct. 915; *United States v. Powell* (1964) 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112; *United States v. Matras* **(8th Cir. 1973) 487 F.2d 1271, 1274.**[1] It is settled that, under a grand jury subpoena, a witness may be compelled to give handwriting exemplars and such compulsion does not violate the Fourth or Fifth Amendments or any common law right of privacy. *United States v. Dionisio* (1973) 410 U.S. 1, 8, 93 S.Ct. 764, 35 L.Ed.2d 67; *United States v. Mara* (1973) 410 U.S. 19, 21, 93 S.Ct. 774, 35 L.Ed.2d 99.[2] Since the *253 power under the s 7602 summons is "**essentially the same as the grand jury's,**" it seems obvious that, contrary to appellant's argument, the appellant may be compelled, **subject to certain restrictions imposed by s 7605(b),** 26 U.S.C., to give handwriting exemplars.

The appellant takes exception to analogizing the summons under s 7602 to a grand jury subpoena, despite the fact that this is exactly what the Supreme Court has done in the two recent cases cited. It is his argument that an appearance before the grand jury is under judicial control and supervision but that there is no "direct judicial supervision" of the investigation conducted by the Service. This argument rests on an erroneous assumption; it disregards the fact that a summons by the Service may only be enforced by the Court, s 7604(b), 26 U.S.C., and **that any enforcement action "is an adversary proceeding which affords a judicial determination of challenges to the summons.** The witness may challenge the summons on any appropriate ground. **<u>Enforcement orders are appealable</u>,** and **<u>stay orders pending appeal</u>** (such as has been entered in this proceeding) may be entered to protect the witness **<u>while the summons is being tested</u>**." *United States v. Campbell* (8th Cir. 1975) 524 F.2d 604, 607. And the grounds on which the administrative summons and the grand jury subpoena are issued are broadly the same. Cf. the grounds for challenge of the grand jury subpoena as stated in *United States v. Dionisio,* 410 U.S. 1 at 11-2, 93 S.Ct. 764, 35 L.Ed.2d 67 with the grounds for challenge of a summons under s 7602 as set forth in *Donaldson v. United States* (1971) 400 U.S. 517, 526, 91 S.Ct. 534, 27 L.Ed.2d 580.

s **7605(b) prohibits "unnecessary examination or investigations"** under s 7602. In construing s 7605(b) and its companion sections, the Supreme Court has declared that, for the Service to secure judicial enforcement of its administrative summons as it seeks in this case, it must show " '**that the investigation will be conducted pursuant to a legitimate purpose, that**

**the inquiry may be relevant to the purpose, that the information sought is already within the Commissioner's possession, and <u>that the administrative steps required by the Code have been followed</u> * * *.' "** *Donaldson v. United States*, supra, 400 U.S. at 526-7, 91 S.Ct. at 540.[3]

## B.  What is an Inquisition

Inquisition, Inquisitorial means/methods and Inquisitor are hard words to define with specificity, but it is prohibited in our American jurisprudence, but yet in the Books and Records hearings, they are compared to what happens in a Grand Jury as being Inquisitorial.  The Power of the Grand Jury is not GRANTED by statue but is inherent in the People and isn't even technically part of the Judicial System but is independent not technically under the control of anyone in the Judicial Branch.   See *United States v. Williams*, 504 U.S. 36 (1992), being an exhaustive discussion on Grand Juries.

In *Needham v. State*, 224 S.W.2d 785, 789, 790 (Sup.Ct.Ark. 1949), to wit:

The first definition of **'inquisitorial'** is: **'After the manner of an inquisitor.'** An inquisitor is defined as: 'One who makes inquiry or investigation; specif., an **officer of the law** whose duty it is to investigate, as a sheriff or coroner.' *Funk & Wagnalls New Standard Dictionary*.
\* \* \*
Again in *Dewein v. State*, 114 Ark. 472, 170 S.W. 582, 586, we used this language: 'Where threats of harm, promises of favor or benefits, inflictions of pain, a show of violence, or **inquisitorial methods are used to extort a confession, then the confession is attributed to such influences.'** There the whole context culminated in the phrase 'extort a confession,' which of course **means to wrest it by force, menace, duress, torture, etc**. Indeed, Webster's New International Dictionary gives the phrase, 'to extort confessions,' as illustrative of correct usage. No doubt the opinion in the Dewein case led to the instruction quoted in *Robinson v. State*, 177 Ark. 534, 7 S.W.2d 5, in which the language of the earlier opinion—including the **word 'extort'**—is embodied almost verbatim. Thus it is clear that our earlier cases have sanctioned a reference to inquisitorial methods only when the context brings out the difference between a permissible investigation and a **prohibited extortion.** The failure to make this distinction is the vice in the instruction offered below, for the instruction would have misled the

jury concerning the law.

## C.  Inquisitor Wagner's Alleged Declaration From the Inquisition of December 4th, 2015

Thornton is by hortatory means being coerced; and by, threats of sanctions consisting of fines and/or jail being coerced and intimidated by this Court to conform to some unknown Standard of Review by Inquisitor Wagner.  This undefined obfuscation is clearly disclosed for what it consists of being that there was no finding of fact or conclusions of law or any substantive anything in the *ipse dixit* pontification edict from Inquisitor Wagner other that it is affirmative an incoherent Inquisitor Judgment states in **Attachment G—Docket 63—"Declaration of Jeffrey Wagner" ("G—Declaration")** "6.  Respondent John K. Thornton **refused to comply with the summons,**" which was not true as Thornton answered all questions truthfully and completely that have application under § 7602 to any Part 1 Subtitle A—Income Taxes.  And further Inquisitor Wagner concludes in this non-Declaration in **G-Declaration** "21 . . . [F]ailed to produce any of the described records, and filed to **meaningfully answer questions related to the investigation,**" which is also untrue.  Thornton answered all questions truthfully and completely.  **Inquisitor Wagner did NOT state that Thornton provided any FALSE or MISLEADING information in the Inquisition.   Thornton complied with the unambiguous Statutes of the United States codified in Title 26, which Inquisitor Wagner <u>has admitted he doesn't use; and, Inquisitor Wagner refuses to address the term definitions that Thornton relied upon.</u>**

In **Attachment H—Wilhelm's Letter to the Court From the Inquisition ("H—Wilhelm Letter"),** Wilhelm states "I am filing affidavits signed by Jeffrey Wagner relating to the interviews," but unfortunately **G—Declaration is NOT an valid affidavit because at the bottom of G—Declaration "22.  I make this declaration under penalty of perjury, and in compliance with this Court's order of November 5, 2014."**  No where does this alleged Declaration include that is it is **"true and correct"** and therein is not a valid Declaration.

