## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

        Petitioner,

v.

John K. Thornton,

        Respondent.

File No. 13-mc-87 (SRN/TNL)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court pursuant to its December 29, 2014 Order to Show Cause why Respondent John K. Thornton should not be held in contempt for failing to comply with multiple court orders. (ECF No. 69.) The Court heard oral argument on the Order on January 27, 2015. D. Gerald Wilhelm appeared on behalf of the Government. Mr. Thornton appeared *pro se*. For the reasons that follow, the Court will recommend that Mr. Thornton be held in contempt.

### I.      FINDINGS OF FACT

On August 1, 2014, the Honorable Susan R. Nelson, United States District Judge for the District of Minnesota, ordered Mr. Thornton to comply with the IRS summons at issue in this case ("August 1, 2014 Order"). (ECF No. 23.)

A hearing was held on November 4, 2014, wherein Mr. Thornton continued to challenge both the IRS's ability to enforce the summons and this Court's ability to resolve this dispute. This Court had addressed these arguments in its April 9, 2014 Report and Recommendation to Judge Nelson, *see* ECF No. 21, and did not revisit them. The

1

Court noted on the record that Mr. Thornton could be held in contempt at that time for intentionally not complying with Court orders; it determined, however, that Mr. Thornton should be given one more chance to comply.

On November 4, 2014, this Court ordered that if Mr. Thornton failed to respond to the IRS summons by December 8, 2014, this Court would recommend that he be held in contempt for failing to comply with a Court order. (ECF No. 46.) The Government was directed to inform the Court on or before December 9, 2014, whether Mr. Thornton had complied as ordered. (*Id.*)

On November 20, Mr. Thornton filed a Motion for Court's Interdiction and Notice Concerning November 20, 2014 (ECF No. 54), requesting this Court resolve scheduling conflicts between Mr. Thornton and IRS Agent Jeffrey Wagner. In his Motion for Court's Interdiction, Mr. Thornton asserted that Agent Wagner was not accommodating his wife's work schedule.[1] (ECF No. 54.) On December 1, Mr. Thornton filed two Motions to Clarify Issues of Law of The Presumed Upcoming Meeting Date With The IRS (ECF Nos. 56-57) and a Motion to Grant Mr. Thornton's Motion to Vacate (ECF No. 61). Notably, the motion requesting scheduling assistance cited difficulties coordinating the

---

[1] This matter is closely intertwined with a parallel summons enforcement proceeding against Respondent's wife Crisandra J. Thornton. *See United States v. Thornton*, File No. 13-mc-86 (SRN/TNL).

IRS agent meeting with Mr. Thornton's wife's work schedule. Mr. Thornton did not point to any difficulty scheduling his own meeting with the IRS agent.[2]

The Government filed a letter and supporting affidavit on December 8, 2014, representing that Mr. Thornton did not substantially comply with the IRS summons. (ECF Nos. 62-63.) The Government also filed a letter and supporting affidavit in the parallel action concerning Mr. Thornton's wife representing that she *did* substantially comply with the IRS summons. (*United States v. Thornton*, File No. 13-mc-86 (SRN/TNL), ECF Nos. 57-58.) This Court then issued yet another Order to Show Cause why Mr. Thornton should not be held in contempt for failing to comply with the August 1, 2014 Order and this Court's November 4, 2014 Order.[3]

On January 27, 2015, the morning before the hearing was scheduled to occur, this Court received a large number of documents from Mr. Thornton that challenged the conduct of the IRS agents during his December 4, 2014 meeting with them and asserting that he complied with the August 1, 2014 Order.

Mr. Thornton appeared as ordered on January 27, 2015. Assistant United States Attorney D. Gerald Wilhelm appeared on behalf of the Government. At the hearing, Mr.

---

[2] The Court also notes that the scheduling difficulties seem to have been overcome; Mr. Thornton's wife met with the IRS agent on December 4, 2014. After that meeting, the Government represented to the Court that Mrs. Thornton substantially complied with the IRS summons. (*See United States v. Thornton*, 13-mc-86 (SRN/TNL), ECF No. 58.)

[3] This Court originally set a Show Cause hearing for December 29, 2014, at 10:00 a.m. (*See* ECF No. 66.) Mr. Thornton, however, failed to appear at the scheduled hearing. Noting the particularities of service in this matter and out of an abundance of caution, the Court provided Mr. Thornton one final opportunity to show cause why he should not be held in contempt for failing to comply with court orders.

Thornton presented his arguments to the Court, and the Government responded. When asked whether he had any more arguments or witnesses, Thornton replied that he did not.

