# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>              Petitioner,<br><br>v.<br><br>John K. Thornton,<br><br>              Respondent. | Case No. 13-mc-87 (SRN/TNL)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

D. Gerald Wilhelm, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street, Minneapolis, MN 55415, for Petitioner; and

John K. Thornton, 4128 Utica Avenue South, St. Louis Park, MN 55416, Pro Se.
_____

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung dated January 29, 2015 [Doc. No. 73] regarding the Court's December 29, 2014 Order to Show Cause why Respondent John K. Thornton should not be held in contempt for failing to comply with multiple court orders [Doc. No. 69]. The R&R recommended the following: (1) that Thornton be found in constructive civil contempt of court for failure to comply with the Court's August 1, 2014 Order [Doc. No. 23]; (2) that a bench warrant for his arrest be stayed until March 31, 2015 to permit Thornton time to comply or substantially comply with the August 1, 2014 Order; (3) that the Government file a declaration on or shortly after March 31, 2015 regarding Thornton's compliance or substantial compliance with the August 1, 2014 Order; and (4) barring

Thornton's compliance or substantial compliance, the bench warrant for Thornton's arrest

will automatically be issued and he will be directed to pay $1,000 to the Clerk of Court, to

be remitted to the Government for reasonable costs and attorney's fees.  (R&R at 10 [Doc.

No. 73].)  On February 12, 2015, Thornton filed a document entitled "Motion in Opposition

to Sanctions and Motion to Vacate Continued" [Doc. No. 76].  The Court construes portions

of this document as his timely-filed objections to the R&R, and therefore refers to these

portions herein as "Objections."  For the reasons set forth below, Respondent's Objections

are overruled and the Court adopts the R&R, with a slight extension to the deadline for

compliance.

## I.      BACKGROUND

The facts of this matter are set forth in detail in the R&R [Doc. No. 73], as well as

the Court's August 1, 2014 Order [Doc. No. 23].  In brief, IRS Revenue Officer Jeffrey

Wagner ("Wagner") is conducting an investigation into the tax liability of Respondent for

the years 2001–2012.  On July 25, 2013, and August 13, 2013, Wagner issued and

personally served on Thornton and his wife two IRS administrative summonses, directing

Thornton and his wife to appear at the IRS office located in Bloomington, Minnesota, and to

testify and produce records, books, and other related information.  (See Order of 8/1/14 at 2

[Doc. No. 23].)   After Respondent and his wife refused to comply, the Government

initiated this action, seeking enforcement of the two summonses.  (Petition [Doc. No. 1].)

Following a hearing to show cause why the Thorntons should not be compelled to

obey the summonses, Magistrate Judge Leung recommended that they be enforced.  (R&R

of 4/9/14 [Doc. No. 21].)  This Court adopted the magistrate judge's recommendations in the August 1, 2014 Order, requiring the enforcement of the summonses.  Mrs. Thornton substantially complied with the IRS summons and is not subject to the matters addressed herein.  (R&R at 3, n.2 [Doc. No. 73].)

Following a November 4, 2014 hearing, Magistrate Judge Leung gave Respondent until December 8, 2014 to respond to the summons, or risk a recommendation that he be held in contempt of the Court's August 1, 2014 Order.  (Minute Entry of 11/4/14 [Doc. No. 46].)  The Government filed a letter and supporting affidavit on December 8, 2014, indicating that Thornton had failed to substantially comply.  (Letter of 12/8/14 [Doc. No. 62]; Wagner Decl. [Doc. No. 63].)  The Court issued another Order to Show Cause [Doc. No. 66] and heard argument from Respondent and counsel for the Government on January 27, 2015.  (R&R at 3-5 [Doc. No. 73].)  On January 29, 2015, Magistrate Judge Leung issued the R&R containing the recommendations noted above.  In light of Thornton's pro se status, the magistrate judge granted him additional time – until March 31, 2015 – in which to comply with the Court's August 1, 2014 Order.  (Id. at 10, n.4.)

## II.    DISCUSSION

The district court reviews de novo those portions of the R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).  As noted, the Court construes portions of Respondent's "Motion in Opposition to Sanctions and Motion to Vacate Continued" as objections to the R&R.

