John Kirk Thornton
4128 Utica Avenue South
Saint Louis Park, Minnesota [55416]
952-929-6574

**RECEIVED**

MAR 2 6 2018

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

## "District Court of the United States"
### District of Minnesota

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| *Petitioner* | ) |
| | ) |
| vs. | ) |
| | ) |
| **John Kirk Thornton,** | ) **Case No.  0:13-mc-00087-SRN-TNL** |
| *In propria persona* | ) |
| | ) |

## Expedited Motion to Provide Evidence of a Debt Due and Owing Or a Tax Liability

### Table of Contents

Table of Contents ...........................................................................................1

Table of Authorities .......................................................................................2

I.  General Essential Background Facts. ..........................................................8

II.  No Evidence of the Tax Owing and Type of Tax Due and Owing; Or, a Tax Liability ..................................................................................................11

  A.  What Are These Taxes That are Due and Owing; Or, that a Tax Liability Exists....12

   a.  What is Clear and Convincing and Evidence?........................................12

   b.  Susan Richard Nelson, United States District Judge Held "Clear and Convincing Evidence" On Tax Liabilities and "Tax Due and Owing." ...........................................17

   C.  Buck Act Taxation .............................................................................19

   d.  UNITED STATES OF AMERICA is a sovereign body politic. ...........................19

SCANNED
MAR 27 2018
U.S. DISTRICT COURT MPLS

III. Conclusion..................................................................................................20

IV. Certificate of Service. ................................................................................21

## Table of Authorities

**Cases**

*Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency*, 422 U.S. 289,
309 (1975) ...........................................................................................6

*Acron Investments, Inc. v. Federal Sav. & Loan Ins. Corp.*, 363 F.2d 236, 240 (9th Cir.
1966)..................................................................................................6

*Adamowski v. Bard*, 193 F.2d 578, 581 (3rd Cir. 1952) ...........................................6

*Adamson v. CIR*, 745 F.2d 541, 547 (9th Cir. 1984) .............................................7

*Adamson v. Commissioner*, 745 F.2d 541, 547 (9th Cir.1984) (citation omitted)................8

*Adamson*, 745 F.2d at 547 .......................................................................8

*Addington v. Texas*, 441 U.S. 418, 424 (1979 ....................................................10

*Addington v. Texas, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)*.................11

*Addington v. Texas*, 441 U.S., at 424, 99 S.Ct., at 1808 .......................................10

*Allen v. CIR*, 100 F.3d 961, *1 (1996) .........................................................8

*Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985) ..........................12

*Bailey v. Bailey,* 27 Tenn. (Humph) 230 (1847)..................................................9

*Bevington v. Bevington*, 110 N.W. 840, 843 (Sup.Ct. Iowa 1907) .................................10

*Bradford v. CIR*, 796 F.k2d 303, 305 (9th Cir. 1986)...........................................8

*Brown v. City of Pittsburg*, 586 F.3d 263, 285 (3rd Cir. 2009..................................9

*Carwile, La.App. 3 Cir.,* 168 So.2d 469..............................................................................13

*Davidson v. Greer,* 35 Tenn. (3 Sneed) 384 (1855)...........................................................9

*Delaney v. Commissioner,* 743 F.2d 670, 671 (9th Cir.1984) (citation omitted) .................8

*Disner v. Westinghouse Elec. Corp.,* 726 F.2d 1106, 1109 FN6 (6th Cir. 1984) ...............13

*Disner v. Westinghouse Elec. Corp.,* 726 F.2d 1106, 1111 (6th Cir. 1984) ........................11

*Edwards v. Shreveport Creosoting* Co., 207 La. 699, 21 So.2d 878, 880 (Sup.Ct.La. 1945)

............................................................................................................................13

*Gates v. Ashy Const. Co.,* 171 So.2d 742, 743-44 (La. App. 1965) ....................................13

*Glenn v. United States,* 129 F.Supp. 914, 917 (S.D. Cal. 1955).......................................6

*Government Nat. Mortg. Ass/n v. Terry,* 608 F.2d 614, 618 n. 5 (5th Cir. 1979)................6

*Haupt v. Pohlmann,* 24 N.Y.Super.Ct. 121, 127 (Sup.Ct. N.Y. 1863) ..............................12

*Herbert v. Lando,* 598 F.Supp. 1178, 1186 (S.D.N.Y. 1984) ............................................9

*Hotchner v. Castillo-Puche,* 551 F.2d 910, 913 (2d Cir.1977)..........................................9

*In re McDonough,* 296 N.W.2d 648, 694 (Sup.Ct.Minn. 1980) ........................................8

*In re Sylvester,* 521 Pa. 300, 555 A.2d 1202, 1203-04 (1989)...........................................10

*In re Winship,* 397 U.S. 358, 371, 90 S.Ct. 1068, 1076, 25 L.Ed.2d 368 (1970) (Harlan, J.,

concurring), quoting F. James, Civil Procedure 250-251 (1965)....................................13

