```
 1                     UNITED STATES DISTRICT COURT
                          DISTRICT OF MINNESOTA
 2
     ---------------------------------------------------------
 3                                   )
     United States of America,       )  File No. 13-MC-0087
 4                                   )         (SRN/TNL)
             Plaintiff,              )
 5                                   )
     v.                              )  St. Paul, Minnesota
 6                                   )  March 21, 2018
     John K. Thornton,               )  1:25 p.m.
 7                                   )
             Defendant.              )
 8   ---------------------------------------------------------

 9             BEFORE THE HONORABLE TONY N. LEUNG
          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
10          (AUDIO TRANSCRIPTION OF:  INITIAL APPEARANCE)

11   APPEARANCES
       For the Plaintiff:       U.S. ATTORNEY'S OFFICE
12                              BAHRAM SAMIE, AUSA
                                300 S. 4th St., #600
13                              Minneapolis, Minnesota 55415

14     For the Defendant:       PRO SE

15     Transcribed by:          DEBRA BEAUVAIS, RPR-CRR
                                300 S. 4th St., #1005
16                              Minneapolis, Minnesota 55415

17

18

19     Proceedings recorded by mechanical stenography;
     transcript produced by computer.
20

21

22

23

24

25
```

**P R O C E E D I N G S**

**IN OPEN COURT**

THE COURT: District Court for the District of Minnesota, and the case before the bench for initial appearance is captioned as follows: United States of America v. John K. Thornton, Case No. 13-MC-87. And we are here on an arrest warrant. And at this time, government, please identify yourself for the record.

MR. SAMIE: Good afternoon, Your Honor. Assistant U.S. Attorney Bahram Samie appearing on behalf of the United States.

THE COURT: Good afternoon, Counsel. Thank you for being here.

And Mr. Thornton, good afternoon.

MR. THORNTON: John Thornton.

THE COURT: Well, good afternoon.

And I also want to identify for the record that, given that Mr. Thornton was brought into custody under arrest warrant, that I wanted to note that the Chief Federal Defender of the District of Minnesota is present in the courtroom, Katherian Roe, and that she is available in the back if needed.

So, Mr. Samie, you want to take the podium and address the Court on what the government's position is.

MR. SAMIE: Thank you, Your Honor.

1              Your Honor, this is a civil matter that originates
2    from the government's petition to enforce two Internal
3    Revenue Service summonses:  one of them to obtain
4    information regarding the collection of a past-due and owed
5    tax liability --
6              THE COURT:  Yeah, Mr. Samie -- I apologize for
7    interrupting -- I just wanted to make clear, there are a
8    couple of folks in the courtroom that I don't recognize.
9    Obviously, I recognize Chief Defender Roe.
10             Mr. Thornton, do you have a lawyer or anyone here
11   with you that could help you on this?
12             (Inaudible).
13             Okay.  All right.  Go ahead, Mr. Samie.
14             MR. SAMIE:  Your Honor, just to address the Court,
15   present here with me in the gallery is IRS Revenue Officer
16   Rich Wallin, as well as IRS Counsel Christina Cook, who are
17   seated in the gallery.
18             THE COURT:  Okay.  Good afternoon.  Thank you for
19   being here.
20             MR. SAMIE:  Your Honor, as I was saying, this
21   matter involved two -- the petition to enforce two IRS
22   summonses:  one of them seeking information from Respondent,
23   John Thornton, regarding the collection of past-due and owed
24   tax liability; and the other summons related to the IRS's
25   attempts to obtain information to determine Mr. Thornton's

1  income-tax liability for the years 2004 through 2012 for
2  which he did not file any sort of returns with the IRS.
3          This is lengthy history -- procedural history in
4  this case, so I'll kind of cut to the end of this.  The
5  Court, Judge Nelson, issued an order enforcing the petition
6  -- or granting the petition and enforcing the summonses
7  which required Mr. Thornton to comply with those summonses
8  and provide the information that had been requested by the
9  IRS.  Mr. Thornton did not do so, and the government sought
10 to have him held in civil contempt of the District Court's
11 order.
12         On March 27th of 2015, nearly three years ago,
13 Judge Nelson issued a memorandum opinion and order finding
14 that Mr. Thornton was, indeed, in civil contempt.  That has
15 been adjudicated and determined by this Court that he is in
16 civil contempt of that order.  It provided him an
17 opportunity to purge that contempt within a one-month period
18 of time, which he failed to do so.
19         And after a series of appeals that he made to the
20 Eighth Circuit Court of Appeals in early 2016, roughly
21 February of 2016, the Court issued a warrant to have him --
22 issued another order and an arrest warrant to have him
23 brought before this Court without undue delay for further
24 proceedings.
25         So at this point, really what the question before

