John Kirk Thornton
4128 Utica Avenue South
Saint Louis Park, Minnesota [55416]

RECEIVED

APR 0 5 2018

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**"District Court of the United States"**
**District of Minnesota**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| *Petitioner* | ) |
| vs. | ) |
| **John Kirk Thornton,** | )  Case No.  **0:13-mc-00087-SRN-TNL** |
| *In propria persona* | ) |

**Expedited Motion to Dismiss—Lack of Subject Matter Jurisdiction**

**Table of Contents**

I. General Essential Background Facts. ...............................................................1

   A. The United States District Court Does not Arise Under Article III Sections 1 & 2 ...1

   B. Reviser's Notes .........................................................................................2

II. Judicial Power of the United States.................................................................4

III. Court Lack Jurisdiction—Judgment/Sentences Void. ...................................11

IV. No Article III Jurisdiction ...........................................................................12

   A. Supreme Court of the United States. .........................................................12

   B. Article III Standing [ From Clinton v. Klayman – 9-15-cv-80388 S.D.Fla. pg. 5-6]14

   C. Injury in Fact............................................................................................16

   D. Property Interest. ......................................................................................17

   E. Political Status, Citizen Status and Allegiance of John Kirk Thornton.....................21

V. Conclusion....................................................................................................22

Certificate of Service............................................................................................24

**Table of Authorities**

SCANNED

APR 0 5 2018

U.S. DISTRICT COURT MPLS

**Cases**

*Abbott Labs. v. Gardner*, 387 U.S. 136, 153 (1967), overruled on other grounds by

    *Califano v. Sanders*, 430 U.S. 99 (1977)..........................................................................16

*Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency*, 422 U.S. 289,

    309 (1975) ............................................................................................................................3

*Acron Investments, Inc. v. Federal Sav. & Loan Ins. Corp.*, 363 F.2d 236, 240 (9th Cir.

    1966)....................................................................................................................................3

*Adamowski v. Bard*, 193 F.2d 578, 581 (3rd Cir. 1952) ...........................................................3

*Alden v. Maine*, 527 U.S. 706, 739 (1999)..............................................................................9

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 73, 117 S.Ct. 1055, 1071-1072,

    137 L.Ed.2d 170 (1997), quoting from *Bender v. Williamsport Area School Dist.,* 475

    U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (brackets in original)......20

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). ...................................17

*Bradley v. Fisher,* 13 Wall. 335, 351, 20 L.Ed. 646.   Pp. 1104-1105 ................................23

*Buckley v. Valeo*, 424 U.S. 1, 123  (1976) .............................................................................9

*Capron v. Van Noorden,* 2 Cranch 126, 2 L.Ed. 229 (1804) ...............................................19

*Capron v. Van Noorden,* 2 Cranch 126, 2 L.Ed. 229; *Arizonans for Official English v.*

    *Arizona,* 520 U.S. 43, 73, 117 S.Ct. 1055, 1071-1072, 137 L.Ed.2d 170. *Bell v. Hood,*

    *supra* ................................................................................................................................18

*Cary v. Curtis,* 3 How. 236, 245, 11 L.Ed. 576 (1845)..........................................................6

*Case of the Sewing Machine Companies,* 18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914

    (1874) ................................................................................................................................6

*Chandler v. Judicial Council of Tenth Circuit,* 398 U.S. 74, 86-88, 90 S.Ct. 1648, 1654-
1656, 26 L.Ed.2d 100 .......................................................................................18

*Christianson v. Colt Industries Operating Co.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2179,
100 L.Ed.2d 811 (1988)......................................................................................6

*Dynes v. Hoover,* 61 U.S. 65, 66 (1857) ............................................................12

*Elliott v. Peirsol's Lessee,* 26 U.S. 328, 329 (1828) ............................................11

*Employers Reinsurance Corp. v. Briant,* 299 U.S. 374, 382 (1937). ....................11

*Finley v. United States,* 490 U.S. 545, 547, 548 (1989) ........................................5

*Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379-380, 101 S.Ct. 669, 676-677,
66 L.Ed.2d 571 (1981).........................................................................................6

*FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 607-608, 107 L.Ed.2d 603
(1990) ...............................................................................................................21

*Gladstone Realtors v. Viii. of Bellwood,* 441 U.S. 91, 99 (1979) .........................16

*Glenn v. United States,* 129 F.Supp. 914, 917 (S.D. Cal. 1955)............................4

*Government Nat. Mortg. Ass/n v. Terry,* 608 F.2d 614, 618 n. 5 (5th Cir. 1979)................3

*Great Southern Fire Proof Hotel Co. v. Jones, supra,* at 453, 20 S.Ct., at 691-692 ..........19

*Hayburn's Case,* 2 U.S. 408 (1792)...................................................................9

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702
(1982). ..............................................................................................................11

*Juidice v. Vail,* 430 U.S. 327, 331-332 [97 S.Ct. 1211, 1215-1216, 51 L.Ed.2d 376] (1977)
..........................................................................................................................19

*Keller v. Potomac Electric Company,* 261 U. S. 428, 440, 442, 443, (1923)....................12

*Keller v. Potomac Electric Power Co.*, 261 U.S. 428, 442 (1923), ........................................7

*King v. United States*, 390 F.2d 894, 913 (Ct.Cl. 1968) [28 U.S.C. 2201-02] ......................3

*Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136 (1980) (quoting 5 U.S.C. § 552(a)(4)(b)) (emphasis added) ..........................................................................17

*Kline v. Burke Construction Co.,* 260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922) ....................................................................................................................................6

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citation omitted)............15

*Lake v. New York Life Ins. Co.*, 218 F.2d 394, 398 (4th Cir. 1955).........................................3

*Lance v. Coffman*, 549 U.S. 437, 439 (2007)........................................................................14

*Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 n.4 (11th Cir. 2009)....................................................................................................................................17

*Love Church v. City of Evanston*, 896 F.2d 1082, 1086 (7th Cir. 1990) ..............................16

*Lujan v. Defenders of Wildlife, supra,* at 560, 112 S.Ct., at 2136. .....................................21

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 556, 112 S. Ct. 2130, 2134, 119 L. Ed. 2d 351 (1992). ...........................................................................................................................16

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) ...........................................................................................................................20

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)...................................................15

*Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)..........................................11

*Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884) ..................................................................................................................................19

*Martin v. Hunter's Lessee*, 14 U.S. 304 (1816) .....................................................................9

*Matter of Contest of General election on Nov. 8, 1977*, 264 N.W.2d 401, 405-405 (Sup.

  Ct. Minn. 1978) ................................................................................................3

*McIntire v. Wood*, 7 Cranch 504, 506, 3 L.Ed. 420 (1813) ....................................6

*Mitchell v. Maurer*, 293 U.S. 237, 244 [55 S.Ct. 162, 165, 79 L.Ed. 338] (1934).............19

*Mookini v. United States*, 303 U.S. 201, (1938), ................................................8

*Muskrat v. United States*, 219 U. S. 346 (1902) ..............................................13

*Muskrat v. United States*, 219 U.S. 346 (1902) .................................................9

*Muskrat v. United States*, 219 U.S. 346, 362, 31 S.Ct. 250, 256, 55 L.Ed. 246 (1911) .....20

*Muskrat v. United States, supra*, at 356-357, 31 S.Ct., at 253-254 ......................20

*National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S.

