

# TITLE 28

# United States Code

## Congressional Service

Pages 1487–2174

80th Congress — 2d Session

## Epochal Legislation

### New

## Title 28 — United States Code
## Judiciary and Judicial Procedure

Approved June 25, 1948
Effective September 1, 1948

WEST PUBLISHING CO.        EDWARD THOMPSON CO.

RECEIVED
APR 05 2018
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

13-mc-87
SRN/TNL

SCANNED
APR 05 2018
U.S. DISTRICT COURT MPLS

**Attachment A - page 1 of 10**



*Congressional Highlights*

WASHINGTON, D. C.

July, 1948

## NEW TITLE 28—UNITED STATES CODE
## JUDICIARY AND JUDICIAL PROCEDURE

Not since 1911 has Congress passed a bill of such epochal importance to the bench and bar as H.R. 3214 revising laws relating to the Federal judiciary and judicial procedure.

This revision of Title 28 of the United States Code ranks in importance with the Judiciary Act of 1789, the Revised Statutes of 1873–74 and the Judicial Code of 1911.

As a special service to those who administer justice from the bench and at the bar, this pamphlet includes the most authoritative and complete legislative history yet published in connection with a Federal law. Special attention is directed to the table of contents in which is enumerated historical and interpretive aids to a study of the new Title 28 as set out in this pamphlet.

### OUTLINE OF HISTORY

Early in 1944 work on the revision of Title 28 was commenced under the direction of the House Committee on Revision of the Laws. The work was done by the West Publishing Company, of St. Paul, Minnesota, and the Edward Thompson Company, of Brooklyn, New York, compilers of the United States Code. The editorial staffs of these two companies were augmented by expert revisers and consultants, and assisted by an Advisory Committee of distinguished judges and lawyers.

A copyrighted Feature of the U. S. Code Congressional Service

### NEW TITLE 28—UNITED STATES CODE

The Advisory Committee held its first meeting at Brooklyn, New York, on February 5, 1945, and reviewed the work then completed which comprised Part I of the proposed title.

On May 28, 1945, the Advisory Committee met at Hershey, Pennsylvania, and reviewed the work then completed which comprised Parts I–IV of the proposed title.

Congressman Keogh, Chairman of the House Committee on Revision of the Laws, introduced H. R. 3498 in the seventy-ninth Congress, on June 19, 1945, incorporating Part I of revised Title 28. The bill was referred to such Committee, but no Committee action was taken.

On December 3, 1945 the Advisory Committee met at Washington, D. C., and reviewed the completed revision.

The fourth and final meeting of the Advisory Committee was held at Washington, D. C., on April 1–3, 1946, at which time further recommendations and proposed changes were reviewed.

On July 24, 1946, Congressman Keogh reported an original bill, H. R. 7124, in the seventy-ninth Congress, containing the completed revision, which was committed to the Committee of the Whole House on the State of the Union. House Report No. 2646, July 24, 1946, to accompany the bill, was printed and issued by the House Committee on Revision of the Laws, but the seventy-ninth Congress ended before any further action was taken.

The late Congressman Robsion, Chairman of Subcommittee No. 1 of the House Judiciary Committee, introduced H. R. 2055 in the Eightieth Congress, a successor bill to H. R. 7124, and incorporating laws enacted subsequently to the introduction of H. R. 7124 in the prior Congress. The bill was referred to the House Judiciary Committee which, in the reorganization of Congressional committees, had absorbed the previous House Committee on Revision of the Laws.

Subcommittee No. 1 of the House Judiciary Committee held a hearing on H. R. 2055, on March 7, 1947.

On April 22, 1947, the House Judiciary Committee reported favorably on H. R. 2055, but recommended a substitute bill, H. R. 3214, incorporating additional changes.

Congressman Robsion introduced H. R. 3214 in the Eightieth Congress on April 25, 1947, which was referred to the House Judiciary Committee, and committed to the Committee of the Whole House on the State of the Union. House Report No. 308, April 25, 1947, to accompany H. R. 3214, 80th Congress, was printed and issued by the House Judiciary Committee.

H. R. 3214, with amendments, was passed in the House on July 7, 1947, and was referred to the Senate Judiciary Committee.

ii

## JUDICIARY AND JUDICIAL PROCEDURE

A subcommittee of the Senate Judiciary Committee, with Senator Donnell of Missouri as Chairman, held hearings on H. R. 3214, on April 22–24, 1948.

On June 9, 1948, the Senate Judiciary Committee reported out H. R. 3214, with amendments, accompanied by Senate Report No. 1559.

The bill, with amendments, was passed by the Senate on June 12, 1948, followed by a motion to reconsider.  The motion to reconsider was withdrawn on June 15, 1948, and on June 16, 1948, the House concurred in the Senate amendments.  As finally passed, the bill incorporated all laws affecting Title 28 up to and including January 5, 1948.

## EFFECTIVE DATE

This new Title 28, United States Code, becomes effective on September 1, 1948.

The following are facsimile signatures appended to
H.R. 3214 — Title 28, United States Code,
Judiciary and Judicial Procedure.

———————

*Speaker of the House of Representatives.*

*President of the Senate pro tempore.*

Approved
June 25 1948

Harry Truman

12:25 P. M. E.D.T.

# United States Code
# Congressional Service

## 80th Congress — Second Session

### 1948

## New

## Title 28, United States Code
## Judiciary and Judicial Procedure

### With
### Official Legislative History
### and
### Reviser's Notes

St. Paul, Minn.              Brooklyn, N. Y.

West Publishing Co.      Edward Thompson Co.

# The Congress

## Laws of 80th Congress
## Second Session

†

xxx

# Title 28, United States Code Judiciary and Judicial Procedure

---

### CHAPTER 646—PUBLIC LAW 773

### AN ACT

**To revise, codify, and enact into law title 28 of the United States Code entitled "Judicial Code and Judiciary".**

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That:

Title 28 of the United States Code, entitled "Judicial Code and Judiciary" is hereby revised, codified, and enacted into law, and may be cited as "Title 28, United States Code, section —", as follows:

## TITLE 28

## JUDICIARY AND JUDICIAL PROCEDURE

| Part | | Sec. |
|---|---|---|
| I. | ORGANIZATION OF COURTS | 1 |
| II. | UNITED STATES ATTORNEYS AND MARSHALS | 501 |
| III. | COURT OFFICERS AND EMPLOYEES | 601 |
| IV. | JURISDICTION AND VENUE | 1251 |
| V. | PROCEDURE | 1651 |
| VI. | PARTICULAR PROCEEDINGS | 2201 |

## PART I—ORGANIZATION OF COURTS

| Chapter | | Sec. |
|---|---|---|
| 1. | Supreme Court | 1 |
| 3. | Courts of appeals | 41 |
| 5. | District courts | 81 |
| 7. | Court of Claims | 171 |
| 9. | Court of Customs and Patent Appeals | 211 |
| 11. | Customs Court | 251 |
| 13. | Assignment of judges to other courts | 291 |
| 15. | Conferences and councils of judges | 331 |
| 17. | Resignation and retirement of judges | 371 |
| 19. | Distribution of reports and digests | 411 |
| 21. | General provisions applicable to courts and judges | 451 |

6 U.S.CONG.SERV. '48—3    **1487**

### § 130. Wisconsin

Wisconsin is divided into two judicial districts to be known as the Eastern and Western districts of Wisconsin.

#### Eastern District

(a) The Eastern District comprises the counties of Brown, Calumet, Dodge, Door, Florence, Fond du Lac, Forest, Green Lake, Kenosha, Kewaunee, Langlade, Manitowoc, Marinette, Marquette, Milwaukee, Oconto, Outagamie, Ozaukee, Racine, Shawano, Sheboygan, Walworth, Washington, Waukesha, Waupaca, Waushara, and Winnebago.

Court for the Eastern District shall be held at Green Bay, Milwaukee, and Oshkosh.

#### Western District

(b) The Western District comprises the counties of Adams, Ashland, Barron, Bayfield, Buffalo, Burnett, Chippewa, Clark, Columbia, Crawford, Dane, Douglas, Dunn, Eau Claire, Grant, Green, Iowa, Iron, Jackson, Jefferson, Juneau, La Crosse, Lafayette, Lincoln, Marathon, Monroe, Oneida, Pepin, Pierce, Polk, Portage, Price, Richland, Rock, Rusk, Saint Croix, Sauk, Sawyer, Taylor, Trempealeau, Vernon, Vilas, Washburn, and Wood.

Court for the Western District shall be held at Eau Claire, La Crosse, Madison, Superior, and Wausau.

### § 131. Wyoming

Wyoming and those portions of Yellowstone National Park situated in Montana and Idaho constitute one judicial district.

Court shall be held at Casper, Cheyenne, Evanston, Lander, and Sheridan.

### § 132. Creation and composition of district courts

(a) There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district.

(b) Each district court shall consist of the district judge or judges for the district in active service. Justices or judges designated or assigned shall be competent to sit as judges of the court.

(c) Except as otherwise provided by law, or rule or order of court, the judicial power of a district court with respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges.

### § 133. Appointment and number of district judges

The President shall appoint, by and with the advice and consent of the Senate, district judges for the several judicial districts, as follows:

### TITLE 28, UNITED STATES CODE

Yellowstone National Park in Montana and Idaho is derived from said section 27. Other provisions of said section are incorporated in sections 631 and 632 of this title.

A provision of section 196 of title 28, U.S.C., 1940 ed., for furnishing rooms and accommodations at Casper was omitted as obsolete, upon advice of the Director of the Administrative Office of the United States Courts that Federal accommodations are now available there.

Provisions of section 196 of title 28, U.S.C., 1940 ed., for appointment of deputies and maintenance of offices by the clerk and marshal were omitted as covered by sections 541, 542, and 751 of this title.

### Section 132—Section Revised

Based on title 28, U.S.C., 1940 ed., § 1, and section 641 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19).

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48, U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation.

Subsection (c) is derived from section 641 of title 48, U.S.C., 1940 ed., which applied only to the Territory of Hawaii. The revised section, by extending it to all districts, merely recognizes established practice.

Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title. The remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title.

### Section 133—Section Revised [5]

Based on title 28, U.S.C., 1940 ed., § 1 and notes; sections 641, 643, 863, and 864 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions; District of Columbia Code, 1940 ed., § 11–301 (Apr. 12, 1900, ch. 191, §§ 34, 35, 31 Stat. 84, 85; Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1901, ch. 854, § 60, 31 Stat. 1199; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; Jan. 7, 1913, ch. 6, 37 Stat. 648; July 30, 1914, ch. 216, 38 Stat. 580; Mar. 3, 1915, ch. 100, § 1, 38 Stat. 961; Apr. 11, 1916, ch. 64, § 1, 39 Stat. 48; Feb. 26, 1917, ch. 120, 39 Stat. 938; Mar. 2, 1917, ch. 145, §§ 41, 42, 39 Stat. 965, 966; Feb. 26, 1919, ch. 50, § 1, 40 Stat. 1183; Mar. 4, 1921, ch. 161, § 1, 41 Stat. 1412; July 9, 1921, ch. 42, § 313, 42 Stat. 119; Sept. 14, 1922, ch. 306, § 1, 42 Stat. 837; Jan. 16, 1925, ch. 83, § 3, 43 Stat. 752; Feb. 12, 1925, ch. 220, 43 Stat. 890; Feb. 13, 1925, ch. 229, §§ 1, 13, 43 Stat. 936, 942; Feb. 16, 1925, ch. 233, §§ 2, 3, 43 Stat. 946; Mar. 2, 1925, ch. 397, §§ 1–3, 43 Stat. 1098; Mar. 3,

[5] Provisions for one district judge in the Southern District of Indiana were inserted in this section by Senate amendment. See Senate Report No. 1559.

## CHAPTER THIRTEEN.

### GENERAL PROVISIONS.

Sec.
289. Circuit courts abolished; records of to be transferred to district courts.
290. Suits pending in circuit courts to be disposed of in district courts.
291. Powers and duties of circuit courts imposed upon district courts.
292. References to laws revised in this act deemed to refer to sections of act.

Sec.
293. Sections 1 to 5, Revised Statutes, to govern construction of this act.
294. Laws revised in this act to be construed as continuations of existing laws.
295. Inference of legislative construction not to be drawn by reason of arrangement of sections.
296. Act may be designated as "The Judicial Code."

SEC. 289. The circuit courts of the United States, upon the taking effect of this Act, shall be, and hereby are, abolished; and thereupon, on said date, the clerks of said courts shall deliver to the clerks of the district courts of the United States for their respective districts all the journals, dockets, books, files, records, and other books and papers of or belonging to or in any manner connected with said circuit courts; and shall also on said date deliver to the clerks of said district courts all moneys, from whatever source received, then remaining in their hands or under their control as clerks of said circuit courts, or received by them by virtue of their said offices. The journals, dockets, books, files, records, and other books and papers so delivered to the clerks of the several district courts shall be and remain a part of the official records of said district courts, and copies thereof, when certified under the hand and seal of the clerk of the district court, shall be received as evidence equally with the originals thereof; and the clerks of the several district courts shall have the same authority to exercise all the powers and to perform all the duties with respect thereto as the clerks of the several circuit courts had prior to the taking effect of this Act.

SEC. 290. All suits and proceedings pending in said circuit courts on the date of the taking effect of this Act, whether originally brought therein or certified thereto from the district courts, shall thereupon and thereafter be proceeded with and disposed of in the district courts in the same manner and with the same effect as if originally begun therein, the record thereof being entered in the records of the circuit courts so transferred as above provided.

SEC. 291. Wherever, in any law not embraced within this Act, any reference is made to, or any power or duty is conferred or imposed upon, the circuit courts, such reference shall, upon the taking effect of this Act, be deemed and held to refer to, and to confer such power and impose such duty upon, the district courts.

SEC. 292. Wherever, in any law not contained within this Act, a reference is made to any law revised or embraced herein, such reference, upon the taking effect hereof, shall be construed to refer to the section of this Act into which has been carried or revised the provision of law to which reference is so made.

SEC. 293. The provisions of sections one to five, both inclusive, of the Revised Statutes, shall apply to and govern the construction of the provisions of this Act. The words "this title," wherever they occur herein, shall be construed to mean this Act.

SEC. 294. The provisions of this Act, so far as they are substantially the same as existing statutes, shall be construed as continuations thereof, and not as new enactments, and there shall be no implication of a change of intent by reason of a change of words in such statute, unless such change of intent shall be clearly manifest.

SEC. 295. The arrangement and classification of the several sections of this Act have been made for the purpose of a more convenient and orderly arrangement of the same, and therefore no infer-

Chapter 13.

General provisions.

Circuit courts abolished.
R. S., secs. 605-672, pp. 107-124.
Transfer of all records, etc., to clerks of district courts.

Delivery of moneys.

To become part of files, etc., of district courts.

Powers transferred to district court clerks.

Pending suits to be continued in district courts.

Circuit courts' powers, etc., conferred upon district courts.

References to laws revised in this act.

Construction of words, etc.
R. S., secs. 1-5, p. 1, 2.

Existing laws continued by this act.

Legislative construction not presumed from arrangement of sections.

ence or presumption of a legislative construction is to be drawn by reason of the chapter under which any particular section is placed.

Title of Act.

Sec. 296. This Act may be designated and cited as "The Judicial Code."

Chapter 14.

## CHAPTER FOURTEEN.

Repealing provisions.

### REPEALING PROVISIONS.

| Sec. | | Sec. | |
| --- | --- | --- | --- |
| 297. | Sections, acts, and parts of acts repealed. | 300. | Offenses committed, and penalties, forfeitures, and liabilities incurred, how to be prosecuted and enforced. |
| 298. | Repeal not to affect tenure of office, or salary, or compensation of incumbents, etc. | 301. | Date this act shall be effective. |
| 299. | Accrued rights, etc., not affected. | | |

Laws repealed. Revised Statutes.

Secs. 530–560, pp. 89–94.
Secs. 562–584, pp. 94–96.
Secs. 567–627, pp. 97–109.
Secs. 629–647, pp. 110–117.
Secs. 650–697, pp. 118–130.
Sec. 699, p. 130.
Secs. 702–714, pp. 131–135.
Secs. 716–720, pp. 136, 137.
Sec. 723, p. 137.
Secs. 725–749, pp. 137–141.
Secs. 800–822, pp. 150–153.
Secs. 1049–1088, pp. 194–200.
Secs. 1091–1093, p. 200.

SEC. 297. The following sections of the Revised Statutes and Acts and parts of Acts are hereby repealed:

Sections five hundred and thirty to five hundred and sixty, both inclusive; sections five hundred and sixty-two to five hundred and sixty-four, both inclusive; sections five hundred and sixty-seven to six hundred and twenty-seven, both inclusive; sections six hundred and twenty-nine to six hundred and forty-seven, both inclusive; sections six hundred and fifty to six hundred and ninety-seven, both inclusive; section six hundred and ninety-nine; sections seven hundred and two to seven hundred and fourteen, both inclusive; sections seven hundred and sixteen to seven hundred and twenty, both inclusive; section seven hundred and twenty-three; sections seven hundred and twenty-five to seven hundred and forty-nine, both inclusive; sections eight hundred to eight hundred and twenty-two, both inclusive; sections ten hundred and forty-nine to ten hundred and eighty-eight, both inclusive; sections ten hundred and ninety-one to ten hundred and ninety-three, both inclusive, of the Revised Statutes.

Removals from State courts. Vol. 18, p. 470.

"An Act to determine the jurisdiction of circuit courts of the United States and to regulate the removal of causes from State courts, and for other purposes," approved March third, eighteen hundred and seventy-five.

Juries in polygamy trials. Vol. 22, p. 31. Exceptions. Vol. 24, pp. 636, 641.

Section five of an Act entitled "An Act to amend section fifty-three hundred and fifty-two of the Revised Statutes of the United States, in reference to bigamy, and for other purposes," approved March twenty-second, eighteen hundred and eighty-two; but sections six, seven, and eight of said Act, and sections one, two, and twenty-six of an Act entitled "An Act to amend an Act entitled 'An Act to amend section fifty-three hundred and fifty-two of the Revised Statutes of the United States, in reference to bigamy, and for other purposes,' approved March twenty-second, eighteen hundred and eighty-two," approved March third, eighteen hundred and eighty-seven, are hereby continued in force.

Bowman Act. Vol. 22, p. 485.

"An Act to afford assistance and relief to Congress and the executive departments in the investigation of claims and demands against the Government," approved March third, eighteen hundred and eighty-three.

Appeals from District of Columbia and Territorial courts. Vol. 23, p. 443.

"An Act regulating appeals from the supreme court of the District of Columbia and the supreme courts of the several Territories," approved March third, eighteen hundred and eighty-five.

Tucker Act. Vol. 24, p. 505. Exceptions.

"An Act to provide for the bringing of suits against the Government of the United States," approved March third, eighteen hundred and eighty-seven, except sections four, five, six, seven, and ten thereof.

Removals from State courts, etc. Vol. 25, p. 433. Vol. 24, p. 552. Vol. 18, p. 470.

Sections one, two, three, four, six, and seven of an Act entitled "An Act to correct the enrollment of an Act approved March third, eighteen hundred and eighty-seven, entitled 'An Act to amend sections one, two, three, and ten of an Act to determine the jurisdiction of

the circuit courts of the United States, and to regulate the removal of causes from State courts, and for other purposes,' approved March third, eighteen hundred and seventy-five," approved August thirteenth, eighteen hundred and eighty-eight.

"An Act to withdraw from the Supreme Court jurisdiction of criminal cases not capital and confer the same on the circuit courts of appeals," approved January twentieth, eighteen hundred and ninety-seven. *Criminal cases withdrawn from Supreme Court. Vol. 29, p. 492.*

"An Act to amend sections one and two of the Act of March third, eighteen hundred and eighty-seven, Twenty-fourth Statutes at Large, chapter three hundred and fifty-nine," approved June twenty-seventh, eighteen hundred and ninety-eight. *Suits for official services. Vol. 30, p. 494.*

"An Act to amend the seventh section of the Act entitled 'An Act to establish circuit courts of appeals and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes,' approved March third, eighteen hundred and ninety-one, and the several Acts amendatory thereto," approved April fourteenth, nineteen hundred and six. *Appeals in interlocutory orders. Vol. 34, p. 116. Vol. 26, p. 828.*

All Acts and parts of Acts authorizing the appointment of United States circuit or district judges, or creating or changing judicial circuits, or judicial districts or divisions thereof, or fixing or changing the times or places of holding court therein, enacted prior to February first, nineteen hundred and eleven. *Acts prior to February 1, 1911, relating to judges, districts, terms, etc.*

Sections one, two, three, four, five, the first paragraph of section six, and section seventeen of an Act entitled "An Act to create a commerce court, and to amend an Act entitled 'An Act to regulate commerce,' approved February fourth, eighteen hundred and eighty-seven, as heretofore amended, and for other purposes," approved June eighteenth, nineteen hundred and ten. *Commerce Court. Ante, pp. 539-544, 577. Vol. 34, p. 584.*

Also all other Acts and parts of Acts, in so far as they are embraced within and superseded by this Act, are hereby repealed; the remaining portions thereof to be and remain in force with the same effect and to the same extent as if this Act had not been passed. *Acts superseded hereby. Portions not affected continued.*

SEC. 298. The repeal of existing laws providing for the appointment of judges and other officers mentioned in this Act, or affecting the organization of the courts, shall not be construed to affect the tenure of office of the incumbents (except the office be abolished), but they shall continue to hold their respective offices during the terms for which appointed, unless removed as provided by law; nor (except the office be abolished) shall such repeal affect the salary or fees or compensation of any officer or person holding office or position by virtue of any law. *Effect on tenure of office of present incumbents.*

SEC. 299. The repeal of existing laws, or the amendments thereof, embraced in this Act, shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included within, the provisions of this Act, pending at the time of the taking effect of this Act, but all such suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made. *Pending suits, etc., not affected.*

SEC. 300. All offenses committed, and all penalties, forfeitures, or liabilities incurred prior to the taking effect hereof, under any law embraced in, amended, or repealed by this Act, may be prosecuted and punished, or sued for and recovered, in the district courts, in the same manner and with the same effect as if this Act had not been passed. *Prosecution of prior offenses, etc.*

SEC. 301. This Act shall take effect and be in force on and after January first, nineteen hundred and twelve. *In effect January 1, 1912.*

Approved, March 3, 1911.

## CHAPTER SIX.

### CIRCUIT COURTS OF APPEALS.

Chapter 6.

Circuit courts of appeals.

Sec.
116. Circuits.
117. Circuit courts of appeals.
118. Circuit judges.
119. Allotment of justices to the circuits.
120. Chief justice and associate justices of Supreme Court, and district judges, may sit in circuit court of appeals.
121. Justices allotted to circuits, how designated.
122. Seals, forms of process, and rules.
123. Marshals.
124. Clerks.
125. Deputy clerks; appointment and removal.
126. Terms.
127. Rooms for court, how provided.
128. Jurisdiction; when judgment final.

Sec.
129. Appeals in proceedings for injunctions and receivers.
130. Appellate and supervisory jurisdiction under the bankrupt act.
131. Appeals from the United States court for China.
132. Allowance of appeals, etc.
133. Writs of error and appeals from the supreme courts of Arizona and New Mexico.
134. Writs of error and appeals from district court for Alaska to circuit court of appeals for ninth circuit; court may certify questions to the Supreme Court.
135. Appeals and writs of error from Alaska; where heard.

SEC. 116. There shall be nine judicial circuits of the United States, constituted as follows:

First. The first circuit shall include the districts of Rhode Island, Massachusetts, New Hampshire, and Maine.