And further, Wilhelm is prohibited from claiming facts not supported by valid affidavits or declarations. In *Borbon v. City of Tucson*, 556 P.2d 1153, 1154 (Ct.App.Ariz. 1976), to wit:

> **Summary judgment cannot be granted on the basis of statements of fact in the moving party's brief even though they are uncontroverted by an opponent.**  *Trinsey v. Pagliaro*, 229 F.Supp. 647 (E.D.Pa.1964); *Wright & Miller, Federal Practice and Procedure, Vol. 10, Sec. 2723*, p. 489.  **Similarly, the court may not take cognizance of positions regarding the facts based upon exhibits that are merely parts of the briefs and have not been otherwise verified or supported.**  *Goldman v. Summerfield*, 94 U.S.App.D.C. 209, 214 F.2d 858 (1954).  However, admissions in the brief by the party opposing the motion may be used in determining that there is no genuine issue as to any material facts since they are functionally equivalent to 'admissions on file' which are expressly mentioned in Rule 56(c), Arizona Rules of Civil Procedure.  Cf. *Allison v. Mackey*.

See also *Trinsey v. Pagliaro*, 229 F.Supp. 647, 649 (E.D.Penn. 1964).

Or will this Court interdict and state that this is more of the "harmless errors" including not entering into evidence or identifying the "all administrative steps" have been followed, but heaven help us, no one is to identify even one of these administrative

steps or enter any of the administrative record into evidence in compliance with §

7491(c), as Inquisitor Wagner has zero burden of proof so far.

## D.   Thornton Has Entered in Administrative Step Evidence and Administrative Procedures as Evidence.

Thornton has entered some Administrative Steps and Administrative Procedures

of Thornton's Administrative Record into this Court as evidence **that this Court shall**

**take judicial Notice thereof,** but Inquisitor Wagner, Wilhelm and this Court to date

refuse to even acknowledge this Administrative Evidence consisting of **Attachment D—**

**Form 4549 Examination Changes & Letter Dated October 27, 2010 for 2001, 2002,**

**2003 ("D—Form 4549") and Attachment E—Notice of Deficiency ("NOD") Dated**

**March 15th, 2011 with Forms 886-A and Worksheets ("E—NOD, 886-A")** which

contains also Penalties under 26 U.S.C. § **6651(a)(2) that mandates that a Substitute**

**for Return under 6020(b) exist** if no Form 1040 OMB 1545-0074 hasn't been filed,

which of course hasn't been filed.

## E.   Inquisitor Wagner The Has Burden of Proof on 6020(b) Substitute for Returns.

It is conclusive by the holdings and pronouncements of the Tax Court and the

**Attachment C—CC-2007-005—"Subject: Litigating Position for Returns Prepared**

**under Section 6020(b)" ("C—CC-2007-005"),** that the IRS has the burden of proof

under 26 U.S.C. § 7491(c) to present "evidence" for a valid Substitute for Return under

26 U.S.C. § 6020(b)—"Returns prepared for or executed by Secretary," *i.e.*:  (1) A **Form**

**4549,** Income Tax examination Changes or Equivalent: and, (2) A **Form 886-A,**

Explanation of Items, appropriate issue lead sheet or similar form; and, (3) **A Form**

**13496 Certification signed and Dated by an IRS Officer certification** is a *sine qua non* for a procedurally valid and legal Substitute for Return under 26 U.S.C. § 6020(b) that the IRS can and will defend according the Chief Counsel.  And if these essential elements are not present; then as stated in the **C—CC-2007-005, the Tax Court must dismiss the case.**

**QUESTION:  Doesn't the Substitute for Return § 6020(b) code section have application in this Court in the Inquisition conducted by Inquisitor Wagner as in Tax Court?**

In *Trescott v. C.I.R.*, T.C. Memo. 2012-321, 6-7 (Tx.Ct. 2012), to wit:

> **Respondent has the burden to prove that substitutes for returns satisfying the requirements of section 6020(b) were prepared.** *See Cabirac v. Commissioner,* 120 T.C. 163, 170, 2003 WL 1918917 (2003); *Gleason v. Commissioner,* T.C. Memo.2011–154. **A return for section 6020(b) purposes** <u>must be subscribed</u>**, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a "return".** *Spurlock v.* [*16] *Commissioner,* T.C. Memo.2003–124. <u>**The Court has held that these requirements have been met where the substitutes for returns consist of Forms 4549–A, Income Tax Examination Changes; Forms 886–A, Explanation of Items; and Forms 13496, IRC Section 6020(b) Certification,**</u> **and the forms contain the taxpayer's name and Social Security number and sufficient information to compute a tax liability.** *Gleason v. Commissioner,* T.C. Memo.2011–154.

In *Nix v. C.I.R.*, T.C. Memo. 2012-304, *5-*6 (Tx.Ct. 2012), to wit:

> **Respondent must produce sufficient evidence that returns showing tax liability for the years at issue.** *See Wheeler v. Commissioner,* 127 T.C. 200, 206, 2006 WL 3513676 (2006), *aff'd,* 521 F.3d 1289 (10th Cir.2008). A return prepared by the Commissioner in accordance with **section 6020(b) is treated as the return filed by the taxpayer for the purpose of determining the amount of the addition under section 6651(a)(2).** Sec. 6651(g)(2); *Wheeler v. Commissioner,* 127 T.C. at 208–209; *Glover v. Commissioner,* T.C. Memo.2010–228.

**Respondent has the burden of proving that substitutes for returns satisfying the requirements of section 6020(b) were submitted.** *See Cabirac v. Commissioner,* 120 T.C. at 170; *Gleason v. Commissioner,* T.C. Memo.2011–154. A return for section 6020(b) **purposes must be subscribed,** it must contain sufficient information from **which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a "return".** *Spurlock v. Commissioner,* T.C. Memo.2003–124. The Court **has held** that the requirements stated in *Spurlock* have been met where the substitutes for returns **consist of Forms 4549–A, Forms 886–A, and Forms 13496, and the forms contain the taxpayer's name and Social Security number and sufficient information to compute a tax liability.** *Gleason v. Commissioner,* T.C. Memo.2011–154.