Given the record before the Court and based on the Court's extensive involvement in what is commonly a routine summons enforcement action, the Court finds that Mr. Thornton is intentionally not complying with the Court's orders. As an example, the Court notes that in the December 4, 2014 interview with Agents Wagner and Richard Wallin, the following exchange occurred:

| | |
|---|---|
| Mr. Wagner: | Well, do you have any records as identified in the two summonses that you've been served? |
| Mr. Thornton: | I have no books and records that are subject to any Part I, Subtitle A, Income Taxes, for calendar years 2001 through 2012 as defined in 26 U.S.C. 7701(a)23 taxable year. . . . |
| Mr. Wagner: | Do you have any records as identified in the summons? |
| Mr. Thornton: | Asked and answered. |
| Mr. Wagner: | I'm looking here at the summons. The summons references bank statements, checkbooks, canceled checks, savings account, passbooks, certificates of deposit, deeds, vehicle registration certificates, investment documents, insurance policies related to the tax liability which does exist for you for 2001, '02, and '03. Do you have any of those records? |
| Mr. Thornton: | I have no books and records that have anything to do with any taxable year liability under Subtitle A, Part I, Income Taxes. |
| Mr. Wagner: | Regarding the individual income tax return summons, do you have any records related to 2004 through 2012 pertaining to your income? |
| Mr. Thornton: | Again, I have no books and records that have anything to do with any taxable year liability under Subtitle A, Part I, Income Taxes. |

(Resp. Ex. 1 at 4-6.)

Mr. Thornton used variations of this answer to respond to almost all of the Agents' substantive questions, including for purposes of example and not limitation the following: "What do you do for employment?" (*id.* at 14); "Do you have a mortgage?" (*id.* at 16); "Who pays your homeowner's insurance?" (*id.*); "Where do you keep your banking or

financial accounts?" (*id.* at 17); "What investments do you maintain?" (*id.*); "Are you the beneficiary of a trust, estate, or life insurance policy?" (*id.* at 19); and "Are you a trustee or fiduciary?" (*id.* at 20). Mr. Thornton's reply to the questions were essentially non-responsive — that he has no books and records that have anything to do with the materials sought by the summons.

## II.   ANALYSIS

"[I]t is firmly established that the power to punish for contempt[] is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 636(e)(1) ("A United States magistrate judge . . . shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection."); *Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) ("In a proceeding before a magistrate judge, disobedience of a lawful order shall constitute a contempt of the district court for the district wherein the magistrate is sitting.") (citing 28 U.S.C. § 636(e)). "Although magistrate judges do not themselves have contempt power, they may certify any contemptuous acts or conduct to a district judge, who may then adjudge that person or party in contempt 'by reason of the facts so certified.'" *Id.* (citing 28 U.S.C. § 636(e)).

"The court may hold a party violating a discovery order in contempt of court." *Edeh v. Carruthers*, Civ. No. 10-2860, 2011 WL 4808194, at *2 (D. Minn. Sept. 20, 2011). "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both."

*Chicago Truck Drivers*, 207 F.3d at 504 (citing *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947)). "Before a party can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." *Hazen v. Reagan*, 16 F.3d 921, 924 (8th Cir. 1994) (quotation omitted). An overarching goal of the court's contempt power "is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers*, 207 F.3d at 504 (citing *United Mine Workers*, 330 U.S. at 290 n.56).

A party seeking civil contempt must prove by clear and convincing evidence "that the alleged contemnors violated a court order." *Chicago Truck Drivers*, 207 F.3d at 505 (citation omitted). If the movant produces clear and convincing evidence, "the burden . . . shift[s] to the [alleged contemnors] to show an inability to comply." *Id.* (citation omitted). "A mere assertion of 'present inability' is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why 'categorically and in detail;' (2) that their inability to comply was not 'self-induced;' and (3) that they made 'in good faith all reasonable efforts to comply'" *Edeh*, 2011 WL 4808194, at *3 (quoting *Chicago Truck Drivers*, 207 F.3d at 506).

Mr. Thornton has refused to comply with the August 1, 2014 Order enforcing the IRS summons. At the interview on December 4, 2014, Mr. Thornton did not provide any testimony regarding assets, liabilities or accounts held in his name or for his benefit. Mr. Thornton has not argued that he was unable to comply with the order, and no evidence

6

before this Court supports a finding that he is unable to comply. Mr. Thornton takes the position that his participation in the December 4, 2014 interview constituted compliance with the August 1, 2014 Order.

This Court disagrees and finds that there is clear and convincing that Mr. Thornton should be found in civil contempt.

"When imposing a civil contempt sanction, the following four factors must be assessed: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Edeh*, 2011 WL 4808194, at *3.