(Objections at 26-42 [Doc. No. 76].)  The Court gives Respondent's Objections the most liberal construction possible in light of his pro se status.  Even the most liberal construction, however, cannot cure the inherent flaws in Respondent's Objections.

District courts have the authority to enforce compliance with orders through civil contempt proceedings.  Shillitani v. United States, 384 U.S. 364, 379 (1966).  And, as the magistrate judge noted, courts possess the inherent power to punish for contempt.  (R&R at 5 [Doc. No. 73]) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000)).  Moreover, 26 U.S.C. § 7604(b) specifically gives this Court the authority to enforce its orders concerning summons enforcement by means of contempt proceedings.

For a party to be held in contempt, it must be shown that (1) a valid order existed, (2) the party had knowledge of the order, and (3) the party disobeyed the order.  Reliance Ins. Co. v. Mast Constr. Co., 159 F.3d 1311, 1315 (10th Cir. 1998).  A party seeking civil contempt must establish by clear and convincing evidence that the alleged contemnor violated a court order.  Chicago Truck Drivers, 207 F.3d at 505 (citation omitted).  Once the movant produces such evidence, the burden shifts to the contemnor to demonstrate an inability to comply.   Id.  A party defending a contempt motion on the ground of present inability to comply must establish the following:  (1) that they were unable to comply, explaining why 'categorically and in detail;' (2) that their inability to comply was not 'self-induced;' and (3) that they made 'in good faith all reasonable efforts to comply'"  Edeh v. Carruthers, No. 10-cv-2860, 2011 WL 4808194, at *3 (D. Minn. Sept. 20, 2011) (quoting

Chicago Truck Drivers, 207 F.3d at 506).  The Court agrees with the magistrate judge that the Respondent has failed to demonstrate a present inability to comply.

Thornton raises several grounds of objection to the R&R.  First, he appears to present substantive argument about whether certain terms and language in the IRS Code apply to him and whether certain administrative procedures have been followed.  (Objections at 26-30 [Doc. No. 76].)  These arguments, however, are not relevant to the proceedings before this Court, which concern solely the enforcement of an IRS summons pursuant to 26 U.S.C. § 7402(b).  Nor do they relate to the specific issue before the Court in the context of civil contempt – that is, whether Thornton is presently unable to comply with the Court's August 1, 2014 Order.

Thornton's second ground of objection, however, appears to arguably address the present inability to comply, although he frames it in the offensive:  "Why is Inquisitor Wagner allegedly empowered to force someone to Swear and give Testimony when Thornton can't get Inquisitor Wagner in this Court on the Stand under Oath to Swear and provide testimony?"  (Objections at 31 [Doc. No. 76].)  While the issue specifically couched by Thornton is irrelevant to the question of present inability to comply, Thornton also quotes a statement apparently made by him to Agent Wagner in which he objects to the Government's requirement that he swear under the penalty of perjury that his testimony is true and correct:

> I can't do that.  It's the same thing. I've got a religious objection, deeply held
> spiritual beliefs that I hold dearer than anything in my life. It comes from
> Matthew 5:33 through 37. I will read that into the record. "But I tell you do
> not swear at an oath at all either by Heaven; for it is God's throne or by

earth; for it is his footstool; or by Jerusalem; for it is the city of the great
King.  Do not swear by your head, for you can not [sic] make even one hair white
or black.  All you need to say is simply yes or no.  Anything beyond this
comes from the evil one."  And that's from Christ.

(Id.)  The Court construes this as an assertion of present inability to comply based on the

First Amendment's protection of the free exercise of religion.  Thornton appears to have

previously raised this issue in a document entitled "Motion to Clarify Inquisitorial

Hearing by Inquisitor Wagner and Inquisitor Wallin" [Doc. No. 71 at 24], which he filed

one day prior to the January 27, 2015 show-cause hearing.  The R&R did not address this

argument.  While this Court's review is generally confined to the findings and

recommendations in the R&R, the Court nevertheless addresses this argument to

determine whether it forms a basis for present inability to comply with the August 1,

2014 Order.

Federal Rule of Civil Procedure 43(b) provides that "[w]hen these rules require an

oath, a solemn affirmation suffices."  Similarly Federal Rule of Evidence 603 provides

that a witness must give an oath or affirmation to testify truthfully.  The oath or

affirmation "must be in a form designed to impress that duty on the witness's

conscience."  Fed. R. Evid. 603.  The Advisory Committee Notes accompanying Rule

603 reflect Congress' intent to minimize any intrusion on the free exercise of religion:

"The rule is designed to afford the flexibility required in dealing with religious adults,

atheists, conscientious objectors, [the mentally disabled], and children.  Affirmation is

simply a solemn undertaking to tell the truth; no special verbal formula is required."