*In re Winship,* 397 U.S., at 365-366, 90 S.Ct., at 1073-1074 ............................................10

*Jones v. Jones,* 150 Tenn. 554, 266 S.W. 110 (1925)........................................................9

*Kenyeres v. Ashcroft,* 538 U.S. 1301, 1305 (2003).............................................................11

*King v. United States,* 390 F.2d 894, 913 (Ct.Cl. 1968) [28 U.S.C. 2201-02] .....................6

*Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 405 (2001)..............................12

*Lake v. New York Life Ins. Co.*, 218 F.2d 394, 398 (4th Cir. 1955)........................................6

*Lampkin-Asam v. Miami Daily News, Inc.*, 408 So.2d 666, 670 (Dist.Ct.App.3[rd]Dist. Fla.

   (1982). ...............................................................................................................................9

*Lepre V. Caputo*, 328 A.2d 650, 652-53 (Sup.Ct. N.J. 1974).............................................10

*Matter of Anchorage Boat Sales, Inc.*, 29 B.R. 275, 279 (E.D.N.Y. 1983)..........................9

*Matter of Contest of General election on Nov. 8, 1977*, 264 N.W.2d 401, 405-405 (Sup.

   Ct. Minn. 1978) .................................................................................................................6

*Mattingly, Inc. v. Beatrice Foods Co.*, 835 F.2d 1547, FN1 (10th Cir. 1987)...................11

*MCI Communication Corp. v. American Tele. And Tel. Co.*, 708 F.2d 1081, 1204 (7th Cir.

   1983).................................................................................................................................11

*Mock v. Michigan Millers Mutual Ins. Co.,* 4 Cal.App. 4th 306, 5 Cal.Rptr.2d 594, 610

   (1992) ...............................................................................................................................11

*Naquin v. Marquette Casualty* Co., 244 La. 569, 153 So.2d 395 .......................................13

*New Idea Farm Equipment Corp. V. Sperry Corp.*, 916 F.2d 1561, 1567 (Fed. Cir. 1990)

   .........................................................................................................................................11

*Nordstrom v. Miller,* 227 Kan. 59, 605 P.2d 545, 552 (1980).............................................11

*Nordstrom v. Miller,* 227 Kan. 59, 605 P.2d 545, 552 (1980), *quoting Modern Air*

   *Conditioning, Inc. v. Cinderella Homes, Inc.,* 226 Kan. 70, 596 P.2d 816, 824 (1979).12

*ommonwealth v. Parente,* 956 A.2d 1065, 1074 n. 16 (Pa.Commw.Ct.2008)....................10

*People v. Stephenson,* 11 Misc.Rep. 141, 32 N.Y.Supp. 1112, 1114 (Sup.Ct.Kings Special

   Term (1895)......................................................................................................................12

*Perkins v. Texas & N. O. Railway Co.,* 243 La. 829, 147 So.2d 646 ...................................13

*Perry v. Pearson,* 20 Tenn. (1 Humph) 431 (1839)..............................................9

*Pope v. Atlantic Coast Line R.Co.*, 345 U.S. 379, 384 (1953)...............................6

*Ragsdale v. Price*, 185 F.Supp. 263, 265 (M.D. Tenn. 1960) ...............................6

*Santosky v. Kramer*, 455 U.S. 745, 756-57, 769-70 (1982)................................10

See Paccar, Inc. v. Commissioner, 849 F.2d 393, 400-01 (9th Cir.1988) .............8

*Stainback v. Mo Hock Ke Lok* Po, 336 U.S. 368 n. 12 (1949)................................6

*State ex rel. v. Shoemaker*, 39 N.W.2d 524, 528 (Sup. Ct. S.D. 1949).................6

*Stauffer et al. v. Exley*, 184 F.2d 962, 964 (9th Cir. 1950) .................................6

*Stauth v. Brown,* 241 Kan. 1, 734 P.2d 1063, 1069 (1987) .................................11

*Thompson Lumber Co. v. Interstate Commerce Commission*, 193 F. 682, 684 (Com.Ct.

      Conn. 1912) ...............................................................................................12

*Tivoli Realty v. Paramount Pictures*, 80 F.Supp. 278, 280 (D. Del. 1950) ...........6

*United States ex rel. Almeida*, 195 F.2d 815 (3rd Cir. 1952)................................6

*United States ex rel. Auld v. Warden of New Jersey State Penitentiary*, 187 F.2d 615 n. 1

      (3rd Cir. 1951) ............................................................................................6

*United States v. Klock*, 100 F.Supp. 230, 233 (N.D. N.Y. 1951) .........................6

*United States v. National City Lines,* 337 U.S. 78, 81 (1949) ..............................6

*United States v. State of Michigan*, 653 F.2d 277, 279 (6th Cir.), *cert. denied,* 454 U.S.