1   the Court is, is to fashion some sort of mechanism to coerce
2   Mr. Thornton to purge himself of the civil contempt that he
3   is currently adjudicated with.
4           So it's at this point the government, I think,
5   would benefit from hearing directly from Mr. Thornton as to
6   what his position is with respect to his willingness and
7   interest to comply with the summonses to provide the IRS
8   information that it's seeking.  And at that point, I think
9   the government will be able to address the Court with a
10  little bit more clarity as to what further steps we'd like
11  to take.
12          If the Court doesn't have any other questions,
13  then, you know, we would -- we would leave it at that point.
14          THE COURT:  Thank you, Counsel.
15          Mr. Thornton, you want to address Mr. Samie -- or
16  the Court I should say?  Go ahead, sir.
17          MR. THORNTON:  Well, I have a couple questions.
18  Prior to me being brought here, I was asked by one of the
19  marshals -- apparently, Mr. Samie and the IRS wanted to
20  speak with me prior to this hearing.  And I'm on 34 hours
21  with no sleep.  No, I'm not in a position to do that.
22          But -- and I ask this respectfully, I mean that --
23  was there any attempt of an ex parte communication between
24  Mr. Samie and yourself prior to this hearing?
25          THE COURT:  The government is in communication

1   with the courts and requested that you be brought before the
2   Court.
3           MR. THORNTON:  I understand that.
4           THE COURT:  And that you be detained, I think, is
5   their last position.  And that's what my focus of the
6   hearing is here, Mr. Thornton, is that we need to focus on
7   the issue of do we really need to keep you locked up or can
8   we, you know, set a date before Judge Nelson and have this
9   matter heard with Judge Nelson.
10          MR. THORNTON:  I understand what you're saying --
11          THE COURT:  Okay?
12          MR. THORNTON:  -- but I'm simply asking prior to
13  these proceedings, did you and Mr. Samie meet ex parte and
14  discuss any of the content of what we're discussing?
15          THE COURT:  I've answered your question earlier,
16  so go ahead.
17          MR. THORNTON:  Nothing further.
18          THE COURT:  Okay.  Let me ask, are you okay
19  talking with the government?
20          MR. THORNTON:  Today I'm not.  I'm just --
21          THE COURT:  Okay.
22          MR. THORNTON:  -- I'm beat.  I've had two ragged
23  hours sleep in a 12-hour lockdown with a lot of screaming,
24  yelling, and going on, and I'm not clear-headed, and
25  recollection is poor.  I would like an opportunity to

1  recuperate and discuss that after I have had an opportunity
2  to do that.
3          THE COURT: All right. So let me ask, government,
4  what is your position on Mr. Thornton and detention?
5          MR. SAMIE: Your Honor, our position with respect
6  to detention is -- obviously, this is a lengthy history of
7  this case. Mr. Thornton is not prepared to speak with the
8  Internal Revenue Service Officer -- Revenue Officer Rich
9  Wallin today, even though he is present here and ready and
10 willing to speak with Mr. Thornton. It's our position that
11 he be held and detained until -- until he is willing to
12 purge himself of that contempt and to enter into compliance
13 with the District Court's order.
14         Now, as a practical matter, to avoid any sort of
15 concern about the issuance and the proper mechanism for
16 ordering that detention, the government's position would be
17 that this Court would issue a Report & Recommendation with
18 findings of fact and a conclusion certified to the
19 district-court judge recommending this course of ongoing
20 detention until -- until he has satisfied the Court that he
21 is willing to comply with its order.
22         The government's position is that the Court's
23 order at Docket 101 dated February 2nd, 2016 provides the
24 authority for Mr. Thornton's continued detention until the
25 district court has an opportunity to review this Court's