  453, 465, n. 13, 94 S.Ct. 690, 696, n. 13, 38 L.Ed.2d 646 ...............................18

*Norton v. Mathews*, 427 U.S. 524, 531, 96 S.Ct. 2771, 2775, 49 L.Ed.2d 672 ..................18

*O'Donoghue v. United States*, 289 U.S. 516, 531- 550 (1933) ............................7

Palmore v. United States, 411 U.S. 389 (1973) .................................................8

*Philbrook  v. Glodgett*, 421 U.S. 707, 721, 95 S.Ct. 1893, 1902, 44 L.Ed.2d 525..............18

*Pope v. Atlantic Coast Line R.Co.*, 345 U.S. 379, 384 (1953).................................3

*Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701 (1926) ...........12

*Postum Cereal Co. v. California Fig Nut Co.*, 272 U.S. 693 (1927).......................7

*Prentis v. Atlantic Coast Line Company*, 211 U. S. 210, 225, 226, (1908)........................12

*Ragsdale v. Price*, 185 F.Supp. 263, 265 (M.D. Tenn. 1960) ................................3

*Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 575 (1999)....................................10

*Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 227, 94 S.Ct. 2925, 2935,

    41 L.Ed.2d 706(1974)....................................................................................................20

*Secretary of Navy v. Avrech,* 418 U.S. 676, 678, 94 S.Ct. 3039, 3040, 41 L.Ed.2d 1033

    *(per curiam)* ................................................................................................................18

*Sheldon v. Sill,* 8 How. 441, 449, 12 L.Ed. 1147 (1850) .......................................................6

*Simon v. E. Kentucky Welfare Rights Org.,* 426 U.S. 26, 41 (1976) ...................................16

*Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41-42, 96 S.Ct. 1917,

    1925-1926, 48 L.Ed.2d 450 (1976) ...............................................................................21

*Stainback v. Mo Hock Ke Lok* Po, 336 U.S. 368 n. 12 (1949)................................................3

*State ex rel. v. Shoemaker*, 39 N.W.2d 524, 528 (Sup. Ct. S.D. 1949)..................................4

*Stauffer et al. v. Exley*, 184 F.2d 962, 964 (9th Cir. 1950) ....................................................3

*Steel Co. [Citizens for a Better Environment,* 523 U.S. 83 (1998)] 523 U.S., at 94-95 .....11

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 101-103 (1998) ...................20

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 102 (1998) ...........................14

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 84 (1998...............................18

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998) ........................19

*Stump v. Sparkman*, 435 U.S. 349, 349 (1978).....................................................................23

*The American Insurance Company v. 356 Bales of Cotton*, 26 U.S. 511, 546 (1828) ...........7

*The Mayor v. Cooper,* 6 Wall. 247, 252, 18 L.Ed. 851 (1868) (emphasis added)................6

*The Mayor v. Cooper*, 73 U.S. 247, 252 (1867 .....................................................................6

*Tivoli Realty v. Paramount Pictures*, 80 F.Supp. 278, 280 (D. Del. 1950) ...........................3

*Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236-3 7 (10th Cir. 2007)...........................17

*United States ex rel. Almeida*, 195 F.2d 815 (3rd Cir. 1952)...................................3

*United States ex rel. Auld v. Warden of New Jersey State Penitentiary*, 187 F.2d 615 n. 1

    (3rd Cir. 1951) ...........................................................................3

*United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 .........................18

*United States v. Corrick,* 298 U.S. 435, 440 [56 S.Ct. 829, 831, 80 L.Ed. 1263] (1936) ..19

*United States v. Klock*, 100 F.Supp. 230, 233 (N.D. N.Y. 1951) .........................................4

*United States v. National City Lines,* 337 U.S. 78, 81 (1949) ...............................................3

*United States v. Richardson,* 418 U.S. 166, 179, 94 S.Ct. 2940, 2947-2948, 41 L.Ed.2d

    678 (1974) .......................................................................20

*United States v. Thompson*, 319 F.2d 665, 669 (1963) (2nd Cir. 1963) ................................3

*Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353, 354 (1920).....................12

*Valley Forge Christian Coll. v. Americans United/or Separation of Church & State, Inc.*,

    454 U.S. 464, 473 (1982) (quoting *United States v. Students Challenging Regulatory*

    *Agency Procedures* (SCRAP), 412 U.S. 669, 687 (1973)..............................................15

*Vermont Agency of Natural Res. v. US. ex rel. Stevens*, 529 U.S. 765, 771 (2000) ...........15

*Warth v. Seldin*, 422 U.S. 490, 499 (1975) ........................................................................15

*Warth v. Seldin,* 422 U.S. 490, 505, 95 S.Ct. 2197, 2208, 45 L.Ed.2d 343 (1975) ............21

*Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247, 254-255 (1953) ...................3

*Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 752 (9th Cir. 1964) ......................3

*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) .............................................................15

*Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 1723, 109 L.Ed.2d 135 (1990).

    [FN4] ...............................................................................21

*Whitmore v. Arkansas, supra,* at 149, 155, 110 S.Ct., at 1723 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101-102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) ................21

*Williamson v. Berry*, 49 U.S. 495, 541 (1850) ....................................................................11

**Statutes**

1 Stat. 73 *at 77 Sec. 9* (1789) .............................................................................................10

1 Stat. 73-93—Judicial Act of 1789 ........................................................................................4

14 Stat. 27-30 ..........................................................................................................................8

16 Stat. 1131-1135 ..................................................................................................................4

18 Stat. 470 in 1875 purportedly amended the Judiciary Act of 1789 Section 11 ................8

**18 U.S.C. § 911—Citizen of the United States** .................................................................22

*28* **U.S.C § 132. Creation and composition of district courts** ..........................................2

**28 U.S.C. 132—Creation and composition of the district courts** ...................................23

28 U.S.C. § 132 ..................................................................................................................5, 10

28 U.S.C. § 132—Creation and composition of district courts ............................................1

28 U.S.C. § 132—Creation of and composition of the district courts .................................12

28 U.S.C. § 2201 ...................................................................................................................10

28, U.S.C., 1940 ed ................................................................................................................6

28, U.S.C., 1940 ed., § 1 ........................................................................................................2

28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 ..........................................7

36 Stat. 1167-1169 (sections 289-291) .................................................................................4

42 U.S.C. § 1981, § 1982 and § 1988 ...................................................................................8

45 Stat. 54 (1928) ................................................................................................5

**Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July**

    **30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313,42 Stat. 119; Feb. 12,**

    **1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1,44 Stat. 19)** ...............................6

remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and

    133 of this title ....................................................................................................2

section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this

    title. ......................................................................................................................2

**Section 132-Section Rev** ........................................................................................6

**section 641 of title 48, U.S.C., 1940 ed** ................................................................7

**section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this**

    **title** .....................................................................................................................7