Second. The second circuit shall include the districts of Vermont, Connecticut, and New York.

Third. The third circuit shall include the districts of Pennsylvania, New Jersey, and Delaware.

Fourth. The fourth circuit shall include the districts of Maryland, Virginia, West Virginia, North Carolina, and South Carolina.

Fifth. The fifth circuit shall include the districts of Georgia, Florida, Alabama, Mississippi, Louisiana, and Texas.

Sixth. The sixth circuit shall include the districts of Ohio, Michigan, Kentucky, and Tennessee.

Seventh. The seventh circuit shall include the districts of Indiana, Illinois, and Wisconsin.

Eighth. The eighth circuit shall include the districts of Nebraska, Minnesota, Iowa, Missouri, Kansas, Arkansas, Colorado, Wyoming, North Dakota, South Dakota, Utah, and Oklahoma.

Ninth. The ninth circuit shall include the districts of California, Oregon, Nevada, Washington, Idaho, Montana, and Hawaii.

SEC. 117. There shall be in each circuit a circuit court of appeals, which shall consist of three judges, of whom two shall constitute a quorum, and which shall be a court of record, with appellate jurisdiction, as hereinafter limited and established.

SEC. 118. There shall be in the second, seventh, and eighth circuits, respectively, four circuit judges, in the fourth circuit, two circuit judges, and in each of the other circuits, three circuit judges, to be appointed by the President, by and with the advice and consent of the Senate. They shall be entitled to receive a salary at the rate of seven thousand dollars a year, each, payable monthly. Each circuit judge shall reside within his circuit.

SEC. 119. The Chief Justice and associate justices of the Supreme Court shall be allotted among the circuits by an order of the court, and a new allotment shall be made whenever it becomes necessary or convenient by reason of the alteration of any circuit, or of the new appointment of a Chief Justice or associate justice, or otherwise. If a new allotment becomes necessary at any other time than during

Circuits constituted.

First.

Second.

Third.

Fourth.

Fifth.

Sixth.

Seventh.

Eighth.

Ninth.

Circuit courts of appeals.
Vol. 26, p. 826.

Circuit judges authorized.

Salary; residence.

Allotment of justices to circuits.
R. S., secs. 606, 618, pp. 107, 108.

**1132** SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

a term, it shall be made by the Chief Justice, and shall be binding until the next term and until a new allotment by the court. Whenever, by reason of death or resignation, no justice is allotted to a circuit, the Chief Justice may, until a justice is regularly allotted thereto, temporarily assign a justice of another circuit to such circuit.

**Supreme Court justices and district judges may sit in courts of appeals.**
**Vol. 26, p. 827.**
**Presiding judge.**
Sec. 120. The Chief Justice and the associate justices of the Supreme Court assigned to each circuit, and the several district judges within each circuit, shall be competent to sit as judges of the circuit court of appeals within their respective circuits. In case the Chief Justice or an associate justice of the Supreme Court shall attend at any session of the circuit court of appeals, he shall preside. In the absence of such Chief Justice, or associate justice, the circuit judges in attendance upon the court shall preside in the order of the seniority of their respective commissions. In case the full court at any time shall not be made up by the attendance of the Chief Justice or the associate justice, and the circuit judges, one or more district judges within the circuit shall sit in the court according to such order or provision among the district judges as either by general or particular assignment shall be designated by the court: *Provided,* That no judge before whom a cause or question may have been tried or heard in a district court, or existing circuit court, shall sit on the trial or hearing of such cause or question in the circuit court of appeals.

**Proviso.**
**Disqualification of judge.**

**Designation of terms.**
**R. S., sec. 605, p. 107.**
Sec. 121. The words "circuit justice" and "justice of a circuit," when used in this title, shall be understood to designate the justice of the Supreme Court who is allotted to any circuit; but the word "judge," when applied generally to any circuit, shall be understood to include such justice.

**Seals, forms of process, etc.**
**Vol. 26, p. 827.**
Sec. 122. Each of said circuit courts of appeals shall prescribe the form and style of its seal, and the form of writs and other process and procedure as may be conformable to the exercise of its jurisdiction; and shall have power to establish all rules and regulations for the conduct of the business of the court within its jurisdiction as conferred by law.

**Service by district marshals.**
**Vol. 27, p. 222.**
Sec. 123. The United States marshals in and for the several districts of said courts shall be the marshals of said circuit courts of appeals, and shall exercise the same powers and perform the same duties, under the regulations of the court, as are exercised and performed by the marshal of the Supreme Court of the United States, so far as the same may be applicable.

**Clerks.**
**Vol. 26, p. 826.**
Sec. 124. Each court shall appoint a clerk, who shall exercise the same powers and perform the same duties in regard to all matters within its jurisdiction, as are exercised and performed by the clerk of the Supreme Court, so far as the same may be applicable.

**Deputy clerks.**
**Ante, p. 895.**
Sec. 125. The clerk of the circuit court of appeals for each circuit may, with the approval of the court, appoint such number of deputy clerks as the court may deem necessary. Such deputies may be removed at the pleasure of the clerk appointing them, with the approval of the court. In case of the death of the clerk his deputy or deputies shall, unless removed by the court, continue in office and perform the duties of the clerk in his name until a clerk is appointed and has qualified; and for the defaults or misfeasances in office of any such deputy, whether in the lifetime of the clerk or after his death, the clerk and his estate and the sureties on his official bond shall be liable, and his executor or administrator shall have such remedy for such defaults or misfeasances committed after his death as the clerk would be entitled to if the same had occurred in his lifetime.

**Terms.**
**Vol. 26, p. 827.**
Sec. 126. A term shall be held annually by the circuit courts of appeals in the several judicial circuits at the following places, and at such times as may be fixed by said courts, respectively: In the first circuit, in Boston; in the second circuit, in New York; in the third circuit, in Philadelphia; in the fourth circuit, in Richmond; in the

fifth circuit, in New Orleans, Atlanta, Fort Worth, and Montgomery; in the sixth circuit, in Cincinnati; in the seventh circuit, in Chicago; in the eighth circuit, in Saint Louis, Denver or Cheyenne, and Saint Paul; in the ninth circuit, in San Francisco, and each year in two other places in said circuit to be designated by the judges of said court; and in each of the above circuits, terms may be held at such other times and in such other places as said courts, respectively, may from time to time designate: *Provided*, That terms shall be held in Atlanta on the first Monday in October, in Fort Worth on the first Monday in November, in Montgomery on the third Monday in October, in Denver or in Cheyenne on the first Monday in September, and in Saint Paul on the first Monday in May. All appeals, writs of error, and other appellate proceedings which may be taken or prosecuted from the district courts of the United States in the State of Georgia, in the State of Texas, and in the State of Alabama, to the circuit court of appeals for the fifth judicial circuit shall be heard and disposed of, respectively, by said court at the terms held in Atlanta, in Fort Worth, and in Montgomery, except that appeals or writs of error in cases of injunctions and in all other cases which, under the statutes and rules, or in the opinion of the court, are entitled to be brought to a speedy hearing may be heard and disposed of wherever said court may be sitting. All appeals, writs of errors, and other appellate proceedings which may hereafter be taken or prosecuted from the district court of the United States at Beaumont, Texas, to the circuit court of appeals for the fifth circuit, shall be heard and disposed of by the said circuit court of appeals at the terms of court held at New Orleans: *Provided*, That nothing herein shall prevent the court from hearing appeals or writs of error wherever the said courts shall sit, in cases of injunctions and in all other cases which, under the statutes and the rules, or in the opinion of the court, are entitled to be brought to a speedy hearing. All appeals, writs of error, and other appellate proceedings which may be taken or prosecuted from the district courts of the United States in the States of Colorado, Utah, and Wyoming, and the supreme court of the Territory of New Mexico to the circuit court of appeals for the eighth judicial circuit, shall be heard and disposed of by said court at the terms held either in Denver or in Cheyenne, except that any case arising in any of said States or Territory may, by consent of all the parties, be heard and disposed of at a term of said court other than the one held in Denver or Cheyenne.

SEC. 127. The marshals for the several districts in which said circuit courts of appeals may be held shall, under the direction of the Attorney General, and with his approval, provide such rooms in the public buildings of the United States as may be necessary for the business of said courts, and pay all incidental expenses of said court, including criers, bailiffs, and messengers: *Provided*, That in case proper rooms can not be provided in such buildings, then the marshals, with the approval of the Attorney General, may, from time to time, lease such rooms as may be necessary for such courts.

SEC. 128. The circuit courts of appeals shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the district courts, including the United States district court for Hawaii, in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court, as provided in section two hundred and thirty-eight, unless otherwise provided by law; and, except as provided in sections two hundred and thirty-nine and two hundred and forty, the judgments and decrees of the circuit courts of appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy being aliens and citizens of the United States, or citizens of different States: also in all cases arising under the patent

*Proviso.*
Designated terms.

Proceedings in Georgia, Texas, and Alabama.
Vol. 32, pp. 648, 756, 764.

Appeals from court at Beaumont, Tex., to New Orleans.
Vol. 38, p. 69.

Hearings at Denver and Cheyenne.
Vol. 32, p. 329.

Court rooms in public buildings.
Vol. 26, p. 829.

*Proviso.*
Leases permitted.

Jurisdiction.
Vol. 26, p. 826.

*Post,* p. 1157.

Decision final.
Exceptions.
*Post,* p. 1157.

**1134**      SIXTY-FIRST CONGRESS.   Sess. III.   Ch. 231.   1911.

laws, under the copyright laws, under the revenue laws, and under the criminal laws, and in admiralty cases.

Appeals in proceedings for injunctions or receivers.
Vol. 26, p. 828; Vol. 28, p. 666; Vol. 31, p. 660; Vol. 34, p. 116.

SEC. 129. Where upon a hearing in equity in a district court, or by a judge thereof in vacation, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused, or an interlocutory order or decree shall be made appointing a receiver, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve, an injunction, or appointing a receiver, to the circuit court of appeals, notwithstanding an appeal in such case might, upon final decree under the statutes regulating the same, be taken directly to the Supreme Court: *Provided*, That the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court, or the appellate court, or a judge thereof, during the pendency of such appeal: *Provided, however*, That the court below may, in its discretion, require as a condition of the appeal an additional bond.

*Proviso.*
Precedence of appeal.

Additional bond.

Appeals in bankruptcy.
Vol. 30, p. 553.

SEC. 130. The circuit courts of appeals shall have the appellate and supervisory jurisdiction conferred upon them by the Act entitled "An Act to establish a uniform system of bankruptcy throughout the United States," approved July first, eighteen hundred and ninety-eight, and all laws amendatory thereof, and shall exercise the same in the manner therein prescribed.

Review of decisions of United States court for China.
Vol. 34, p. 814.

SEC. 131. The circuit court of appeals for the ninth circuit is empowered to hear and determine writs of error and appeals from the United States court for China, as provided in the Act entitled "An Act creating a United States court for China and prescribing the jurisdiction thereof," approved June thirtieth, nineteen hundred and six.

Powers of judges.
Vol. 26, p. 829.

SEC. 132. Any judge of a circuit court of appeals, in respect of cases brought or to be brought before that court, shall have the same powers and duties as to allowances of appeals and writs of error, and the conditions of such allowances, as by law belong to the justices or judges in respect of other courts of the United States, respectively.

Appeals, etc., from Arizona and New Mexico supreme courts.
Vol. 26, p. 830.

SEC. 133. The circuit courts of appeals, in cases in which their judgments and decrees are made final by this title, shall have appellate jurisdiction, by writ of error or appeal, to review the judgments, orders, and decrees of the supreme courts of Arizona and New Mexico, as by this title they may have to review the judgments, orders, and decrees of the district courts; and for that purpose said Territories shall, by orders of the Supreme Court of the United States, to be made from time to time, be assigned to particular circuits.

Review of decisions of Alaska district court.
Vol. 30, p. 1207.
*Post,* p. 1157.

SEC. 134. In all cases other than those in which a writ of error or appeal will lie direct to the Supreme Court of the United States as provided in section two hundred and forty-seven, in which the amount involved or the value of the subject-matter in controversy shall exceed five hundred dollars, and in all criminal cases, writs of error and appeals shall lie from the district court for Alaska or from any division thereof, to the circuit court of appeals for the ninth circuit, and the judgments, orders, and decrees of said court shall be final in all such cases. But whenever such circuit court of appeals may desire the instruction of the Supreme Court of the United States upon any question or proposition of law which shall have arisen in any such case, the court may certify such question or proposition to the Supreme Court, and thereupon the Supreme Court shall give its instruction upon the question or proposition certified to it, and its instructions shall be binding upon the circuit court of appeals.

Certifying questions to Supreme Court.

Sec. 135. All appeals, and writs of error, and other cases, coming from the district court for the district of Alaska to the circuit court of appeals for the ninth circuit, shall be entered upon the docket and heard at San Francisco, California, or at Portland, Oregon, or at Seattle, Washington, as the trial court before whom the case was tried below shall fix and determine: *Provided,* That at any time before the hearing of any appeal, writ of error, or other case, the parties thereto, through their respective attorneys, may stipulate at which of the above-named places the same shall be heard, in which case the case shall be remitted to and entered upon the docket at the place so stipulated and shall be heard there.

*Appeals at San Francisco, Portland, or Seattle.*
*Vol. 35, p. 585.*

*Proviso.*
*Agreement of attorneys.*

## CHAPTER SEVEN.

*Chapter 7.*

### THE COURT OF CLAIMS.

*Court of Claims.*

Sec.
136. Appointment, oath, and salary of judges.
137. Seal.
138. Session; quorum.
139. Officers of the court.
140. Salaries of officers.
141. Clerk's bond.
142. Contingent fund.
143. Reports to Congress; copies for departments, etc.
144. Members of Congress not to practice in the court.
145. Jurisdiction.
    Par. 1. Claims against the United States.
    2. Set-offs.
    3. Disbursing officers.
146. Judgments for set-off or counterclaims; how enforced.
147. Decree on accounts of disbursing officers.
148. Claims referred by departments.
149. Procedure in cases transmitted by departments.
150. Judgments in cases transmitted by departments; how paid.
151. Either House of Congress may refer certain claims to court.
152. Costs may be allowed prevailing party.
153. Claims growing out of treaties not cognizable therein.
154. Claims pending in other courts.
155. Aliens.
156. All claims to be filed within six years; exceptions.
157. Rules of practice; may punish contempts.
158. Oaths and acknowledgments.
159. Petitions and verification.

Sec.
160. Petition dismissed, when.
161. Burden of proof and evidence as to loyalty.
162. Claims for proceeds arising from sales of abandoned property.
163. Commissioners to take testimony.
164. Power to call upon departments for information.
165. When testimony not to be taken.
166. Examination of claimant.
167. Testimony; where taken.
168. Witnesses before commissioners.
169. Cross-examinations.
170. Witnesses; how sworn.
171. Fees of commissioners, by whom paid.
172. Claims forfeited for fraud.
173. Claims under act of June 16, 1874.
174. New trial on motion of claimant.
175. New trial on motion of United States.
176. Cost of printing record.
177. No interest on claims.
178. Effect of payment of judgment.
179. Final judgments a bar.
180. Debtors to the United States may have amount due ascertained.
181. Appeals.
182. Appeals in Indian cases.
183. Attorney General's report to Congress.
184. Loyalty a jurisdictional fact in certain cases.
185. Attorney General to appear for the defense.
186. Persons not to be excluded as witnesses on account of color or because of interest; plaintiff may be witness for Government.
187. Reports of court to Congress.

Sec. 136. The Court of Claims, established by the Act of February twenty-fourth, eighteen hundred and fifty-five, shall be continued. It shall consist of a chief justice and four judges, who shall be appointed by the President, by and with the advice and consent of the Senate, and hold their offices during good behavior. Each of them shall take an oath to support the Constitution of the United States, and to discharge faithfully the duties of his office. The chief justice shall be entitled to receive an annual salary of six thousand five hundred dollars, and each of the other judges an annual salary of six thousand dollars, payable monthly, from the Treasury.

*Constituted of chief justice and four judges.*
*R. S., sec. 1049, p. 194.*

*Oath.*

*Salaries.*

**54**     SEVENTIETH CONGRESS.  Sess. I.  Chs. 14–16.  1928.

January 31, 1928.
[S. 1801.]
[Public, No. 10.]
United States courts.
Writs of error abolished, and appeals substituted therefor.

**CHAP. 14.**—An Act In reference to writs of error.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the writ of error in cases, civil and criminal, is abolished. All relief which heretofore could be obtained by writ of error shall hereafter be obtainable by appeal.

Procedure in appeal cases.
*Post,* p. 466.

Sec. 2. That in all cases where an appeal may be taken as of right it shall be taken by serving upon the adverse party or his attorney of record, and by filing in the office of the clerk with whom the order appealed from is entered, a written notice to the effect that the appellant appeals from the judgment or order or from a specified part thereof. No petition of appeal or allowance of an appeal shall be required: *Provided, however,* That the review of judgments of State courts of last resort shall be petitioned for and allowed in the same form as now provided by law for writs of error to such courts.

*Proviso.*
Review of judgments of State courts as by writ of error.

Approved, January 31, 1928.

---

February 1, 1928.
[S. 1798.]
[Public, No. 11.]

**CHAP. 15.**—An Act Concerning actions on account of death or personal injury within places under the exclusive jurisdiction of the United States.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That in the case of the death of any person by the neglect or wrongful act of another within a national park or other place subject to the exclusive jurisdiction of the United States, within the exterior boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State within whose exterior boundaries such place may be; and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be.

National Parks, etc.
Actions for death or personal injury within, to be brought in courts of State where located.

Approved, February 1, 1928.

---

February 3, 1928.
[H. R. 5547.]
[Public, No. 12.]

**CHAP. 16.**—An Act Granting the consent of Congress to the city of Saint Joseph in the State of Missouri, or its assigns, to construct a bridge and approaches thereto across the Missouri River between the States of Missouri and Kansas.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the consent of Congress is hereby granted to the city of Saint Joseph, in the county of Buchanan and State of Missouri, a municipal corporation duly organized and existing under and by virtue of the laws of the State of Missouri, relative to cities of the first class, to construct, maintain, and operate a free highway bridge and approaches thereto across the Missouri River at a point suitable to the interests of navigation, between a point in Buchanan County, State of Missouri, and a point opposite in Doniphan County, State of Kansas, in accordance with the provisions of an Act entitled "An Act to regulate the construction of bridges over navigable waters," approved March 23, 1906.

Missouri River.
Saint Joseph, Mo., may bridge, between Buchanan County, Mo., and Doniphan County Kans.

Construction.
Vol. 34, p. 84.

Sec. 2. There is hereby conferred upon the city of Saint Joseph, its successors and assigns, all such rights and powers to enter upon lands and to acquire, condemn, occupy, possess, and use real estate and other property needed for the location, construction, operation and maintenance of such bridge and its approaches, as are possessed by railroad corporations for railroad purposes or by bridge corpora-

Right to acquire real estate, etc., for location, approaches, etc.

**Attachment D- page 1 of 1**

470   FORTY-THIRD CONGRESS. SESS. II. CH. 136. 137. 1875.

Secretary may require appeal from judgment of inferior court.

or decision, and from which the Attorney-General shall certify that no appeal or writ of error will be taken by the United States: *Provided*, That the Secretary of the Treasury may in his discretion, decline to acquiesce in the judgment, decision, or ruling of an inferior court upon any question affecting the interests of the United States, when, in his opinion, such interests require a final adjudication of such question by the court of last resort.

Regulations in pursuance of this act.

SEC. 3. That the Secretary of the Treasury shall have power to make such regulations, not inconsistent with law, as may be necessary to carry this act into effect.

Annual statement of moneys refunded.

SEC. 4. That the Secretary of the Treasury shall, in his annual report to Congress, give a detailed statement of the various sums of money refunded under the provisions of this act or of any other act of Congress relating to the revenue, together with copies of the rulings under which repayments were made: *Provided*, That in all cases where the Secretary of the Treasury shall so request the Attorney-General shall take an appeal to the Supreme Court.

Appeals to Supreme Court on request of Secretary.

Approved, March 3, 1875.

---

March 3, 1875.

**CHAP. 137.**—An act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from State courts, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different States or a controversy between citizens of the same State claiming lands under grants of different States, or a controversy between citizens of a State and foreign states, citizens, or subjects; and shall have exclusive cognizance of all crimes and offenses cognizable under the authority of the United States, except as otherwise provided by law, and concurrent jurisdiction with the district courts of the crimes and offenses cognizable therein. But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court. And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding, except as hereinafter provided; nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange. And the circuit courts shall also have appellate jurisdiction from the district courts under the regulations and restrictions prescribed by law.

Original jurisdiction of circuit courts, concurrent with State courts.
Cases under laws, &c., of United States.

Between citizens of different States.
Lands under grants of different States.
Exclusive jurisdiction.

No arrest in one district for trial in another.
Suit only in district where defendant is inhabitant, or is found, except, &c.

Suit on contracts by assignees; how limited.

Appeal from district court.

What causes removable from State court to circuit courts, and by whom.

SEC. 2. That any suit of a civil nature, at law or in equity, now pending or hereafter brought in any State court where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States shall be plaintiff or petitioner, or in which there shall be a controversy between citizens of different States, or a controversy between citizens of the same State claiming lands under grants of different States, or a controversy between citizens of a State and foreign

**Attachment E - page 1 of 4**

States, citizens, or subjects, either party may remove said suit into the circuit court of the United States for the proper district. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district.

Sec. 3. That whenever either party, or any one or more of the plaintiffs or defendants entitled to remove any suit mentioned in the next preceding section shall desire to remove such suit from a State court to the circuit court of the United States, he or they may make and file a petition in such suit in such State court before or at the term at which said cause could be first tried and before the trial thereof for the removal of such suit into the circuit court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court, on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said circuit court, if said court shall hold that such suit was wrongfully or improperly removed thereto, and also for there appearing and entering special bail in such suit, if special bail was originally requisite therein, it shall then be the duty of the State court to accept said petition and bond, and proceed no further in such suit, and any bail that may have been originally taken shall be discharged; and the said copy being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court; and if in any action commenced in a State court the title of land be concerned, and the parties are citizens of the same State, and the matter in dispute exceed the sum or value of five hundred dollars, exclusive of costs, the sum or value being made to appear, one or more of the plaintiffs or defendants, before the trial, may state to the court, and make affidavit, if the court require it, that he or they claim and shall rely upon a right or title to the land under a grant from a State, and produce the original grant, or an exemplification of it, except where the loss of public records shall put it out of his or their power, and shall move that any one or more of the adverse party inform the court whether he or they claim a right or title to the land under a grant from some other State, the party or parties so required shall give such information, or otherwise not be allowed to plead such grant, or give it in evidence upon the trial; and if he or they inform that he or they do claim under such grant, any one or more of the party moving for such information may then, on petition and bond as hereinbefore mentioned in this act, remove the cause for trial to the circuit court of the United States next to be holden in such district; and any one of either party removing the cause shall not be allowed to plead or give evidence of any other title than that by him or them stated as aforesaid as the ground of his or their claim, and the trial of issues of fact in the circuit courts shall, in all suits except those of equity and of admiralty and maritime jurisdiction, be by jury.

Sec. 4. That when any suit shall be removed from a State court to a circuit court of the United States, any attachment or sequestration of the goods or estate of the defendant had in such suit in the State court shall hold the goods or estate so attached or sequestered to answer the final judgment or decree in the same manner as by law they would have been held to answer final judgment or decree had it been rendered by the court in which such suit was commenced; and all bonds, undertakings, or security given by either party in such suit prior to its removal shall remain valid and effectual, notwithstanding said removal; and all injunctions, orders, and other proceedings had in such suit prior to its removal shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed.