*6 **Respondent's substitutes for returns included Forms 4549–A, Forms 886–A, and Forms 13496.** Furthermore, they contained petitioner's name and Social Security number and sufficient information upon which to compute a tax liability. Accordingly, respondent's **substitutes for returns constitute valid section 6020(b) returns deemed to have been filed by Appellant for the purposes of section 6651(a)(2).**

In *Hill v. C.I.R.,* T.C. Memo. 2013-265, *2, (Tx.Ct. 2013), to wit:

Respondent determined that petitioner's 2005 Form 1040 was not a valid return and prepared a substitute for return on behalf of Appellant under section 6020(b). **FN6.** Respondent issued a notice of deficiency dated March 7, 2012.
**FN6—The substitute for return consisted of a Form 4549, a Form 886–A, and a Form 13496, IRC Section 6020(b) Certification.**

In *Hawkins v. C.I.R.,* T.C. Memo. 2008-168, *1 (Tx.Ct. 2008), to wit:

In December 2004 and April 2005 respondent prepared section 6020(b) returns for petitioner's 2002 and 2003 tax years, respectively. **FN4.** FN4—Those sec. 6020(b) returns consisted of: (1) Individual Master File Tax Modules reflecting petitioner's account in the Internal Revenue Service's computer system; (2) **Forms 4549, Income Tax Examination Changes; (3) Forms 886–A, Explanation of Items; and (4) Forms 13496, IRC Section 6020(b) Certification.**

In *Wheeler v. C.I.R.,* 446 Fed.Appx. 951, 954-955 (Tx.Ct. 2011), to wit:

More is required, however, to impose the addition to tax in § 6651(a)(2) for failure to pay the tax shown on a return. As § 6651(a)(2) "**applies only when an amount of tax is *shown on a return*,**" *Wheeler v. Comm'r,* 127 T.C. 200, 208, 2006 WL 3513676 (T.C.2006), *aff'd* 521 F.3d 1289 (10th Cir.2008) (emphasis added), "**[t]he Commissioner's burden of production *955 with respect to [this] addition to tax requires that the Commissioner introduce evidence that a return showing the taxpayer's tax liability was filed for the year in question,**" *id.* at 210. If the taxpayer has not filed a return, the Secretary of the Treasury is authorized under 26 U.S.C. § 6020(b) to prepare an SFR that "**shall be treated as the return filed by the taxpayer for purposes of determining the amount of the addition under [§ 6651(a)(2) ].**" 26 U.S.C. § 6651(g)(2); *see also id.* § 6020(b)(2) (return prepared by Secretary "**shall be prima facie good and sufficient for all legal purposes**"). Thus, "**[i]n a case such as this where the taxpayer did not file a return, the Commissioner must introduce evidence that an SFR satisfying the requirements of section 6020(b) was made.**" *Wheeler,* 127 T.C. at 210.

Although § 6020(b) does not specify what a qualifying return must contain, the Tax Court has consistently held that a § 6020(b) return "must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return ... must purport to be a return." *Mooney v. Comm'r,* T.C. Memo.2011–35, 2011 WL 382615 at *3 (T.C.2011) (following *Spurlock v. Comm'r,* T.C. Memo.2003–124, 2003 WL 1987156 at *10 (T.C.2003)). Mr. Wheeler correctly points out that the references to SFRs on the Forms 4340 do not satisfy these requirements. *See, e.g., Wheeler,* 127 T.C. at 210 ("summary reference to a 'Substitute for Return' contained in Form 4340" did not satisfy Commissioner's burden under §§ 6020(b) and 6651(a)(2)). But these references were not the § 6020(b) returns relied on by the Commissioner for imposition of the additions to tax. Before issuance of the notice of deficiency, three sets of documents (one for each tax year at issue) were prepared, containing Mr. Wheeler's name, address, and Social Security number and sufficient information to compute his tax liability. These consisted of a Form 4549–A ("Income Tax Discrepancy Adjustments"), Form 886–A ("Explanation of Items"), and Form 13496 ("IRC Section 6020(b) Certification"). The certification is subscribed and expressly states that it and the attached documents shall be treated as the return of the taxpayer under §§ 6020(b) and 6651(g)(2). This same set of documents has repeatedly been accepted by the Tax Court for purposes of §§ 6020(b) and 6651(a)(2). *See, e.g., Gleason v. Comm'r,* T.C. Memo.2011–154, 2011 WL 2600917 (T.C.2011); *Evans v. Comm'r,* T.C. Memo 2010–62, 2010 WL 1222260 at *4 (T.C.2010); *Simmons v. Comm'r,*

T.C. Memo.2009–283, 2009 WL 4667396 at *5 (T.C.2009).

### F.  Were the Administrative Steps/Procedures by Title 26 Followed by Inquisistor Wagner?

The holding of *United States v. Powell*, 379 U.S. 48, 85(1964) and *Ryan v. United States*, 379 U.S. 61 (1964) are cited as mandatory *Donaldson v. United States*, 400 U.S. 517, 525-527, (1971) that "the administrative steps by the Code have been followed," to wit:

> [525]Thus the summons is **administratively issued** but its enforcement is only by federal court authority in '**an adversary proceeding**' affording the opportunity for challenge and 'complete protection to the witness.'
> \* \* \*
> [526]Ten months later the Court decided *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and its companion case, *Ryan v. United States*, 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed.2d 122 (1964).
> \* \* \*
> It held that probable cause to suspect fraud was not required under the statutes and that the Commissioner need show only 'that the **investigation will be conducted pursuant to a legitimate purpose**, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, *527 and **that the administrative steps required by the Code have been followed.** \* \* \*' Again it was emphasized that at the adversary hearing to which the taxpayer is entitled before enforcement is ordered, **he may challenge the summons on any appropriate ground.** It was also stated that the burden of showing an abuse of the court's process is on the taxpayer.

### a.   Docket 2—"Declaration of Jeffrey Wagner in Support of Petition to Enforce Internal Revenue Service Summons

**QUESTION:**  Did Inquisitor Wagner Lie in his **A-Declaration**?  The answer is more than once as not one scintilla of evidence or Administrative Evidence has been disclosed by or entered by Inquisitor Wagner to date including

the Denial of the Substitute for Return under 6020(b) claimed by the IRS to have been used in **E—NOD, 886-A.**

QUESTION:  Where are of the **Administrative Steps** taken that Inquisitor Wagner declared in his **A-Declaration?**     No Administrative Steps and Administrative Procedures have been entered into evidence into this Court to date and especially under **26 U.S.C. § 7461(c) burden of proof.  If all of the Administrative Steps have been taken, therein Inquisitor Wagner is required to disclose them to Thornton and enter them into this Court to prove the existence of same; and, therein assist Thornton to answer questions concerning this Administrative Record and Administrative Steps.**

QUESTION:   How does Thornton answer any questions posed by Inquisitor Wagner if he refused to disclose the Administrative Record, Administrative Procedures and Administrative Steps?