The first factor to consider is the harm to the Government caused by Mr. Thornton's refusal to comply with the August 1, 2014 Order. Mr. Thornton's defiance of the August 1, 2014 Order affects one tax-liability investigation. As such, the magnitude of any resulting harm might appear contained. The Government, however, is seeking information regarding Mr. Thornton's tax liabilities over more than a decade, and Mr. Thornton has sole possession, knowledge and control of any documentary or testimonial evidence responsive to the Government's legitimate tax-collection efforts. Withholding such evidence is therefore highly damaging.

The second factor to consider is the probable effectiveness of the sanction in bringing about compliance. Admittedly, the likelihood that civil contempt will suddenly cause Mr. Thornton to comply with the August 1, 2014 Order is guarded. His filings repeatedly call into question the Government's interpretation of several provisions of the

Internal Revenue Code and their application to his tax liability for the tax years at issue. Mr. Thornton has evidenced a firmly held belief in his positions. Although Mr. Thornton may well persist in his convictions and not comply with the IRS summons or court orders, court-imposed contempt sanctions are one of the few tools that might bring about compliance.

The third factor to consider is the financial resources of the contemnor and the burden the sanctions may impose. There is no evidence in the record of Mr. Thornton's financial resources; indeed, if there were, this proceeding would likely have come to a close many months ago.

The fourth factor to consider is Mr. Thornton's willfulness in disregarding the Court's order. There is no dispute that Mr. Thornton was aware of the August 1, 2014 Order. He argued against the order enforcing the petition, moved to dismiss the Government's petition, and even filed a motion requesting reconsideration and vacation of the August 1, 2014 Order. (*See* ECF Nos. 5, 6, 14, 25.) The Court finds by clear and convincing evidence that Mr. Thornton was personally aware of the order requiring him to comply with the IRS summons. The Court further determines that Mr. Thornton's filings and representations demonstrate an adamant, deep-seated belief in his position that he need not comply with the August 1, 2014 Order because he disagrees with the Government. Mr. Thornton "continues to flout the Court's order[] by refusing to comply." *Edeh*, 2011 WL 4808194, at *4.

Based upon the foregoing, the Court concludes that the appropriate contempt sanction for Mr. Thornton's willful failure to comply with the August 1, 2014 Order is to

take Mr. Thornton into custody. When treating as contempt of court a party's failure to obey a court order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." Fed. R. Civ. P. 37(b)(2)(C). After considering the extensive briefing and repeated court appearances that Mr. Thornton's non-compliance required, the Court determines that $1,000.00 is a reasonable and appropriate monetary contempt sanction in addition to the spectre of confinement.

## III.    RECOMMENDATION

Having considered the positions of the parties, and based on all the files, records and proceedings herein, and for the reasons set forth on the record which are hereby expressly incorporated by reference, the Court finds, based on clear and convincing evidence, that Mr. Thornton has violated the August 1, 2014 Order, and hereby **RECOMMENDS** that:

1.    Respondent John K. Thornton be found in constructive civil contempt of court for failure to comply with the August 1, 2014 Order (ECF No. 23) of the Honorable Susan R. Nelson, United States District Judge for the District of Minnesota;

2.    The issuance of a bench warrant for the arrest of Respondent John K. Thornton to compel compliance with the August 1, 2014 Order be stayed

until **March 31, 2015**[4], to permit Respondent John K. Thornton to purge his contempt by complying or substantially complying with the August 1, 2014 Order;

3.      The Government be ordered to file with the Court a declaration ("Declaration") on or shortly after **March 31, 2015**, informing the Court whether Respondent John K. Thornton has complied or substantially complied with the IRS summons at issue; and

4.      If the Declaration does not state that Respondent John K. Thornton has complied or substantially complied with the August 1, 2014 Order, then

   a.      the stay of the bench warrant be lifted and a bench warrant automatically be issued for Respondent John K. Thornton's arrest; and

   b.      Respondent John K. Thornton be directed to pay immediately to the Clerk of Court $1,000.00, to be remitted to the Government for reasonable costs and attorney's fees.

Date:  January 29, 2015                           s/ Tony N. Leung
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota

---

[4] At the January 27, 2015, hearing, the Court informed the parties that it would be recommending that Mr. Thornton have until February 27, 2015 to comply before a bench warrant would issue for his arrest. After additional consideration the Court will allow for an appropriate objection period, and to account for Mr. Thornton's status as a *pro se* litigant. Therefore, the Court has *sua sponte* extended the recommended deadline to March 31, 2015.

*United States v. Thornton.*
File No. 13-mc-87 (SRN/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of appeals. Written objections must be filed with the Court on or before **February 12, 2015**. Responses from the Government to any objection to this Report and Recommendation must be filed with the Court on or before **February 19, 2015.**