Ferguson v. Comm'r of Internal Rev., 921 F.2d 588, 589-90 (5th Cir. 1991) (quoting

1972 Proposed Rule Advisory Committee Notes).  Because no "special verbal formula is

required," a person lodging an objection to an oath may instead state that they will tell the

truth, understanding the penalty of perjury for failure to do so, or indicate in a written

document, "I declare under penalty of perjury that the foregoing is true and correct.

[dated and signed by declarant]."   See 28 U.S.C. § 1746(b) (providing for non-notarized

declarations in federal court).   In light of the availability of this alternative to an oath, the

Court finds that Respondent fails to demonstrate a present inability to comply based on

his First Amendment argument.

Finally, Thornton submits various additional objections that are without merit:

arguing that Agent Wagner lacks a proper delegation of authority, that the Government

lacks proof of an assessment, and that certain of the Government's exhibits do not

contain sufficient indicia of truthfulness.  (Objections at 34-42 [Doc. No. 76].)  Again,

these arguments are not relevant to the enforcement proceedings before this Court nor do

they relate to the specific civil contempt question of whether Thornton is presently unable

to comply with the Court's Order.

The Court agrees with the magistrate judge that clear and convincing evidence

demonstrates that Thornton should be held in civil contempt.  Furthermore, Magistrate

Judge Leung properly considered the following four factors in recommending the

imposition of a civil contempt sanction:  (1) the harm from noncompliance; (2) the

probable effectiveness of the sanction; (3) the financial resources of the contemnor and

the burden the sanctions may impose; and (4) the willfulness of the contemnor in

disregarding the court's order."   Edeh, 2011 WL 4808194, at *3.  The Court agrees with his findings that (1) the harm from noncompliance – the withholding of evidence from the Government's tax investigation – is highly damaging; (2) the sanction is a tool that may bring about compliance; (3) there is no evidence in the record of Respondent's financial resources; and (4) Thornton has demonstrated a steadfast unwillingness to disregard the August 1, 2014 Order, and that he is well aware of the Order.

Based on the foregoing, the Court finds that the R&R is fully supported by law and fact.  However, in light of the relatively short time period between the issuance of this Order and the March 31, 2015 deadlines in the R&R, the Court provides Respondent until April 30, 2015 to comply with the Court's August 1, 2014 Order.   With that slight modification, the R&R is adopted.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Respondent John K. Thornton is found in constructive civil contempt of court for failure to comply with the August 1, 2014 Order [Docket No. 23];

2.   The issuance of a bench warrant for the arrest of Respondent John K. Thornton to compel compliance with the August 1, 2014 Order is stayed until **April 30, 2015**, to permit Respondent John K. Thornton to purge his contempt by complying or substantially complying with the August 1, 2014 Order;

3.   The Government is ordered to file with the Court a declaration ("Declaration") on or shortly after **April 30, 2015**, informing the Court

whether Respondent John K. Thornton has complied or substantially complied with the IRS summons at issue; and

4.      If the Declaration does not state that Respondent John K. Thornton has complied or substantially complied with the August 1, 2014 Order, then

    a.      the stay of the bench warrant will be lifted and a bench warrant automatically will be issued for Respondent John K. Thornton's arrest; and

    b.      Respondent John K. Thornton will be directed to pay immediately to the Clerk of Court $1,000.00, to be remitted to the Government for reasonable costs and attorney's fees; and

5.      Magistrate Judge Leung's R&R [Doc. No. 73] is **ADOPTED**, as amended to provide additional time to Respondent.


Dated:  March 27, 2015                    s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Judge