      1124, 102 S.Ct. 971, 71 L.Ed.2d 110 (1981). ..........................................11

*United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir.1983), *cert. denied,* 465 U.S.

      1079, 104 S.Ct. 1440, 79 L.Ed.2d 761 (1984) .........................................8

*United States v. Thompson*, 319 F.2d 665, 669 (1963) (2nd Cir. 1963) ................6

United States v. Zolla, 724 F.2d 808, 809 (9th Cir.) ("**[N]o presumption of correctness attaches to deficiency determinations in which the IRS charges a taxpayer with additional income but provides no factual showing that the taxpayer actually received the income in question.**"), cert. denied, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984) ............................................................................................8

*Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1105 (9th Cir. 1992) ............................................11

*Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933) .........................8

*Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247, 254-255 (1953) ...................6

*Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 752 (9th Cir. 1964) .......................6

*Whitaker v. Moore,* 14 Tenn.App. 204 (1938) .......................................................................9

*Yiamouyiannis v. Consumers Union of the U.S., Inc.,* 619 F.2d 932, 940 (2d Cir.1980), quoting *Nader v. de Toledano,* 408 A.2d 31, 49 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). .................................................................9

**Statutes**

26 U.S.C. § 6211 ...................................................................................................................14

26 U.S.C. § 6212 ...................................................................................................................14

26 U.S.C. § 7701(a)(16) ........................................................................................................15

26 U.S.C. § 7701(a)(16) "**(16) Withholding agent** .............................................................15

28, U.S.C., 1940 ed., § 1 ........................................................................................................5

4 U.S.C. § 104-110 ................................................................................................................15

4 U.S.C. § 110 .......................................................................................................................15

4 U.S.C. § 110(c)................................................................................................15

4 U.S.C. 110(e)..................................................................................................15

remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and
    133 of this title..............................................................................................6

section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this
    title. ..............................................................................................................6

**Section 1441**, being  a **Subtitle A non-resident alien**........................................15

**Section 1442**, being a **Subtitle A Foreign Corporation**....................................15

**Section 1443**, being a **Subtitle A Foreign Organization** ..................................15

**Section 1461**, being  the **Subtitle A Hold Harmless Clause** ............................15

section 641 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Apr. 30,
    1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911,
    ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, §
    313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44
    Stat. 19)........................................................................................................5

**<u>section 641 of title 48, U.S.C., 1940 ed., which applied only to the Territory of Hawaii</u>**
    ......................................................................................................................6

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48,
    U.S.C., 1940 ed..............................................................................................5

**Subtitle A—Income Tax** ....................................................................................14

**Subtitle B—Estate and Gift Ta** ..........................................................................14

**Subtitle D—Excise Ta** .......................................................................................14

**Subtitle E—Alcohol, Firearm and Tobacco Tax**...........................................................14

**Other Authorities**

**Attachment A—108 cites of DOJ "United States of America is a sovereign body**

    **politic." (Attach A—USA").** ......................................................................................16

*Title 28, United States Code Congressional Service, New Title 28—United States Code*

    *Judiciary and Judicial Procedure Pages 1487-2174, 80th Congress—2nd Session, West*

    *Publishing 1948—Section 132-Section Revised, Pg. 1732*..........................................5

## I.  General Essential Background Facts.

    Comes now John Kirk Thornton, *in propria persona* ("Thornton") with this **"Expedited Motion to Provide Evidence of a Debt Due and Owing; Or, a Tax Liability (Motion on Evidence)"** in **"the Court,"** being the **"District Court of the United States"** arising under Article III Section 2 of the Constitution of the United States exercising the judicial Power of the United States.   The substantive reason for the **"Expedited Motion"** is because **Thornton is under threat of incarceration for Contempt of Court from** *this Court* **if** *this Court* **is not satisfied by April 25th, 2018** of whatever exactly they are demanding; and further, the **"UNITED STATES OF AMERICA" and its agency being the IRS**[1] has a bona fide track record of dilatory and obfuscations actions.

---

[1] Docket 1—Petition To Enforce Internal Revenue Service Summons, Pg. 1.

And further, in **the Court** there has not one scintilla of evidence in Open Court on the Record been entered with the one document under the sworn testimony of ONE person to date of a "debt due and owing" or a "tax liability" to the "The **United States of America**, on behalf of **its agency**, the **Internal Revenue Service ("IRS")**."[2]

And further, in *this Court* ("United States District Court") codified in 28 U.S.C. § 132 exercising the "**judicial power of a district court**"[3] that is precluded from arising under Article III Section 2 of the Constitution of the United States exercising the judicial Power of the United States is conclusively evidenced by the Reviser's Notes[4], which *this*

---

[2] Docket 1—Petition To Enforce Internal Revenue Service Summons, Pg. 1.