1   findings of fact and recommendation.
2            THE COURT:  Okay.
3            MR. SAMIE:  Thank you, Your Honor.
4            THE COURT:  Thank you.
5            Mr. Thornton, you want to address the issue of
6   detention?
7            MR. THORNTON:  I would ask, given my history of
8   always showing up when asked, including turning myself in to
9   the U.S. Marshal Service yesterday, that that's not
10  necessary.  A date be set, I will meet.  I will comply
11  completely, whatever is asked for.  To be further detained
12  would jeopardize work opportunities I'm currently engaged
13  in.  Those would come to a complete end.
14           THE COURT:  Okay.  Ms. Bucher, can you give me
15  that -- what was the dates, April -- what was the -- yeah.
16  Yeah.
17           Okay.  Thank you, everyone, for making the
18  arguments to this Court.
19           It's the Court's view the government is seeking
20  detention of Mr. Thornton based on a bench warrant that was
21  issued by Judge Nelson.  The role of this Court is,
22  basically, to make a determination on that detention for
23  purposes of today.  It seems to me that this warrant has
24  been out there for a couple of years.
25           MR. THORNTON:  May I?

1            THE COURT:  No.  Let me just finish.
2   Mr. Thornton, hold on.
3            It's been out there for a couple of years.
4   Mr. Bahram -- Mr. Samie, would -- has -- what kind of
5   efforts has the government, you know, exerted in order to
6   get ahold of Mr. Thornton before yesterday let's say?
7            MR. SAMIE:  Your Honor, I -- I don't know -- I
8   don't concretely know of any other efforts that the Marshal
9   Service has engaged in to apprehend Mr. Thornton.  It's not
10  to say it hadn't happened, but that's what I am aware of.
11           THE COURT:  Okay.  Thank you.
12           So based on that, it seems to me that in the past
13  Mr. Thornton -- you know, I've had Mr. Thornton in court a
14  number of times, and he did turn himself in.  In the last
15  two years, even though there's a warrant out there, it isn't
16  like the government has been actively going out every day
17  looking for Mr. Thornton; and that it seems to me he -- when
18  he found out the marshal is out at the house and so forth,
19  he volunteered yesterday, apparently -- right -- and came in
20  voluntarily in that sense or walked in on his own.
21  Obviously, if there weren't a warrant, he probably wouldn't
22  have walked in.  But he came in here on his own.
23           You know, what the real heart of this matter is,
24  there's a requirement Mr. Thornton has to produce some
25  documents and answer some questions of IRS and so forth, and

1   it seems to me that those matters could be addressed outside
2   -- without at this point a continued detention somehow of
3   Mr. Thornton.
4              And so what I am going to do is I'm going to
5   continue that bench warrant that was issued on February 1,
6   2016 by Judge Nelson.  I'm going to continue that to April
7   25, 2018 at 9:30.
8              So, you know, Mr. Thornton or -- I don't know that
9   the person in the gallery is a support of yours, maybe jot
10  it down on a calendar, and make sure you show up at the
11  court.  Okay?  Again, I don't recall exactly, Mr. Thornton,
12  but it seems like you've shown up in the court in the past
13  when ordered.  And so you have to show up to court, all
14  right, by April 25, 2018 9:30 a.m. before U.S. District
15  Judge Susan Richard Nelson.
16             In the meantime, I would just strongly suggest you
17  communicate with the government and take care of some of
18  those issues that are set forth in those warrant.
19  Mr. Thornton, you've got to make that call on your own.  I
20  hope you do decide to do that.  But, obviously, you know --
21  because the next step is if that doesn't happen -- I can't
22  speak for the district judge in this, but, you know, she may
23  well hold you then in custody until you answer all the
24  questions and get the documents.  Again, I can't speak for
25  her, but that's -- you know, it would be a good idea to, you