**section 641 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Apr. 30,**

    **1900, ch. 339, § 86, 31 Stat. 158** .....................................................................6

section 641 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Apr. 30,

    1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911,

    ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, §

    313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44

    Stat. 19) ...............................................................................................................2

**section 641 of title 48, U.S.C., 1940 ed., which applied only to the Territory of Hawaii**

    ...................................................................................................................2, 3

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48,

   U.S.C., 1940 ed.............................................................................................................2

**Other Authorities**

**Attach A—USDC Creation** ......................................................................6, 12, 23

**Attach A—USDC Creation pg. 10** ....................................................................3

**Attachment A—Public Record of 28 U.S.C. § 132—Creation of and composition of**

   **the district courts ("Attach A—USDC Creation")**.......................................2

**Attachment B—Judicial Code of 1911—36 Stat. 1167-1169 (Sec. 289-291)("Attach B–**

   **–Judicial Power Transfer")** ...........................................................................4

**Attachment C—Judicial Code of 1911—16 Stat. 1131-1135 ("Attach C—Court of**

   **Appeals")**.........................................................................................................5

**Attachment E—Jurisdiction of Circuit Courts —18 Stat. 470-475 (1875)(Attach E—**

   **Circuit Courts Changes")**...............................................................................8

**Attachment F—Civil Rights Act of 1866 (14 Stat. 27-30)(Attach F—1866 Civil Rights**

   **Act")**................................................................................................................8

**Attachment G—Judicial Act of 1789 ("Attach G—1789 Judicial Act")** ....................10

**Attachment H—One Line of Crimes and Offenses ("Attach H—One Line Crimes**

   **and Offenses")**................................................................................................10

**Attachment I—Political Status, Citizen Status and Allegiance  in the  Recording**

   **District 311 Palmer, Alaska Number "2016-022400-0" ("Attach I—Thornton's**

   **Status and Allegiance")**................................................................................22

*itle 28, United States Code Congressional Service, New Title 28— and Judicial Procedure Pages 1487-2174, 80th Congress—2nd Session, Epochal Legislation, West Publishing 1948—pg.i—"augmented by **expert revisers** and consultants"—New Title 28, United States Code, Judiciary and Judicial Procedure With **Official** Legislative History and **Reviser's Notes.***.................................................................................2

*Page 1732*—**Section 132—Revised** [Reviser's Notes]—**Section 132-Section Revised**....2

Reviser's Notes for 28 U.S.C. § 132 of the 1948.................................................6

**Rules**

**Attachment D—Abolishing the Writ of Error—45 Stat. 54 (1928) ("Attach D—Writ of Error")** ...............................................................................5

**Regulations**

26 CFR § 601.201 ...........................................................................9

**Constitutional Provisions**

Article I, Article III and under Article IV,.......................................................4

Article III §§ 1,2..........................................................................8

Article III §§1,............................................................................5

Article III judicial Power of the United States...................................................7

**Article III Section 1** ....................................................................1

Article III Section 1 and....................................................................4

Article III section 1 and 2..................................................................4

Article III Section 1 and 2 of the Constitution of the United States .................................6

Article III Section 1 and 2 Subject Matter Jurisdiction ........................................................23

**Article III Section 2** ...........................................................................................................1

Article III Sections 1 and 2 of the Constitution of the United States ...............................1, 4

**Article III Sections 1 and 2 of the Constitution of the United States** exercising the

    **judicial Power of the United States**............................................................................1

Article III, § 2 .....................................................................................................................14

Article IV..............................................................................................................................7

## I. General Essential Background Facts.

Comes now John Kirk Thornton, *in propria persona* ("Thornton") with this **"Motion to Dismiss—Lack of Subject Matter Jurisdiction ("Motion—Jurisdiction")** in **"the Court,"** being the **"District Court of the United States"** arising under **Article III Sections 1 and 2 of the Constitution of the United States** exercising the **judicial Power of the United States**.

## A. The United States District Court Does not Arise Under Article III Sections 1 & 2

This instant Case was filed into the "United States District Court" "District of Minnesota" on October 25, 2013, wherein this instant Case is fatally flawed including but not limited to there is NO "Subject Matter Jurisdiction" in the **"United States District Court"** arising under **Article III Section 1** exercising the **"The judicial Power of the United States"** and arising under **Article III Section 2** **"The judicial Power shall extend to all Cases, in Law and  Equity, arising under this Constitution, the Laws of the United States,"** as the "United States District Court."

The **"United States District Court"** (**"*this Court*"**) is exercising some extraterritorial jurisdiction **precluding** exercising the **"judicial Power of the United States"** arising under Article III Sections 1 and 2 of the Constitution of the United States within the several States, which is evidenced with the irrevocable evidence of the public record of Congress wherein ***this Court* is exercising the "judicial power of a district court"** ONLY, which is supported by the **Reviser's Notes** of 28 U.S.C. § 132—Creation and composition of district courts with a true and copy excerpt being **Attachment A—**

**Public Record of 28 U.S.C. § 132—Creation of and composition of the district courts**

**("Attach A—USDC Creation")[1].**

**B.  Reviser's Notes**

The Reviser's Notes provide conclusive evidence of the Source of the **United**

---

[1] *Title 28, United States Code Congressional Service, New Title 28— and Judicial Procedure Pages 1487-2174, 80th Congress—2nd Session, Epochal Legislation, West Publishing 1948*—pg.i—"augmented by **expert revisers** and consultants"—*New Title 28, United States Code, Judiciary and Judicial Procedure With **Official** Legislative History and **Reviser's Notes.**

*Page 1521—28 U.S.C § 132. Creation and composition of district courts*
(a) There shall be in each judicial district a district court which shall be a court of record known as the **United States District Court for the district.**
(b) Each district court shall consist of the district judge or judges for the district in regular active service.   Justices or judges designated or assigned shall be competent to sit as judges of the court.
(c) Except as otherwise provided **by law, or rule or order of court, the judicial power of a district court** with respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges.

*Page 1732—*Section 132—Revised [Reviser's Notes]—Section 132-Section Revised
Based on title 28, U.S.C., 1940 ed., § 1, and **section 641** of title 48, U.S.C., 1940 ed., **Territories and Insular Possessions** (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19).
Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48, U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation.
**Subsection (c) is derived from section 641 of title 48, U.S.C., 1940 ed. [Territories and Insular Possessions], which applied only to the Territory of Hawaii.** The **revised** section, by extending it to **all districts, merely recognizes established practice.**
Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title. The **remainder of section 641** of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title.