*Side notes:*
Petition for removal.
When petition to be filed.
Bond of petitioner for removal.
State court to proceed no further.
Cause to proceed in circuit court; how.
Removal of cases concerning title to land between citizens of same State; proceedings.
Proof of title in circuit court.
Continuation of attachments, bonds, injunctions, &c.

**Attachment E - page 2 of 4**

Dismissal or remanding, by circuit court, of causes improperly brought in or removed to circuit court.

SEC. 5. That if, in any suit commenced in a circuit court or removed from a State court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed as justice may require, and shall make such order as to costs as shall be just; but the order of said circuit court dismissing or remanding said cause to the State court shall be reviewable by the Supreme Court on writ of error or appeal, as the case may be.

Review, in Supreme Court, of order dismissing or remanding cause.

Circuit court to proceed as if cause originally brought there.

SEC. 6. That the circuit court of the United States shall, in all suits removed under the provisions of this act, proceed therein as if the suit had been originally commenced in said circuit court, and the same proceedings had been taken in such suit in said circuit court as shall have been had therein in said State court prior to its removal.

Time for filing record in circuit court.

SEC. 7. That in all causes removable under this act, if the term of the circuit court to which the same is removable, then next to be holden, shall commence within twenty days after filing the petition and bond in the State court for its removal, then he or they who apply to remove the same shall have twenty days from such application to file said copy of record in said circuit court, and enter appearance therein; and if done within said twenty days, such filing and appearance shall be taken to satisfy the said bond in that behalf; that if the clerk of the State court in which any such cause shall be pending, shall refuse to any one or more of the parties or persons applying to remove the same, a copy of the record therein, after tender of legal fees for such copy, said clerk so offending shall be deemed guilty of a misdemeanor, and, on conviction thereof in the circuit court of the United States to which said action, or proceeding was removed, shall be punished by imprisonment not more than one year, or by fine not exceeding one thousand dollars, or both in the discretion of the court.

Refusal of clerk of State court to furnish copy of record.

Punishment.

Certiorari to State court to return record.

And the circuit court to which any cause, shall be removable under this act shall have power to issue a writ of certiorari to said State court commanding said State court to make return of the record in any such cause removed as aforesaid, or in which any one or more of the plaintiffs or defendants have complied with the provisions of this act for the removal of the same, and enforce said writ according to law; and if it shall be impossible for the parties or persons removing any cause under this act, or complying with the provisions for the removal thereof, to obtain such copy, for the reason that the clerk of said State court refuses to furnish a copy, on payment of legal fees, or for any other reason, the circuit court shall make an order requiring the prosecutor in any such action or proceeding to enforce forfeiture or recover penalty as aforesaid, to file a copy of the paper or proceeding by which the same was commenced, within such time as the court may determine; and in default thereof the court shall dismiss the said action or proceeding; but if said order shall be complied with, then said circuit-court shall require the other party to plead, and said action, or proceeding shall proceed to final judgment; and the said circuit court may make an order requiring the parties thereto to plead de novo; and the bond given, conditioned as aforesaid, shall be discharged so far as it requires copy of the record to be filed as aforesaid.

Proceedings when record not filed by reason of refusal of clerk, &c.

How absent defendants brought in in suits to enforce or remove liens, &c., on property.

SEC. 8. That when in any suit, commenced in any circuit court of the United States, to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the said district, or shall not voluntarily appear thereto, it shall

be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur, by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks; and in case such absent defendant shall not appear, plead, answer, or demur within the time so limited, or within some further time, to be allowed by the court, in its discretion, and upon proof of the service or publication of said order, and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district. And when a part of the said real or personal property against which such proceeding shall be taken shall be within another district, but within the same State, said suit may be brought in either district in said State; *Provided, however,* That any defendant or defendants not actually personally notified as above provided may, at any time within one year after final judgment in any suit mentioned in this section, enter his appearance in said suit in said circuit court, and thereupon the said court shall make an order setting aside the judgment therein, and permitting said defendant or defendants to plead therein on payment by him or them of such costs as the court shall deem just; and thereupon said suit shall be proceeded with to final judgment according to law.

*Proceedings after publication, &c.*

*Effect of judgment, &c., against absent defendant.*

*Where property, partly in one and partly in another district of same State.*

*Judgment to be set aside within one year when defendant not actually notified.*

SEC. 9. That whenever either party to a final judgment or decree which has been or shall be rendered in any circuit court has died or shall die before the time allowed for taking an appeal or bringing a writ of error has expired, it shall not be necessary to revive the suit by any formal proceedings aforesaid. The representative of such deceased party may file in the office of the clerk of such circuit court a duly certified copy of his appointment and thereupon may enter an appeal or bring writ of error as the party he represents might have done. If the party in whose favor such judgment or decree is rendered has died before appeal taken or writ of error brought, notice to his representatives shall be given from the Supreme court, as provided in case of the death of a party after appeal taken or writ of error brought.

*Death of party to final judgment, &c., before time for appeal or writ of error expired.*

SEC. 10. That all acts and parts of acts in conflict with the provisions of this act are hereby repealed.

*Repeal of conflicting acts.*

Approved, March 3, 1875.

---

CHAP. 138.—An act relating to the punishment of the crime of manslaughter.          *March 3, 1875.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That whoever shall hereafter be convicted of the crime of manslaughter, in any court of the United States, in any State or Territory, including the District of Columbia, shall be imprisoned not exceeding ten years, and fined not exceeding one thousand dollars: *Provided,* That this act shall not affect or apply to any prosecution now pending, or the prosecution of any offence already committed.

*Manslaughter, punishment for.*

SEC. 2. That all acts or parts of acts inconsistent with this act are hereby repealed: *Provided,* That said acts shall remain in force for the punishment of all persons who have heretofore committed the crime of manslaughter.

*Repeal of inconsistent acts.*

Approved, March 3, 1875.

CHAP. XXXI. — *An Act to protect all Persons in the United States in their Civil Rights, and furnish the Means of their Vindication.*          April 9, 1866.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That all persons born in the United States and not subject to any foreign power, excluding Indians not taxed, are hereby declared to be citizens of the United States; and such citizens, of every race and color, without regard to any previous condition of slavery or involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall have the same right, in every State and Territory in the United States, to make and enforce contracts, to sue, be parties, and give evidence, to inherit, purchase, lease, sell, hold, and convey real and personal property, and to full and equal benefit of all laws and proceedings for the security of person and property, as is enjoyed by white citizens, and shall be subject to like punishment, pains, and penalties, and to none other, any law, statute, ordinance, regulation, or custom, to the contrary notwithstanding.

*Who are citizens of the United States, their rights and obligations*

SEC. 2. *And be it further enacted,* That any person who, under color of any law, statute, ordinance, regulation, or custom, shall subject, or cause to be subjected, any inhabitant of any State or Territory to the deprivation of any right secured or protected by this act, or to different punishment, pains, or penalties on account of such person having at any time been held in a condition of slavery or involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, or by reason of his color or race, than is prescribed for the punishment of white persons, shall be deemed guilty of a misdemeanor, and, on conviction, shall be punished by fine not exceeding one thousand dollars, or imprisonment not exceeding one year, or both, in the discretion of the court.

*Penalty for depriving any person of any right protected by this act, by reason of color or race, &c*

SEC. 3. *And be it further enacted,* That the district courts of the United States, within their respective districts, shall have, exclusively of the courts of the several States, cognizance of all crimes and offences committed against the provisions of this act, and also, concurrently with the circuit courts of the United States, of all causes, civil and criminal, affecting persons who are denied or cannot enforce in the courts or judicial tribunals of the State or locality where they may be any of the rights secured to them by the first section of this act; and if any suit or prosecution, civil or criminal, has been or shall be commenced in any State court, against any such person, for any cause whatsoever, or against any officer, civil or military, or other person, for any arrest or imprisonment, trespasses, or wrongs done or committed by virtue or under color of authority derived from this act or the act establishing a Bureau for the relief of Freedmen and Refugees, and all acts amendatory thereof, or for refusing to do any act upon the ground that it would be inconsistent with this act, such defendant shall have the right to remove such cause for trial to the proper district or circuit court in the manner prescribed by the "Act relating to habeas corpus and regulating judicial proceedings in certain cases," approved March three, eighteen hundred and sixty-three, and all acts amendatory thereof.  The jurisdiction in civil and criminal matters hereby conferred on the district and circuit courts of the United States shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where such laws are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offences against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of the cause, civil or criminal, is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern said courts in the trial and disposition of such cause, and, if of a criminal nature, in the infliction of punishment on the party found guilty.

*Courts of the United States to have jurisdiction of offences under this act.*

*Suits commenced in State courts may be removed on defendant's motion.*

*1865, ch. 90. Vol. xiii. p. 507.*

*1863, ch. 87. Vol. xii. p. 755. Jurisdiction to be enforced according to the laws of the United States, or the common law, &c.*

*District attorneys, &c., to institute proceedings against all violating this act.*

SEC. 4. *And be it further enacted,* That the district attorneys, marshals, and deputy marshals of the United States, the commissioners appointed by the circuit and territorial courts of the United States, with powers of arresting, imprisoning, or bailing offenders against the laws of the United States, the officers and agents of the Freedmen's Bureau, and every other officer who may be specially empowered by the President of the United States, shall be, and they are hereby, specially authorized and required, at the expense of the United States, to institute proceedings against all and every person who shall violate the provisions of this act, and cause him or them to be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States or territorial court as by this act has cognizance of the offence. And with a view to affording reasonable protection to all persons in their constitutional rights of equality before the law, without distinction of race or color, or previous condition of slavery or involuntary servitude, except as a punishment for crime, whereof the party shall have been duly convicted, and to the prompt discharge of the duties of this act, it shall be the duty of the circuit courts of the United States and the superior courts of the Territories of the United States, from

*Number of commissioners appointed by circuit and territorial courts to be increased, their authority.*

time to time, to increase the number of commissioners, so as to afford a speedy and convenient means for the arrest and examination of persons charged with a violation of this act; and such commissioners are hereby authorized and required to exercise and discharge all the powers and duties conferred on them by this act, and the same duties with regard to offences created by this act, as they are authorized by law to exercise with regard to other offences against the laws of the United States.

*Marshals, &c., to obey all precepts under this act.*

*Penalty for refusal, &c.*

*Commissioners may appoint persons to execute warrants.*

SEC. 5. *And be it further enacted,* That it shall be the duty of all marshals and deputy marshals to obey and execute all warrants and precepts issued under the provisions of this act, when to them directed; and should any marshal or deputy marshal refuse to receive such warrant or other process when tendered, or to use all proper means diligently to execute the same, he shall, on conviction thereof, be fined in the sum of one thousand dollars, to the use of the person upon whom the accused is alleged to have committed the offence. And the better to enable the said commissioners to execute their duties faithfully and efficiently, in conformity with the Constitution of the United States and the requirements of this act, they are hereby authorized and empowered, *within their counties respectively, to* appoint, in writing, under their hands, any one or more suitable persons, from time to time, to execute all such warrants and other process as may be issued by them in the lawful performance of their respective duties; and the persons so appointed to execute any warrant or process as afore-

*Authority of such persons.*

said shall have authority to summon and call to their aid the bystanders or posse comitatus of the proper county, or such portion of the land or naval forces of the United States, or of the militia, as may be necessary to the performance of the duty with which they are charged, and to insure a faithful observance of the clause of the Constitution which prohibits slav-

*Warrants to run where.*

ery, in conformity with the provisions of this act; and said warrants shall run and be executed by said officers anywhere in the State or Territory within which they are issued.

*Penalty for obstructing process under this act;*

SEC. 6. *And be it further enacted,* That any person who shall knowingly and wilfully obstruct, hinder, or prevent any officer, or other person charged with the execution of any warrant or process issued under the provisions of this act, or any person or persons lawfully assisting him or them, from arresting any person for whose apprehension such warrant or

*for rescue, &c.;*

process may have been issued, or shall rescue or attempt to rescue such person from the custody of the officer, other person or persons, or those lawfully assisting as aforesaid, when so arrested pursuant to the authority

*for aiding to escape;*

herein given and declared, or shall aid, abet, or assist any person so arrested as aforesaid, directly or indirectly, to escape from the custody of the

*for harboring, &c.*

officer or other person legally authorized as aforesaid, or shall harbor or

conceal any person for whose arrest a warrant or process shall have been issued as aforesaid, so as to prevent his discovery and arrest after notice or knowledge of the fact that a warrant has been issued for the apprehension of such person, shall, for either of said offences, be subject to a fine not exceeding one thousand dollars, and imprisonment not exceeding six months, by indictment and conviction before the district court of the United States for the district in which said offence may have been committed, or before the proper court of criminal jurisdiction, if committed within any one of the organized Territories of the United States.

SEC. 7. *And be it further enacted,* That the district attorneys, the marshals, their deputies, and the clerks of the said district and territorial courts shall be paid for their services the like fees as may be allowed to them for similar services in other cases; and in all cases where the proceedings are before a commissioner, he shall be entitled to a fee of ten dollars in full for his services in each case, inclusive of all services incident to such arrest and examination. The person or persons authorized to execute the process to be issued by such commissioners for the arrest of offenders against the provisions of this act shall be entitled to a fee of five dollars for each person he or they may arrest and take before any such commissioner as aforesaid, with such other fees as may be deemed reasonable by such commissioner for such other additional services as may be necessarily performed by him or them, such as attending at the examination, keeping the prisoner in custody, and providing him with food and lodging during his detention, and until the final determination of such commissioner, and in general for performing such other duties as may be required in the premises; such fees to be made up in conformity with the fees usually charged by the officers of the courts of justice within the proper district or county, as near as may be practicable, and paid out of the Treasury of the United States on the certificate of the judge of the district within which the arrest is made, and to be recoverable from the defendant as part of the judgment in case of conviction.

*Fees of district attorneys, marshals, clerks, commissioner, &c.;*

*to be paid from the treasury of the United States, and to be recoverable from defendant when convicted.*

SEC. 8. *And be it further enacted,* That whenever the President of the United States shall have reason to believe that offences have been or are likely to be committed against the provisions of this act within any judicial district, it shall be lawful for him, in his discretion, to direct the judge, marshal, and district attorney of such district to attend at such place within the district, and for such time as he may designate, for the purpose of the more speedy arrest and trial of persons charged with a violation of this act; and it shall be the duty of every judge or other officer, when any such requisition shall be received by him, to attend at the place and for the time therein designated.

*President may direct the judge, &c., to attend, &c., for the more speedy trial of persons charged with violating this act;*

SEC. 9. *And be it further enacted,* That it shall be lawful for the President of the United States, or such person as he may empower for that purpose, to employ such part of the land or naval forces of the United States, or of the militia, as shall be necessary to prevent the violation and enforce the due execution of this act.

*may enforce the act with the military and naval power.*

SEC. 10. *And be it further enacted,* That upon all questions of law arising in any cause under the provisions of this act a final appeal may be taken to the Supreme Court of the United States.

*Appeal to the supreme court of the United States.*

SCHUYLER COLFAX,
Speaker of the House of Representatives.
LA FAYETTE S. FOSTER,
President of the Senate, *pro tempore.*

*In the Senate of the United States, April 6, 1866.*

The President of the United States having returned to the Senate, in which it originated, the bill entitled "An act to protect all persons in the United States in their civil rights, and furnish the means of their vindication," with his objections thereto, the Senate proceeded, in pursuance of the Constitution, to reconsider the same; and,

*Bill passed over the veto of the President.*

**Attachment F - page 3 of 4**

*Resolved,* That the said bill do pass, two-thirds of the Senate agreeing to pass the same.

Attest:

J. W. FORNEY,
Secretary of the Senate.

*In the House of Representatives U. S. April 9th,* 1866.

The House of Representatives having proceeded, in pursuance of the Constitution, to reconsider the bill entitled " An act to protect all persons in the United States in their civil rights, and furnish the means of their vindication," returned to the Senate by the President of the United States, with his objections, and sent by the Senate to the House of Representatives, with the message of the President returning the bill :

*Resolved,* That the bill do pass, two-thirds of the House of Representatives agreeing to pass the same.

Attest:

EDWARD MCPHERSON, Clerk,
by CLINTON LLOYD, Chief Clerk.

---

April 10, 1866.    CHAP. XXXII. — *An Act granting to the State of Wisconsin a Donation of Public Lands to aid in the Construction of a Breakwater and Harbor and Ship Canal at the Head of Sturgeon Bay, in the County of Door, in said State, to connect the Waters of Green Bay with Lake Michigan, in said State.*

Grant of land to Wisconsin for breakwater, harbor, and ship canal.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That there be, and hereby is, granted to the State of Wisconsin for the purpose of aiding said State in constructing and completing a breakwater and harbor and ship canal to connect the waters of Green bay with the waters of Lake Michigan, two hundred thousand acres of public lands, to be selected in subdivisions agreeably to the United States survey, by an agent or agents appointed by the governor of said State, subject to the approval of the Secretary of the Interior, from lands subject to private entry : *Provided,* That said selections shall all be made from alternate and odd numbered sections of land nearest the location of said harbor and canal in said State not otherwise appropriated, and not from lands designated by the United States as "mineral" before the passage of this act, nor from lands to which the rights of pre-emption or homestead have attached.

Proviso. Selections, how made.

Lands subject to disposal of legislature, &c

SEC. 2. *And be it further enacted,* That the said lands hereby granted shall be subject to the disposal of the legislature of said State, or, if the legislature thereof shall not be in session, or shall adjourn within ten days after the passage and approval of this act, then said lands shall be subject to the disposal of the governor and board of commissioners of school, university, and swamp lands of said State, for the purposes aforesaid, and for no other ; and the said canal shall be and remain a public highway for the use of the government of the United States, free from toll or charge upon the vessels of said government, or upon vessels employed by said government in the transportation of any property or troops of the United States.

Canal to be public highway, &c.

Plans, &c , to be filed in departments.

SEC. 3. *And be it further enacted,* That before it shall be competent for said State to dispose of any of said lands, to be selected as aforesaid, the plan of said breakwater and harbor and the route of said canal shall be established, and a plat or plats thereof shall be filed in the office of the War Department, and a duplicate thereof filed in the office of the Commissioner of the General Land Office.

Unless work is completed in three years, unsold lands revert to the United States.

SEC. 4. *And be it further enacted,* That if the said breakwater, harbor, and canal, shall not be completed within three years from the passage of this act, the lands hereby granted and remaining unsold shall revert to the United States.

Account to be kept; and when

SEC. 5. *And be it further enacted,* That the legislature of said state shall cause to be kept an accurate account of the sales and net proceeds

**Attachment F - page 4 of 4**

BY AUTHORITY OF CONGRESS.

THE

# Public Statutes at Large

OF THE

# UNITED STATES OF AMERICA,

FROM THE

ORGANIZATION OF THE GOVERNMENT IN 1789, TO MARCH 3, 1845.

ARRANGED IN CHRONOLOGICAL ORDER.

WITH

REFERENCES TO THE MATTER OF EACH ACT AND TO THE SUBSEQUENT ACTS
ON THE SAME SUBJECT,

AND

## COPIOUS NOTES OF THE DECISIONS

OF THE

# Courts of the United States

CONSTRUING THOSE ACTS, AND UPON THE SUBJECTS OF THE LAWS.

WITH AN

INDEX TO THE CONTENTS OF EACH VOLUME,

AND A

FULL GENERAL INDEX TO THE WHOLE WORK, IN THE CONCLUDING VOLUME.

TOGETHER WITH

The Declaration of Independence, the Articles of Confederation, and
the Constitution of the United States;

AND ALSO,

TABLES, IN THE LAST VOLUME, CONTAINING LISTS OF THE ACTS RELATING TO THE JUDICIARY,
IMPOSTS AND TONNAGE, THE PUBLIC LANDS, ETC.

EDITED BY

R I C H A R D   P E T E R S ,   E S Q . ,

COUNSELLOR AT LAW.

The rights and interest of the United States in the stereotype plates from which this work is printed, are hereby recognised, acknowledged, and declared by the publishers, according to the provisions of the joint resolution of Congress, passed March 3, 1845.

VOL. I.

BOSTON:

CHARLES C. LITTLE AND JAMES BROWN.

1845.

FIRST CONGRESS. Sess. I. Ch. 20. 1789.    **73**

CHAP. XX.—*An Act to establish the Judicial Courts of the United States.*(a)

STATUTE I.
Sept. 24, 1789.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the supreme court of the United States shall consist of a chief justice and five associate justices,(b) any four of whom shall be a quorum, and shall hold annually at the seat of government two sessions, the one commencing the first Monday of February, and the other the first Monday of August. That the associate justices shall have precedence according to the date of their commissions, or when the commissions of two or more of them bear date on the same day, according to their respective ages.

*Supreme court to consist of a chief justice, and five associates.*
*Two sessions annually.*
*Precedence.*

SEC. 2. *And be it further enacted,* That the United States shall be, and they hereby are divided into thirteen districts, to be limited and called as follows, to wit: one to consist of that part of the State of Massachusetts which lies easterly of the State of New Hampshire, and to be called Maine District; one to consist of the State of New Hampshire, and to be called New Hampshire District;(c) one to consist of the remaining part of the State of Massachusetts, and to be called Massachusetts district; one to consist of the State of Connecticut, and to be called Connecticut District; one to consist of the State of New York, and to be called New York District; one to consist of the State of New Jersey, and to be called New Jersey District; one to consist of the State of Pennsylvania, and to be called Pennsylvania District; one to consist of the State of Delaware, and to be called Delaware District; one to consist of the State of Maryland, and to be called Maryland District; one to consist of the State of Virginia, except that part called the District of Kentucky, and to be called Virginia District; one to consist of the remaining part of the State of Virginia, and to be called Kentucky District; one to consist of the State of South Carolina, and to be called South Carolina District; and one to consist of the State of Georgia, and to be called Georgia District.

*Thirteen districts.*
*Maine.*
*N. Hampshire.*
*Massachusetts.*
*Connecticut.*
*New York.*
*New Jersey.*
*Pennsylvania.*
*Delaware.*
*Maryland.*
*Virginia.*
*Kentucky.*
*South Carolina.*
*Georgia.*

SEC. 3. *And be it further enacted,* That there be a court called a District Court, in each of the afore mentioned districts, to consist of one judge, who shall reside in the district for which he is appointed, and shall be called a District Judge, and shall hold annually four

*A district court in each district.*

---

(a) The 3d article of the Constitution of the United States enables the judicial department to receive jurisdiction to the full extent of the constitution, laws and treaties of the United States, when any question respecting them shall assume such a form that the judicial power is capable of acting on it. That power is capable of acting only where the subject is submitted to it by a party who asserts his right in a form presented by law. It then becomes a case. Osborn et al. *v.* The Bank of the United States, 9 Wheat. 738; 5 Cond. Rep. 741.

(b) By the act of April 29, 1802, chap. 31, the Supreme Court was declared to consist of a Chief Justice and six associate Justices, and by the act of March 3, 1837, chap. 32, it was made to consist of a Chief Justice and eight associate Justices.

By the act of April 29, 1802, chap. 31, the provision of the act of September 24, 1789, requiring two annual sessions of the Supreme Court, was repealed, and the 2d section of that act required that the associate Justice of the fourth circuit should attend at Washington on the first Monday of August annually, to make all necessary rules and orders, touching suits and actions depending in the court. This section was repealed by the 7th section of the act of February 28, 1839, chap. 36.