QUESTION:  Thornton is relying upon the Courts that Inquisitor Wagner must only ask questions 'that the **investigation will be conducted pursuant to a legitimate purpose,** that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and **that the administrative steps required by the Code have been followed?**

In this Court in **Attachment A**—Docket 2—"Declaration of Jeffrey Wagner in Support of Petition to Enforce Internal Revenue Service Summons" ("**A—Declaration**") "19.  **All administrative steps** required by the **Internal Revenue Code** for issuance of a summons have been taken;" and, this was

signed by Jeffrey Wagner, Revenue Officer **"I declare under penalty of perjury**

**that the foregoing is true and correct."**  In the **A—Declaration**, to wit:

> 3.  In my capacity as a revenue officer, I am conducting an **investigation** into the **federal income tax liability** of Respondent John K. Thornton for the **calendar years** ending: **2001, 2002, and 2003**. In addition, I am conducting an investigation regarding **delinquent individual income tax returns** for tax periods ending: **2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012**.
>
> \* \* \*
>
> 20. It is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons in order to properly investigate the **collectability of federal tax liability** of Respondent for the **calendar years** ending 2001, 2002, and 2003.  Further, It is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons in order to properly investigate the **delinquent individual tax returns** for tax periods 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

In this **A—Declaration**, Inquisitor Wagner states in #3 "**calendar years** ending:

2001, 2001, and 2003" and follows up in #20 "investigate the **collectability** of federal tax

liability of Respondent for the **calendar years ending 2001, 2002, and 2003."**

In **Attachment B—Motion Hearing on ORDER to Show Cause ("B—**

**Transcript")** conducted on November 4th, 2014 on **B—Order, pg. 14,** to wit:

> **MR . WILHELM:**  Yes. First of all, Your Honor, today was not set as a motion hearing for this motion. There was—the local rules require some 14 days ' notice, a scheduling of a hearing, and a notice to me that there's going to be one. None of that was done. **That aside,** the motion is—**rests on regulations which do not apply to this Court** . Mr. Thornton unfortunately is **referring to a series of regulations which deal with the presentation of matters in the Tax Court.** The notice of—or **the Chief Counsel Notice [Docket 43—Attachment H (CC-2007-005]** that he refers to states that at its very beginning. Therefore, the **regulations that he's complaining about simply have no application in this proceeding.**

**First: In C—CC-2007-005",** which this Court shall take judicial Notice

**thereof,** is totally discounted, no deference is given to this Chief Counsel Notice

and it is totally irrelevant pronounced by Wilhelm as having "**no application in**

**this proceeding**" and therein flows *a fortiori* that **C—CC-2007-005** has no

application to the Inquisition ORDERED by this Court from that Order to Show

Cause on November 4th, 2014 or no application to Inquisitor Wagner. This Court

by its silence knowingly and intentionally enforced this statement as true by

Wilhelm by its silence when there was a known duty to speak[5] and further this

Court is deemed to know the law[6]. This **C—CC-2007-005** has no Application to

Thornton's "Administrative Steps" sworn to by Inquisitor Wagner in **A—**

---

[5] Silence can only be equated with fraud when there is a legal and moral duty to speak or when an inquiry left unanswered would be intentionally misleading. *United States v. Prudden*, 424 F2d. 1021, 1032 (1970); cert. denied 400 U.S. 831. See also *United States of America v. Robson*, 477 F.2d 13, 14,15 (9th Cir. 1973). In *Arizona v. Coddington*, 662 P.2d. 155, 156 (Ct.App. Az. 1983) "When one conveys a false impression by the disclosure of some facts and the concealment of others, such concealment is in effect a false representation that what is disclosed is the whole truth."

In *Equitable Life Insurance Co. of Iowa v. Halsey, Stuart & Co.*, 312 U.S. 410, 425, 426 (1941) " 'To tell less than the whole truth may constitute a false and fraudulent representation. … willful concealment of material facts which change the effect of the facts actually stated, is as much a fraud as an actual positive misrepresentation' * * * '**A statement in a business transaction** which, **while stating the truth so far as it goes**, the **maker knows or believes to be materially misleading** because of his failure to state qualifying matter **is a fraudulent misrepresentation**.' Such a **statement of a half truth** is as much a **misrepresentation as if the facts stated were untrue**."

[6] *Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law**."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

**Declaration?** Preclusion of **C—CC-2007-005** eliminates numerous Tax Court Decisions, various regulations promulgated under in the 26 CFRs 301.6020, etc. (even though they are only "interpretative regulations"). What is Thornton to rely upon now if that is all true with Thornton under threats of Sanctions by this Court mandated to appear at an Inquisition with Inquisitor Wagner? If Thornton does not submit to the unlimited and undefined Inquisitor Wagner's perceived undefined Inquisitorial Powers therein Thornton can be fined and/or incarcerated in jail? Many cases are cited in **C—CC-2007-005,** with one case appealed such as the *Wheeler v. C.I.R.*, 446 Fed.Appx. 951 (2011) unpublished as an example to the 10th Circuit. Other Tax Court cases that have the mandatory Form 4549, Form 886-A and Form 13496 identified in **C—CC-2007-005** are in these Tax Court Cases that cite Circuit Court Cases and Supreme Court Cases: *Trescott v. C.I.R.*, T.C. Memo. 2012-321; *Gleason v. C.I.R.*, T.C. Memo. 2011-154; *Rader v. C.I.R.*, 143 T.C. No. 19; *Nix v. C.I.R.*, T.C. Memo. 2012-304; *Hill v. C.I.R.*, T.C. Memo 2013-265; *Holloway v. C.I.R.*, T.C. Memo. 2012-137; *Hawkins v. C.I.R.,* T.C. 2008-168; *Adler v. C.I.R.*, T.C. Memo. 20-10-47; *Buckardt v. C.I.R.*, T.C. Memo. 2010-145; *Kernan v. C.I.R.*, T.C. Memo. 2014-228; *Holmes v. C.I.R.*, T.C. Memo. 2006-80.