[3] *Title 28, United States Code Congressional Service, New Title 28—United States Code Judiciary and Judicial Procedure Pages 1487-2174, 80th Congress—2nd Session, West Publishing 1948*—**Section 132-Section Revised, Pg. 1732:**

    Based on title 28, U.S.C., 1940 ed., § 1, and section 641 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19).

    Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48, U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation.

    **Subsection (c) is derived from section 641 of title 48, U.S.C., 1940 ed., which applied only to the Territory of Hawaii.** The revised section, by extending it to all districts, **merely recognizes established practice.**

Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title. The remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title.

[4] It is well settled that the reviser's notes are authoritative in interpreting the Code. See *United States v. National City Lines,* 337 U.S. 78, 81 (1949); *Stainback v. Mo Hock Ke Lok Po,* 336 U.S. 368 n. 12 (1949); *Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency,* 422 U.S. 289, 309 (1975); *Western Pac. R. Corp. v. Western Pac. R. Co.,* 345 U.S. 247, 254-255 (1953); *Pope v. Atlantic Coast Line R.Co.,* 345 U.S. 379, 384 (1953); *Tivoli Realty v. Paramount Pictures,* 80 F.Supp. 278, 280 (D. Del. 1950); *United States v. Thompson,* 319 F.2d 665, 669 (1963) (2nd Cir. 1963); *United States ex rel.*

*Court* shall take judicial Notice of the Cases cited; wherein, there has not one scintilla of evidence in Open Court on the Record that been entered with the one document under the sworn testimony of ONE person to date.

A Bahram Samie ("**Samie**") appeared in Proceedings on March 21st, 2018 ("**Proceedings**") evidenced in Docket 108 of this instant Case.   In this Proceeding, Magistrate Judge Tony N. Leung (*"this Court"*) on the record stated "We are here on an arrest warrant, and at this time, **Government**, please identify yourself for the record;" wherein a **Samie** responded to the question of "**Government**" that he was "**appearing on behalf of the United States**," *i.e.,* the **Government;** and, remembering the term "**Government**" that was used twenty times in the **Proceedings.**   An expedited Transcript of the Proceedings on March 21st, 2018 ordered from *this Court* will confirm that not one Person appeared as "**Counsel for the United States of America**," wherein the "Petitioner" is the "**UNITED STATES OF AMERICA**," which *this Court* shall take judicial Notice thereof.

*Almeida*, 195 F.2d 815 (3rd Cir. 1952);   *Adamowski v. Bard*, 193 F.2d 578, 581 (3rd Cir. 1952);   *United States ex rel. Auld v. Warden of New Jersey State Penitentiary*, 187 F.2d 615 n. 1 (3rd Cir. 1951); *Lake v. New York Life Ins. Co.*, 218 F.2d 394, 398 (4th Cir. 1955); *Government Nat. Mortg. Ass'n v. Terry*, 608 F.2d 614, 618 n. 5 (5th Cir. 1979); *Acron Investments, Inc. v. Federal Sav. & Loan Ins. Corp.*, 363 F.2d 236, 240 (9th Cir. 1966); *Ragsdale v. Price*, 185 F.Supp. 263, 265 (M.D. Tenn. 1960);   *Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 752 (9th Cir. 1964); *Stauffer et al. v. Exley*, 184 F.2d 962, 964 (9th Cir. 1950);   *King v. United States*, 390 F.2d 894, 913 (Ct.Cl. 1968) [28 U.S.C. 2201-02];   *Matter of Contest of General election on Nov. 8, 1977*, 264 N.W.2d 401, 405-405 (Sup. Ct. Minn. 1978); *United States v. Klock*, 100 F.Supp. 230, 233 (N.D. N.Y. 1951); *State ex rel. v. Shoemaker*, 39 N.W.2d 524, 528 (Sup. Ct. S.D. 1949); *Glenn v. United States*, 129 F.Supp. 914, 917 (S.D. Cal. 1955).

## II.  No Evidence of the Tax Owing and Type of Tax Due and Owing; Or, a Tax Liability

**Samie** states "Thank you, Your Honor. Your Honor, this is a civil matter that originates from the **Government's** petition to enforce two Internal Revenue Service summonses, one of them to obtain information regarding the **collection of past due and owed tax liabilities."**

The "UNITED STATES OF AMERICA" or its Agency being the IRS[5] in an action to collect taxes or stating as evidenced by **Samie** that there exists a tax liability bears the burden of proving that the taxes exist, what type of taxes and that these identified taxes are due are owing.  This is evidenced in In *Adamson v. CIR*, 745 F.2d 541, 547 (9th Cir. 1984), to wit:

> **In an action to collect taxes, the government bears the burden of proving that the taxes are owing.** *United States v. Stonehill,* 702 F.2d 1288, 1293 (9th Cir.1983), *cert. denied,* 465 U.S. 1079, 104 S.Ct. 1440, 79 L.Ed.2d 761 (1984). Once the government introduces its assessment of tax due, a presumption usually arises that the assessment is correct. *Id.; Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933). This court has made clear, however, that the presumption arises only where some factual basis supports it. *Weimerskirch,* 596 F.2d at 361. We believe that factual basis exists here.