1  know, try to work on this a little bit more.  All right?
2          So based on that -- and at that time, too, you're
3  going to have to explain to Judge Nelson why -- you know, if
4  you haven't done it, why it is you shouldn't be locked up.
5  Okay?  But that's going to be before Judge Nelson.  And, you
6  know, I'm comfortable doing that.
7          I don't think Mr. Thornton is any danger to anyone
8  in terms of, like, being violent or anything like that.
9  And, also, Mr. Thornton has shown up for court appearances.
10 And, again, in the last couple of years it isn't exactly
11 like the government has been chasing around and --
12         You know, I think they went to your house
13 yesterday.  Right?
14         MR. THORNTON:  If I could -- yeah.  The paperwork
15 was in the --
16         THE COURT:  Come up to the podium.
17         MR. THORNTON:  The paperwork that was handed by
18 the gentleman, the Marshal Service, when I -- I think,
19 actually, this gentleman here is who I surrendered to -- was
20 never mailed to my house.  I never received it.  It was the
21 first I -- first time I laid eyes on that paperwork talking
22 about a warrant on February 1st, 2016.  I didn't know.
23         THE COURT:  Okay.  What's your current address
24 anyways?
25         MR. THORNTON:  4128 Utica Avenue South.

```
 1                THE COURT:  The same address?  Okay.  All right.
 2                MR. THORNTON:  I acknowledge the date, the 25th,
 3     at 9:30.  I acknowledge the time.  It will not be necessary
 4     to receive -- as happened in the past, it won't be necessary
 5     to receive a blizzard of reminders, which has happened in
 6     the past, which borders on harassment, with FedEx at 5:00
 7     a.m. and marshals at 10:00 at night and stuffed mailboxes
 8     from agents.  It won't be necessary.  I've always shown up
 9     when I've been given notice and when I have acknowledged
10     notice, so --
11                THE COURT:  Okay.  Okay.  Mr. Thornton, anything
12     else?  Okay.
13                Government, anything else?
14                MR. SAMIE:  No, Your Honor.
15                THE COURT:  Okay.  Now, the government,
16     Mr. Thornton, does have some people here if you wanted to
17     chat with them.  Again, you make the decision.  But it might
18     be a good idea to work with the government in the meantime.
19     And -- so -- but I'll leave that to you.
20                Also, sir, if you -- it might be a very good idea
21     to retain an attorney in this type of thing, too.  So keep
22     that in mind, as well.  All right?
23                Again, the goal of the Court isn't to lock you up,
24     Mr. Thornton.  I know that you probably have -- it might be
25     hard to think of that at this point, but -- after you spent
```

1  a night in, but -- you know, so try to work with the
2  government, provide them what information they are
3  requesting, and show up for your April 25th 9:30 hearing
4  here in this courtroom, 7B.
5           So we'll continue the bench warrant that was
6  issued to that time, and I'll release you then in the
7  meantime based on that.
8           MR. THORNTON:  Just one question.  And even though
9  I'm acknowledging it, will I receive notification via mail
10 of that April 25th 9:30 a.m.?
11          THE COURT:  Mr. Samie, I think I have to turn to
12 you on how the notices come out or --
13          MR. THORNTON:  I've received them in the past and
14 --
15          THE COURT:  Hold on.  Let me consult with my
16 clerks a little bit, too.
17          (A brief discussion was held off the record.)
18          THE COURT:  Okay.  Mr. Thornton, we'll mail you a
19 copy of what's filed in the document.  It's, like, sort of
20 minutes from this hearing here, you know.  And, basically,
21 it's not going to say much other than, you know, I'm going
22 to continue the bench warrant; I'm releasing you, continuing
23 the bench warrant.  You've got to appear to court on that
24 day.  And, you know, I don't know who else might mail you
25 more notices and so forth.  I can't speak to that.  So, um,

1  all right.

2  Anything else?

3  MR. THORNTON: The specific nature of the hearing

4  on the 25th, should it have to occur at 9:30, what is the

5  specific nature of the hearing? Is it a retention hearing

6  or a detention hearing then? Would that be proper?

7  THE COURT: It's going to be to address the

8  warrant that was issued by Judge Nelson. And, also, my

9  sense is you'll have to be in a position to explain that,

10 oh, I have complied with the previous orders and, you know,

11 that's why I shouldn't be, you know --

12 MR. THORNTON: So, if I may, within that context

13 in my appeal to the Eighth Circuit, the Eighth Circuit Court

14 of Appeals ruled the lower court's decision affirmed but not

15 enforced citing Rule 47D, court rules of 1933, which meant

16 that it supported the decision of the court, but it did not

17 automatically grant the sanctions the court was seeking. Is

18 that correct?

19 THE COURT: I don't know the answer to that at

20 this point. Thank you.

21 Okay. Anything else?

22 MR. THORNTON: No. Thank you.

23 THE COURT: All right. Okay.

24 Mr. Samie, anything else? Okay.

25 Thank you, everyone. And, marshals service, if

1  you could facilitate releasing Mr. Thornton on that
2  continued bench warrant, I appreciate it.  Thank you.
3          We are in recess.
4          THE LAW CLERK:  All rise.
5          THE COURT:  Okay.  Thank you, everyone.
6          (Court adjourned at 1:50 p.m.)
7                  *     *     *
8          I, Debra Beauvais, certify that the foregoing is a
9  correct transcription of the recording of the proceedings in
10 the above-entitled matter to the best of my abilities.
11         Certified by:  s/Debra Beauvais
                          Debra Beauvais, RPR-CRR