States District Court *"this Court,"* which is clearly and irrevocably evidenced in Attach A—USDC Creation pg. 10 "**Subsection (c) is derived from section 641 of title 48, U.S.C., 1940 ed. [Territories and Insular Possessions], which applied only to the Territory of Hawaii.** The revised section, by extending it to **all districts, merely recognizes established practice."**

It is well settled that the reviser's notes are authoritative in interpreting the Code. See *United States v. National City Lines,* 337 U.S. 78, 81 (1949); *Stainback v. Mo Hock Ke Lok Po,* 336 U.S. 368 n. 12 (1949); *Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency,* 422 U.S. 289, 309 (1975); *Western Pac. R. Corp. v. Western Pac. R. Co.,* 345 U.S. 247, 254-255 (1953); *Pope v. Atlantic Coast Line R.Co.,* 345 U.S. 379, 384 (1953); *Tivoli Realty v. Paramount Pictures,* 80 F.Supp. 278, 280 (D. Del. 1950); *United States v. Thompson,* 319 F.2d 665, 669 (1963) (2nd Cir. 1963); *United States ex rel. Almeida,* 195 F.2d 815 (3rd Cir. 1952); *Adamowski v. Bard,* 193 F.2d 578, 581 (3rd Cir. 1952); *United States ex rel. Auld v. Warden of New Jersey State Penitentiary,* 187 F.2d 615 n. 1 (3rd Cir. 1951); *Lake v. New York Life Ins. Co.,* 218 F.2d 394, 398 (4th Cir. 1955); *Government Nat. Mortg. Ass/n v. Terry,* 608 F.2d 614, 618 n. 5 (5th Cir. 1979); *Acron Investments, Inc. v. Federal Sav. & Loan Ins. Corp.,* 363 F.2d 236, 240 (9th Cir. 1966); *Ragsdale v. Price,* 185 F.Supp. 263, 265 (M.D. Tenn. 1960); *Wham-O-Mfg. Co. v. Paradise Mfg. Co.,* 327 F.2d 748, 752 (9th Cir. 1964); *Stauffer et al. v. Exley,* 184 F.2d 962, 964 (9th Cir. 1950); *King v. United States,* 390 F.2d 894, 913 (Ct.Cl. 1968) [28 U.S.C. 2201-02]; *Matter of Contest of General election on Nov. 8, 1977,* 264 N.W.2d 401, 405-405 (Sup. Ct. Minn. 1978); *United States v. Klock,* 100 F.Supp. 230,

233 (N.D. N.Y. 1951);  *State ex rel. v. Shoemaker*, 39 N.W.2d 524, 528 (Sup. Ct. S.D. 1949);  *Glenn v. United States*, 129 F.Supp. 914, 917 (S.D. Cal. 1955).

## II.  Judicial Power of the United States.

While it is true Congress can create jurisdiction for courts under Article I, Article III and under Article IV, which includes the Administrative State, but the Circuit Courts of Appeal and the USDCs exercises no "judicial Power of the United States under the Authority of the United States" ("judicial Power of the United States") arising under Article III Section 1 and 2 in all Cases in Law and Equity of the Constitution of the United States amended by the qualified Electors of the several States.  This is conclusive and legal evidence under the public records of the Judicial Code of 1911 that all the judicial Power of the United States for the "Circuit Courts of the United States" was transferred into the District Court of the United States in 36 Stat. 1167-1169 (sections 289-291), being **Attachment B—Judicial Code of 1911—36 Stat. 1167-1169 (Sec. 289-291)("Attach B– –Judicial Power Transfer")** (repealing only the *prima facie* Revised Statutes 1878) leaving intact the original 1 Stat. 73-93—Judicial Act of 1789  as amended that vested the judicial Power of the United States in the District Courts of the United States, the Circuit Courts of the United States and the Supreme Court of the United States in all Cases in Law and Equity arising under Article III Sections 1 and 2 of the Constitution of the United States.

A *new court, i.e.,* a "Circuit Court of Appeals" (no "United States" in the title not being a Court of the United States arising under Article III section 1 and 2 without the judicial Power of the United States) was constituted in 16 Stat. 1131-1135, being

Attachment C—Judicial Code of 1911—16 Stat. 1131-1135 ("Attach C—Court of Appeals") . The Writ of Error was abolished in 45 Stat. 54 (1928), being **Attachment D– –Abolishing the Writ of Error—45 Stat. 54 (1928) ("Attach D—Writ of Error")**, remembering that Congress is not empowered to limit the judicial Power of the United States as the source of the "judicial Power" is from the Constitution of the United States arising under Article III §§1, 2.

**Congress did not abolish the District Courts of the United States exercising the judicial Power of the United States in 1948 or even attempt same.**

And further in 28 U.S.C. § 132, Congress did by conclusive and legal evidence provide that the "judicial power of a district court" would be posited in any "single judge" . . . or "other judges." The judicial Power of the United States is not derived or controlled "by law or rule or order of court"", but under the separation of Powers by the limited delegation of Powers granted by the people of the several States in the Constitution of the United States **source of the "judicial Power" is from the Constitution** with Congress creating a court by statute capable of accepting same with limits of the jurisdiction as desired on the amount of "judicial Power of the United States" vested in said Court.

In the adjudged decision it is long ago been well settled that the "The Constitution must have given to the court the capacity to take it, ***and an act of Congress must have supplied it....*** " [emphasis in original] as pronounced in *Finley v. United States*, 490 U.S. 545, 547, 548 (1989), to wit:

> **It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have**

**given to the court the capacity to take it, *and an act of Congress must have supplied it....* To the extent that such action is not taken, the power lies dormant."** *The Mayor v. Cooper,* 6 Wall. 247, 252, 18 L.Ed. 851 (1868) (emphasis added);   accord, *Christianson v. Colt Industries Operating Co.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379-380, 101 S.Ct. 669, 676-677, 66 L.Ed.2d 571 (1981); *Kline v. Burke Construction Co.,* 260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922); *Case of the Sewing Machine Companies,* 18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914 (1874); *Sheldon v. Sill,* 8 How. 441, 449, 12 L.Ed. 1147 (1850); *Cary v. Curtis,* 3 How. 236, 245, 11 L.Ed. 576 (1845); *McIntire v. Wood,* 7 Cranch 504, 506, 3 L.Ed. 420 (1813) *[Emphasis added]*

"Their concurrence is necessary to vest it. It is the duty of Congress to act for that purpose up to the limits of the granted power" as pronounced in *The Mayor v. Cooper*, 73 U.S. 247, 252 (1867).

Therefore it is conclusive and legal evidence that the USDC cannot exercise the judicial Power of the United States arising Article III Section 1 and 2 of the Constitution of the United States.

*And further*, as conclusive and legal evidence in the public record of the "Congressional Service" on page 1732, being **Attach A—USDC Creation**, are the Reviser's Notes for 28 U.S.C. § 132 of the 1948 act wherein Congress used "territorial courts," Article IV courts as the source of the "judicial power of the district court" combing it with the judicial Power of the United States, section 1 to wit:

**Section 132-Section Revised**
Based on title 28, U.S.C., 1940 ed., § 1, and **section 641 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313,42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1,44 Stat. 19).**
Section consolidates section 1 of title 28, U.S.C., 1940 ed., and

**section 641 of title 48, U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation. Subsection (c) is derived from section 641 of title 48, U.S.C., 1940 ed., which applied only to the Territory of Hawaii.** The revised section, by extending it to **all districts,** merely recognizes established practice.

Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title. The **remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title. [Emphasis added]**

In has been well settled that the territorial courts, being legislative courts, and, are incapable of receiving Article III judicial Power of the United States, and derive their power from Article IV as pronounced in *The American Insurance Company v. 356 Bales of Cotton*, 26 U.S. 511, 546 (1828), to wit:

**These Courts** [territorial courts], then, *are not constitutional Courts, in which the judicial power conferred by the Constitution on the general government, can be deposited. They are incapable of receiving it.* They are **legislative Courts,** created in virtue of the general right of sovereignty which exists in the government, or in virtue of that clause which enables Congress to make all ***needful rules and regulations,*** respecting the territory belonging to the United States. The **jurisdiction with which they are invested, is not a part of that judicial power which is defined in the 3d article of the Constitution, but is conferred by Congress,** in the execution of those general powers which that body possesses over the territories of the United States.   * * * In legislating for them, **Congress exercises the combined powers of the *general, and of a state government*. *[Emphasis added]***

It is been held in *O'Donoghue v. United States*, 289 U.S. 516, 531- 550 (1933) that Congress can vest the courts in the "District" with both non-judicial functions and Article III judicial Power of the United States citing *Keller v. Potomac Electric Power Co.*, 261 U.S. 428, 442 (1923), "but adds that this may not be done with any federal court ***established*** under Article III of the Constitution" *O'Donoghue at 551. [Emphasis added]*

This is in accord with *Postum Cereal Co. v. California Fig Nut Co.*, 272 U.S. 693 (1927)

*at 700* "Such legislative or administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal" for federal courts ***established*** and exercising the judicial Power of the United States arising under Article III §§ 1,2. *Postum ibid* is in accord with Palmore v. United States, 411 U.S. 389 (1973) as this Case was within the boundaries of the District and not in the several States holding that not every "Act of Congress or a law", not "Laws of the United States" must be presided over by a judge arising under Article III.   An essential element of *Palmore* is the "federal question" where Congress in 18 Stat. 470 in 1875 purportedly amended the Judiciary Act of 1789 Section 11 by replacing "***an alien is a party***", with "***foreign states, citizens or subjects***" evidenced in **Attachment E—Jurisdiction of Circuit Courts —18 Stat. 470-475 (1875)(Attach E—Circuit Courts Changes")**.  As to whether this change is completely arising under Article III judicial Power of the United States has not been determined, i.e. pendent jurisdiction, but it did allow "corporations" and fictional "citizens of the United States" in the first Civil Rights Act of Congress (no political rights) established by 14 Stat. 27-30 evidenced by **Attachment F—Civil Rights Act of 1866 (14 Stat. 27-30)(Attach F—1866 Civil Rights Act")** codified in 42 U.S.C. § 1981, § 1982 and § 1988 giving the Negros the same rights was **white citizens and** giving the appearance of standing in the federal courts exercising the judicial Power of the United States.

It is also settled, that even if the USDC which is inextricably intertwined with a Article IV territorial court was a true "District Court of the United States", this does not make it a constitutional court arising under Article III, as pronounced in *Mookini v. United States*, 303 U.S. 201, (1938), to wit:

The term **'District Courts of the United States,'** as used in the rules, without an addition expressing a wider connotation, has its historic significance. **It describes the constitutional courts created under article 3 of the Constitution.** *Courts of the Territories are legislative courts*, **properly speaking, and are not District Courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a 'District Court of the United States.'** (important case cites omitted due to space limitations) *[Emphasis added]*

In *Martin v. Hunter's Lessee*, 14 U.S. 304 (1816), an on point case on judicial Power, pronounced firmly that the "judicial Power" shall be vested in courts of the United States as our constitutional Republic exists only if there exists courts of the United States exercising the judicial Power of the United States, otherwise the people of the several States will be bound under the executive Power of the United States and the legislative Power of the United States, with no means to "expound and enforce them" *ibid at 329* and it follows that Article VI, the supreme Law of the Land becomes a nullity.  Is the "shall be vested" not absolutely of mandatory equal importance to the "shall be vested" in the executive and legislative departments?  The answer is yes.  See *Martin ibid at 324 et seq.* In the adjudged Case of *Alden v. Maine*, 527 U.S. 706, 739 (1999) citing *Martin at 326* "The Federal Government, by contrast," can claim no powers which are not granted to it by the constitution, and the powers actually granted must be as such as are expressly given, or given by necessary implication."

Including but not limited to the holding and pronouncements in *Hayburn's Case*, 2 U.S. 408 (1792), *United States v. Ferreira*, 54 U.S. 40, 52-53, *Muskrat v. United States*, 219 U.S. 346, 353 (1902)  and *Buckley v. Valeo*, 424 U.S. 1, 123  (1976) that the IRS acts as a court of errors on the USDC concerning "taxpayer status" in 26 CFR § 601.201, that

no federal court arising under Article III in the several States can be assigned administrative or non-judicial duties, that the USDC established in 1948 is irrevocably conflated with the jurisdiction of Article IV legislative courts, that the judicial power in the 1948 Title 28 U.S.C. § 132 is only a Congress created statutory perceived judicial power instead of the judicial Power of the United States arising under Article III of the Constitution, that Title 28 U.S.C. § 2201 prohibits the determination of the "taxpayer status", that there can be no "legal duty" without two parties of which the USDC is prohibited from "taxpayer status" flows *a fortiori* that the USDC lacks "cognizance of the all crimes and offenses that shall be cognizable under the authority of the United States" arising under Article III in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States.  See Judiciary Act of 1789, which has never been repealed, at 1 Stat. 73 *at 77 Sec. 9* (1789), being **Attachment G— Judicial Act of 1789 ("Attach G—1789 Judicial Act")**, and the one line of the "crimes and offenses", being **Attachment H—One Line of Crimes and Offenses ("Attach H— One Line Crimes and Offenses")**.

In the adjudged decision of *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 575 (1999) it was ***held*** that without personal jurisdiction the court is powerless to proceed to adjudication, to wit:

> (a) . . . Although the character of the two jurisdictional bedrocks unquestionably differs, the distinctions do not mean that subject-matter jurisdiction is ever and always the more "fundamental."  Personal jurisdiction, too, is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication. *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382.

> *Ibid at 584,* Personal jurisdiction, on the other hand, "represents a restriction on

judicial power . . . as a matter of individual liberty." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

*Ibid at 584 in Ruhrgas,* Personal jurisdiction, too, is "an essential element of the jurisdiction of a district . . . court, " without which the court is "powerless to proceed to an adjudication." *Employers Reinsurance Corp. v. Briant*, 299 U.S. 374, 382 (1937).

*Ibid at 583 in Ruhrgas,* "According, subject-matter delineations must be policed by the courts on their own initiative even at the highest level. See *Steel Co. [Citizens for a Better Environment*, 523 U.S. 83 (1998)] 523 U.S., at 94-95 ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the actions.")"

*Ibid at 577 in Ruhrgas,* to wit:

> *Id.,* at 93. Recalling "a long and venerable line of our cases," *id.,* at 94, *Steel Co.* reiterated: **"The requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception,' "** *id.,* at 94-95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)); for **"[j]urisdiction is power to declare the law," and " '[w]ithout jurisdiction the court cannot proceed at all in any cause,'** " 523 U.S., at 94, 118 S.Ct. 1003 (quoting *Ex parte McCardle,* 7 Wall. 506, 514 (1868)).