By an act passed May 4, 1826, chap. 37, the sessions of the Supreme Court were directed to commence on the second Monday in January annually, instead of the first Monday in February; and by an act passed June 17, 1844, the sessions of the Supreme Court were directed to commence on the first Monday in December annually.

(c) The jurisdiction and powers of the District Courts have been declared and established by the following acts of Congress: Act of September 24, 1789; act of June 5, 1794, sec. 6; act of May 10, 1800; act of December 31, 1814; act of April 16, 1816; act of April 20, 1818; act of May 15, 1820; act of March 3, 1793.

The decisions of the Courts of the United States on the jurisdiction of the District Courts have been: The Thomas Jefferson, 10 Wheat. 428; 6 Cond. Rep. 173. M'Donough *v.* Danery, 3 Dall. 188; 1 Cond. Rep. 94. United States *v.* La Vengeance, 3 Dall. 297; 1 Cond. Rep. 132. Glass et al. *v.* The Betsey, 3 Dall. 6; 1 Cond. Rep. 10. The Alerta *v.* Blas Moran, 9 Cranch, 359; 3 Cond. Rep. 495. The Merino et al., 9 Wheat. 391; 5 Cond. Rep. 623. The Josefa Segunda, 10 Wheat. 312; 6 Cond. Rep. 111. The Bolina, 1 Gallis' C. C. R. 75. The Robert Fulton, Paine's C. C. R. 620. Jansen *v.* The Vrow Christiana Magdalena, Bee's D. C. R. 11. Jennings *v.* Carson, 4 Cranch, 2; 2 Cond. Rep. 2. The Sarah, 8 Wheat. 391; 5 Cond. Rep. 472. Penhallow et al. *v.* Doane's Adm'rs, 3 Dall. 54; 1 Cond. Rep. 21. The United States *v.* Richard Peters, 3 Dall. 121; 1 Cond. Rep. 60. M'Lellan *v.* the United States,

Four sessions annually in a district; and when held.

sessions, the first of which to commence as follows, to wit: in the districts of New York and of New Jersey on the first, in the district of Pennsylvania on the second, in the district of Connecticut on the third, and in the district of Delaware on the fourth, Tuesdays of November next; in the districts of Massachusetts, of Maine, and of Maryland, on the first, in the district of Georgia on the second, and in the districts of New Hampshire, of Virginia, and of Kentucky, on the third Tuesdays of December next; and the other three sessions progressively in the respective districts on the like Tuesdays of every third calendar month afterwards, and in the district of South Carolina, on the third Monday in March and September, the first Monday in July, and the second Monday in December of each and every year, commencing in December next; and that the District Judge shall have power to hold special courts at his discretion. That the stated District Court shall be held at the places following, to wit: in the district of Maine, at Portland and Pownalsborough alternately, beginning at the first; in the district of New Hampshire, at Exeter and Portsmouth alternately, beginning at the first; in the district of Massachusetts, at Boston and Salem alternately, beginning at the first; in the district of Connecticut, alternately at Hartford and New Haven, beginning at the first; in the district of New York, at New York; in the district of New Jersey, alternately at New Brunswick and Burlington, beginning at the first; in the district of Pennsylvania, at Philadelphia and York Town alternately, beginning at the first; in the district of Delaware, alternately at Newcastle and Dover, beginning at the first; in the district of Maryland, alternately at Baltimore and Easton, beginning at the first; in the district of Virginia, alternately at Richmond and Williamsburgh, beginning at the first; in the district of Kentucky, at Harrodsburgh; in the district of South Carolina, at Charleston; and in the district of Georgia, alternately at Savannah and Augusta, beginning at the first; and that the special courts shall be held at the same place in each district as the stated courts, or in districts that have two, at either of them, in the discretion of the judge, or at such other place in the district, as the nature of the business and his discretion shall direct. And that in the districts that have but one place for holding the District Court, the records thereof shall be kept at that place; and in districts that have two, at that place in each district which the judge shall appoint.

Special district courts.
Stated district courts; when holden.

Special courts, where held.

Where records kept.

SEC. 4. *And be it further enacted,* That the before mentioned districts, except those of Maine and Kentucky, shall be divided into three circuits, and be called the eastern, the middle, and the southern circuit. That the eastern circuit shall consist of the districts of New Hampshire, Massachusetts, Connecticut and New York; that the middle circuit shall consist of the districts of New Jersey, Pennsylvania, Delaware, Maryland and Virginia; and that the southern circuit shall consist of the districts of South Carolina and Georgia, and that there shall be held annually in each district of said circuits, two courts, which shall be called Circuit Courts, and shall consist of any two justices of

Three circuits, and how divided.
[Obsolete.]

1 Gallis' C. C. R. 227.   Hudson et al. v. Guestier, 6 Cranch, 281; 2 Cond. Rep. 374.   Brown v. The United States, 8 Cranch, 110; 3 Cond. Rep. 56.   De Lovio v. Boit et al., 2 Gallis' Rep. 398.   Burke v. Trevitt, 1 Mason, 96.   The Amiable Nancy, 3 Wheat. 546; 4 Cond. Rep. 332.   The Abby, 1 Mason, 360.   The Little Ann, Paine's C. C. R. 40.   Slocum v. Maybury et al., 2 Wheat. 1; 4 Cond. Rep. 1.   Southwick v. The Postmaster General, 2 Peters, 442.   Davis v. A New Brig, Gilpin's D. C. R. 473.   Smith v. The Pekin, Gilpin's D. C. R. 203.   Peters' Digest, "Courts," "District Courts of the United States."

The 3d section of the act of Congress of 1789, to establish the Judicial Courts of the United States, which provides that no summary writ, return of process, judgment, or other proceedings in the courts of the United States shall be abated, arrested or quashed for any defect or want of form, &c., although it does not include verdicts, *ne nomine*, but judgments are included; and the language of the provision, "writ, declaration, judgment or other proceeding, in court causes," and further "such writ, declaration, pleading, process, judgment or other proceeding whatsoever," is sufficiently comprehensive to embrace every conceivable step to be taken in a court, from the emanation of the writ, down to the judgment. Roach v. Hulings, 16 Peters, 319.

Attachment G - page 3 of 22

FIRST CONGRESS. Sess. I. Ch. 20. 1789.                    75

the Supreme Court, and the district judge of such districts, any two of whom shall constitute a quorum : *Provided*, That no district judge shall give a vote in any case of appeal or error from his own decision; but may assign the reasons of such his decision.

Sec. 5. *And be it further enacted*, That the first session of the said circuit court in the several districts shall commence at the times following, to wit: in New Jersey on the second, in New York on the fourth, in Pennsylvania on the eleventh, in Connecticut on the twenty-second, and in Delaware on the twenty-seventh, days of April next; in Massachusetts on the third, in Maryland on the seventh, in South Carolina on the twelfth, in New Hampshire on the twentieth, in Virginia on the twenty-second, and in Georgia on the twenty-eighth, days of May next, and the subsequent sessions in the respective districts on the like days of every sixth calendar month afterwards, except in South Carolina, where the session of the said court shall commence on the first, and in Georgia where it shall commence on the seventeenth day of October, and except when any of those days shall happen on a Sunday, and then the session shall commence on the next day following. And the sessions of the said circuit court shall be held in the district of New Hampshire, at Portsmouth and Exeter alternately, beginning at the first; in the district of Massachusetts, at Boston ; in the district of Connecticut, alternately at Hartford and New Haven, beginning at the last; in the district of New York, alternately at New York and Albany, beginning at the first; in the district of New Jersey, at Trenton ; in the district of Pennsylvania, alternately at Philadelphia and Yorktown, beginning at the first; in the district of Delaware, alternately at New Castle and Dover, beginning at the first; in the district of Maryland, alternately at Annapolis and Easton, beginning at the first; in the district of Virginia, alternately at Charlottesville and Williamsburgh, beginning at the first; in the district of South Carolina, alternately at Columbia and Charleston, beginning at the first; and in the district of Georgia, alternately at Savannah and Augusta, beginning at the first. And the circuit courts shall have power to hold special sessions for the trial of criminal causes at any other time at their discretion, or at the discretion of the Supreme Court.(*a*)

*First session of the circuit courts; when holden.* [Obsolete.]

*Where holden.*

*Circuit courts. Special sessions.*

---

(*a*) The sessions of the Circuit Courts have been regulated by the following acts : In ALABAMA—act of March 3, 1837. In ARKANSAS—act of March 3, 1837. In CONNECTICUT—act of September 24, 1789; act of April 13, 1792; act of March 2, 1793; act of March 3, 1797; act of April 29, 1802; act of May 13, 1826. In DELAWARE—act of September 24, 1789; act of March 3, 1797; act of April 29, 1802; act of March 24, 1804 ; act of March 3, 1837. In GEORGIA—act of September 24, 1789; act of August 11, 1790; act of April 13, 1792; act of March 3, 1797; act of April 29, 1802; act of May 13, 1826; act of Jan. 21, 1829. KENTUCKY—act of March 3, 1801 ; act of March 8, 1802; act of March 2, 1803; act of Feb. 27, 1807; act of March 22, 1808 ; April 22, 1824. LOUISIANA—act of March 3, 1837. MAINE—act of March 3, 1801 ; act of March 8, 1802; act of March 30, 1820. MARYLAND—act of Sept. 24, 1789 ; act of March 3, 1797; act of April 29, 1802; act of Feb. 11, 1830; act of March 3, 1837. MASSACHUSETTS—act of Sept. 24, 1789; act of March 3, 1791 ; act of June 9, 1794; act of March 2, 1793; act of March 3, 1797; act of March 3, 1801; act of March 8, 1802; act of April 29, 1802; act of March 26, 1812. MISSOURI—act of March 3, 1837. MISSISSIPPI—act of March 3, 1839. NEW HAMPSHIRE—act of Sept. 24, 1789; act of March 3, 1791; act of April 13, 1792; act of March 2, 1793; act of March 3, 1797; act of March 3, 1801; act of April 29, 1802; act of March 6, 1812. NEW JERSEY—act of September 24, 1789; act of March 3, 1797; act of April 2, 1802. NEW YORK—act of September 24, 1789; act of March 3, 1791; act of April 13, 1792; act of March 2, 1793; act of March 3, 1797; act of April 29, 1802; act of March 3, 1825; act of February 10, 1832; act of May 13, 1836; act of March 3, 1837. NORTH CAROLINA—act of September 24, 1789; act of April 13, 1792; act of March 2, 1793; act of March 31, 1796; act of March 3, 1797; act of July 5, 1797; act of April 29, 1802; act of March 8, 1806; act of February 4, 1807. OHIO—act of February 24, 1807; act of March 22, 1808; act of April 22, 1824; act of May 20, 1826. PENNSYLVANIA—act of September 24, 1789 ; act of May 12, 1796; act of March 3, 1797; act of December 24, 1799 ; act of April 29, 1802; act of March 3, 1837. RHODE ISLAND—act of June 23, 1790; act of March 3, 1791; act of March 2, 1793; act of April 29, 1802; act of March 3, 1797 ; act of March 3, 1801; act of March 8, 1802; act of April 29, 1802; act of March 26, 1812. SOUTH CAROLINA—act of September 24, 1789; act of August 11, 1790; act of March 3, 1797; act of April 29, 1802; act of April 14, 1816; act of May 25, 1824; act of March 3, 1825; act of May 4, 1826; act of February 5, 1829. TENNESSEE—act of February 24, 1807; act of March 22, 1808; act of March 10, 1812; act of January 13, 1831. VERMONT—act of March 2, 1791; act of March 2, 1793; act of May 27, 1796; act of March 3, 1797; act of April 29, 1802; act of March 22, 1816. VIRGINIA—act of September 24, 1789; act of March 3, 1791; act of April 13, 1792; act of March 3, 1797; act of April 29, 1802; act of March 2, 1837.

Supreme court adjourned by one or more justices; circuit courts adjourned.

Sec. 6. *And be it further enacted,* That the Supreme Court may, by any one or more of its justices being present, be adjourned from day to day until a quorum be convened; and that a circuit court may also be adjourned from day to day by any one of its judges, or if none are present, by the marshal of the district until a quorum be convened:(*a*) and that a district court, in case of the inability of the judge to attend at the commencement of a session, may by virtue of a written order from the said judge, directed to the marshal of the district, be adjourned by the said marshal to such day, antecedent to the next stated session of the said court, as in the said order shall be appointed; and in case of the death of the said judge, and his vacancy not being supplied, all process, pleadings and proceedings of what nature soever, pending before the said court, shall be continued of course until the next stated session after the appointment and acceptance of the office by his successor.

District courts adjourned.

The courts have power to appoint clerks.

Sec. 7. *And be it [ further] enacted,* That the Supreme Court, and the district courts shall have power to appoint clerks for their respective courts,(*b*) and that the clerk for each district court shall be clerk also of the circuit court in such district, and each of the said clerks shall, before he enters upon the execution of his office, take the following oath or affirmation, to wit: "I, A. B., being appointed clerk of                    , do solemnly swear, or affirm, that I will truly and faithfully enter and record all the orders, decrees, judgments and proceedings of the said court, and that I will faithfully and impartially discharge and perform all the duties of my said office, according to the best of my abilities and understanding. So help me God." Which words, so help me God, shall be omitted in all cases where an affirmation is admitted instead of an oath. And the said clerks shall also severally give bond, with sufficient sureties, (to be approved of by the Supreme and district courts respectively) to the United States, in the sum of two thousand dollars, faithfully to discharge the duties of his office, and seasonably to record the decrees, judgments and determinations of the court of which he is clerk.

Their oath or affirmation.

Sec. 8. *And be it further enacted,* That the justices of the Supreme Court, and the district judges, before they proceed to execute the duties of their respective offices, shall take the following oath or affirmation, to wit: " I, A. B., do solemnly swear or affirm, that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent on me as                    , according to the best of my abilities and understanding, agreeably to the constitution and laws of the United States. So help me God."

Oath of justices of supreme court and judges of the district court.

District courts exclusive jurisdiction.

Sec. 9. *And be it further enacted,* That the district courts(*c*) shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States, committed within their respective districts, or upon the

By the act of March 10, 1838, the Justice of the Supreme Court is required to attend but one circuit in the districts of Indiana, Illinois, and Michigan.

By an act passed in 1844, the Justices of the Supreme Court are empowered to hold but one session of the Circuit Court in each district in their several circuits. The Judges of the District Courts hold the other sessions of the Circuit Court in their several districts.

(*a*) The provisions of law on the subject of the adjournments of the Supreme Court in addition to the 6th section of this act, are, that in case of epidemical disease, the court may be adjourned to some other place than the seat of government. Act of February 25, 1799.

(*b*) By the 2d section of the act entitled " an act in amendment of the acts respecting the judicial system of the United States," passed February 28, 1839, chap. 36, it is provided " that all the circuit courts of the United States shall have the appointment of their own clerks, and in case of disagreement between the judges, the appointment shall be made by the presiding judge of the court." See ex parte Duncan N. Hennen, 13 Peters, 230.

(*c*) The further legislation on the subject of the jurisdiction and powers of the District Courts are : the act of June 5, 1794, ch. 50, sec. 6; act of May 10, 1800, chap. 51, sec. 5; act of February 24, 1807, chap. 13; act of February 24, 1807, chap. 16; act of March 3, 1815; act of April 16, 1816, chap. 56, sec. 6; act of April 20, 1818, chap. 103; act of May 15, 1820, chap. 106, sec. 4; act of March 3, 1823, chap. 71.

FIRST CONGRESS. Sess. I. Ch. 20. 1789.   **77**

high seas; where no other punishment than whipping, not exceeding thirty stripes, a fine not exceeding one hundred dollars, or a term of imprisonment not exceeding six months, is to be inflicted; and shall also have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures under laws of impost, navigation or trade of the United States, where the seizures are made, on waters which are navigable from the sea by vessels of ten or more tons burthen, within their respective districts as well as upon the high seas;(*a*) saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land, or other waters than as aforesaid, made, and of all suits for penalties and forfeitures incurred, under the laws of the United States.(*b*)   And shall also have cognizance, concurrent with the courts of the several States, or the circuit courts, as the case may be, of all causes where an alien sues for a tort only in violation of the law of nations or a treaty of the United States.(*c*)   And shall also have cognizance, concurrent as last mentioned, of all suits at common law where the United States sue, and the matter in dispute amounts, exclusive of costs, to the sum or value of one hundred dollars.   And shall also have jurisdiction exclusively of the courts of the several States, of all suits against consuls or vice-consuls, except for offences above the description aforesaid.(*d*)   And the trial of issues in fact, in the district courts, in all causes except civil causes of admiralty and maritime jurisdiction, shall be by jury.

Sec. 10. *And be it further enacted,* That the district court in Kentucky district shall, besides the jurisdiction aforesaid, have jurisdiction of all other causes, except of appeals and writs of error, hereinafter made cognizable in a circuit court, and shall proceed therein in the same

*Marginal notes:*
[Acts of June 5, 1794, sect. 6; act of Feb. 13, 1807; act of March 3, 1815, sect. 4.]
Original cognizance in maritime causes and of seizure under the laws of the United States.

Concurrent jurisdiction.

Trial of fact by jury.

Kentucky district court. [Obsolete.]

(*a*) Jurisdiction of the District Courts in cases of admiralty seizures, under laws of impost, navigation and trade. M'Donough *v.* Danery, 3 Dall. 188; 1 Cond. Rep. 94. The United States *v.* La Vengeance, 3 Dall. 297; 1 Cond. Rep. 132. Glass et al. *v.* The Betsey, 3 Dall. 6; 1 Cond. Rep. 10. The Alerta, 3 Cranch, 359; 3 Cond. Rep. 425. The Merino et al., 9 Wheat. 391; 5 Cond. Rep. 623. The Josefa Segunda, 10 Wheat. 312; 6 Cond. Rep. 111. Jennings *v.* Carson, 4 Cranch, 2; 2 Cond. Rep. 2. The Sarah, 8 Wheat. 691; 5 Cond. Rep. 472. Penhallow et al. *v.* Doane's Adm'rs, 3 Dall. 54; 1 Cond. Rep. 21. United States *v.* Richard Peters, 3 Dall. 121; 1 Cond. Rep. 60. Hudson et al. *v.* Guestier, 6 Cranch, 281; 2 Cond. Rep. 374. Brown *v.* The United States, 8 Cranch, 110; 3 Cond. Rep. 56. The Sarah, 8 Wheat. 391; 5 Cond. Rep. 472. The Amiable Nancy, 3 Wheat. 546; 4 Cond. Rep. 322. 'Slocum *v.* Maybury, 2 Wheat. 1; 4 Cond. Rep. 1. Gelston et al. *v.* Hoyt, 3 Wheat. 246; 4 Cond. Rep. 244. The Bolina, 1 Gallis' C. C. R. 75. The Robert Fulton, 1 Paine's C. C. R. 620; Bee's D. C. R. 11. De Lovio *v.* Boit et al., 2 Gallis' C. C. R. 398. The Abby, 1 Mason's Rep. 360. The Little Ann, Paine's C. C. R. 40. Davis *v.* A New Brig, Gilpin's D. C. R. 473. The Catharine, 1 Adm. Decis. 104.

(*b*) An information against a vessel under the act of Congress of May 22, 1794, on account of an alleged exportation of arms, is a case of admiralty and maritime jurisdiction; and an appeal from the District to the Circuit Court, in such a case is sustainable. It is also a civil cause, and triable without the intervention of a jury, under the 9th section of the judicial act. The United States *v.* La Vengeance, 3 Dall. 297; 1 Cond. Rep. 132. The Sarah, 8 Wheat. 691; 5 Cond. Rep. 472. The Abby, 1 Mason, 360. The Little Ann, Paine's C. C. R. 40.

When the District and State courts have concurrent jurisdiction, the right to maintain the jurisdiction attaches to that tribunal which first exercises it, and obtains possession of the thing. The Robert Fulton, Paine's C. C. R. 620.

(*c*) Burke *v.* Trevitt, 1 Mason, 96. The courts of the United States have exclusive jurisdiction of all seizures made on land or water, for a breach of the laws of the United States, and any intervention of State authority, which by taking the thing seized out of the hands of the officer of the United States, might obstruct the exercise of this jurisdiction, is unlawful. Slocum *v.* Mayberry et al., 2 Wheat. 1; 4 Cond. Rep. 1.

(*d*) Davis *v.* Packard, 6 Peters, 41. As an abstract question, it is difficult to understand on what ground a State court can claim jurisdiction of civil suits against foreign consuls. By the Constitution, the judicial power of the United States extends to all cases affecting ambassadors, other public ministers and consuls; and the judiciary act of 1789 gives to the district courts of the United States, exclusively of the courts of the several States, jurisdiction of all suits against consuls and vice consuls, except for certain offences enumerated in this act. Davis *v.* Packard, 7 Peters, 276.

If a consul, being sued in a State court, omits to plead his privilege of exemption from the suit, and afterwards, on removing the judgment of the inferior court to a higher court by writ of error, claims the privilege, such an omission is not a waiver of the privilege. If this was to be viewed merely as a personal privilege, there might be grounds for such a conclusion. But it cannot be so considered; it is the privilege of the country or government which the consul represents. This is the light in which foreign ministers are considered by the law of nations; and our constitution and law seem to put consuls on the same footing in this respect. *Ibid.*

manner as a circuit court, and writs of error and appeals shall lie from decisions therein to the Supreme Court in the same causes, as from a circuit court to the Supreme Court, and under the same regulations.(a)

**Maine district court.**
**[Obsolete.]**

And the district court in Maine district shall, besides the jurisdiction herein before granted, have jurisdiction of all causes, except of appeals and writs of error herein after made cognizable in a circuit court, and shall proceed therein in the same manner as a circuit court: And writs of error shall lie from decisions therein to the circuit court in the district of Massachusetts in the same manner as from other district courts to their respective circuit courts.

**Circuit courts original cogni-zance where the matter in dis-pute exceeds five hundred dollars.**

Sec. 11. *And be it further enacted*, That the circuit courts shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs, or petitioners; or an alien is a party, or the suit is between a citizen of the State where the suit is brought, and a citizen of another State.(b)   And shall have

---

(a) By an act passed February 24, 1807, the Circuit Court jurisdiction of the District Court of Kentucky was abolished.

(b) The amount laid in the declaration is the sum in controversy.  If the plaintiff receive less than the amount so claimed, the jurisdiction of the court is not affected.  Green v. Liter, 8 Cranch, 229.  Gordon v. Longest, 16 Peters, 97.  Lessee of Hartshorn v. Wright, Peters' C. C. R. 64.

By the 5th section of the act of February 21, 1794, "an act to promote the progress of the useful arts," &c., jurisdiction in actions for violations of patent rights, is given to the Circuit Courts.  Also by the act of February 15, 1819, original cognizance, as well in equity as at law, is given to the Circuit Courts of all actions, and for the violation of copy rights.  In such cases appeals lie to the Supreme Court of the United States.  So also in cases of interest, or disability of a district judge.  act of May 8, 1792, sec. 11; act of March 2, 1809, sec. 1; act of March 3, 1821.

Jurisdiction in cases of injunctions on Treasury warrants of distress.  Act of May 15, 1820, sec. 4.

Jurisdiction in cases removed from State courts.  Act of February 4, 1815, sec. 8; act of March 3, 1815, sec. 6.

Jurisdiction in cases of assigned debentures.  Act of March 2, 1799.

Jurisdiction of crimes committed within the Indian territories.  Act of March 30, 1830, sec. 15; act of April 30, 1816, sec. 4; act of March 3, 1817, sec. 2.