Thornton was under the mistaken information that the Tax Court was to interpret and apply the Internal Revenue Code from Title 26 as stated in pronouncement and holding contained within *Freytag v. C.I.R.*, 501 U.S. 868, 891, 892 (1991), to wit:

The Tax Court exercises judicial, rather than *891 executive, legislative, or administrative, power. **It was established by Congress to interpret and apply the Internal Revenue Code in disputes between taxpayers and the Government.** By resolving these disputes, the court exercises a portion of the judicial power of the United States.

The Tax Court exercises judicial power to the exclusion of any other function. It is neither advocate nor rulemaker. As an adjudicative body, **it construes statutes passed by Congress and regulations promulgated by the Internal Revenue Service.** It does not make political decisions.

In *Kuretski v. C.I.R.*, 755 F.3d 929, 943 (D.C. Cir. 2014) " <u>**The Tax Court is in the business of interpreting and applying the internal revenue laws,**</u> *see Freytag,* 501 U.S. at 891, 111 S.Ct. 2631, <u>**not in the business of making those laws**</u>."

Evidently Thornton is mistaken that the Inquisitor Wagner, Wilhelm and this Court are totally isolated from what Thornton believed was one and same Internal Revenue Code used in the Tax Court as also the one and same used in this Court, by Inquisitor Wagner and Wilhelm.

**QUESTION:** Is the Internal Revenue Code interpreted and used in the Tax Court the same Internal Revenue Code interpreted by this Court and used binding upon Inquisitor Wagner, binding in the Inquisition and binding upon Wilhelm?

With all of the issues of **C—CC-2007-005 precluded in the ORDERED Inquisition of Thornton to be conducted by Inquisitor Wagner with the <u>Chief Counsel Notice in C—CC-2007-005 only applying to Tax Court</u> including precluding Title 26 of the United States Code (IRC) declared by Wilhelm and this Court by its silence, what is Thornton's defense or course of action?**

**What Statutes of the United States or regulations have application in the Inquisition conducted by Inquisitor Wagner?**

### b. Chief Counsel for the Internal Revenue Service

Is Thornton to understand by the Wilhelm's pronouncement and this Court's silence that the **Chief Counsel for the Internal Revenue Service** and his Chief Counsel Notices are to be ignored, given no deference in this Court, ignored in the Inquisition by Inquisitor Wagner, are limited to strictly Tax Court, no application to the Administrative Steps declared by Inquisitor Wagner to have been accomplished and of no value in this Court?

**QUESTIONS:** The questions posed, *supra*, are extremely important questions that should have been Ruled upon by this Court and Thornton is totally confused on the above issues since the November 4th, 2014 Show Cause Hearing and the pronouncements contained therein that are to be taken as true.

**First**: the **Office** of the "Chief Counsel for the Internal Revenue Service" ("Chief Counsel") was established by a Statute of the United States by Congress[7] under Article II Section 2 Clause 2; and,

**Second:** This "Office" clothes the Chief Counsel as being an bona fide "Officer of the United States;" and,

---

[7] See *Cain v. Untied States*, 73 F.Supp. 1019, 1020-1021 (N.D.Ill.EasternDiv. 1947); *Scully v. United States*, 193 F. 185, 187, 188 (C.C.D.Nev. 1910); *Martin v. United States*, 202-204 (8th Cir. 1909); *Burnap v. United States*, 252 U.S. 512, 515-516 (1920).

**Third:** there are bona fide duties delegated under the Chief Counsel "Office" codified in **26 U.S.C. 7803(b)–Chief Counsel** for the Internal Revenue Service including being the "<u>chief law officer for the Internal Revenue Service</u>," "**furnish legal opinions**," and "determine which civil actions should be litigated under the laws relating to the Internal Revenue Service."

Are Wagner and Wilhelm empowered by their *ipse dixit* pontifications clothed with discretion to discard, ignore, fraudulent statements with Wagner under the Penalties of Perjury is true and correct in his **A—Declaration** that all administrative procedures have been followed and hide these procedural mandates by the Chief Counsel from Thornton and this Court?

In the Chief Counsel Directive Manual ("CCDM") 34.6.3.7 the "Associate Chief Counsel" and the "Field Counsel," under the Office of the Chief Counsel for the Internal Revenue Service are part of the Enforcement of Administrative Summons decision-making but yet the Chief Counsel Notices are precluded?  See also CCDM 34.6.3.1.

Also **CC-2006-002**, unless all of it is incorporated into the CCDM, it is still valid as to issuing Summons under 26 U.S.C. § 7602, which would be precluded also using Wilhelm pronouncements and this Court's assent thereof.

## IV.  Were the unambiguous Statutes of the United States codified in Title 26 Followed by the Inquisitor Wagner on December 4, 2014?

### A.  Statutes of the United States Codified in 26 U.S.C. § 7602.

In 26 U.S.C. § 7602—Examination of books and witness, to wit:  (a) Authority to summon, etc.--For the **purpose of ascertaining the correctness of any return [OR], making a return [§ 6020(b)—Substitute for Return] where none has been made [OR], determining the liability of any person for any internal revenue tax is a** *sine qua non* to issue Administrative Summons to "individuals."

In **Attachment D—Transcript of the December 4th, 2014 Inquisition by Inquisitor Wagner and Inquisitor Wallin ("D—Inquisition")** 26 U.S.C. § 7602 was not used.

In 26 U.S.C. § 7602—Examination of books and witness, to wit:  (a) Authority to summon, etc.--For the purpose of ascertaining the correctness of any return **[OR],** making a return where none has been made **[OR],** determining the liability of any person for any internal revenue tax is a *sine qua non* to issue Administrative Summons to "individuals."

### B.  Swearing an Oath.

Inquisitor Wagner attempted to coerce and force Thornton to swear or affirm under the penalties of perjury that the testimony was true and correct, which is against Thornton's religion to swear or affirm.   Thornton stated this for the record in **D—Inquisition pg. 3**, to wit:

I can't do that. It's the same thing. I've got a religious objection, deeply held

spiritual beliefs that I hold dearer than anything in my life. It comes from Matthew 5:33 through 37. I will read that into the record. "But I tell you do not swear at an oath at all either by Heaven; for it is God's throne or by earth; for it is his footstool; or by Jerusalem; for it is the city of the great King. Do not swear by your head, for you can not make even one hair white or black. All you need to say is simply yes or no. Anything beyond this comes from the evil one." And that's from Christ.