Although an unpublished Opinion in *Allen v. CIR*, 100 F.3d 961, *1 (1996) relies upon published opinions, to wit:

> The **Commissioner must submit at least some evidence** that links the taxpayer **to the income in question or to the activity in question before the presumption of correctness can arise.** *See Paccar, Inc. v. Commissioner,* 849 F.2d 393, 400-01 (9th Cir.1988); *United States v. Zolla,* 724 F.2d 808, 809 (9th Cir.) ("[N]o **presumption of correctness attaches to deficiency determinations in which the IRS charges a**

---

[5] Docket 1—Petition To Enforce Internal Revenue Service Summons, Pg. 1.s

taxpayer with additional income but provides no factual showing that the taxpayer actually received the income in question."), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *United States v. Stonehill,* 702 F.2d 1288, 1293 (9th Cir.1983), *cert. denied,* 465 U.S. 1079, 104 S.Ct. 1440, 79 L.Ed.2d 761 (1984).

In *Bradford v. CIR,* 796 F.k2d 303, 305 (9th Cir. 1986), to wit:

> "In an action to collect taxes, the government bears the burden of proving that the taxes are owing.... Once the government introduces its assessment of tax due, a presumption usually arises that the assessment is correct." *Adamson v. Commissioner,* 745 F.2d 541, 547 (9th Cir.1984) (citation omitted). This presumption must have some factual basis, *id.* that is, the Government must produce "some substantial evidence ... demonstrating that the taxpayer received unreported income." *Delaney v. Commissioner,* 743 F.2d 670, 671 (9th Cir.1984) (citation omitted); *Adamson,* 745 F.2d at 547.

## A.  What Are These Taxes That are Due and Owing; Or, that a Tax Liability Exists.

### a.  What is Clear and Convincing and Evidence?

One man's word against another does not rise to "clear and convincing" evidence.

In *In re McDonough,* 296 N.W.2d 648, 694 (Sup.Ct.Minn. 1980), to wit:

> We are unable to accept the conclusion of Judge Stahler and the Board that Judge McDonough clearly and convincingly made the calls. That high standard of proof usually would require more than one man's word against another, especially where, as here, mistake cannot be ruled out.

See also *Lampkin-Asam v. Miami Daily News, Inc.,* 408 So.2d 666, 670 (Dist.Ct.App.3[rd]Dist. Fla. (1982).

To authorize a reformation for mistake, the evidence must be clear and conclusive, *Davidson v. Greer,* 35 Tenn. (3 Sneed) 384 (1855); clear, certain, and satisfactory, *Bailey v. Bailey,* 27 Tenn. (Humph) 230 (1847); clear, convincing, and satisfactory, *Jones v. Jones,* 150 Tenn. 554, 266 S.W. 110 (1925); clear, cogent, and convincing, *Whitaker v. Moore,* 14 Tenn.App. 204 (1938); full, clear, and unequivocal, *Perry v. Pearson,* 20 Tenn.

(1 Humph) 431 (1839).

In *Herbert v. Lando*, 598 F.Supp. 1178, 1186 (S.D.N.Y. 1984), to wit:

Proof of actual malice is a more stringent burden. It requires a public figure plaintiff to demonstrate actual malice by "**clear and convincing**" evidence." Under the "**clear and convincing**" burden, "a mere preponderance of the evidence is not enough." *Hotchner v. Castillo-Puche*, 551 F.2d 910, 913 (2d Cir.1977). The "**clear and convincing**" standard is "intermediate between the normal 'preponderance of the evidence' civil standard and the 'beyond the reasonable doubt' criminal standard," *Yiamouyiannis v. Consumers Union of the U.S., Inc.*, 619 F.2d 932, 940 (2d Cir.1980), quoting *Nader v. de Toledano*, 408 A.2d 31, 49 (D.C.1979), *cert. denied*, 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980).

In *Matter of Anchorage Boat Sales, Inc.*, 29 B.R. 275, 279 (E.D.N.Y. 1983), to wit:

In deciding a **factual issue** wherein the evidence is limited to **one man's word against** that of another, the credibility of either side is dependent upon the consistency of his story as applied within the framework of the **undisputed facts.**

In *Brown v. City of Pittsburg*, 586 F.3d 263, 285 (3rd Cir. 2009), to wit:

*Commonwealth    v.    Parente,*    956    A.2d    1065,    1074    n.    16 (Pa.Commw.Ct.2008) (noting that the Pennsylvania Supreme Court has stated that "[t]he standard of clear and convincing evidence means testimony that is so **clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue**" (quoting *In re Sylvester*, 521 Pa. 300, 555 A.2d 1202, 1203-04 (1989)))