### III. Court Lack Jurisdiction—Judgment/Sentences Void.

When a matter is moot or the court otherwise lacked jurisdiction, the judgment amounts to an impermissible advisory opinion, a legal nullity, and is void. In *Williamson v. Berry*, 49 U.S. 495, 541 (1850) "But if it [the court] act without authority, its judgments and orders are a nullity; they are not voidable, but simply void . . ."; *Elliott v. Peirsol's Lessee*, 26 U.S. 328, 329 (1828) ""But if it [the court] act without authority, its judgments and orders are a nullity; they are not voidable, but simply void . . ." See also *Vallely v.*

*Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353, 354 (1920).  In *Dynes v. Hoover*, 61

U.S. 65, 66 (1857) as follows:

> The following well-settled principles of law cannot be controverted: 'That
> when a court has jurisdiction, it has a right to decide every question before
> it; and if its decision is merely *erroneous*, and not *irregular and void*, it is
> binding on every other court until reversed. But if the subject-matter is not
> within its jurisdiction, or where it appears, from the conviction itself, that
> they have been guilty of an excess, or have decided on matters beyond and
> not within their jurisdiction, **all is void, and their judgments, or sentences,
> are regarded in law as nullities**. They constitute no justification; and all
> persons concerned in executing such judgments, or sentences, are
> trespassers, and liable to an action thereon.' (Numerous case cites omitted)
> (Emphasis added)

## IV. No Article III Jurisdiction

*This Court* as evidenced only proceeding with the "judicial power of a district

court" as found 28 U.S.C. § 132—Creation of and composition of the district courts

evidenced in **Attach A—USDC Creation.**

## A. Supreme Court of the United States.

In *Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693, 700-701

(1926), to wit:

> The distinction between the jurisdiction of this court which is confined to
> the hearing and decision of cases in the **constitutional sense and that of
> administrative action and decision, power for which may be conferred
> upon courts of the District is shown in the case** of *Keller v. Potomac
> Electric Company*, 261 U. S. 428, 440, 442, 443, (1923). There it is pointed
> out that, while Congress in its constitutional exercise of exclusive legislation
> over the District may clothe the courts of the District, not only with the
> jurisdiction and powers of the federal courts in the several states, but also
> with such authority as a state might confer on her courts (*Prentis v. Atlantic
> Coast Line Company*, 211 U. S. 210, 225, 226, (1908)), and **so may vest
> courts of the District with administrative or legislative functions which
> are not properly judicial, it may not do so with this court, or any federal
> court established under article 3 of the Constitution.**  Of the jurisdiction

of this court, we said, at page 444 of 261 U. S. (43 S. Ct. 449):

'**Such legislative or administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal.** The latest and fullest authority upon this point is to be found in the opinion of Mr. Justice Day, speaking for the court in *Muskrat v. United States*, 219 U. S. 346 (1902). The principle there recognized and enforced on reason and authority is that the jurisdiction of this court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them, and does not extend to an issue of constitutional law framed by Congress for the purpose of invoking the advice of this court **without real parties or a real case**, or **to administrative or legislative issues or controversies.**

In *Keller v. Potomac Electric Power Co., Inc.*, 261 U.S. 428, 442-44 (1923), to wit:

By the Constitution (clause 17, section 8, article 1) Congress is given power '**to exercise exclusive legislation in all cases whatsoever, over' the District of Columbia. This means that as to the District Congress possesses, not only the power which belongs to it in respect of territory within a state, but the power of the state as well.** In other words, it **possesses a dual authority over the District**, and **may clothe the courts of the District, not only with the jurisdiction and powers of federal courts in the several states,** but with such authority as a state may confer on her courts. *Kendall v. United States*, 12 Pet. 524, 619, 9 L. Ed. 1181. Instances in which congressional enactments have been sustained which conferred powers and placed duties on the courts of the District of an exceptional and advisory character are found in *Butterworth v. Hoe,* 112 U. S. 50, 60, 5 Sup. Ct. 25, 28 L. Ed. 656, United States v. Duell, 172 U. S. 576, 19 Sup. Ct. 286, 43 L. Ed. 559, and Baldwin Co. v. R. S. Howard Co., 256 U. S. 35, 41 Sup. Ct. 405, 65 L. Ed. 816. Subject to the guaranties of personal liberty in the amendments and in the original Constitution, Congress has as much power to vest courts of the District with a variety of jurisdiction and powers as a state Legislature has in conferring jurisdiction on its courts. In *Prentis v. Atlantic Coast Line*, supra, we held that, when '**a state Constitution sees fit to unite legislative and judicial powers in a single hand, there is nothing to hinder so far as the Constitution of the United States is concerned.**' 211 U. S. 225, 29 Sup. Ct. 67, 69 (53 L. Ed. 150); Dreyer v. Illinois, 187 U. S. 71, 83, 84, 23 Sup. Ct. 28, 47 L. Ed. 79.
* * *
**Such legislative or administrative jurisdiction, it is well settled cannot be conferred on this court either directly or by appeal.** The latest and

fullest authority upon this point is to be found in the opinion of Mr. Justice Day, speaking for the court in Muskrat v. United States, 219 U. S. 346, 31 Sup. Ct. 250, 55 L. Ed. 246. **The principle there recognized and enforced on reason and authority is that the jurisdiction of this court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them and does not extend to an issue of constitutional law framed by Congress for the purpose of invoking the advice of this court without real parties or a real case, or to administrative or legislative issues or controversies.** *Hayburn's Case,* 2 Dall. 410, note (1 L. Ed. 436); *United States v. Ferreira,* 13 How. 40, 52, 14 L. Ed. 42; *Ex parte Siebold,* 100 U. S. 371, 398, 25 L. Ed. 717; *Gordon v. United States,* 117 U. S. 697, appendix; *Baltimore & Ohio R. R. Co. v. Interstate Commerce Commission,* 215 U. S. 216, 30 Sup. Ct. 86, 54 L. Ed. 164.

## B. Article III Standing [ From Clinton v. Klayman – 9-15-cv-80388 S.D.Fla. pg. 5-6]

Federal courts are of limited jurisdiction and are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution. *Lance v. Coffman,* 549 U.S. 437, 439 (2007). Article III of the Constitution confines the "judicial Power" of the United States to **"Cases"** and **"Controversies."** Constitution of the United States Article III, § 2. Federal courts "have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." S*teel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 102 (1998). "The 'irreducible constitutional minimum of standing' contains three requirements": **(1)** "an 'injury in fact' - a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent, not 'conjectural' or 'hypothetical;'" **(2)** causation - a fairly traceable connection between the plaintiffs injury and the complained-of conduct of the defendant;" and **(3)** "redressability - a likelihood that the requested relief will redress the alleged injury." Id. at

Expedited Motion to Dismiss                14

102-03 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); see also

*Vermont Agency of Natural Res. v. US. ex rel. Stevens*, 529 U.S. 765, 771 (2000);

*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Beyond the constitutional requirements,

the federal judiciary has also adhered to a set of prudential principles that bear on the

**question of standing.** Thus, the Supreme Court has held that **"the plaintiff generally**

**must assert his own legal rights and interests, and cannot rest his claim to relief on**

**the legal rights or interests of third parties."** *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

In addition, "federal courts have abjured appeals to their authority which would convert

the judicial process into 'no more than a vehicle for the vindication of the value interests of

concerned bystanders.'" *Valley Forge Christian Coll. v. Americans United/or Separation*

*of Church & State, Inc.*, 454 U.S. 464, 473 (1982) (quoting *United States v. Students*

*Challenging Regulatory Agency Procedures* (SCRAP), 412 U.S. 669, 687 (1973)).