Jurisdiction in bankruptcy.  Act of August 19, 1841, chap. 9, [repealed.]

Jurisdiction in cases where citizens of the same State claim title to land under a grant from a State other than that in which the suit is pending in a State court.  Act of September 24, 1789, sec. 12.  See Colson v. Lewis, 2 Wheat. 377 ; 4 Cond. Rep. 168.

Jurisdiction where officers of customs are parties.  Act of February 4, 1815, sec. 8; act of March 3, 1815, sec. 6 ; act of March 3, 1817, sec. 2.

A circuit court though an inferior court in the language of the constitution, is not so in the language of the common law ; nor are its proceedings subject to the scrutiny of those narrow rules, which the caution or jealousy of the courts at Westminster long applied to courts of that denomination ; but are entitled to as liberal intendments and presumptions in favour of their regularity, as those of any supreme court.  Turner v. The Bank of North America, 4 Dall. 8 ; 1 Cond. Rep. 205.

The Circuit Courts of the United States have cognizance of all offences against the United States.  What those offences are depends upon the commission by which the sovereignty and authorities confided to the United States.  The United States v. Coolidge, 1 Gallis' C. C. R. 488, 495.

Where the jurisdiction of the federal courts has once attached, no subsequent change in the relation or condition of the parties in the progress of the cause, will oust that jurisdiction.  The United States v. Meyers, 2 Brocken, C. C. R. 516.

All the cases arising under the laws of the United States are not, per se, among the cases comprised within the jurisdiction of the Circuit Court, under the provisions of the 11th section of the judiciary act of 1789.  The Postmaster General v. Stockton and Stokes, 12 Peters, 524.

Jurisdiction of the Circuit Courts of the United States in suits between aliens and citizens of another State than that in which the suit is brought :

The courts of the United States will entertain jurisdiction of a cause where all the parties are aliens, if none of them object to it.  Mason et al. v. The Blaireau, 2 Cranch, 240 ; 1 Cond. Rep. 397.

The Supreme Court understands the expressions in the act of Congress, giving jurisdiction to the courts of the United States " where an alien is a party, or the suit is between a citizen of the State where the suit is brought, and a citizen of another State," to mean that each distinct interest should be represented by persons, all of whom have a right to sue, or may be sued in the federal courts : that is, when the interest is joint, each of the persons concerned in that interest must be competent to sue or be liable to be sued in those courts.  Strawbridge v. Curtis, 3 Cranch, 267 ; 1 Cond. Rep. 523.

Neither the Constitution nor the act of Congress regards the subject of the suit, but the parties to it.  Mossman's Ex'ors v. Higginson, 4 Dall. 12 ; 1 Cond. Rep. 210.

When the jurisdiction of the Circuit Court depends on the character of the parties, and such party consists of a number of individuals, each one must be competent to sue in the courts of the United States, or jurisdiction cannot be entertained.  Ward v. Arredendo et al., Paine's C. C. R. 410.  Strawbridge v. Curtis, 3 Cranch, 267 ; 1 Cond. Rep. 523.

The courts of the United States have not jurisdiction, unless it appears by the record that it belongs

exclusive cognizance of all crimes and offences cognizable under the authority of the United States,(a) except where this act otherwise provides, or the laws of the United States shall otherwise direct, and concurrent jurisdiction with the district courts of the crimes and offences cognizable therein. But no person shall be arrested in one district for trial in another, in any civil action before a circuit or district court.(b) And no civil suit shall be brought before either of said courts against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ, nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note or other chose in action in favour of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange.(c) And the circuit courts shall also have appellate jurisdiction from the district courts under the regulations and restrictions herein after provided.(d)

SEC. 12. And be it further enacted, That if a suit be commenced in any state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, and the matter in dispute exceeds the aforesaid sum or value of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court; and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial into the next circuit court, to be held in the district where the suit is pending, or if in the district of Maine to the district court next to be holden therein, or if in Kentucky district to the district court next to be holden therein, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the state court to accept the surety, and proceed no further in the cause, and any bail that may have been originally taken shall be discharged, and the said copies being entered as aforesaid, in such court of the United States, the cause shall there proceed in the same manner as if it had been brought there by original process.(e)  And any attach-

*Marginal notes:* Exclusive cognizance of crimes and offences cognizable under the laws of the United States. No person to be arrested in one district for trial in another on any civil suit. Limitation as to civil suits. Actions on promissory notes. Circuit courts shall also have appellate jurisdiction. Matter in dispute above 500 dollars. Removal of causes from state courts. Special bail.

to them, as that the parties are citizens of different States.  Wood v. Wagnon, 2 Cranch, 9; 1 Cond. Rep. 335.

Where the parties to a suit are such as to give the federal courts jurisdiction, it is immaterial that they are administrators or executors, and that those they represent were citizens of the same State.  Chappedelaine et al. v. Decheneaux, 4 Cranch, 306; 2 Cond. Rep. 116.  Childress et al. v. Emory et al., 8 Wheat. 642; 5 Cond. Rep. 547.  See also Brown v. Strode, 5 Cranch, 303; 2 Cond. Rep. 265.  Bingham v. Cabot, 3 Dall. 382; 1 Cond. Rep. 170.  Gracie v. Palmer, 8 Wheat. 699; 5 Cond. Rep. 561.  Massie v. Watts, 6 Cranch, 148; 2 Cond. Rep. 332.  Sere et al. v. Pitot et al., 6 Cranch, 332; 2 Cond. Rep. 389.  Shute v. Davis, Peters' C. C. R. 431.  Flanders v. The Ætna Ins. Com., 3 Mason, C. C. R. 158.  Kitchen v. Sullivan et al., 4 Wash. C. C. R. 84.  Briggs v. French, 2 Sumner's C. C. R. 252.

(a) The Circuit Courts of the United States have jurisdiction of a robbery committed on the high seas under the 8th section of the act of April 30, 1790, although such robbery could not, if committed on land, be punished with death.  The United States v. Palmer et al., 3 Wheat. 610; 4 Cond. Rep. 352.  See The United States v. Coolidge et al., 1 Gallis' C. C. R. 488, 495.  The United States v. Coombs, 12 Peters, 72.

The Circuit Courts have no original jurisdiction in suits for penalties and forfeitures arising under the laws of the United States, but the District Courts have exclusive jurisdiction.  Ketland v. The Cassius, 2 Dall. 365.

(b) The petitioner was arrested in Pennsylvania, by the marshal of the district of Pennsylvania, under an attachment from the Circuit Court of Rhode Island, for a contempt in not appearing in that court after a monition, served upon him in the State of Pennsylvania, to answer in a prize cause as to a certain bale of goods condemned to the captors, which had come into the possession of Peter Graham, the petitioner.  Held, that the circuit and district courts of the United States cannot, either in suits at law or equity, send their process into another district, except where specially authorized so to do by some act of Congress.  Ex parte Peter Graham, 3 Wash. C. C. R. 456.

(c) Bean v. Smith, 2 Mason's C. C. R. 252.  Young v. Bryan, 6 Wheat. 146; 5 Cond. Rep. 44.  Mollan v. Torrance, 9 Wheat. 537; 5 Cond. Rep. 666.

(d) Smith v. Jackson, Paine's C. C. R. 453.

(e) The Judge of a State Court to which an application is made for the removal of a cause into a court of the United States must exercise a legal discretion as to the right claimed to remove the cause;

CASE 0:13-mc-00087-SRN-TNL   Document 120   Filed 04/05/18   Page 35 of 60

**Attachment of goods holden to final judgment.** ment of the goods or estate of the defendant by the original process, shall hold the goods or estate so attached, to answer the final judgment in the same manner as by the laws of such state they would have been holden to answer final judgment, had it been rendered by the court in which the suit commenced.  And if in any action commenced in a state court, the title of land be concerned, and the parties are citizens of the same state, and the matter in dispute exceeds the sum or value of five hundred dollars, exclusive of costs, the sum or value being made to appear to the satisfaction of the court, either party, before the trial, shall state to the court and make affidavit if they require it, that he claims and shall rely upon a right or title to the land, under a grant from a state other than that in which the suit is pending, and produce the original grant or an exemplification of it, except where the loss of public records shall put it out of his power, and shall move that the adverse party inform the court, whether he claims a right or title to the land under a grant from the state in which the suit is pending; the said adverse [party] shall give such information, or otherwise not be allowed to plead such grant, or give it in evidence upon the trial, and if he informs that he does claim under such grant, the party claiming under the grant first mentioned may then, on motion, remove the cause for trial to the next circuit court to be holden in such district, or if in the district of Maine, to the court next to be holden therein; or if in Kentucky district, to the district court next to be holden therein; but if he is the defendant, shall do it under the same regulations as in the beforementioned case of the removal of a cause into such court by an alien; and neither party removing the cause, shall be allowed to plead or give evidence of any other title than that by him stated as aforesaid, as the ground of his claim; and the trial of issues in fact in the circuit courts shall, in all suits, except those of equity, and of admiralty, and maritime jurisdiction, be by jury.(a.)

**Title of land where value exceeds 500 dollars.**

**If in Maine and Kentucky, where causes are removable. [Obsolete.]**

**Issues in fact by jury.**

**Supreme court exclusive jurisdiction.** Sec. 13. *And be it further enacted,* That the Supreme Court shall have exclusive jurisdiction of all controversies of a civil nature, where a state is a party, except between a state and its citizens; and except also between a state and citizens of other states, or aliens, in which latter case it shall have original but not exclusive jurisdiction.(b.)  And shall have exclusively all such jurisdiction of suits or proceedings against ambassadors, or other public ministers, or their domestics, or domestic servants, as a court of law can have or exercise consistently with the law of nations; and original, but not exclusive jurisdiction of all suits brought by ambassadors, or other public ministers, or in which a consul,

**Proceedings against public ministers.**

---

the defendant being entitled to the right to remove the cause under the law of the United States, on the facts of the case, (the judge of the State court could not legally prevent the removal;) the application for the removal having been made in proper form, it was the duty of the State court to proceed no further in the cause.  Gordon *v.* Longest, 16 Peters, 97.

One great object in the establishment of the courts of the United States, and regulating their jurisdiction, was to have a tribunal in each State presumed to be free from local influence, and to which all who were non-residents or aliens, might resort for legal redress; and this object would be defeated if a judge in the exercise of any other than a legal discretion, may deny to the party entitled to it, a removal of his cause.  *Ibid.*

(a) The provisions of the laws of the United States relating to juries, and trials by jury are:—*Trial by jury*—act of September 24, 1789, chap. 20, sec. 12, sec. 15.—*Exemption from attending on juries*—act of May 7, 1800, chap. 46, sec. 4.  *Choice of jurors and qualification of juries*—act of September 24, 1789, chap. 20, sec. 29; act of May 13, 1800; act of July 20, 1840; act of March 3, 1841, chap. 19.  Expired as to juries in Pennsylvania.  Special jury act of April 29, 1802, chap. 31, sec. 30. —*Jury in criminal cases*—act of September 24, 1789, chap. 20, sec. 29; act of April 30, 1790, chap. 9.  *Manner of summoning jurors*—act of September 24, 1789, sec. 29; act of April 29, 1802, chap. 31.  *Jurymen de talibus*—act of September 24, 1789, chap. 20.

(b) As to cases in which States, or alleged States, are parties, the following cases are referred to : The Cherokee Nation *v.* The State of Georgia, 5 Peters, 1.  New Jersey *v.* The State of New York, 5 Peters, 284.  Ex parte Juan Madrazzo, 7 Peters, 627.  The State of Rhode Island *v.* The State of Massachusetts, 12 Peters, 651.  Cohens *v.* The State of Virginia, 6 Wheat. 264; 5 Cond. Rep. 90.  New York *v.* Connecticut, 4 Dall. 3.  Fowler *v.* Lindsay et al., 3 Dall. 411.

or vice consul, shall be a party.(a)  And the trial of issues in fact in the Supreme Court, in all actions at law against citizens of the United States, shall be by jury.  The Supreme Court shall also have appellate jurisdiction from the circuit courts and courts of the several states, in the cases herein after specially provided for;(b) and shall have power to issue writs of prohibition(c) to the district courts, when proceeding as courts of admiralty and maritime jurisdiction, and writs of *mandamus*,(d) in cases warranted by the principles and usages of law, to any courts appointed, or persons holding office, under the authority of the United States.

*Sup. Court appellate jurisdiction.*
*Writs of Prohibition.*
*Of Mandamus.*

Sec. 14. *And be it further enacted,* That all the before-mentioned courts of the United States, shall have power to issue writs of *scire facias, habeas corpus*,(e) and all other writs not specially provided for

*Courts may issue writs scire facias, habeas corpus, &c.*

(a) The United States v. Ortega, 11 Wheat. 467; 6 Cond. Rep. 394.  Davis v. Packard, 6 Peters, 41.

(b) As to the appellate jurisdiction of the Supreme Court, see the cases collected in Peters's Digest, "Supreme Court," "Appellate Jurisdiction of the Supreme Court," and the following cases: The United States v. Goodwin, 7 Cranch, 108; 2 Cond. Rep. 434. Wiscart v. Dauchy, 3 Dall. 321; 1 Cond. Rep. 144. United States v. Moore, 3 Cranch, 159; 1 Cond. Rep. 480. Owings v. Norwood's Lessee, 5 Cranch, 344; 2 Cond. Rep. 275. Martin v. Hunter's Lessee, 1 Wheat. 304; 3 Cond. Rep. 575. Gordon v. Caldcleugh, 3 Cranch, 268; 1 Cond. Rep. 524. Ex parte Kearney, 7 Wheat. 38; 5 Cond. Rep. 225. Smith v. The State of Maryland, 6 Cranch, 286; 2 Cond. Rep. 377. Inglee v. Coolidge, 2 Wheat. 363; 4 Cond. Rep. 155. Nicholls et al. v. Hodges Ex'ors, 1 Peters, 562. Buel et al. v. Van Ness, 8 Wheat. 312; 5 Cond. Rep. 445. Miller v. Nicholls, 4 Wheat. 311; 4 Cond. Rep. 465. Matthews v. Zane et al., 7 Wheat. 164; 6 Cond. Rep. 265. M'Cluny v. Silliman, 6 Wheat. 598; 5 Cond. Rep. 197. Houston v. Moore, 3 Wheat. 433; 3 Cond. Rep. 286. Montgomery v. Hernandes et al., 12 Wheat. 129; 6 Cond. Rep. 475. Cohens v. Virginia, 6 Wheat. 264; 5 Cond. Rep. 90. Gibbons v. Ogden, 6 Wheat. 448; 5 Cond. Rep. 134. Weston et al. v. The City Council of Charleston, 2 Peters, 449. Hickie v. Starke et al., 1 Peters, 94. Satterlee v. Matthewson, 2 Peters, 380. M'Bride v. Hoey, 11 Peters, 167. Ross v. Barland et. al., 1 Peters, 655. The City of New Orleans v. De Armas, 9 Peters, 224. Crowell v. Randell, 10 Peters, 368. Williams v. Norris, 12 Wheat. 117; 6 Cond. Rep. 462. Menard v. Aspasia, 5 Peters, 505. Worcester v. The State of Georgia, 6 Peters, 515. The United States v. Moore, 3 Cranch, 159; 1 Cond. Rep. 480.

(c) Prohibition.  Where the District Court of the United States has no jurisdiction of a cause brought before it, a prohibition will be issued from the Supreme Court to prevent proceedings.  The United States v. Judge Peters, 3 Dall. 121; 1 Cond. Rep. 60.

(d) Mandamus.  The following cases have been decided on the power of the Supreme Court to issue a mandamus.  Marbury v. Madison, 1 Cranch, 137; 1 Cond. Rep. 267. M'Cluny v. Silliman, 2 Wheat. 369; 4 Cond. Rep. 162. United States v. Lawrence, 3 Dall. 42; 1 Cond. Rep. 19. United States v. Peters, 3 Dall. 121; 1 Cond. Rep. 60. Ex parte Burr, 9 Wheat. 529; 5 Cond. Rep. 660. Parker v. The Judges of the Circuit Court of Maryland, 12 Wheat. 561; 6 Cond. Rep. 644. Ex parte Roberts et al., 6 Peters, 216. Ex parte Davenport, 6 Peters, 661. Ex parte Bradstreet, 12 Peters, 174; 7 Peters, 634; 8 Peters, 588. Life and Fire Ins. Comp. of New York v. Wilson's heirs, 8 Peters, 291.

On a mandamus a superior court will never direct in what manner the discretion of the inferior tribunal shall be exercised; but they will, in a proper case, require an inferior court to decide. *Ibid.* Life and Fire Ins. Comp. of New York v. Adams, 9 Peters, 571. Ex parte Story, 12 Peters, 339. Ex parte Jesse Hoyt, collector, &c., 13 Peters, 279.

A writ of mandamus is not a proper process to correct an erroneous judgment or decree rendered in an inferior court.  This is a matter which is properly examinable on a writ of error, or an appeal to a proper appellate tribunal. *Ibid.*

Writs of mandamus from the Circuit Courts of the United States.  A Circuit Court of the United States has power to issue a mandamus to a collector, commanding him to grant a clearance.  Gilchrist et al. v. Collector of Charleston, 1 Hall's Admiralty Law Journal, 429.

The power of the Circuit Court to issue the writ of mandamus is confined exclusively to those cases in which it may be necessary to the exercise of their jurisdiction.  M'Intire v. Wood, 7 Cranch, 504; 2 Cond. Rep. 588.

The Circuit Courts of the United States have no power to issue writs of mandamus after the practice of the King's Bench; but only where they are necessary for the exercise of their jurisdiction.  Smith v. Jackson, Paine's C. C. R. 453.

(e) Habeas corpus. Ex parte Burford, 3 Cranch, 448; 1 Cond. Rep. 594; Ex parte Bollman, 4 Cranch, 75; 2 Cond. Rep. 33.

The writ of habeas corpus does not lie to bring up a person confined in the prison bounds upon a capias ad satisfaciendum, issued in a civil suit. Ex parte Wilson, 6 Cranch, 52; 2 Cond. Rep. 300. Ex parte Kearney, 7 Wheat. 38; 5 Cond. Rep. 225.

The power of the Supreme Court to award writs of habeas corpus is conferred expressly on the court by the 14th section of the judicial act, and has been repeatedly exercised. No doubt exists respecting the power. No law of the United States prescribes the cases in which this great writ shall be issued, nor the power of the court over the party brought up by it. The term used in the constitution is one which is well understood, and the judicial act authorizes the court, and all other courts of the United States and the judges thereof to issue the writ "for the purpose of inquiring into the cause of commitment." Ex parte Tobias Watkins, 3 Peters, 201.

As the jurisdiction of the Supreme Court is appellate, it must be shown to the court that the court has power to award a habeas corpus, before one will be granted. Ex parte Milburn, 9 Peters, 704.

Act of 1793, ch. 22; act of 1807, ch. 13; act of 1818, ch. 83; act of Feb. 1819; act of May 20, 1826, ch. 124.

by statute, which may be necessary for the exercise of their respective jurisdictions, *and agreeable to the principles and usages of law. And* that either of the justices of the supreme court, as well as judges of the district courts, shall have power to grant writs of *habeas corpus* for the purpose of an inquiry into the cause of commitment.—*Provided*, That

Limitation of writs of habeas corpus.

writs of *habeas corpus* shall in no case extend to prisoners in gaol, unless where they are in custody, under or by colour of the authority of the United States, or are committed for trial before some court of the same, or are necessary to be brought into court to testify.

Parties shall produce books and writings.

SEC. 15. *And be it further enacted,* That all the said courts of the United States, shall have power in the trial of actions at law, on motion and due notice thereof being given, to require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery; and if a plaintiff shall fail to comply with such order, to produce books or writings, it shall be lawful for the courts respectively, on motion, to give the like judgment for the defendant as in cases of nonsuit; and if a defendant shall fail to comply with such order, to produce books or writings, it shall be lawful for the courts respectively on motion as aforesaid, to give judgment against him or her by default.(*a*)

Suits in equity limited.

SEC. 16. *And be it further enacted,* That suits in equity shall not be sustained in either of the courts of the United States, in any case where plain, adequate and complete remedy may be had at law.(*b*)

---

The act of Congress authorizing the writ of habeas corpus to be issued " for the purpose of inquiring into the cause of commitment," applies as well to cases of commitment under civil as those of criminal process. See Chief Justice Marshall, 2 Brocken C. C. R. 447. Ex parte Cabrera, 1 Wash. C. C. R. 232. United States *v.* French, 1 Gallis's C. C. R. 2. Holmes *v.* Jennison, Governor of the State of Vermont, 14 Peters, 540.

(*a*) It is sufficient for one party to suggest that the other is in possession of a paper, which he has, under the act of Congress, given him notice to produce at the trial, without offering other proof of the fact; and the party so called upon must discharge himself of the consequences of not producing it, by affidavit or other proof that he has it not in his power to produce it. Hylton *v.* Brown, 1 Wash. C. C. R. 298.

The court will not, upon a notice of the defendant to the plaintiff to produce a title paper to the land in dispute, which is merely to defeat the plaintiff's title, compel him to do so; unless the defendant first shows title to the land. Merely showing a right of possession is not sufficient to entitle him to the aid of a court of chancery, or of the Supreme Court, to compel a discovery of papers which are merely to defeat the plaintiff's title without strengthening the defendant's. It is sufficient, in order to entitle him to call for papers to show the title to the land, although none is shown in the papers. Ibid.

Where one party in a cause wishes the production of papers supposed to be in the possession of the other, he must give notice to produce them; if not produced, he may give inferior evidence of their contents. But if it is his intention to nonsuit the plaintiff, or if the plaintiff requiring the papers means to obtain a judgment by default, under the 15th section of the judicial act, he is bound to give the opposite party notice that he means to move the court for an order upon him to produce the papers, or on a failure so to do, to award a nonsuit or judgment, as the case may be. Bas *v.* Steele, 3 Wash. C. C. R. 381.

No advantage can be taken of the non-production of papers, unless ground is laid for presuming that the papers were, at the time notice was given, in the possession or power of the party to whom notice was given, and that they were pertinent to the issue. In either of the cases, the party to whom notice was given may be required to prove, by his own oath, that the papers are not in his possession or power; which oath may be met by contrary proof according to the rules of equity. Ibid.

To entitle the defendant to nonsuit the plaintiff for not obtaining papers which he was noticed to produce, the defendant must first obtain an order of the court, under a rule that they should be produced. But this order need not be absolute when moved for, but may be nisi, unless cause be shown at the trial. Dunham *v.* Riley, 4 Wash. C. C. R. 126.

Notice to the opposite party to produce on the trial all letters in his possession, relating to monies received by him under the award of the commissioners under the Florida treaty, is sufficiently specific as they described their subject matter. If to such notice the party answer on oath that he has not a particular letter in his possession, and after diligent search could find none such, it is sufficient to prevent the offering of secondary proof of its contents. The party cannot be asked or compelled to answer whether he ever had such a letter in his possession. Vasse *v.* Mifflin, 4 Wash. C. C. R. 519.

(*b*) The equity jurisdiction of the courts of the United States is independent of the local law of any State, and is the same in nature and extent as the equity jurisdiction of England from which it is derived. Therefore it is no objection to this jurisdiction, that there is a remedy under the local law. Gordon *v.* Hobart, 2 Sumner's C. C. R. 401.

If a case is cognizable at common law, the defendant has a right of trial by jury, and a suit upon it cannot be sustained in equity. Baker *v.* Biddle, 1 Baldwin's C. C. R. 405.