**QUESTION:     Why is Inquisitor Wagner allegedly empowered to force someone to Swear and give testimony when Thornton can't get Inquisitor Wagner in this Court on the Stand under Oath to Swear and provide testimony?**

### C. First Essential Element of 7602.

The **first essential element** is "For the purpose of ascertaining the correctness of any return", wherein Thornton has not filed in an implied-in-law Form 1040 OMB 1545-0074 identified in 26 U.S.C. § 6012 for Subtitle A—Income Taxes. There is no dispute on this issue. To the most questions asked by Inquisitor Wagner, Thornton answered truthfully with essentially the same response in **D—Inquisition** being, to wit:

> I have no books and records that are subject to any Part I, Subtitle A, Income Taxes, for calendar years 2001 through 2012, as defined in 26 U.S.C. 7701 (a)23 **taxable year**. And, specifically, I have no taxable year liability for the calendar years 2001 through 2012, upon the basis of which **taxable income is computed under Subtitle A.** I have no known legal duty to act as **withholding agent** being any person required to deduct and withhold any tax as defined in 26 U.S.C. 7701. Withholding agent -- the term of the "holding agent" means any person required to deduct and withhold any tax under the provisions of Sections 1441, 42,43 or 1461. The only subtitle parties are identified specifically in 26 U.S.C. 7701(a)(16) that are required to have money withheld, of which I am none of these are me.

In **D—Inquisition pg. 7,** Inquisitor Wagner claims that there is "there's an **assessment,** which already exists against you Mr. Thornton, for taxes for those years." This is a flat out **LIE.**

**I Challenge Inquisitor Wagner to provide proof of this claimed "Assessment" documents; and, also to identify the specific Assessment Regulation promulgated in the Federal Register for Part 1 Subtitle A—Income Taxes mandated by 26 U.S.C. § 6203—Method of Assessment[8]; and further that must be in compliance with 1 CFR § 21.40, 1 CFR 21.41 and specifically 1 CFR 21.43.**

Under the Authority of ACFR, **1 CFR § 21.40[9]** of Authority citations "Each section subject to codification must include or be covered by, a **complete citation of authority under which the section is issued,** including— (a) **General or specific authority delegated by statute;** . . ."

Under the Authority of ACFR, **1 CFR § 21.41[10]** under "Agency responsibility" "(a) Each issuing **agency is responsible for the accuracy and integrity of the citations of authority in the documents it issues.** (b) Each issuing agency shall formally amend citation of authority in its codified material to **reflect any changes** therein."

---

[8] 26 U.S.C. § 6203— The <u>**assessment shall be made**</u> by recording the liability of the taxpayer in the office of the Secretary <u>**in accordance with rules or regulations prescribed by the Secretary.**</u>  Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

[9] **Authority:**  44 U.S.C 1506; sec. 6 E.O. 10530, 19 FR 2709; 3 CFR 1954-1958 Comp., p. 189; **SOURCE:** 37 FR 23603, Nov. 4, 1972 unless otherwise noted.  50 FR 12468, Mar. 28, 1985.

[10] **Authority:**  44 U.S.C 1506; sec. 6 E.O. 10530, 19 FR 2709; 3 CFR 1954-1958 Comp., p. 189; **SOURCE:** 37 FR 23603, Nov. 4, 1972 unless otherwise noted.

Under the Authority of ACFR, **1 CFR § 21.43**[11] on "Placing and amending authority citations" defines the requirement of **citations, i.e. statutory authorities**, to be **located behind the Table of Contents for a complete CFR part or subpart**, to wit:

> (a) The requirements for **placing authority citations vary with the type of amendment** the agency is making in a document. The agency shall set out the full text of the **authority citation** for each Part affected by the document.
> (1) If a document sets out an entire CFR part, **the agency shall place the complete authority citation directly after the table of contents** and before the regulatory text.
> (2) If a document amends only certain sections within a CFR part, the agency shall present the complete authority citation to this part as the first item in the list of amendments.
> (i) If the **authority** for issuing an amendment is the same as the **authority** listed for the whole CFR part, the agency shall simply restate the **authority**.
> (ii) If the **authority** for issuing an amendment changes the **authority citation** for the whole CFR part, the agency shall revise the **authority citation** in its entirety. The agency may specify the particular **authority** under which certain sections are amended in the revised **authority citation.**
> (b) The **agency shall present a centralized authority citation**. The **authority citation shall appear at the end of the table of contents for a part or after each subpart** heading within the text of a part. Citations of **authority** for particular sections may be specified within the centralized **authority citation.**

In **D—Inquisition pg. 7,** to wit:

MR. WALLIN: And there's two issues, really: The income tax issue and the collection information statement issue. You have two summonses that were served. So, although your answer -- **I can understand your answer for the income tax information.** Although I, perhaps, don't agree with it, I understand your answer. But, still, we have the collection information statement summons that requires your participation and cooperation.

According to Inquisitor Wallin, he understands at least the "answer for the income

---

[11] **Authority:** 44 U.S.C 1506; sec. 6 E.O. 10530, 19 FR 2709; 3 CFR 1954-1958 Comp., p. 189; **SOURCE:** 37 FR 23603, Nov. 4, 1972 unless otherwise noted. 50 FR 12468, Mar. 28, 1985.

tax information but Inquisitor Wagner doesn't.  Now What?

QUESTION:   If Inquisitor Wallin understands the answers of Thornton according to him, but Inquisitor Wagner doesn't, now what happened?  Where is the Appeal for settling this Dispute as Sanctions loom over Thornton's head between Inquisitor Wallin and Inquisitor Wagner?

Thornton did in good faith attempt to get Inquisitor Wagner to address or explain the Substitute for Return 6020(b) that has been entered into evidence but Inquisitor Wagner refuses to acknowledge.

> MR. THORNTON: **Well, there must exist a substitute for return under 6020(b)** in the administrative record three forms being Form 4549, Form 886(a) and sign form 13496, as a minimum as mandated by the chief council, notice CC-2007-005. **But you seem to have chosen to ignore the chief law officer for the IRS, which there's nothing I can do about that. But if you followed CC2005-005, then maybe I would have some understanding of what books and records are subject to Part I, Subtitle A, Income Taxes**.