In *Lepre V. Caputo*, 328 A.2d 650, 652-53 (Sup.Ct. N.J. 1974), to wit:

The third standard, clear and convincing evidence, falls somewhere between the ordinary civil standard of preponderance of the evidence and the criminal standard of beyond a reasonable doubt. * * * It should produce in the mind of the trier of the fact a **firm belief or conviction as to the truth of the allegations sought to be established.**

In *Bevington v. Bevington*, 110 N.W. 840, 843 (Sup.Ct. Iowa 1907), to wit:

The law requires nothing more than that the result shall not be reached by a mere balancing of doubts or probabilities, but by clear and unequivocal

proof of facts upon which a court or jury may reach a reasonably satisfactory conclusion. In other words the rule does not require absolute certainty, **but reasonable certainty of the truth of the ultimate fact in controversy.**

In *Santosky v. Kramer*, 455 U.S. 745, 756-57, 769-70 (1982), to wit:

This Court has mandated an intermediate standard of proof-"clear and convincing evidence"-when the individual interests at stake in a state proceeding are both "particularly important" and "more substantial than mere loss of money." *Addington v. Texas*, 441 U.S., at 424, 99 S.Ct., at 1808. Notwithstanding "the state's 'civil labels and good intentions,' " *id.*, at 427, 99 S.Ct. at 1810, quoting *In re Winship*, 397 U.S., at 365-366, 90 S.Ct., at 1073-1074, the Court has deemed this level of certainty necessary to preserve fundamental fairness in a variety of government-initiated proceedings that threaten the individual involved with "**a significant deprivation of liberty**" or "stigma." ***Ibid @ 769-70***—"A majority of the States have concluded that a "clear and convincing evidence" standard of proof strikes a fair balance between the rights of the natural parents and the State's legitimate concerns. See n. 3, *supra*. We hold that such a standard adequately conveys to the factfinder the level of **subjective certainty about his factual conclusions necessary to satisfy due process.**

In *Addington v. Texas*, 441 U.S. 418, 424 (1979), to wit:

The interests at stake in those cases are deemed to be more substantial than mere loss of money and some jurisdictions accordingly reduce the risk to the defendant of having his reputation tarnished erroneously by increasing the plaintiff's burden of proof. Similarly, this Court has used the "clear, unequivocal and convincing" standard of proof to protect particularly important individual interests in various civil cases.

In *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1105 (9th Cir. 1992), to wit:

Clear and convincing evidence means evidence sufficient to support a finding of "high probability." *Mock v. Michigan Millers Mutual Ins. Co.*, 4 Cal.App. 4th 306, 5 Cal.Rptr.2d 594, 610 (1992)" In *New Idea Farm Equipment Corp. V. Sperry Corp.*, 916 F.2d 1561, 1567 (Fed. Cir. 1990) "Clear and convincing evidence means evidence which produces in your mind a firm belief or conviction as to the matter sought to be established....

In *Disner v. Westinghouse Elec. Corp.*, 726 F.2d 1106, 1111 (6th Cir. 1984), to wit:

Generally, when clear and convincing evidence is required, juries should be instructed that they must be persuaded that the truth of the contention is

**highly probable,** as opposed to more likely than not. *See United States v. State of Michigan,* 653 F.2d 277, 279 (6th Cir.), *cert. denied,* 454 U.S. 1124, 102 S.Ct. 971, 71 L.Ed.2d 110 (1981).

In *MCI Communication Corp. v. American Tele. And Tel. Co.,* 708 F.2d 1081, 1204

(7th Cir. 1983) "Clear and convincing evidence means evidence that compels your belief

and leaves little doubt that a particular proposition is true."

In *Kenyeres v. Ashcroft,* 538 U.S. 1301, 1305 (2003), to wit:

See *Addington v. Texas, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)* (The "intermediate standard of clear and convincing evidence" lies "between a preponderance of the evidence and proof beyond a reasonable doubt"). **An opportunity to present one's meritorious grievances to a court supports the legitimacy and public acceptance of a statutory regime.**

In *Mattingly, Inc. v. Beatrice Foods Co.,* 835 F.2d 1547, FN1 (10th Cir. 1987), to

wit:

"See *Stauth v. Brown,* 241 Kan. 1, 734 P.2d 1063, 1069 (1987); *Nordstrom v. Miller,* 227 Kan. 59, 605 P.2d 545, 552 (1980).[FN1] Beatrice also claims that the applicable statute of limitations, K.S.A. 60-513, barred the Mattinglys' fraud claim.

FN1. The term "clear and convincing evidence" means:

[T]he witnesses to a fact must be credible; the facts to which the witnesses testify must be distinctly remembered; the details in connection with the transaction must be narrated exactly and in order; the testimony must be clear, direct and weighty, and the witness must be lacking in confusion as to the facts at issue.