Therefore, "even when the plaintiff has alleged redressable injury sufficient to meet the

requirements of Article III, the court has refrained from adjudicating 'abstract questions of

wide public significance,' which amount to 'generalized grievances,' pervasively shared

and most appropriately addressed in the representative branches." Id. at 4 74-75. Finally,

the law presumes that "a cause lies outside this limited jurisdiction, and the burden of

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v.*

*Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citation omitted).

Similarly, it is unknown whether the contents of any alleged records would be of

any interest to the public. Even assuming such records exist and are of interest to the

public, it is unclear whether such public interest would translate into public support of

Plaintiff. Finally, if all of this somehow garnered public support for Plaintiff, it is unclear how such public support would translate into financial support. **"[P]urely speculative, nonconcrete injuries" are insufficient to establish an injury in fact for purposes of Article III standing**. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 556, 112 S. Ct. 2130, 2134, 119 L. Ed. 2d 351 (1992). Further, "a possible financial loss is not by itself a sufficient interest to sustain a judicial challenge." *Abbott Labs. v. Gardner*, 387 U.S. 136, 153 (1967), overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977)); see also *Love Church v. City of Evanston*, 896 F.2d 1082, 1086 (7th Cir. 1990) ("Claims of such vague economic harm are precisely the type of 'abstract' or 'conjectural' allegations spurned by the Supreme Court in Warth," and "cannot constitute distinct and palpable injury for purposes of standing."). Accordingly, **the Party has not met his burden of demonstrating an injury to establish Article III standing to bring this case.**

## C. Injury in Fact

Article III requires the party invoking the Court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," *Gladstone Realtors v. Viii. of Bellwood*, 441 U.S. 91, 99 (1979), and that the injury can be "fairly ... traced to the challenged action of the defendant." *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 41 (1976). Relying solely upon the allegations in the Amended Complaint, it would be difficult to ascertain what injury Defendants' putatively illegal conduct caused Plaintiff. However, when pressed by Defendants' Motions to Dismiss, Plaintiff points to two specific injuries in fact: (1) "Defendants are liable to Plaintiff for theft in taking and refusing to turn over property

belonging to Plaintiff;" and (2) that Plaintiff "has been harmed in his business or property."

### D.  Property Interest.

FOIA "vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136 (1980) (quoting 5 U.S.C. § 552(a)(4)(b)) (emphasis added). FOIA does not create a general property interest in **Government** records, and does not provide for "private actions to recover records wrongfully removed from **Government** custody." See id. at 137.

See *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 n.4 (11th Cir. 2009) (statutory rights under FOIA do "not enjoy substantive due process protection"); *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236-3 7 (10th Cir. 2007) (Integrity Committee's failure to provide citizen with documents requested pursuant to FOIA did not violate citizen's due process rights because citizen had no "life, liberty, or property interest in the materials at issue."). To prove the existence of a due process property interest in a "benefit" created by statute, a plaintiff "must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. **He must, instead, have a legitimate claim of entitlement to it.**" *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

If a Party brings an action under FOIA and he cannot prove a legitimate claim of entitlement to a benefit created by FOIA. See Kissinger, 445 U.S. at 139 ("We hold today

that even if a document requested under the FOIA is wrongfully in the possession of a party not an 'agency,' the agency which received the request does not 'improperly withhold' those materials by its refusal to institute a retrieval action."). Given that Party has no property interest in the **Government** records allegedly under Defendants' control, he cannot allege an injury resulting from the alleged deprivation of those records.

The Supreme Court of the United States **held** in *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 84 (1998), to wit:

> (b) This Court declines to endorse the "doctrine of hypothetical jurisdiction," under which several Courts of Appeals have found it proper to proceed immediately to the merits question, despite jurisdictional objections, at least where (1) the merits question is more readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied.   That doctrine carries the courts beyond the bounds of authorized judicial action and thus offends fundamental separation-of-powers principles.   **In a long and venerable line of cases, this Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit.**   See, *e.g., Capron v. Van Noorden,* 2 Cranch 126, 2 L.Ed. 229; *Arizonans for Official English v. Arizona,* 520 U.S. 43, 73, 117 S.Ct. 1055, 1071-1072, 137 L.Ed.2d 170. *Bell v. Hood, supra;   National Railroad Passenger Corp. v. National Assn. of Railroad Passengers,* 414 U.S. 453, 465, n. 13, 94 S.Ct. 690, 696, n. 13, 38 L.Ed.2d 646;   *Norton v. Mathews,* 427 U.S. 524, 531, 96 S.Ct. 2771, 2775, 49 L.Ed.2d 672;   *Secretary of Navy v. Avrech,* 418 U.S. 676, 678, 94 S.Ct. 3039, 3040, 41 L.Ed.2d 1033 *(per curiam);   United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537;   *Philbrook v. Glodgett,* 421 U.S. 707, 721, 95 S.Ct. 1893, 1902, 44 L.Ed.2d 525;   and *Chandler v. Judicial Council of Tenth Circuit,* 398 U.S. 74, 86-88, 90 S.Ct. 1648, 1654-1656, 26 L.Ed.2d 100, distinguished.   For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an ultra vires act. Pp. 1012-1016.

[Text of held, *supra.*] The Supreme Court of the United States **held** in *Steel*

*Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998); to wit:

> We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers.   This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. **"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."** *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868);   "On every writ of error or appeal, **the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.** This question the court is bound to ask and answer for itself, **even when not otherwise suggested, and without respect to the relation of the parties to it."** *Great Southern Fire Proof Hotel Co. v. Jones, supra,* at 453, 20 S.Ct., at 691-692.   **The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception."** *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884).

> This Court's insistence that proper jurisdiction appear begins at least as early as 1804, when we set aside a judgment for the defendant at the instance of the losing plaintiff *who had himself* failed to allege the basis for federal jurisdiction.   *Capron v. Van Noorden,* 2 Cranch 126, 2 L.Ed. 229 (1804).   Just last Term, we restated this principle in the clearest fashion, unanimously setting aside the Ninth Circuit's merits decision in a case that had lost the elements of a justiciable controversy:

> " '[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it.** *Mitchell v. Maurer,* 293 U.S. 237, 244 [55 S.Ct. 162, 165, 79 L.Ed. 338] (1934).   See *Juidice v. Vail,* 430 U.S. 327, 331-332 [97 S.Ct. 1211, 1215-1216, 51 L.Ed.2d 376] (1977) **(standing).   'And if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it.**   [When the lower federal court] lack[s] jurisdiction, we have jurisdiction on appeal, **not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.'** *United States v. Corrick,* 298 U.S. 435, 440 [56 S.Ct. 829, 831, 80 L.Ed. 1263] (1936) (footnotes omitted).' " *Arizonans for Official English v. Arizona,* 520 U.S. 43, 73, 117

S.Ct. 1055, 1071-1072, 137 L.Ed.2d 170 (1997), quoting from *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (brackets in original).