Sec. 17. *And be it further enacted,* That all the said courts of the United States shall have power to grant new trials, in cases where there has been a trial by jury for reasons for which new trials have usually been granted in the courts of law;(*a*) and shall have power to impose and administer all necessary oaths or affirmations, and to punish by fine or imprisonment, at the discretion of said courts, all contempts of authority in any cause or hearing before the same ;(*b*) and to make and establish all necessary rules for the orderly conducting business in the said courts, provided such rules are not repugnant to the laws of the United States.

*Courts may grant new trials.*

*Act of March 2, 1831, ch. 99.*

Sec. 18. *And be it further enacted,* That when in a circuit court, judgment upon a verdict in a civil action shall be entered, execution may on motion of either party, at the discretion of the court, and on such conditions for the security of the adverse party as they may judge proper, be stayed forty-two days from the time of entering judgment, to give time to file in the clerk's office of said court, a petition for a new trial. And if such petition be there filed within said term of forty-two days, with a certificate thereon from either of the judges of such court, that he allows the same to be filed, which certificate he may make or refuse at his discretion, execution shall of course be further stayed to the next session of said court.(*c*) And if a new trial be granted, the former judgment shall be thereby rendered void.

*Execution may be stayed on conditions.*

Sec. 19. *And be it further enacted,* That it shall be the duty of circuit courts, in causes in equity and of admiralty and maritime jurisdiction, to cause the facts on which they found their sentence or decree, fully to appear upon the record either from the pleadings and decree itself, or a state of the case agreed by the parties, or their counsel, or if they disagree by a stating of the case by the court.

*Facts to appear on record.*

*Altered by act of March 3, 1803, chap. 40.*

Sec. 20. *And be it further enacted,* That where in a circuit court, a plaintiff in an action, originally brought there, or a petitioner in equity, other than the United States, recovers less than the sum or value of five hundred dollars, or a libellant, upon his own appeal, less than the sum or value of three hundred dollars, he shall not be allowed, but at the discretion of the court, may be adjudged to pay costs.

*Costs not allowed unless 500 dollars recovered.*

Sec. 21. *And be it further enacted,* That from final decrees in a district court in causes of admiralty and maritime jurisdiction, where the matter in dispute exceeds the sum or value of three hundred dollars, exclusive of costs, an appeal shall be allowed to the next circuit court,

*Appeals from the district to the circuit court where matter in dispute exceeds 300 dolls.*

There cannot be concurrent jurisdiction at law and equity, where the right and remedy are the same; but equity may proceed in aid of the remedy at law, by incidental and auxiliary relief; if the remedy at law is complete. Its jurisdiction is special, limited and defined; not as in England, where it depends on usage. *Ibid.*

The 16th section of the judiciary law is a declaratory act settling the law as to cases of equity jurisdiction, in the nature of a proviso, limitation or exception to its exercise. If the plaintiff have a plain, adequate and complete remedy at law, the case is not a suit in equity, under the constitution, or the judiciary act. *Ibid.*

Though the rules and principles established in English Chancery at the revolution, are adopted in the federal courts, the changes introduced there since, are not followed here; especially in matters of jurisdiction, as to which the 16th section of the act of 1789 is imperative. *Ibid.*

(*a*) New trials. Calder *v.* Bull and Wife, 3 Dall. 386; 1 Cond. Rep. 172. Arnold *v.* Jones, Bee's Rep. 104.

(*b*) Contempt of court. The courts of the United States have no common law jurisdiction of crimes against the United States. But independent of statutes, the courts of the United States have power to fine for contempts, and imprison for contumacy, and to enforce obedience to their orders, &c. The United States *v.* Hudson et al., 7 Cranch, 32 ; 2 Cond. Rep. 405.

By an act passed March 2, 1831, chap. 99, it is enacted, that the power of the courts of the United States to punish for contempts shall not extend to any cases, except to misbehaviour in the presence of the court, or so near to the court as to obstruct the administration of justice, or the misbehaviour of the officers of the court in their official transactions, and disobedience or resistance by any officer of the court, party, juror, witness or any person to any writ, process, order or decree of the court. Indictments may be presented against persons impeding the proceedings of the court, &c. See the statute.

(*c*) Execution. The 14th section of the Judiciary act of September 24, 1789, chap. 20, authorizes the courts of the United States to issue writs of execution upon judgments which have been rendered. This section provides only for the issuing of the writ, and directs no mode of proceeding by the officer obeying its command. Bank of the United States *v.* Halstead, 10 Wheat. 51 ; 6 Cond. Rep. 22.

Altered by the 2d section of the act of March 3, 1803, chap. 40. [Obsolete.]

Final decrees re-examined above 50 dollars.

Altered by the 2d section of the act of March 3, 1803, chap. 40.

And suits in equity, exceeding 2000 dollars in value.

to be held in such district. *Provided nevertheless*, That all such appeals from final decrees as aforesaid, from the district court of Maine, shall be made to the circuit court, next to be holden after each appeal in the district of Massachusetts.

Sec. 22. *And be it further enacted*, That final decrees and judgments in civil actions in a district court, where the matter in dispute exceeds the sum or value of fifty dollars, exclusive of costs, may be re-examined, and reversed or affirmed in a circuit court, holden in the same district, upon a writ of error, whereto shall be annexed and returned therewith at the day and place therein mentioned, an authenticated transcript of the record, an assignment of errors, and prayer for reversal, with a citation to the adverse party, signed by the judge of such district court, or a justice of the Supreme Court, the adverse party having at least twenty days' notice.(*a*) And upon a like process, may final judgments and decrees in civil actions, and suits in equity in a circuit court, brought there by original process, or removed there from courts of the several States, or removed there by appeal from a district court where the matter in dispute exceeds the sum or value of two thousand dollars, exclusive of costs, be re-examined and reversed or affirmed in the Supreme Court, the citation being in such case signed by a judge of such circuit court, or justice of the Supreme Court, and the adverse party having at least thirty days' notice.(*b*)  But there shall be no rever-

(*a*) The rules, regulations and restrictions contained in the 21st and 22d sections of the judiciary act of 1789, respecting the time within which a writ of error shall be brought, and in what instances it shall operate as a supersedeas, the citation to the opposite party, the security to be given by the plaintiff in error, and the restrictions on the appellate court as to reversals in certain enumerated cases, are applicable to the act of 1803, and are to be substantially observed : except that where the appeal is prayed for at the same time when the decree or sentence is pronounced, a citation is not necessary.  The San Pedro, 2 Wheat. 132 ; 4 Cond. Rep. 65.

By the 2d section of the act of March 3, 1803, chap. 40, appeals are allowed from all final judgments or decrees in any of the District courts, where the matter in dispute, exclusive of costs, shall exceed the sum or value of fifty dollars. Appeals from the Circuit Court to the Supreme Court are allowed when the sum or value, exclusive of costs exceeds $2000.  This section repeals so much of the 19th and 20th sections of the act of 1789, as comes within the purview of those provisions.

By the provisions of the act of April 2, 1816, chap. 39, appeals from the Circuit Court of the United States for the District of Columbia, are allowed when the matter in dispute in the cause exceeds $1000, exclusive of costs.

(*b*) The following cases have been decided on the questions which have arisen as to the value in controversy, in a case removed by writ of error or appeal.

The verdict and judgment do not ascertain the matter in dispute between the parties.  To determine this, recurrence must be had to the original controversy ; to the matter in dispute when the action was instituted.  Wilson *v.* Daniel, 3 Dall. 401 ; 1 Cond. Rep. 185.

Where the value of the matter in dispute did not appear in the record, in a case brought by writ of error, the court allowed affidavits to be taken to prove the same, on notice to the opposite party.  The writ of error not to be a supersedeas.  Course *v.* Stead's Ex'ors, 4 Dall. 22 ; 1 Cond. Rep. 217 ; 4 Dall. 20 ; 1 Cond. Rep. 215.

The Supreme Court will permit viva voce testimony to be given of the value of the matter in dispute, in a case brought up by a writ of error or by appeal.  The United States *v.* The Brig Union et al., 4 Cranch, 216 ; 2 Cond. Rep. 91.

The plaintiff below claimed more than $2000 in his declaration, but obtained a verdict for a less sum. The appellate jurisdiction of the Supreme Court depends on the sum or value in dispute between the parties, as the case stands on the writ of error in the Supreme Court ; not on that which was in dispute in the Circuit Court.  If the writ of error be brought by the plaintiff below, then the sum the declaration shows to be due may still be recovered, should the judgment for a smaller sum be reversed ; and consequently the whole sum claimed is in dispute.  Smith *v.* Honey, 3 Peters, 469 ; Gordon *v.* Ogden, 3 Peters, 33.

In cases where the demand is not for money, and the nature of the action does not require the value of the thing to be stated in the declaration, the practice of the courts of the United States has been to allow the value to be given in evidence.  Ex parte Bradstreet, 7 Peters, 634.

The onus probandi of the amount in controversy, to establish the jurisdiction of the Supreme Court in a case brought before it by writ of error, is upon the party seeking to obtain the revision of the case. He may prove that the value exceeds $2000, exclusive of costs.  Hagan *v.* Foison, 10 Peters, 160.

The Supreme Court has no jurisdiction in a case in which separate decrees have been entered in the Circuit Court for the wages of seamen, the decree in no one case amounting to $2000, although the amount of the several decrees exceed that sum, and the seamen in each case claimed under the same contract.  Oliver *v.* Alexander, 6 Peters, 143.  See Scott *v.* Lunt's Adm'rs, 6 Peters, 349.

The Supreme Court will not compel the hearing of a cause unless the citation be served thirty days before the first day of the term.  Welsh *v.* Mandeville, 5 Cranch, 321 ; 2 Cond. Rep. 268.

A citation must accompany the writ of error.  Lloyd *v.* Alexander, 1 Cranch, 365 ; 1 Cond. Rep. 334.

When an appeal is prayed during the session of the court, a citation to the appellee is not necessary. Riley, appellant, *v.* Lamar et al., 2 Cranch, 344 ; 1 Cond. Rep. 419.

FIRST CONGRESS. Sess. I. Ch. 20. 1789.   85

sal in either court on such writ of error for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court, or such plea to a petition or bill in equity, as is in the nature of a demurrer, or for any error in fact. And writs of error shall not be brought but within five years after rendering or passing the judgment or decree complained of, or in case the person entitled to such writ of error be an infant, *feme covert, non compos mentis*, or imprisoned, then within five years as aforesaid, exclusive of the time of such disability.(a)   And every justice or judge signing a citation on any writ of error as aforesaid, shall take good and sufficient security, that the plaintiff in error shall prosecute his writ to effect, and answer all damages and costs if he fail to make his plea good.(b)

Writs of error limited.

Plaintiff to give security.
Act of December 12, 1794, chap. 3.

Sec. 23. *And be it further enacted*, That a writ of error as aforesaid shall be a supersedeas and stay execution in cases only where the writ of error is served, by a copy thereof being lodged for the adverse party in the clerk's office where the record remains, within ten days, Sundays exclusive, after rendering the judgment or passing the decree complained of.   Until the expiration of which term of ten days, executions shall not issue in any case where a writ of error may be a supersedeas; and whereupon such writ of error the Supreme or a circuit court shall affirm a judgment or decree, they shall adjudge or decree to the respondent in error just damages for his delay, and single or double costs at their discretion.(c)

Writ of error a supersedeas.

Sec. 24. *And be it further enacted*, That when a judgment or decree shall be reversed in a circuit court, such court shall proceed to render such judgment or pass such decree as the district court should have rendered or passed; and the Supreme Court shall do the same on reversals therein, except where the reversal is in favour of the plaintiff, or petitioner in the original suit, and the damages to be assessed, or matter to be decreed, are uncertain, in which case they shall remand the cause for a final decision.   And the Supreme Court shall not issue execution in causes that are removed before them by writs of error, but shall send a special mandate to the circuit court to award execution thereupon.

Judgment or decree reversed.

Supreme court not to issue execution but mandate.

Sec. 25. *And be it further enacted*, That a final judgment or decree in any suit, in the highest court of law or equity of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the constitution, treaties or laws of the United States, and the decision is in favour of such their validity,(d) or where is drawn in question the construction of any

Cases in which judgment and decrees of the highest court of a state may be examined by the supreme court, on writ of error.

(a) An appeal under the judiciary acts of 1789 and 1803, was prayed for and allowed within five years; held to be valid, although the security was not given within five years.  The mode of taking the security and the time of perfecting it, are exclusively within the control of the court below.  The Dos Hermanos, 10 Wheat. 306; 6 Cond. Rep. 109.

(b) By the act of December 12, 1794, chap. 3, the security required to be taken on signing a citation on any writ of error which shall not be a supersedeas, and stay execution, shall only be for an amount which will be sufficient to answer for costs.

(c) Supersedeas.  The Supreme Court will not quash an execution issued by the court below to enforce its decree, pending a writ of error, if the writ be not a supersedeas to the decree.  Wallen v. Williams, 7 Cranch, 278; 2 Cond. Rep. 491.

(d) In delivering the opinion of the Supreme Court in the case of Fisher v. Cockrell, 5 Peters, 248, Mr. Chief Justice Marshall said: "In the argument the court has been admonished of the jealousy with which the States of the Union view the revising power entrusted by the constitution and laws to this tribunal.  To observations of this character the answer uniformly has been that the course of the judicial department is marked out by law.  We must tread the direct and narrow path prescribed for us.  As this court has never grasped at ungranted jurisdiction, so it never will, we trust, shrink from that which is conferred upon it."

The appellate power of the Supreme Court of the United States extends to cases pending in the State courts; and the 25th section of the judiciary act, which authorizes the exercise of this jurisdiction in the specified cases by writ of error, is supported by the letter and spirit of the constitution.  Martin v. Hunter's Lessee, 1 Wheat. 304; 3 Cond. Rep. 575.

Under the 25th section of the judiciary act of 1789, where the construction of any clause in the con-

clause of the constitution, or of a treaty, or statute of, or commission held under the United States, and the decision is against the title, right, privilege or exemption specially set up or claimed by either party, under such clause of the said Constitution, treaty, statute or commission, may be re-examined and reversed or affirmed in the Supreme Court of the United States upon a writ of error, the citation being signed by the chief justice, or judge or chancellor of the court rendering or passing the judgment or decree complained of, or by a justice of the Supreme Court of the United States, in the same manner and under the same regulations, and the writ shall have the same effect, as if the judgment or decree complained of had been rendered or passed in a circuit court, and the proceeding upon the reversal shall also be the same, except that the Supreme Court, instead of remanding the cause for a final decision as before provided, may at their discretion, if the cause shall have been once remanded before, proceed to a final decision of the same, and award execution.  But no other error shall be assigned or regarded as a ground of reversal in any such case as aforesaid, than such as appears on the face of the record, and immediately respects the before men-

*Proceedings on reversal.*

*No writs of error but as above mentioned.*

---

stitution or any statute of the United States is drawn in question, in any suit in a State court, the decision must be against the title or right set up by the party under such clause in the constitution or statute; otherwise the Supreme Court has no appellate jurisdiction in the case.  It is not sufficient that the construction of the statute was drawn in question, and that the decision was against the title.  It must appear that the title set up depended on the statute.  *Williams v. Norris,* 12 Wheat. 117; 6 Cond. Rep. 462.

If the construction or validity of a treaty of the United States is drawn in question in the State courts, and the decision is against its validity, or against the title set up by either party under the treaty, the Supreme Court has jurisdiction to ascertain that title, and to determine its legal meaning; and is not confined to the abstract construction of the treaty itself.  *Ibid.*

The 2d article of the constitution of the United States enables the Supreme Court to receive jurisdiction to the full extent of the constitution, laws and treaties of the United States, when any question respecting them shall assume such form that the judicial power is capable of acting upon it.  That power is capable of acting only when the subject is submitted to it by a party who asserts his right in the form prescribed by law.  It then becomes a case.  *Osborn v. The Bank of the United States,* 6 Wheat. 738; 5 Cond. Rep. 741.

The Supreme Court has no jurisdiction under the 25th section of the act of 1789, unless the judgment or decree of the State court be a final judgment or decree.  A judgment reversing that of an inferior court, and awarding a scire facias de novo, is not a final judgment.  *Houston v. Moore,* 3 Wheat. 433; 4 Cond. Rep. 286.

The Supreme Court has no appellate jurisdiction under the 25th section of the judiciary act, unless the right, title, privilege, or exemption under a statute or commission of the United States be specially set up by the party claiming it in the State court, and the decision be against the same.  *Montgomery v. Hernandez,* 12 Wheat. 129; 6 Cond. Rep. 475.

It is no objection to the exercise of the appellate jurisdiction under this section, that one party is a State, and the other a citizen of that State.  *Cohens v. The State of Virginia,* 6 Wheat. 264; 5 Cond. Rep. 90.

In order to bring a case for a writ of error or an appeal to the Supreme Court from the highest court of a State within the 25th section of the judiciary act, it must appear on the face of the record: 1. That some of the questions stated in that section did arise in the State court.  2. That the question was decided in the State court as required in the section.

It is not necessary that the question shall appear in the record to have been raised, and the decision made in direct and positive terms, ipsissimis verbis; but it is sufficient if it appears by clear and necessary intendment that the question must have been raised, and must have been decided, in order to induce the judgment.  It is not sufficient to show that a question might have arisen and been applicable to the case, unless it is further shown, on the record, that it did arise and was applied by the State Court to the case.  *Crowell v. Randall,* 10 Peters, 368.  See also *Williams v. Norris,* 12 Wheat. 117; 6 Cond. Rep. 462.  *Jackson v. Lamphire,* 3 Peters, 280.  *Menard v. Aspasia,* 5 Peters, 505.  *Fisher v. Cockrell,* 5 Peters, 248.  *Gelston v. Hoyt,* 3 Wheat. 246; 4 Cond. Rep. 244.  *Gordon v. Caldcleugh et al.,* 3 Cranch, 268; 1 Cond. Rep. 524.  *Owings v. Norwood's Lessee,* 5 Cranch, 344; 2 Cond. Rep. 275.  *Buel et al. v. Van Ness,* 8 Wheat. 312; 5 Cond. Rep. 445.  *Miller v. Nicholls,* 4 Wheat. 311; 4 Cond. Rep. 465.  *Matthews v. Zane et al.,* 7 Wheat. 164; 5 Cond. Rep. 265.  *Gibbons v. Ogden,* 6 Wheat. 448; 5 Cond. Rep. 134.

Under the 25th section of the judiciary act of 1789, three things are necessary to give the Supreme Court jurisdiction of a case brought up by writ of error or appeal: 1. The validity of a statute of the United States, or of authority exercised under a State, must be drawn in question.  2. It must be drawn in question on the ground that it is repugnant to the constitution, treaties and laws of the United States.  3. The decision of the State court must be in favour of its validity.  The Commonwealth Bank of Kentucky *v.* Griffith et al., 14 Peters, 46.  See also *Pollard's heirs v. Kibbe,* 14 Peters, 353.  *M'Cluny v. Silliman,* 6 Wheat. 598; 5 Cond. Rep. 197.  *Weston et al. v. The City Council of Charleston,* 2 Peters, 449.  *Hickie v. Starke et al.,* 1 Peters, 94.  *Satterlee v. Matthewson,* 2 Peters, 380.  *Wilson et al. v. The Blackbird Creek Marsh Association,* 2 Peters, 245.  *Harris v. Dennie,* 3 Peters, 292.  *M'Bride v. Hoey,* 11 Peters, 167.  *Winn's heirs v. Jackson et al.,* 12 Wheat. 135; 6 Cond. Rep. 479.  *City of New Orleans v. De Armas,* 9 Peters, 224.

tioned questions of validity or construction of the said constitution, treaties, statutes, commissions, or authorities in dispute.(a)

Sec. 26. *And be it further enacted,* That in all causes brought before either of the courts of the United States to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other speciality, where the forfeiture, breach or non-performance shall appear, by the default or confession of the defendant, or upon demurrer, the court before whom the action is, shall render judgment therein for the plaintiff to recover so much as is due according to equity. And when the sum for which judgment should be rendered is uncertain, the same shall, if either of the parties request it, be assessed by a jury.

Sec. 27. *And be it further enacted,* That a marshal shall be appointed in and for each district for the term of four years, but shall be removable from office at pleasure, whose duty it shall be to attend the district and circuit courts when sitting therein, and also the Supreme Court in the district in which that court shall sit.(b) And to execute throughout the district, all lawful precepts directed to him, and issued under the authority of the United States, and he shall have power to command all necessary assistance in the execution of his duty, and to appoint as there shall be occasion, one or more deputies,(c) who shall be removable from office by the judge of the district court, or the circuit court sitting within the district, at the pleasure of either; and before he enters on the duties of his office, he shall become bound for the faithful performance of the same, by himself and by his deputies before the judge of the district court to the United States, jointly and severally, with two good and sufficient sureties, inhabitants and freeholders of such district, to be approved by the district judge, in the sum of twenty thousand dollars, and shall take before said judge, as shall also his deputies, before they enter on the duties of their appointment, the following oath of office: " I, A. B., do solemnly swear or affirm, that I will faithfully execute all lawful precepts directed to the marshal of the district of under the authority of the United States, and true returns make, and in all things well and truly, and without malice or partiality, perform the duties of the office of marshal (or marshal's deputy, as the case may be) of the district of , during my continuance in said office, and take only my lawful fees. So help me God."

Sec. 28. *And be it further enacted,* That in all causes wherein the marshal or his deputy shall be a party, the writs and precepts therein shall be directed to such disinterested person as the court, or any justice or judge thereof may appoint, and the person so appointed, is hereby authorized to execute and return the same. And in case of the death of any marshal, his deputy or deputies shall continue in office, unless otherwise specially removed; and shall execute the same in the name of the deceased, until another marshal shall be appointed and sworn: And the defaults or misfeasances in office of such deputy or deputies in the mean time, as well as before, shall be adjudged a breach of the condition of the bond given, as before directed, by the marshal who appointed

*Marginal notes:*
In cases of forfeiture the courts may give judgment according to equity.

Jury to assess damages when the sum is uncertain.

Marshal to be appointed.

Duration of office.

Act of May 15, 1820, ch. 101, 106, sec. 8.

Deputies removable by the district and circuit courts.

Sureties.

Oath of marshal, and of his deputies.

If marshal, or his deputy, a party to a suit, process to be directed to a person selected by the court.

Deputies to continue in office on the death of the marshal.

Defaults of deputies.

(a) Williams *v.* Norris, 6 Wheat. 117; 6 Cond. Rep. 462.

(b) A marshal is not removed by the appointment of a new one, until he receives notice of such appointment. All acts done by the marshal after the appointment of a new one, before notice, are good; but his acts subsequent to notice are void. Wallace's C. C. R. 119.

It is the duty of a marshal of a court of the United States to execute all process which may be placed in his hand, but he performs this duty at his peril, and under the guidance of law. He must, of course, exercise some judgment in the performance. Should he fail to obey the exegit of the writ without a legal excuse, or should he in its letter violate the rights of others, he is liable to the action of the injured party. Life and Fire Ins. Comp. of New York *v.* Adams, 9 Peters, 573.