QUESTION:  Do the Chief Counsel Notices have no bearing in the Inquisition being conducted by Inquisitor Wagner and specifically **CC-2007-005?**

**D.  Second Essential Element of 7602.**

The **second essential element** is "**making a return** where none has been made," wherein Inquisitor Wagner refused to acknowledge that a partial substitute return under 6020(b).

Returns are required for a § 7602 Books and Records Inquisition as held in *United States v. National Bank of South Dakota*, 622 F.2d 365, 366 (8th Cir. 1980), to wit:

Enforcement of similar summonses was recently upheld in *United States v.*

*Hoffman*, No. 79-2019 (8th Cir. April 7, 1980), unpublished, and *United States v. Thomas*, Nos. 79-1978, 1979 (8th Cir. April 7, 1980), unpublished. And the *367 instant summonses clearly **meet the test of relevance that the materials summoned " 'might (throw) light upon' the correctness of the taxpayer's returns."** *United States v. Freedom Church*, 613 F.2d 316, 321 (1st Cir. 1979); *United States v. Noall*, 587 F.2d 123, 125 (2d Cir. 1978), cert. denied, 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979).

Upon inspection of **E—NOD, 886-A,** which would be the Thornton's Administrative File that Wagner has in his possession, Thornton found the following: First, in **E—NOD, 886-A** pg. 2 in the Form 886-A "**FACTS:** John Thornton did not file a tax return for the years **2001, 2002 and 2003.  Substitute for return procedures were used.**"  And in **E—NOD, 886-A, pg. 19 "Since you did not file your tax return(s) shown in this report, we have filed for you as authorized by IRC 6020(b)."** Why will Inquisitor Wagner refuse to acknowledge and supply the documents the "Substitute for Returns" for the years 2001, 2002 and 2003 as Thornton does not have them and they have not been entered into the Current Court case as evidence or by any other manner to date?

**QUESTION:**  How can Thornton proceed in good faith when Inquisitor Wagner refused to acknowledge the IRS Administrative Record and in this instance, the claimed partial Substitute for Return under 6020(b) evidenced by **E—NOD, 886-A.**

**E.  Third Essential Element of § 7602.**

Inquisitor Wagner is not invested with any Power on the third essential element of § 7602, being **"determining the liability of any person for any internal revenue tax." It is well settled that the know legal duty for any taxable year liability is posited with the courts.**

### a.  Known Legal Duty is a Question of Law for the Courts.

"The existence of a known legal duty owed by a taxpayer is a question of law for the court", and this was held in *United States. v. Pirro*, 96 F.Supp.2d 279, 283 (D.C. S.D. N.Y. 1999). *Affirmed in U.S. v. Pirro*,  212 F.3d 86 ( 2nd Cir. 2000).

See also *United States. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983).

It would be very confusing to the jury to have opposing opinions of the law admitted into evidence involving a factual question for them to decide and if the tax law is uncertain, the Indictment should be dismissed. This is a question of law for the Court. This is the pronouncement in the adjudged case of *United States. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983), to wit:

> **. . . it would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for them to decide.**   Indeed, as that dissent points out, the inevitable logic of the majority's decision in Garber is that **if the tax law is uncertain, the indictment should be dismissed.   Questions of law are for the court.** United States v. Bronston, 658 F.2d 920, 930 (2d Cir.1981), cert. denied, --- U.S. ----, 102 S.Ct. 1769, 72 L.Ed.2d 174 (1982);   Marx & Co. v. Diners Club, Inc., 550 F.2d 505, 509-10 (2d Cir.), cert. denied, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977).

"It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." as pronounced in *Marx & Co. v. Diners Club, Inc.*, 550 F.2d 505, 509-510 (2nd Cir. 1977), *cert denied,* 434 U.S. 861 (1977).  An further *ibid at 510* "(Construction (of a contract) is always a matter of law for the Court."). See also *United Stats v. Lanni*, 466 F.2d 1102, 1110 (3rd Cir. 1972). "It is settled that when the law is vague or highly debatable, a defendant-actually or imputedly-lacks the requisite intent to violate it." as held in *United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974).  See also *United*

*States. v. Mallas*, 762 F.2d 361 (4th Cir. 1985).

Also *Mallas* at 363, to wit:

> Criminal prosecution for the **violation of an unclear duty itself violates the clear constitutional duty of the government to warn citizens whether particular conduct is legal or illegal.** *See generally* Note, Criminal Liability for Evasion of an Uncertain Tax, 81 Col.L.Rev. 1348 (1981). As *Critzer* indicates, this same requirement arises from the rule of 26 U.S.C. ß 7206 that only a "willful" tax evasion is criminal. Willful conduct under ß 7206, which the Supreme Court described in *United States v. Pomponio* as **"voluntary intentional violation of a known duty,"** 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976), **requires that the duty involved must be knowable.** *See also James v. United States,* 366 U.S. 213, 221-222, 81 S.Ct. 1052, 1056-1057, 6 L.Ed.2d 246 (1961). *[Emphasis added]*

"It is perfectly clear, therefore, that if the word "duty," as employed in the [jury] instruction, meant legal duty, then it left a question of law to the determination of the jury, and that was an error." as held in *Pennsylvania Co. v. Frana*, 13 Ill.App. 91, 97 (App. Ct. Ill 1883).

## F.  "Taxable Year" is Contained in § 7602.

Thornton is confused why Inquisitor Wagner who filed in **A—Declaration** for **"calendar years" 2001, 2002 and 2003** has no apparent understanding of the definition of 26 U.S.C. § 7701(a)(23) and Thornton's answers in the Inquisition. As found in 26 U.S.C. § 7701(a)(23)—Taxable Year **"(23) Taxable year.--**The **term "taxable year"** means the **calendar year,** or the fiscal year ending during such calendar year, upon the basis of which the **taxable income is computed under subtitle A."** "Calendar year" is also found defined in 26 U.S.C. § 441 and in accord with 26 U.S.C. § 7701(a)(23).

In Production of documents pursuant to Internal Revenue Service summons for years prior to the **taxable years** under investigation cannot be obtained automatically based merely on **the general assertion that the prior years' records** may some how contain information concerning the **taxable years** in dispute. *United States v. Goldman*, C.D.Cal.1978, 453 F.Supp. 508, affirmed 637 F.2d 664.

**QUESTION:**   So why doesn't Inquisitor Wagner, Wilhelm and this Court understand the truthfulness and application of the answer that Thornton of no Books and Record for any "taxable income is computed under Subtitle A?"