See *Nordstrom v. Miller,* 227 Kan. 59, 605 P.2d 545, 552 (1980), *quoting Modern*

*Air Conditioning, Inc. v. Cinderella Homes, Inc.,* 226 Kan. 70, 596 P.2d 816, 824 (1979).

In *Thompson Lumber Co. v. Interstate Commerce Commission,* 193 F. 682, 684

(Com.Ct. Conn. 1912), to wit:

Conclusive evidence is that which is incontrovertible; that is to say, either not open or not able to be questioned. *Wood v. Chapin*, 13 N.Y. 509, 515, 67 Am.Dec. 62. Where it is said that a thing is conclusively proved, it means that that result follows from the facts shown as the only one possible. *People v. Stephenson*, 11 Misc.Rep. 141, 32 N.Y.Supp. 1112, 1114 (Sup.Ct.Kings Special Term (1895). Conclusive proof means either a presumption of law, or evidence so strong as to overbear everything to the contrary. *Haupt v. Pohlmann*, 24 N.Y.Super.Ct. 121, 127 (Sup.Ct. N.Y. 1863).

In *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 405 (2001), to wit:

([I]f proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense").

In *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985), to wit:

Although the meaning of the phrase "clearly erroneous" is not immediately apparent . . . The foremost of these principles, as the Fourth Circuit itself recognized, is that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the **entire evidence** is left with the definite and firm conviction that a mistake has been committed.

In *Gates v. Ashy Const. Co.*, 171 So.2d 742, 743-44 (La. App. 1965), to wit:

Proof by a preponderance of the evidence requires only that the evidence as a whole show that the fact sought to be proved **is more probable than not.** *Naquin v. Marquette Casualty* Co., 244 La. 569, 153 So.2d 395; *Perkins v. Texas & N. O. Railway Co.*, 243 La. 829, 147 So.2d 646; *Lee v. Carwile, La.App. 3 Cir.*, 168 So.2d 469. "By a **preponderance of evidence** is meant simply evidence **which is of greater weight, or more convincing, than that which is offered in opposition to it. * * *"** *Edwards v. Shreveport Creosoting* Co., 207 La. 699, 21 So.2d 878, 880 (Sup.Ct.La. 1945).

In *Disner v. Westinghouse Elec. Corp.*, 726 F.2d 1106, 1109 FN6 (6th Cir. 1984), to

wit:

FN6. Customarily, civil cases are resolved by a preponderance of the evidence. A preponderance of the evidence has been defined as that proof which leads the fact finder to conclude "that the existence of a fact is more probable than its nonexistence." *In re Winship*, 397 U.S. 358, 371, 90 S.Ct. 1068, 1076, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring), quoting F.

James, Civil Procedure 250-251 (1965).

### b. Susan Richard Nelson, United States District Judge Held "Clear and Convincing Evidence" On Tax Liabilities and "Tax Due and Owing."

A Susan Richard Nelson, United States District Judge ("Nelson") issued an ORDER in *this Court* evidenced in Docket 85, pg. 7 "The Court agrees with the magistrate judge that **clear and convincing evidence** demonstrates that Thornton should be held in civil contempt" therein *flows a fortiori* that the Government has proven that Tax Liabilities do in FACT exist and that they are Due and Owing. How "clear and convincing evidence" was obtained in *this Court* with no evidentiary hearing and not one person sworn to give testimony is not only a mystery but a FRAUD. Thornton objects and disputes that any "clear and convincing evidence" of Thornton have a "tax liability" or "tax due and owing exists."

But as *this Court* held that the "clear and convincing evidence" exists; therein *this Court*, **Samie, Wallin and the IRS** can easily therein provide to Thornton the exact type of "tax" as are many remembering that Mr. Wagner (IRS Officer or Employee) initially was very vague on what exactly the Internal Revenue Service ("IRS") required of Thornton to produce, so therefore if *this Court* can quite quickly and easily identify being very specific as to "exactly" what the IRS requires of me (Thornton) to produce so that the Civil Contempt Charges will be lifted.

Obviously *this Court*, **Samie**, and Richard A. Wallin ("**Wallin**") are learned in the law and have had extensive training as to issues of the IRS; therein as there are "**past due and owed tax liabilities**" stated by **Samie to exist**; therefore, as the IRS is required to have sent to me (Thornton) Notices of Deficiencies of which I have none to date from the

IRS; therein, so would you please expedite copies of the of the Notices of Deficiencies that are required under 26 U.S.C. § 6211 and 26 U.S.C. § 6212 that are clothed within the Summons so that I can have time to comply with wherever the IRS is demanding of me (Thornton).