The Supreme Court of the United States **held** in *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 101-103 (1998); to wit:

> **Hypothetical jurisdiction** produces nothing more than a hypothetical judgment-- which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning. *Muskrat v. United States,* 219 U.S. 346, 362, 31 S.Ct. 250, 256, 55 L.Ed. 246 (1911); *Hayburn's Case,* 2 Dall. 409 (1792). **Much more than legal niceties are at stake here. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects.** See *United States v. Richardson,* 418 U.S. 166, 179, 94 S.Ct. 2940, 2947-2948, 41 L.Ed.2d 678 (1974); *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 227, 94 S.Ct. 2925, 2935, 41 L.Ed.2d 706(1974). **For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction \*102 to do so is, by very definition, for a court to act ultra vires.**

[11][12][13][14] Having reached the end of what seems like a long front walk, we finally arrive at the threshold jurisdictional question: whether respondent, the plaintiff below, has standing to sue. **Article III, ß 2, of the Constitution extends the "judicial Power" of the United States only to "Cases" and "Controversies." We have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process.** *Muskrat v. United States, supra,* at 356-357, 31 S.Ct., at 253-254. Such a meaning is fairly implied by the text, since otherwise the purported restriction upon the judicial power would scarcely be a restriction at all. **Every criminal investigation conducted by the Executive is a "case," and every policy issue resolved by congressional legislation involves a "controversy."** These are not, however, the sort of cases and controversies that Article III, ß 2, refers to, since "the Constitution's central mechanism of separation of powers depends largely upon common understanding of what activities are appropriate to legislatures, to executives, and to courts." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). **Standing to sue is part of the common understanding of what it takes to**

**make a justiciable case.** *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 1723, 109 L.Ed.2d 135 (1990). [FN4]

FN4. Our opinion is not motivated, as Justice STEVENS suggests, by the more specific separation-of-powers concern that this citizen's suit "somehow interferes with the Executive's power to 'take Care that the Laws be faithfully executed,' Art. II, ß 3," *post,* at 1029.   The courts must stay within their constitutionally prescribed sphere of action, whether or not exceeding that sphere will harm one of the other two branches.   This case calls for nothing more than a straightforward application of our standing jurisprudence, which, though it may sometimes have an impact on Presidential powers, derives from Article III and not Article II.

[15][16][17] **The "irreducible constitutional minimum of standing" contains three requirements.** *103 Lujan v. Defenders of Wildlife, supra,* at 560, 112 S.Ct., at 2136.   **First and foremost, there must be alleged (and ultimately proved) an "injury in fact"--a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.' "** *Whitmore v. Arkansas, supra,* at 149, 155, 110 S.Ct., at 1723 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101-102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)).   **Second, there must be causation--a fairly traceable connection between the plaintiff's **1017 injury and the complained-of conduct of the defendant.** *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1925-1926, 48 L.Ed.2d 450 (1976).   **And third, there must be redressability--a likelihood that the requested relief will redress the alleged injury.** *Id.,* at 45-46, 96 S.Ct., at 1927-1928; see also *Warth v. Seldin,* 422 U.S. 490, 505, 95 S.Ct. 2197, 2208, 45 L.Ed.2d 343 (1975).   **This triad of injury in fact, causation, and redressability [FN5] constitutes the core of Article III's case-or-*104 controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.** See *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 607-608, 107 L.Ed.2d 603 (1990).

## E.  Political Status, Citizen Status and Allegiance of John Kirk Thornton

Thornton is not a "citizen of the United States" but is a "citizen of Minnesota" domiciled in Minnesota, one of the several States, as Thornton has filed into the Public Record evidenced by the true and correct copy, being **Attachment I—Political Status, Citizen Status and Allegiance  in the  Recording District 311 Palmer, Alaska**

Number "2016-022400-0" ("Attach I—Thornton's Status and Allegiance") that is self-authenticating under Evidence Rule 901(7). Also, Thornton is a "**national of the United States**" as codified in 8 U.S.C. § 1101(22)(B)—"**(B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.**"

Thornton gives Notice to all parities including *this Court* that it is a Crime to claim that you are "citizen of the United States" if you are not codified under **18 U.S.C. § 911– –Citizen of the United States** "Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined under this title or imprisoned not more than three years, or both," so be forewarned that if *this Court* or the "**UNITED STATES OF AMERICA**" or the agents or officers of the Internal Revenue Service claim that Thornton is a "citizen of the United States" without conclusive and relevant evidence that Thornton will pursue this in other courts.

### V. Conclusion

As there was no "Counsel **for the United States of America**" (Plaintiff) in the Court, therein *flows a fortiori* that the **Proceedings were CON and Ruse,** wherein as a matter of law, the Court is required to Dismiss with prejudice as NO Court can proceed with a "Counsel" for the Plaintiff/Petitioner.

And further, *this Court* has sanctioned Samie "United States of America" being a "sovereign body politic" to proceed against Thornton.

Subject matter jurisdiction can be brought up at time is precedents in the Courts of the United States and the Parties must have Standing Arising under Article III Section 2 to appear in the "District Court of the United States." The "United States of America" has

no Counsel; and further this "United States of America" claims to be a sovereign body politic that is precluding arising under the Constitution of the United States and the constitutions of the several States.

As evidenced, *supra.*, **this Court Does not Arise under Article III Sections 1 and 2 exercising the judicial Power of the United States, but is bastardized court from of the Territory of Hawaii (a territory in title 48 of the 1948 Code) found in 28 U.S.C. 132—Creation and composition of the district courts as evidenced in Attach A— USDC Creation.**

Thornton does give Notice to **this Court** parties that is was held that any Judge is deprived of immunity of being sued evidenced in *Stump v. Sparkman*, 435 U.S. 349, 349 (1978), "(a) A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, **but rather he will be subject to liability only when he has acted in the "clear absence of all jurisdiction,"** *Bradley v. Fisher,* 13 Wall. 335, 351, 20 L.Ed. 646. Pp. 1104-1105."

And further, there is no "injury-in-fact" therein there is no Article III Section 1 and 2 Subject Matter Jurisdiction.

And further, **this Court's** only option is dismiss with prejudice as it lacks both Subject Matter Jurisdiction arising under Article III sections 1 and 2 and it lacks personal jurisdiction of Thornton.

My Hand,

### Certificate of Service.

I certify that this Motion to Dismiss is comprised of 8,024 words in 13 Font in Times New Roman.

I further certify that this Motion and Attachments were delivered personally or mailed First Class prepaid to the following parties, to wit:

**Bahram Samie**
**U.S. Courthouse**
**300 S 4th Street Suite 600**
**Minneapolis, Minneapolis 55415**

Date: April 5th, 2018

_____
Signature

Expedited Motion to Dismiss                    24