(c) A marshal is liable on his official bond for the failure of his deputies to serve original process, but the measure of his liability is the extent of the injury received by the plaintiff, produced by his negligence. If the loss of the debt be the direct legal consequence of a failure to serve the process, the amount of the debt is the measure of the damages; but not so if otherwise. The United States *v.* Moore's Adm'rs, 2 Brocken's C. C. R. 317. See San Jose Indiano, 2 Gallis. C. C. R. 311. Ex parte Jesse Hoyt, collector, &c., 13 Peters, 279.

| | |
|---|---|
| Powers of the executor or administrator of deceased marshals. | them; and the executor or administrator of the deceased marshal shall have like remedy for the defaults and misfeasances in office of such deputy or deputies during such interval, as they would be entitled to if the marshal had continued in life and in the exercise of his said office, until his successor was appointed, and sworn or affirmed: And every marshal or his deputy when removed from office, or when the term for which the marshal is appointed shall expire, shall have power notwithstanding to execute all such precepts as may be in their hands respectively at the |
| Marshal's power after removal. | time of such removal or expiration of office; and the marshal shall be held answerable for the delivery to his successor of all prisoners which may be in his custody at the time of his removal, or when the term for which he is appointed shall expire, and for that purpose may retain such prisoners in his custody until his successor shall be appointed and qualified as the law directs.(a) |
| Trial of cases punishable with death to be had in county. | Sec. 29. And be it further enacted, That in cases punishable with death, the trial shall be had in the county where the offence was committed, or where that cannot be done without great inconvenience, twelve petit jurors at least shall be summoned from thence.(b)  And jurors in all cases to serve in the courts of the United States shall be designated by lot or otherwise in each State respectively according to the mode of forming juries therein now practised, so far as the laws of the |
| Jurors by lot. Act of May 13, 1800, ch. 61. | same shall render such designation practicable by the courts or marshals of the United States; and the jurors shall have the same qualifications as are requisite for jurors by the laws of the State of which they are citizens, to serve in the highest courts of law of such State, and shall be returned as there shall be occasion for them, from such parts of the district from time to time as the court shall direct, so as shall be most favourable to an impartial trial, and so as not to incur an unnecessary expense, or unduly to burthen the citizens of any part of the district with such ser- |
| Writs of venire facias from clerk's office. | vices. And writs of venire facias when directed by the court shall issue from the clerk's office, and shall be served and returned by the marshal in his proper person, or by his deputy, or in case the marshal or his deputy is not an indifferent person, or is interested in the event of the cause, by such fit person as the court shall specially appoint for that purpose, to whom they shall administer an oath or affirmation that he will truly and impartially serve and return such writ.  And when from challenges or otherwise there shall not be a jury to determine any civil or criminal cause, the marshal or his deputy shall, by order of the court where such defect of jurors shall happen, return jurymen de talibus cir- |
| Juries de talibus, &c. | cumstantibus sufficient to complete the pannel; and when the marshal or his deputy are disqualified as aforesaid, jurors may be returned by such disinterested person as the court shall appoint. |
| Mode of proof. | Sec. 30. And be it further enacted, That the mode of proof by oral testimony and examination of witnesses in open court shall be the same |
| Act of April 29, 1802, ch.31, § 25. | in all the courts of the United States, as well in the trial of causes in equity and of admiralty and maritime jurisdiction, as of actions at common law.  And when the testimony of any person shall be necessary in any civil cause depending in any district in any court of the United States, who shall live at a greater distance from the place of trial than one hundred miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of such district, and to a greater distance from the place of trial than as aforesaid, before the time of trial, or is |
| Depositions de bene esse. | ancient or very infirm, the deposition of such person may be taken de bene esse before any justice or judge of any of the courts of the United States, |

(a) If a debtor committed to the State jail under process of the courts of the United States escapes, the marshal is not liable.  Randolph v. Donnaldson, 9 Cranch, 76; 3 Cond. Rep. 290.

(b) The Circuit Courts of the United States are bound to try all crimes committed within the district, which are duly presented before it; but not to try them in the county where they have been committed. The United States v. Wilson and Porter, Baldwin's C. C. R. 78.

or before any chancellor, justice or judge of a supreme or superior court, mayor or chief magistrate of a city, or judge of a county court or court of common pleas of any of the United States, not being of counsel or attorney to either of the parties, or interested in the event of the cause, provided that a notification from the magistrate before whom the deposition is to be taken to the adverse party, to be present at the taking of the same, and to put interrogatories, if he think fit, be first made out and served on the adverse party or his attorney as either may be nearest, if either is within one hundred miles of the place of such caption, allowing time for their attendance after notified, not less than at the rate of one day, Sundays exclusive, for every twenty miles travel.(a)  And in causes of admiralty and maritime jurisdiction, or other cases of seizure when a libel shall be filed, in which an adverse party is not named, and depositions of persons circumstanced as aforesaid shall be taken before a claim be put in, the like notification as aforesaid shall be given to the person having the agency or possession of the property libelled at the time of the capture or seizure of the same, if known to the libellant. And every person deposing as aforesaid shall be carefully examined and cautioned, and sworn or affirmed to testify the whole truth, and shall subscribe the testimony by him or her given after the same shall be reduced to writing, which shall be done only by the magistrate taking the deposition, or by the deponent in his presence.  And the depositions so taken shall be retained by such magistrate until he deliver the same with his own hand into the court for which they are taken, or shall, together with a certificate of the reasons as aforesaid of their being taken, and of the notice if any given to the adverse party, be by him the said magistrate sealed up and directed to such court, and remain under his seal until opened in court.(b)  And any person may be compelled to appear and depose as aforesaid in the same manner as to appear and testify in court.  And in the trial of any cause of admiralty or maritime jurisdiction in a district court, the decree in which may be appealed from, if either party shall suggest to and satisfy the court that probably it will not be in his power to produce the witnesses there testifying before the circuit court should an appeal be had, and shall move that their testimony be taken down in writing, it shall be so done by the clerk of the court.(c)  And

*Adverse party to be notified.*

*Notice in admiralty and maritime causes.*

*Agent notified.*

*Depositions retained.*

*Persons may be compelled to appear and testify.*

*Appeal allowed.*

---

(a) The following cases have been decided relating to depositions taken under the provisions of this act:

That the deponent is a seaman on board a gun-boat in the harbour, and liable to be ordered to some other place, and not to be able to attend the court at the time of sitting, is not a sufficient reason for taking his deposition under the act of September 24, 1789, chap. 20.

If it appear on the face of the deposition taken under the act of Congress, that the officer taking the same, was authorized by the act, it is sufficient in the first instance, without any proof that he was such officer.  Ruggles v. Bucknor, 1 Paine's C. C. R. 358.

Objections to the competency of the witness whose deposition is taken under the act of 1789, should be made at the time of taking the deposition, if the party attend, and the objections are known to him, in order that they may be removed: otherwise he will be presumed to waive them.  United States v. Hairpencils, 1 Paine's C. C. R. 400.

A deposition taken under the 30th section of the act of 1789 cannot be made on evidence, unless the judge before whom it was taken, certify that it was reduced to writing by himself, or by the witness in his presence.  Pettibone v. Derringer, 4 Wash. C. C. R. 215.  See United States v. Smith, 4 Day, 121.  North Carolina Cases, 81.

The authority given by the act of 1789, to take depositions of witnesses in the absence of the opposite party, is in derogation of the rules of common law, and has always been construed strictly; and therefore it is necessary to establish that all the requisites have been complied with, before such testimony can be admitted.  Bell v. Morrison et al., 1 Peters, 351.  The Patapsco Ins. Comp. v. Southgate, 5 Peters, 604.  The United States v. Coolidge, 1 Gallis. C. C. R. 488.  Evans v. Hettick, 3 Wash. C. C. R. 408.  Thomas and Henry v. The United States, 1 Brockeb's C. C. R. 367.

The provisions of the 30th section of the act of 1789, as to taking depositions, de bene esse, does not apply to cases pending in the Supreme Court, but only to cases in the Circuit and District Courts.  The Argo, 2 Wheat. 287; 4 Cond. Rep. 119.

Where there is an attorney on record, notice must in all cases be given to him. Ibid.

The deposition of a person residing out of the State, and more than one hundred miles from the place of trial, cannot be read in evidence.  Bleeker v. Bond, 3 Wash. C. C. R. 529.  See Buddicum v. Kirke, 3 Cranch, 293; 1 Cond. Rep. 535.

(b) It is a fatal objection to a deposition taken under the act of 1789, that it was opened out of court.  Beale v. Thompson, 8 Cranch, 70; 3 Cond. Rep. 35.

(c) Since the act of March 3, 1803, chap. 40, in admiralty as well as in equity cases carried up to the

Attachment G - page 18 of 22

H 2

**90**                    FIRST CONGRESS. Sess. I. Ch. 20. 1789.

<div style="margin-left:auto">

Act of March 3, 1803, ch. 40.

if an appeal be had, such testimony may be used on the trial of the same, if it shall appear to the satisfaction of the court which shall try the appeal, that the witnesses are then dead or gone out of the United States, or to a greater distance than as aforesaid from the place where the court is sitting, or that by reason of age, sickness, bodily infirmity or imprisonment, they are unable to travel and appear at court, but not otherwise. And unless the same shall be made to appear on the trial of any cause, with respect to witnesses whose depositions may have been taken therein, such depositions shall not be admitted or used in the cause. *Provided,* That nothing herein shall be construed to prevent any court of the United States from granting a *dedimus potestatem* to take depositions according to common usage, when it may be necessary to prevent a failure or delay of justice,(*a*) which power they shall severally possess, nor to extend to depositions taken in *perpetuam rei memoriam,* which if they relate to matters that may be cognizable in any court of the United States, a circuit court on application thereto made as a court of equity, may, according to the usages in chancery direct to be taken.

Depositions used in case of sickness, death, &c.

Dedimus potestatem as usual.

Sec. 31. *And be it* [*further*] *enacted,* That where any suit shall be depending in any court of the United States, and either of the parties shall die before final judgment, the executor or administrator of such deceased party who was plaintiff, petitioner, or defendant, in case the cause of action doth by law survive, shall have full power to prosecute or defend any such suit or action until final judgment; and the defendant or defendants are hereby obliged to answer thereto accordingly; and the court before whom such cause may be depending, is hereby empowered and directed to hear and determine the same, and to render judgment for or against the executor or administrator, as the case may require. And if such executor or administrator having been duly served with a *scire facias* from the office of the clerk of the court where such suit is depending, twenty days beforehand, shall neglect or refuse to become a party to the suit, the court may render judgment against the estate of the deceased party, in the same manner as if the executor or administrator had voluntarily made himself a party to the suit.(*b*) And the executor or administrator who shall become a party as aforesaid, shall, upon motion to the court where the suit is depending, be entitled to a continuance of the same until the next term of the said court. And if there be two or more plaintiffs or defendants, and one or more of them shall die, if the cause of action shall survive to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the writ or action shall not be thereby abated; but such death being suggested upon the record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs against the surviving defendant or defendants.(*c*)

Executor or administrator may prosecute and defend.

Neglect of executor or administrator to become a party to the suit, judgment to be rendered.

Executor and administrator may have continuance.

Two plaintiffs. Surviving plaintiff may continue suit.

</div>

---

Supreme Court by appeal, the evidence goes with the cause, and it must consequently be in writing. 1 Gallis. C. C. R. 25; 1 Sumner's C. C. R. 328.

(*a*) When a foreign government refuses to suffer the commission to be executed within its jurisdiction, the Circuit Court may issue letters rogatory for the purpose of obtaining testimony according to the forms and practice of the civil law. Nelson et al. *v.* The United States, Peters' C. C. R. 255. See Buddicum *v.* Kirke, 3 Cranch, 293; 1 Cond. Rep. 535.

Depositions taken according to the proviso in the 30th section of the judiciary act of 1789, under a dedimus potestatem, according to common usage, when it may be necessary to prevent a failure or delay of justice, are, under no circumstances, to be considered as taken de bene esse. Sergeant's Lessee *v.* Biddle, 4 Wheat. 508; 4 Cond. Rep. 522.

(*b*) This statute embraces all cases of death before final judgment, and of course is more extensive than the 17 Car. 2, and 8 and 9 W. 3. The death may happen before or after plea pleaded, before or after issue joined, before or after verdict, or before or after interlocutory judgment; and in all these cases the proceedings are to be exactly as if the executor or administrator were a voluntary party to the suit. Hatch *v.* Eustis, 1 Gallis. C. C. R. 160.

(*c*) In real and personal actions at common law, the death of the parties before judgment abates the suit, and it requires the aid of some statutory provision to enable the suit to be prosecuted by or against the personal representatives of the deceased, where the cause of action survives. This is effected by the 31st section of the judiciary act of 1789, chap. 20. Green *v.* Watkins, 6 Wheat. 260; 5 Cond. Rep. 87.

In real actions the death of either party before judgment, abates the suit. The 31st section of the judiciary act of 1789, which enables the action to be prosecuted by or against the representatives of the

FIRST CONGRESS. Sess. I. Ch. 20. 1789.          **91**

Sec. 32. *And be it further enacted,* That no summons, writ, declaration, return, process, judgment, or other proceedings in civil causes in any of the courts of the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects, or want of form in such writ, declaration, or other pleading, return, process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof.  And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe.(*a*)

*Writs shall not abate for defect of form.*

*Exceptions.*

*Courts may amend imperfections.*

Sec. 33. *And be it further enacted,* That for any crime or offence against the United States, the offender may, by any justice or judge of the United States, or by any justice of the peace, or other magistrate of any of the United States where he may be found agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested, and imprisoned or bailed, as the case may be, for trial before such court of the United States as by this act has cognizance of the offence.(*b*)  And copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case; which recognizances the magistrate before whom the examination shall be, may require on pain of imprisonment.  And if such commitment of the offender, or the witnesses shall be in a district other than that in which the offence is to be tried, it shall be the duty of the judge of that district where the delinquent is imprisoned, seasonably to issue, and of the marshal of the same district to execute, a warrant for the removal of the offender, and the witnesses, or either of them, as the case may be, to the district in which the trial is to be had.  And upon all arrests in criminal cases, bail shall be admitted, except where the punishment may be death, in which cases it shall not be admitted but by the supreme or a circuit court, or by a justice of the supreme court, or a judge of a district court, who shall exercise their discretion therein, regarding the nature and circumstances of the offence, and of the evidence, and the usages of law.  And if a person committed by a justice of the supreme or a judge of a district court for an offence not punishable with death, shall afterwards procure bail, and there be no judge

*Criminals against U. S. arrested by any justice of the peace.*
*Act of March 2, 1793, ch. 22.*
*Act of July 16, 1798, ch. 83.*
*Recognizance to be returned to the clerk's office.*

*Offender may be removed by warrant.*

*Bail admitted.*

*Bail, how taken.*

deceased, when the cause of action survives, is clearly confined to personal actions.  Macker's heirs *v.* Thomas, 7 Wheat. 530; 5 Cond. Rep. 334.

(*a*) The 32d section of the act of 1789, allowing amendments, is sufficiently comprehensive to embrace causes of appellate as well as original jurisdiction; and there is nothing in the nature of an appellate jurisdiction, proceeding according to the common law, which forbids the granting of amendments.  1 Gallis. C. C. R. 22.

If the amendment is made in the Circuit Court, the cause is heard and adjudicated in that court, and upon appeal by the Supreme Court on the new allegation.  But if the amendment is allowed by the Supreme Court, the cause is remanded to the Circuit Court, with directions to allow the amendment to be made.  The Mariana Flora, 11 Wheat. 1; 6 Cond. Rep. 201.

By the provisions of the act of Congress a variance which is merely matter of form may be amended at any time.  Scull *v.* Biddle, 2 Wash. C. C. R. 200.  See Smith *v.* Jackson, 1 Paine's C. C. R. 486.  Ex parte Bradstreet, 7 Peters, 634.  Randolph *v.* Barrett, 16 Peters, 136.  Hozey *v.* Buchanan, 18 Peters, 215.  Woodward *v.* Brown, 13 Peters, 1.

(*b*) The Supreme Court of the United States has jurisdiction, under the constitution and laws of the United States, to bail a person committed for trial on a criminal charge by a district judge of the United States.  The United States *v.* Hamilton, 3 Dall. 13.

The circumstances of the case must be very strong, which will, at any time, induce a court to admit a person to bail, who stands charged with high treason.  The United States *v.* Stewart, 2 Dall. 345.

**Attachment G - page 20 of 22**

FIRST CONGRESS. Sess. I. Ch. 20. 1789.

of the United States in the district to take the same, it may be taken by any judge of the supreme or superior court of law of such state.

**Laws of States rules of decision.**

Sec. 34. *And be it further enacted,* That the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply.(a)

**Parties may manage their own cause.**

Sec. 35. *And be it further enacted,* That in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel or attorneys at law as by the rules of the said courts respectively shall be permitted to manage and conduct causes therein.   And there shall be appointed in each district a meet

**Attorney of the U. S. for each district.**

person learned in the law to act as attorney for the United States in such district, who shall be sworn or affirmed to the faithful execution of his

**His duties.**

office, whose duty it shall be to prosecute in such district all delinquents for crimes and offences, cognizable under the authority of the United States, and all civil actions in which the United States shall be concerned, except before the supreme court in the district in which that

**Compensation.**

court shall be holden.   And he shall receive as a compensation for his

---

(a) The 34th section of the judiciary act of 1799, does not apply to the process and practice of the courts.   It merely furnishes a decision, and is not intended to regulate the remedy.   Wyman *v.* Southard, 10 Wheat. 1 ; 6 Cond. Rep. 1.

In construing the statutes of a State, infinite mischief would ensue, should the federal courts observe a different rule from that which has long been established in the State.   M'Keen *v.* Delancy's lessee, 5 Cranch, 22 ; 2 Cond. Rep. 179.

In cases depending on the statutes of a State, and more especially in those respecting the titles to land, the federal courts adopt the construction of the State, where that construction is settled or can be ascertained.   Polk's Lessee *v.* Wendall, 9 Cranch, 87 ; 3 Cond. Rep. 286.

The Supreme Court uniformly acts under a desire to conform its decisions to the State courts on their local law.   Mutual Assurance Society *v.* Watts, 1 Wheat. 279 ; 3 Cond. Rep. 670.

The Supreme Court holds in the highest respect, decisions of State Courts upon local laws, forming rules of property.   Shipp et al. *v.* Miller's heirs, 2 Wheat. 316 ; 4 Cond. Rep. 132.

When the construction of the statute of the State relates to real property, and has been settled by any judicial decision of the State where the land lies, the Supreme Court, upon the principles uniformly adopted by it, would recognize the decision as part of the local law.   Gardner *v.* Collins, 2 Peters, 58.

In construing local statutes respecting real property, the courts of the Union are governed by the decisions of State tribunals.   Thatcher et al. *v.* Powell, 6 Wheat. 119 ; 5 Cond. Rep. 28.

The courts of the United States, in cases depending on the laws of a particular State, will in general adopt the construction given by the courts of the State, to those laws.   Elmendorf *v.* Taylor, 10 Wheat. 152 ; 6 Cond. Rep. 47.

Under the 34th section of the judiciary act of 1789, the acts of limitation of the several States where no special provision has been made by Congress, form rules of the decision in the courts of the United States ; and the same effect is given to them as is given in the State courts.   M'Cluny *v.* Silliman, 3 Peters, 277.

The statute laws of the States must furnish the rules of decision to the federal courts, as far as they comport with the laws of the United States, in all cases arising within the respective States ; and a fixed and received construction of these respective statute laws in their own courts, makes a part of such statute law.   Shelby et al. *v.* Guy, 11 Wheat. 361 ; 6 Cond. Rep. 345.

The Supreme Court adopts the local law of real property as ascertained by the decisions of State courts ; whether those decisions are grounded on the construction of the statutes of the State, or from a part of the unwritten law of the State, which has become a fixed rule of property.   Jackson *v.* Chew, 12 Wheat. 153 ; 6 Cond. Rep. 489.

Soon after the decision of a case in the Circuit Court for the district of Virginia, a case was decided in the court of appeals of the State, on which the question on the execution laws of Virginia was elaborately argued, and deliberately decided.   The Supreme Court, according to its uniform course, adopts the construction of the act, which is made by the highest court of the State.   The United States *v.* Morrison, 4 Peters, 124.

The Supreme Court has uniformly adopted the decisions of the State tribunals, respectively, in all cases where the decision of a State court has become a rule of property.   Green *v.* Neal, 6 Peters, 291.

In all cases arising under the constitution and laws of the United States, the Supreme Court may exercise a revising power, and its decisions are final and obligatory on all other tribunals, State as well as federal.   A State tribunal has a right to examine any such questions, and to determine thereon, but its decisions must conform to those of the Supreme Court, or the corrective power of that court may be exercised.   But the case is very different when the question arises under a local law.   The decision of this question by the highest tribunal of a State, should be considered as final by the Supreme Court ; not because the State tribunal has power, in such a case, to bind the Supreme Court, but because, in the language of the court in Shelby *v.* Guy, 11 Wheat. 361, a fixed and received construction by a State, in its own courts, makes a part of the statute law.   *Ibid.*   See also Smith *v.* Clapp, 15 Peters, 125.   Watkins *v.* Holman et al., 16 Peters, 25.   Long *v.* Palmer, 16 Peters, 65.   Golden *v.* Price, 3 Wash. C. C. R. 313.   Campbell *v.* Claudius, Peters' C. C. R. 484.   Henderson and Wife *v.* Griffin, 5 Peters, 151.   Coates' executrix *v.* Muse's adm'or.   1 Brocken's C. C. R. 539.   Parsons *v.* Bedford et al., 3 Peters, 433.

FIRST CONGRESS. Sess. I. Ch. 21. 1789. 93

services such fees as shall be taxed therefor in the respective courts before which the suits or prosecutions shall be. And there shall also be appointed a meet person, learned in the law, to act as attorney-general for the United States, who shall be sworn or affirmed to a faithful execution of his office; whose duty it shall be to prosecute and conduct all suits in the Supreme Court in which the United States shall be concerned, and to give his advice and opinion upon questions of law when required by the President of the United States, or when requested by the heads of any of the departments, touching any matters that may concern their departments, and shall receive such compensation for his services as shall by law be provided.(*a*)

Approved, September 24, 1789.

*Attorney General of the U. S.*

*Duties.*

*Act of May 29, 1830, ch. 153.*

*Compensation.*

———

*Statute I.*

CHAP. XXI.—*An Act to regulate Processes in the Courts of the United States.*

*Sept. 29, 1789.*

SECTION 1. *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That all writs and processes issuing from a supreme or a circuit court shall bear test of the chief justice of the supreme court, and if from a district court, shall bear test of the judge of such court, and shall be under the seal of the court from whence they issue; and signed by the clerk thereof. The seals of the supreme and circuit courts to be provided by the supreme court, and of the district courts, by the respective judges of the same.

*Act of May 26, 1790. Obsolete.*

*Act of February 18, 1791. Repealed.*

*Writs to bear test of the Chief Justice.*

*To be under the seal of the Court from which they issue.*

SEC. 2. *And be it further enacted,* That until further provision shall be made, and except where by this act or other statutes of the United States is otherwise provided, the forms of writs and executions, except their style, and modes of process and rates of fees, except fees to judges, in the circuit and district courts, in suits at common law, shall be the same in each state respectively as are now used or allowed in the supreme courts of the same.(*b*) And the forms and modes of proceedings in

*Act of May 8, 1792.*

*Act of May 19, 1828. Forms of writs and executions*

———

(*a*) The acts relating to the compensation of the Attorney General of the United States are: Act of March 2, 1797; act of March 2, 1799, chap. 38; act of February 20, 1804, chap. 12; act of February 20, 1819, chap. 27; act of May 29, 1830, chap. 153, sec. 10.

(*b*) The 34th section of the judiciary act of 1789, authorizes the courts of the United States to issue writs of execution as well as other writs. Wayman *v.* Southard, 10 Wheat. 1; 6 Cond. Rep. 1.