### G.  Definitions of § 7701(a)(23)—Taxable Year

Thornton has relied especially on the excerpt, *ibid.*, "The **term "taxable year" means the calendar year** . . . **of which the taxable income is computed under subtitle A.**"

From 26 U.S.C. § 7701(a)(23) is the operative sentence structure of "**the taxable income is computed under subtitle A." "Taxable income**" is the **SUBJECT** as is defined in **26 U.S.C. § 63—Taxable Income** "The term "taxable income" means **gross income** minus the **deductions**", which could be anyone at this point using just that term definition as a standalone definition.

The next part of the term **"taxable year"** sentence, *supra*, is the verb "**is computed**", *i.e.*, **the action to be taken** on the **SUBJECT**. The computation is found in **26 U.S.C. § 3—Tax tables for individuals "(1) In general.**--In lieu of the tax imposed by section 1, there is **hereby imposed for each taxable year on the taxable income of every individual.**" This is conclusive of "taxable year on the taxable income" shall be

used for the computation of "**is computed**."

The next part of the term "**taxable year**" sentence, *supra*, is the **OBJECT** of the **SUBJECT** and **ACTION** to be taken on the identified **OBJECT**. This action is limited to **only "under subtitle A."** So who is in "under subtitle A." This is disclosed in the term definition of "**withholding agent**" as millions of American's have money forwarded to the IRS from their compensation. This is the ONLY definition of "withholding agent" in Title 26 for Subtitle A.

In unambiguous Statutes of the United States codified in 26 U.S.C. § 7701(a)(16)–—"Withholding agent.--The **term** "**withholding agent**" **means any person** required to deduct and **withhold any tax** under the provisions of s**ection 1441, 1442, 1443, or 1461**."

## H.  Definition of "Withholding Agent" in 26 U.S.C. 7701(a)(16).

Thornton has relied upon the unambiguous Statutes of the United States codified in Title 26 and especially **26 U.S.C. § 7701(a)(16)**—"Withholding agent.--The **term** "**withholding agent**" **means** any person required to deduct and **withhold any tax** **under the provisions of s**ection 1441, 1442, 1443, or 1461" and it was ignored and not addressed. This is conclusive to "**any person** required to deduct and **withhold** any tax" in Title 26. The only entities that can have funds withheld and forwarded to the IRS are identified limited by "**means**" and all of the identified **sections are limited to 1441, 1442, 1443, or 1461," wherein ALL of these sections are all Subtitle A entities.** Therefore, if Thornton isn't one of the entities specifically identified in **26 U.S.C. §**

**7701(a)(16),** the party has no Authority to withhold funds and forward them to the IRS as a "withholding agent."

**26 U.S.C. § 7701(a)(16)** is in accord with **26 U.S.C. § 1473—Chapter 4. Taxes to Enforce Reporting on Certain Foreign Accounts "(4) Withholding agent.--The term "withholding agent" means all persons, in whatever capacity acting, having the control, receipt, custody, disposal, or payment of any withhold able payment,"** being the ONLY specific term definition of "withholding agent" under Subtitle A.

Is the Thornton to believe that the Tax Court and the CIR doesn't know this?

**a. 26 U.S.C. Subtitle A § 1441—Withholding of tax on nonresident aliens.**

To date Tax Court or the C.I.R. has not disclosed if **26 U.S.C. Subtitle A § 1441—Withholding of nonresident aliens.**

**b. 26 U.S.C. Subtitle A § 1442—Withholding of tax on foreign corporations.**

To date Tax Court or the C.I.R has not disclosed if **26 U.S.C. Subtitle A § 1442—Withholding of tax on foreign corporations.**

**c. 26 U.S.C. Subtitle A § 1443—Foreign tax-exempt organizations.**

To date the Tax Court or the C.I.R has not disclosed if **26 U.S.C. Subtitle A § 1443—Foreign tax-exempt organizations.**

**d. 26 U.S.C. Subtitle A § 1461—Liability for withheld tax.**

To date Tax Court or the C.I.R has not disclosed to the alleged "employer" that they can be held liable under **26 U.S.C. Subtitle A § 1461—Liability for withheld.**

Clearly Thornton isn't identified within § 1441 (non-resident alien) and/or identified within § 1442 (foreign corporation) and/or identified within § 1443 (foreign

organization) and/or within the hold harmless section of § 1461; or in 26 U.S.C. § 1473

for taxes on foreign accounts.

This is further reinforced with the instructions for a **Form 1042—Annual**

**Withholding Tax Return for U.S. Source Income of Foreign Persons** must be filed by

**all** **"withholding agents"** as found on Page 1 unless the IRS providing false and

fraudulent information for the Form 1042, to wit:

> **Who Must File**
> <u>Every withholding agent</u> or intermediary (see definitions next) who
> receives, controls, has custody of, deposes of, or pays any fixed or
> determinable annual or periodical income must file an annual return for the
> preceding calendar year **on Form 1042.**
> * * *
> **Withholding Agent**
> <u>Any person required to withhold tax is a withholding agent</u>.

### V.  Conclusion.

This Court should dismiss this instant case with prejudice with a holding that

Thornton did comply in the Inquisition conducted by Inquisitor Wagner and Inquisitor

Wallin, answering all questions truthfully in according the unambiguous Statutes of the

United States codified in Title 26; and, further,

That Thornton has no books and records subject to any "calendar" years for any

"taxable income computed under Subtitle A; and, further,

This Court should put Inquisitor Wagner on the stand under Oath so that the

questions posed in this Motion to Clarify are Answered, that Inquisitor Wagner shall

provide evidence of **ALL of Thornton's Administrative Record and provide**

**specifically each and ever Administrative Step he has claimed under the Penalty of**

**Perjury as true and correct. If Inquisitor Wagner refused, therein this Court should use its good judgment in sanctioning Wagner for lying to both Thornton and to this Court; and, further,**

The other questions beyond the scope of Inquisitor Wagner, Thornton Motions this Court to Answer each and every one as they are not frivolous; and further,

Thornton motions this Court to answer all of the pending Motions that have not been answered to date.

My hand,   BY:

## VI.  Certificate of Service.

I certify that this Motion is comprised of 11,461 words in 13 Font in Times New Roman.

I further certify that this Motion and Attachments were delivered personally or mailed First Class prepaid to the following parties, to wit:

**Jerry Wilhelm**
**U.S. Courthouse**
**300 S 4th Street**
**Suite 600**
**Minneapolis, MN 55415**

Date:  January 27th, 2015

BY: _____

Signature