And further, as *this* **Court**, **Samie or Wallin** did not identify what "Subtitle" of "**tax liabilities**" (nor did Jeffrey Wagner in the past) that was the "clear and convincing evidence" presuming the "**tax liabilities**" are from within Title 26 of the United States Code that are "**past due and owed** so please assist me to identify what exact species (subtitle) of "**tax liabilities**" are "**past due and owed**," as all of the Subtitles of Taxes in Title 26 are all very different:

(a) Is it a **Subtitle A—Income Tax**; or,

(b) Is it a **Subtitle B—Estate and Gift Tax**; or,

(c) Is it a **Subtitle** C—Employment Tax; or,

(d) Is it a **Subtitle D—Excise Tax**; or,

(e) Is it a **Subtitle E—Alcohol, Firearm and Tobacco Tax**?

And further, so that I may identify the specific person or entity in "**my records**" that was and is required to act as the "**withholding agent**" that covers "**any tax [liabilities];**" **and did act as a "withholding agent"** as defined in 26 U.S.C. § 7701(a)(16) "**(16) Withholding agent.--The term "withholding agent" means <u>any person required to deduct</u> and <u>withhold any tax</u> under the provisions of section 1441, 1442, 1443, or 1461.**"

And further, please identify which of the Subtitle A sections of 26 U.S.C. § 7701(a)(16) that have application to me (Thornton) so that I can find the specific records that pertain to me (Thornton) that the United States of America, and its agency IRS and *this Court* is demanding be produced, being:

(a) **Section 1441**, being  a **Subtitle A non-resident alien**; or,

(b) **Section 1442**, being a **Subtitle A Foreign Corporation**; or,

(c) **Section 1443**, being a **Subtitle A Foreign Organization**; or

(d) **Section 1461**, being the **Subtitle A Hold Harmless Clause?**

**C.  Buck Act Taxation**

If none of the records are within Title 26 U.S.C. § 7701(a)(16) that the *this Court,* **Samie, Wallin and the IRS** are demanding; then, are the records being sought under the Summons contained and clothed in what called the "Buck Act" that is codified in 4 U.S.C. § 104-110? **Yes or No?**

(1).  If the answer is yes; then are the records the *this Court,* **Samie, Wallin and the IRS** is demanding under the Summons     under the definitions in 4 U.S.C. § 110? Yes or No?

(2).  If the answer was yes to (1)'S question, *supra;* then, so that I may comply with the IRS Summon demands for records; therein, are the records clothed within the Definition of "income tax" in 4 U.S.C. § 110(c)?  Yes or no?

(3) If the answer was yes to number (2); then, so that I may comply with the IRS Summons demands for records; therein, are they clothed within the Definition of "Federal Area" in "4 U.S.C. 110(e)?  Yes or No?

**d.  UNITED STATES OF AMERICA is a sovereign body politic.**

As the Plaintiff (Petitioner) in this Summons enforcement is the **"UNITED STATES OF AMERICA,"** therein is **Samie** the **"Counsel for the United States of America"** in these claimed "tax liabilities" or "taxes due and owing" as Thornton is confused as there was no appearance of the **"Counsel for the United States of America"** in the **Proceedings**.

Is this the same "United States of America" that the Department Justice uses that states in their Complaints in the United States District Courts (*this Court*) that **"United States of America is a sovereign body politic"** as evidenced by **Attachment A—108 cites of DOJ "United States of America is a sovereign body politic." (Attach A— USA").**

Would *this Court,* **Samie, Wallin and the IRS** please identify whom or what is this "sovereign body politic" so Thornton can be assured that the "tax liabilities" records

are under the proper entity's authority to have the Contempt of Court lifted.

### III.  Conclusion

As *this Court,* **Samie, Wallin and the IRS** are required to disclose who or what is the "United States of America" being a "sovereign body politic" as this is denial of Due Process of Law if this unknown entity does not identify itself to have standing in the Court.

Remembering the burden of proof is posited in the "UNITED STATES OF AMERICA" and its agency being the IRS to disclose to Thornton the specific type of tax liability or tax due and owing so that Thornton can make a bona fide effort to locate these records.

And further, Thornton demands that *this Court,* **Samie, Wallin and the IRS** being learned in the law[6] can easily disclose to Thornton the tax liabilities and taxes due and owing clothed under the "clear and convincing evidence" standards so that Thornton can comply to have the Civil Contempt Charge lifted and satisfied, which is he unable to accomplish at this time.

My Hand,   *BY:*

---

[6] *Groh v. Ramirez,* 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis,* 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law**."; *Leary v. Gledhill,* 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

## IV.  Certificate of Service.

I certify that this Expedited Motion is comprised of 4,380 words in 13 Font in Times New Roman.

I further certify that this Motion and Attachments were delivered personally or mailed First Class prepaid to the following parties, to wit:

**Bahram Samie**
U.S. Courthouse
300 S 4th Street Suite 600
Minneapolis, Minneapolis 55415
Phone: 612-664-5600
Fax:     612-664-5788

Date: March 26th, 2015

BY. _____
            Signature