Whenever, by the state laws in force in 1789, a capias might issue from a state court, the acts of 1789 and 1792, extending in terms to that species of writ, must be understood to have adopted its use permanently in the federal courts. Bank of the United States *v.* January, 10 Wheat. 66—in note.

The process act of 1792, chap. 36, is the law which regulates executions issuing from the courts of the United States, and it adopts the practice of the supreme courts of the States existing in 1789, as the rule for governing proceedings on such executions, subject to such alterations as the Supreme Court of the United States may make; but not subject to the alterations which have since taken place in the State laws and practice. Wayman *v.* Southard, 10 Wheat. 1; 6 Cond. Rep. 1.

At an early period after the organization of the federal courts, the rules of practice in the State courts, which were similar to the English practice, were adopted by the judges of the Circuit Court. A subsequent change in the practice of the State courts will not authorize a departure from the rules first adopted in the Circuit Court. 1 Peters' C. C. R. 1.

Whenever by the laws of the United States a defendant may be arrested, the process of arrest employed in the State may be adopted. Burr's trial, 431.

The process act of 1828 was passed shortly after the decision of the Supreme Court of the United States, in the case of Wayman *v.* Southard, and the Bank of the United States *v.* Halstead, and was intended as a legislative sanction of the opinions of the court in those cases. The power given to the courts of the United States to make rules and regulations on final process, so as to conform the same to the laws of the States on the same subject, extends to future legislation; and as well to the modes of proceeding on executions as to the forms of writs. Ross and King *v.* Duval et al., 13 Peters, 45.

The first judiciary act of 1789, chap. 20, does not contemplate compulsive process against any person, in any district, unless he be an inhabitant of, or found within the same district at the time of serving the writ. Picquet *v.* Swann, 5 Mason's C. C. R. 35.

Congress have by the constitution, exclusive authority to regulate proceedings in the courts of the United States, and the States have no authority to control those proceedings, except so far as the State process acts are adopted by Congress, or by the courts of the United States under the authority of Congress. Wayman *v.* Southard, 10 Wheat. 1; 6 Cond. Rep. 1.

The laws of the United States authorize the courts of the United States so to alter the form of process of execution used in the Supreme Court of the United States in 1789, as to subject to executions

## Crimes and Offenses Under the Authority of the United States

**Judiciary Act of 1789**

**District Courts of the United States**

**Circuit Courts of the United States**

Sec. 9. That the district courts shall have, exclusively of the courts of the **several States,** cognizance of all **crimes and offences that shall be cognizable under the authority of the United States, committed within their respective districts,** or upon the high seas

Sec. 11. And shall have **exclusive cognizance of all crimes and offences cognizable under the authority of the United States,** except where this act otherwise provides, or the laws of the United States shall otherwise direct, and **concurrent jurisdiction with the district courts of the crimes and offences cognizable therein.**

**Revised Statutes 1878**
**District Courts Jurisdiction**

**Revised Statutes 1878**
**Provisions Common to More Than one Court or Judge**

**Revised Statutes 1878**
**Vindication of Civil Rights [NEW]**

Sec. 563. The district courts shall have *jurisdiction as follows:*
First. **Of all crimes and offenses cognizable under the authority of the United States, committed within their respective districts,** or upon the high seas, the punishment of which is not capital, except in the cases mentioned in section fifty-four hundred and twelve, Title "CRIMES."
[R.S. Cross ref.]

Sec. 711. The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of **the several States:**
First. **Of all crimes and offenses cognizable under the authority of the United States.** [Note: Sec. 9 & 11]
[R.S. 1878 Cross ref.]

Sec. 722. The jurisdiction in **civil and criminal matters** conferred on the district and circuit courts by the provisions of this Title, and of Title "**CIVIL RIGHTS,**" and the Title "**CRIMES,**" for the protection of all persons in the United States in their civil rights, and for **their vindication,** shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect: but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.
**[Note: CIVIL RIGHTS, *supra.*, is only for "citizens of the United States." ]**

**Revised Statutes 1878**
**Circuit Court Jurisdiction**

Sec. 629.

**35 Stat. 1153 – Crimes – 1909 (Source)**

Sec. 340. The **crimes and offenses** defined in this Title shall be **cognizable in the circuit and district courts of the United States, as prescribed in Sections five hundred and sixty-three and six hundred and twenty-nine** of the Revised Statutes.
[1940 Code Title 18 Sec. 546, 547 notes]   [Title 18 – 1940 Code to 1948 Cross ref – §3231 Today]

Sec. 326. Nothing in this Title shall be held to take away or impair the **jurisdiction of the courts of the several States under the laws thereof.** [1940 Code T18 § 547 Notes]

See 1926 Code T18 § 546. [ 1926 Cross Ref. ]

See - 1911 Judicial Code
Sec. 289 -291– 36 Stat. 1067 – Circuit Courts of the United States are **Abolished** and Jurisdiction moved into *District Courts.*

# Crimes and Offenses Under the Authority of the United States

**1911 Judicial Code**

**36 Stat. 1067**         **36 Stat. 1091**         **36 Stat. 1160**

Sec. 289. **The circuit courts of the United States**, upon the taking effect of this Act, shall be, and hereby are, **abolished**; . . .

Sec. 291. Wherever, in any law not embraced within this Act, any reference is made to, or any power or duty is conferred or imposed upon the **circuit courts,** such reference shall, upon the taking effect of this Act, be deemed and held to refer to, and to **confer such power and** impose such duty upon the **district court.**
[1940 Code T18 § 546 notes for § 291]

Sec. 24. The district courts shall have original jurisdiction as follows:

Second. **Of all crimes and offenses cognizable under the authority of the United States.**

See Cross Ref. R.S. 563 & 629 to 1926 Code T28 § 41 then in T28 § 41 references to 1911 § 24 amended.

Sec. 256. The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States:
First. **Of all crimes and offenses cognizable under the authority of the United States.**
[See Cross Ref. R.S. 711 to 1926 T28 § 371, then in T28 § 371 references 1911 § 256. ]

**1926 Code**

**Title 18 §§ 546, 547**         **Title 28 § 41**         **Title 28 § 371**

Sec. 546. Jurisdiction of district courts. – The **crimes and offenses** defined in this title shall be cognizable in the district courts of the United States, as prescribed in **section 41 of Title 28.** [ See 35 Stat. 1153 Sec. 340] [ Use 1926 Cross ref.]
**Sec. 547.** Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof. [ See 35 Stat. 1151 Sec. 326 (1909) Crimes

Sec. 41. **(Judicial Code. Section 24, amended.) Original jurisdiction.** The district courts shall have original jurisdiction as follows:

(2) *Crimes and offenses* – Second. **Of all crimes and offenses cognizable under the authority of the United States.**
[Cross ref. R.S. 1878 to 1926 Code]

Sec. 371 **(Judicial Code. Section 256 , amended.)** Exclusive jurisdiction of the United States courts. The jurisdiction vested in the courts of the United States in the cases and proceedings herein after mentioned, **shall be exclusive of the courts of the of the several States:**
First. **Of all crimes and offenses cognizable under the authority of the United States.**
[Cross ref. R.S. 1878 to 1926 Code]

**Title 28 § 729 – 1926 Code.**

Sec. 729. The jurisdiction in **civil and criminal matters** conferred on the district and circuit courts by the provisions of **chapter 3 title 8, and title 18,** for the protection of all persons in the United States in their civil rights, and for **their vindication,** shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect:  but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be  extended to and govern the said courts in the trial and  disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. (R.S. 722)
**[See R.S. 1878 § 722 Vindication of Rights – Use R.S. 1878 Cross Ref. 1926 Code]**

## Crimes and Offenses Under the Authority of the United States

**1940 Code**

| Title 18 §§ 546, 547 | Title 28 § 41 | Title 28 § 371 | Title 28 § 729 |
|---|---|---|---|

**Sec. 546.** Jurisdiction of district courts. – The **crimes and offenses** defined in this title shall be **cognizable in the** district courts of the United States, as prescribed in **section 41 of Title 28.** [ See 1940 Code Notes – 35 Stat. 1153 § 340 (1909)]

**Sec. 547.** Nothing in this title shall be held to take away or impair the jurisdiction of the **courts of the several States** under the laws thereof. [ See 1940 Code Notes – 35 Stat. 1151 § 326 (1909). ]

Sec. 41. **(Judicial Code. Section 24, amended.) Original jurisdiction.** The district courts shall have original jurisdiction as follows:

**(2)** *Crimes and offenses* – Second. **Of all crimes and offenses cognizable under the authority of the United States.** [See 1940 Code Notes for derived from.- Judicial Code of 1911 § 24 – 36 Stat. 1091 par. 2]

Sec. 371 **(Judicial Code. Section 256 ,** amended.) Exclusive jurisdiction of the United States courts. The jurisdiction vested in the courts of the United States in the cases and proceedings herein after mentioned, shall be exclusive of the courts of the of **the several States:** First. **Of all crimes and offenses cognizable under the authority of the United States.** [See 1940 Code Notes – Judicial Code of 1911 § 256 – 36 Stat. 1160]

Sec. 729. The jurisdiction in **civil and criminal matters** conferred on the district and circuit courts by the provisions of **chapter 3 title 8, and title 18,** for the protection of all persons in the United States in their civil rights, and for **their vindication,** shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect: but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of *punishment* on the party found guilty. **(R.S. 722)** [ See 1940 Code Notes - Important – **"References in Text** – In the original "chapter 3 of title 18" reads "this title and of title '**Civil Rights'** and of title '**Crimes'''** meaning Titles XIII, XXIV, and LXX of the Revised Statutes ]

**18 U.S.C. § 3231 – 1948 Code and Current**

Sec. 3231. The district courts of the United States *shall have* original jurisdiction, **exclusive of the courts of the States,** of **all offenses against the laws** of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the **several States** under the laws thereof. [See 1940 to 1948 Cross Ref. 2000 tables USC.]

[ NOTE: T28 § 41 Repealed – MANDATORY - and loss of core jurisdiction issues including **"under the authority of the United States.** ]

**REPEALED 28 USC § 41(2) and 28 USC § 371(1) in 1948**
**See 1940 to 1948 Cross Ref. 2000 Tables.**

**REMOVED FROM TITLE 28 JUDICIARY and moved to Title 42 U.S.C. § 1988 in 1948**
Note – R.S. 1878 Titles XIII (judiciary), Title XXIV ( only for "citizens of the United States"), LXX (crimes).

# Crimes and Offenses Under the Authority of the United States

> **Revised Statutes Title XXIV – CIVIL RIGHTS – Only for "citizens of the United States."**

## Title 42 U.S.C. § 1981

### Sec 1981. Equal rights under the law

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is *enjoyed by white citizens*, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

[ Source is Revised Statutes of § 1977 Title XXIV. This is ONLY FOR "citizens of the United States.]

## 42 U.S.C. § 1982

### Sec. 1982. Property rights of citizens

All *citizens of the United States* shall have the same right, in every State and Territory, as is enjoyed by *white citizens* thereof to inherit, purchase, lease, sell, hold, and convey *real and personal property.*

[Source is Revised Statutes of § 1978 and was in Title 8 Sec. 42 – Aliens and Nationality of 1940 Code]

## Title 42 U.S.C. § 1988

### Sec. 1988. Proceedings in vindication of civil rights

(a) Applicability of statutory and common law

The *jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes* for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, *so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object,* or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

(b) Attorney's fees

In *any action or proceeding* to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. ß 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. ß 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. ß 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. ß 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a *judicial officer* for an act or omission taken in such officer's *judicial capacity such officer* shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

(c) Expert fees

In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

[ Source is Revised Statutes 1878 § 722 which includes Revised Statutes 1878 Title XXIV – This is ONLY FOR

*CCC x 3*

A
L
A
S
K
A

**2016 – 022400 – 0**

Recording District 311 Palmer
10/19/2016 11:45 AM        Page 1 of 7



**Recording District:  Palmer Recording District 311, Palmer, Alaska**

**Return To: John Kirk Thornton**
          **4128 Utica Avenue South**
          **Saint Louis Park, Minnesota 55416**

# THIS COVER SHEET HAD BEEN ADDED TO THIS DOCUMENT TO PROVIDE SPACE FOR THE RECORDING DATA.        THIS COVER SHEET APPEARS AS THE  FIRST  PAGE  OF THE DOCUMENT IN THE OFFICIAL PUBLIC RECORD.

## <u>DO NOT DETACH</u>

**Attachment I - page 1 of 7**

# The United States of America

## CERTIFICATE OF POLITICAL STATUS, CITIZEN STATUS AND ALLEGIANCE

State of Minnesota ) ss.
Hennepin County )

Date: April 20th, 2015 Personal description of the Holder of this Certificate of Political Status, Citizen Status and Allegiance:
True name – John Kirk Thornton; Date of Natural Birth – August 30th, 1963; Location of Natural Birth – Golden Valley, Minnesota; Complexion - white; Race – Caucasian; Color of eyes – blue; Color of hair – Blonde; Height – 6 ft 1 in.; Weight – 225 lbs.; Visible distinctive marks – none; Marital status – married; Nationality and Political Status - Minnesotan, a native of the several States; Citizen status: white citizen; and, American citizen; and, citizen of the United States of America; and, Natural Born Native and citizen of the 'foreign state' of Minnesota domiciled 'in the territorial boundaries' of Minnesota, currently a citizen of Minnesota and a qualified elector of Minnesota.



I under my deeply held religious belief do not swear oaths, but this has the same force and effect as an Oath as will I state that the answer to all the Facts in this document is the Truth, the whole Truth and nothing but the Truth, to which my Answer is a "Yes;" and, and that the photograph affixed hereto is a likeness of me. See Matthew 5:33-37 "But I tell you do not swear at an oath at all either by Heaven; for it is God's throne or by earth; for it is his footstool; or by Jerusalem; for it is the city of the great King. Do not swear by your head, for you can not make even one hair white or black. All you need to say is simply yes or no. Anything beyond this comes from the evil one."

My Answer is a "Yes," that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, State or sovereignty, of which I have been a subject or citizen, including any allegiance to or to be clothed with the fictional status of a "citizen of the United States" as a misnomer declared in 14 Stat. 27 codified in 42 U.S.C. §§§ 1981, 1982 and 1988 by Congress with said "citizen of

**Attachment 1 - page 2 of 7**



"age 2 of 7
20 16—022400—0

# *The United States of America*

the United States" memorialized in the Fourteenth Amendment—"and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside" having no direct access to the Bill of Rights Amendments One through Eight of the Constitution of the United States; and, with the Bill of Rights one through eight being "incorporated" at the discretion of the Courts of the United States into the fictional "citizen of the United States." Take Judicial Notice of the Fact that a "citizen of the United States" domiciled within the District of Columbia is NOT subject to the Fourteenth Amendment, but is a "qualified elector" as evidenced in DC ST § 1-1001.02(2)(B) clothed by and with the direct protections of the Bill of Rights Amendments one through eight.

And further, I hereby declare, on oath, that I absolutely and entirely renounce and abjure all allegiance and fidelity and any such use of the status of a "citizen of the United States" or "resident of the United States" under the Plenary Power of Congress using "Acts of Congress" and/or "Laws of Congress" as follows: by and through using adhesion contracts, and/or by and through using the "public rights" doctrine of accepting some benefit(s); and/or, by and through using "implied-in-law contracts; and/or, by and through any means that I have accepted some benefit, *i.e.*, "That the United States, when it creates rights [benefits] against itself, is under no obligation to provide a remedy in the courts" (*United States* v. *Babcock*, 250 U.S. 328, 331 (1919) being any Court of the United States arising under Article III Section 2 of the Constitution of the United States exercising the judicial Power of the United States in all Cases in Law and Equity with the only exceptions clothed under the law of necessity; and/or, that any State when it creates rights [benefits] against itself, is under no obligation to provide a remedy in a constitutional courts of one of the several States, with the only exceptions clothed under the law of necessity.

And further, (1) I have never knowingly or intentionally given my permission for any "agency" or "Federal Agency" as defined and evidenced in 49 Stat. 500-503 to maintain any records, to collect any records or to use information collected or maintained concerning me, whether in paper, electronically or any other means;

And further, (2) I have never knowingly or intentionally given my permission for any "agency" or "Federal Agency" as evidenced by 11 FR 9833-9840 (the Court shall take judicial Notice of as enacted as a Statute of the United States in 49 Stat. 502 Sec. 7 "The contents of the Federal Register Shall be judicially noticed and, without prejudice to any other mode of citation, many be cited



**Attachment I - page 3 of 7**

# The United States of America

by volume and page number;" 44 U.S.C. § 150.) to maintain any records, to collect any records or documents, or to use any information collected or maintained concerning me, whether in paper, electronically or any other means;

**And further, (3)** all "Federal Agencies" and "agencies" including the Internal Revenue Service (included in 88 Stat. 1907) enacted into a Statute of the United States evidenced by 88 Stat. 1896-1910 (P.L. 579—Dec. 31ˢᵗ, 1974) for all "Federal Agencies" and "agencies" is limited strictly to ""maintain" includes maintain, collect, use or disseminate" (5 U.S.C. § 552a(a)(3)) to any records and as evidenced in 88 Stat. 1897;

**And further, (4)** the records maintained, collected or used by all "agencies" and "Federal Agencies" is limited strictly as evidenced in 5 U.S.C. § 552a(a)(2)—Records maintained on individuals to "the term 'individual' means a citizen of the United States or an alien lawfully admitted for permanent residence" is a *sine qua non* prohibiting the Government of the United States, all "Federal Agencies" and all "Agencies" from maintaining, having, collecting or using all records or documents concerning me as I am not a "citizen of the United States," and, I am not an alien lawfully admitted for permanent residence, wherein no evidence or documents of any type has been disclosed to me to date authorizing any "agency" or "Federal Agency" to maintain, collect or use any records or documents concerning me.

**And further,** if the Internal Revenue Service ("IRS") has made any "determinations" of me of any alleged "federal tax liability" and "Taxable Years" of 2000 through 2016 of money due and owing under the "Internal Revenue Laws" of Subtitle A, Subtitle B, Subtitle C, Subtitle D or Subtitle E of in Title 26 of the United States Code as the term "taxpayer" is defined in **26 U.S.C. § 7701(a)(14** in accord with term definition in **26 U.S.C. § 7701(a)(23)—Taxable Year** "taxable income [§ 63] is computed [§ 3] under **Subtitle A"** and in accord with the term definition in **26 U.S.C. § 7701(a)(16)—Withholding Agent**—"The term "withholding agent" means **any person** [26 U.S.C. § 7701(a)(1)] **required to deduct and withhold any tax** [Subtitle A, B, C, D or E] under the provisions of section 1441 [This is only Subtitle A—nonresident alien], **1442** [This is only Subtitle A—foreign corporation], **1443** [This is only Subtitle A—Foreign Organization], or 1461 [This is only Subtitle A—Hold harmless clause if money is withheld from § 1441; or, § 1442; or, § 1443 **entities**]; **wherein,** I deny that I am a § 1441 "entity; or, that I am a § 1442 "entity;"



Page 4 of
2016—02240/—0

**Attachment I - page 4 of 7**

# The United States of America

or, that I am a § 1443 "entity," **and further,** the IRS is required to disclose all records collected and all records used under 26 U.S.C. § 6110 of me under the preceding "Internal Revenue Laws" cited, **which has not been accomplished to date.**

And further, I renounce, rescind my signature and abjure from all of the following; all adhesion contracts and documents known or unknown; and, all implied-in-law contracts and documents known or unknown, all "public rights" doctrine contracts and documents known or unknown; and, all other contracts, agreements and documents that would in any way attach or subject me by any means known or unknown with the only exception being under the Law of Necessity.

And further Congress may vest the Courts of the District of the District of Columbia with administrative or legislative functions, which are not properly judicial, but it may not do so with any Federal Court established arising under Article III of the Constitution of the United States either directly or by appeal including any District Court of the United States, any United States District Court, any Circuit Court of Appeals and the Supreme Court of the United States. *Postum Cereal Co., Inc. v. California Fig Nut Co.,* 272 U.S. 693, 700-701 (1927).

And further, The plenary Power of Congress in the "District of Columbia" is evidenced by "Acts of Congress," "Laws of Congress" or "laws of the United States of America" including by not limited to the "Internal Revenue" Taxation of the National Government that is lawfully and legally confined within the District of Columbia under the Plenary Power of Congress.

And further, I renounce, rescind my signature and abjure from any venue and jurisdiction not clothed within a constitutional court of one of the several States exercising the judicial Power of one of the several States with me unknowingly waiving my unalienable rights secured in a particular constitution of whichever one of the several States I am domiciled with the only exception being under the Law of Necessity.

And further, I hereby declare, on oath, that I absolutely and entirely renounce and abjure all allegiance and fidelity of the following: all regulations promulgated or enforced by all agencies of the "headless fourth branch of government" and "administrative state;" and, all federal agencies especially those knowingly or unknowingly that are "independent agencies" or "independent establishments;" and, all state agencies by and through all forms of grants, cooperative agreements, memorandums of understanding,

Certificate of Political Status, Citizen Status and Allegiance

**Attachment I - page 5 of 7**

# *The United States of America*

agreements and documents known or unknown to me including but not limited to the State Plans that are inextricably intertwined with federal agencies and federal regulations that are not "substantive regulations," *i.e.*, "legislative rules" as held in *Chrysler v. Brown*, 441 U.S. 281 (1979); and, only under the laws of necessity would I be subject to any such regulation(s) unless they are identified having the "force and effect of law" as a "substantive regulation," *i.e.*, a "legislative rule" in strict compliance with the Administrative Procedure Act of 1946 codified in 5 U.S.C. chapters 5-9; and, specifically identified in the "proposed rule" published in the Federal Register that said regulation(s) is in compliance with 5 U.S.C. § 553(b); and, specifically identified in the "final rule" published in the Federal Register stating compliance with 5 U.S.C. 553(b)(c)(d) and in compliance with 1 CFR § 21.40, 1 CFR § 21.41 and 1 CFR 21.43.

And further, that I have not knowingly or intentionally waived or surrendered any of my unalienable rights and birthright to any of the above, which is secured in this constitutional Republic founding documents including the Declaration of Independence, The Articles of Confederation, the Constitution of the United States and the constitution of one of the several States of this Union of States that I am currently domiciled; and, that I will support and defend the Constitution of the United States and Laws of the United States as amended by the qualified Electors of the several States against all enemies, either foreign or domestic; and, that I will support and defend the constitution the one of the several State as amended by the qualified Electors of the citizens of that particular one of the several States that I am currently domiciled against all enemies foreign and domestic; and, that I will bear true faith and allegiance to the Constitution of the United States and the constitution of the particular one of the several States that I am domiciled; and, that I take this obligation freely, without any mental reservation or purpose of evasion, so help me God.

**Attachment I - page 6 of 7**

# The United States of America

[SEAL]

(Complete and true signature of holder)

Stated and subscribed before me on _____10____ - _____15-16_____
_____ being a Notary Public in and for the State of Minnesota.

My Commission expires on _____11/3/22_____

Signature of Notary Public

KARL J BICKLER
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2022

United States of America }
State of Alaska           } ss

THIS IS TO CERTIFY that the foregoing is a full, true and correct
copy of the document as it appears in the records and files of my office.

IN THE WITNESS WHEREOF, I have hereunto set my hand
and have affixed my official seal at PALMER, Alaska.

This _____18th____ day of _____October_____ 2016

By _____
Recorder

SEAL OF THE JUDGE OF THE DISTRICT RECORDER STATE OF ALASKA THIRD JUDICIAL DISTRICT

Certificate of Political Status, Citizen Status and Allegiance

**Attachment I - page 7 of 7**