John Kirk Thornton
4128 Utica Avenue South
Saint Louis Park, Minnesota [55416]

**RECEIVED**

APR 1 0 2018

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

"District Court of the United States"
District of Minnesota

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| *Petitioner* | ) |
| vs. | ) |
| **John Kirk Thornton,** | ) **Case No.  0:13-mc-00087-SRN-TNL** |
| *In propria persona* | ) |
| | ) |

**Expedited Motion For The Court to Identify the Evidence that is "Clear and Convincing"**

**Table of Contents**

I. General Background Information. .................................................................. 1

II. Leung's Clear and Convincing Evidence .................................................... 9

   A.  QUESTION ONE—and Demand of Leung–Where Is this "Clear and Convincing Evidence" by the Movant, being the "United States of America?" .............................. 11

   B.  QUESTION TWO—Demand of Leung–Is the "Clear and Convincing Evidence" Provided by the "Movant," being the "UNITED STATES OF AMERICA" a sovereign body politic, the Unsworn Declarations? ...................................................... 12

   C.  QUESTION THREE—Thornton Demand of Leung the "Evidence" in Docket 113 of the Debt Due and Owing. ........................................................................ 14

III. Nelson's "Clear and Convincing Evidence................................................ 14

   A.  QUESTION ONE—and Demand of Nelson–Where Is this "Clear and Convincing Evidence" by the Movant, being the "United States of America?" .............................. 16

   B.  QUESTION TWO—Demand of Nelson–Is the "Clear and Convincing Evidence" Provided by the "Movant," being the "UNITED STATES OF AMERICA" a sovereign body politic, the Unsworn Declarations? ...................................................... 17

SCANNED
APR 1 0 2018
U.S. DISTRICT COURT MPLS

C. QUESTION THREE—Thornton's Demand of Nelson of the "Evidence" in Docket 113 of the that Debt Due and Owing............................................................................ 19

D. QUESTION FOUR—Is Nelson's Order A "Valid Order?" .................................... 20

   a. Behalf........................................................................................................... 22

E. Thornton Has Standing in the United States Federal Court of Claims.................... 23

IV. Inquisitor Conducts Factual and Legal Investigation Himself ................................. 24

A. Fact Undisputed............................................................................................... 24

B. Accusatorial not Inquisitorial. ......................................................................... 25

C. Adversarial v. Inquisitorial ............................................................................. 26

D. Taxpayer and Power of Inquisition .................................................................. 27

Bankruptcy Courts Can't Discharge Liability with 6020(b) Unless From Another Court. ................................................................................................................... 30

V. Conclusion............................................................................................................ 31

V. Certificate of Service........................................................................................... 32

## Table of Authorities

**Cases**

*Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir.2000) ............................................................ 27

*Akins v. Adams*, 164 S.W. 603, 608 (St. Louis Ct. Appeals 1914) ..................................... 13

*Bissell v. Breaker By-The-Sea, R & E Assoc.*, 7 F.Supp.2d 60, 63, (D.Maine 1998)....... 24

*Blackburn v. State of Alabama*, 361 U.S. 199, 206—207, 80 S.Ct. 274, 279—280, 4 L.Ed.2d 242 .................................................................................................................... 25

*Bowsher v. Synar*, 478 U.S. 714, 738 **FN1** (1986) ............................................................. 3

*Brown v. United States*, 2011 WL 2470732, *2 (E.D. N.C. 2011).................................... 27

*Burrell Engineering & Construction Co. v. Grisier*, 240 S.FW. 899, 900 (Sup.Ct.Tx. 1922) ................................................................................................................. 4

*Callanan v. United States,* 364 U.S. 587, 594, 81 S.Ct. 321, 325, 5 L.Ed.2d 312 (1961) .. 3

*Cannon v. University of* Chicago, 441 U.S. 677, 696-697 (1979) ...................................... 2

*Cannon v. University of Chicago,* 441 U.S. 677, 696–697 (1979) ...................................... 3

*Cannon v. University of Chicago*, 441 U.S. 677, 696–697, (1979) ..................................... 3

*Cannon v. University of Chicago*, 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979) ................................................................................................. 3

*Chambers v. State of Florida*, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 ......................... 25

*Chicago Truck Drivers* ................................................................................................. 11, 17

*Chicago Truck Drivers*, 207 F.3d at 505 (citation omitted) .............................................. 14

*Chicago Truck Drivers,* 207 F.3d at 505 (citation omitted). ............................................. 10

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 836 ............................................................ 3

*Conner,* 434 F.3d at 680 (quoting *United States v. Stuart,* 489 U.S. 353, 353, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989) ................................................................................. 29

*Dennis v. United States,* 384 U.S. 855, 875, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966) ....... 27

*Dietrz v. Blould*, 794 F.3d 1093,1102, 1103 (9th Cir. 2015) ............................................. 26

*Edeh v. Carruthers*, No. 10-cv-2860, 2011 WL 4808194, at *3 (D. Minn. Sept. 20, 2011) (quoting Chicago Truck Drivers, 207 F.3d at 506) ...................................................... 15

*Edeh*, 2011 WL 4808194, at *3 (quoting *Chicago Truck Drivers*, 207 F.3d at 506) ....... 10

*Fenton V. Clark*, 11 Vt. 557, 561 (1839) ......................................................................... 13, 19

*Garett v. United States*, 471 U.S. 773, 793-794 (1985), ..................................................... 4

**Expedited Motion**                    iii

*Georgia v. Brailsford*, 2 Dall. 402, (1792)..........................................................................22

*Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) ...............................................................2

*Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982)..........................................................2

*Hill County v. Atchison* (Tex.Civ.App.) 49 S.W. 145.......................................................22

*In re Ayers,* 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887) ...........................................22

*In re United Air Lines, Inc.,* 438 F.3d 720, 738 (7th Cir. 2006) ........................................26

*In re Wogoman*, 475 B.R. 239, (10th Cir. B.A.P. 2012)......................................................30

*Laskowski v. Spellingings*, 443 F.3d 930, 941 (7th Cir. 2006) ..........................................24

*Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) .....................................................2

*Lisenba v. People of State of California*, 314 U.S. 219, 236, 62 S.Ct. 280, 289, 86 L.Ed.
166 ......................................................................................................................................25

*Lowe v. S.E.C.*, 472 U.S. 181, 205 **FN50** (1985)................................................................3

*McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) 24,
26, 27

*McNeil v. Wisconsin,* 501 U.S. 171, 181 n.2 (1991)...........................................................26

*McNeil v. Wisconsin,* 501 U.S. 171, 181, n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) 26

*Merchants' Loan & Trust Co. v. Smietanka*, 255 U.S. 509 (1921) .....................................6

*Meyers v. State*, 105 S.W. 48, 49 (Tex.Civ.App. 1907).....................................................22

*Miller v. Fenton*, 374 U.S. 104, 110 (1985).......................................................................25

*Offshore Logistica, Inc. Tailentire*, 477 U.S. 207, 228 (1986) ...........................................3

*Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 179 (1980) ..............................................3

*Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368 (1980 ................................................................................................................. 3

*Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)................. 14

*Roberts v. Richmond*, 385 U.S. 534, 541 (1961) ............................................... 25

*Rochin v. People of California,* 342 U.S. 165, 172—174, 72 S.Ct. 205, 209—210, 96 L.Ed. 183 ........................................................................................................ 25

*Rogers .v Richmond*, 365 U.S. 534, 540-541 (1961) ......................................... 25

*Sanchez-Liamas v. Oregon*, 548 U.S. 331, 357 (2006)....................................... 26

*Spano v. People of State of New York*, 360 U.S. 315, 320—321, 79 S.Ct. 1202, 1205— 1206, 3 L.Ed.2d 1265 ....................................................................................... 25

*State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) ................. 2

*State v. Eggerman*, 81 Tex. 569, 16 S. W. 1067 ............................................... 22

*State v. Eggerman*, 81 Tex. 569, 16 S.W. 1067 (1891) ..................................... 22

*State v. First State Bank of Jud, et al.,* 202 N.W. 391, 402 ("Sup.Ct.N.D. 1925)............. 4

*Strother v. Barrow*, 151 S.W. 960, 964  (Sup. Ct Mo. 1912) .......................... 13

*Strother v. Barrow, 246 Mo. loc.  cit. 254, <u>151 S. W. 960 (Sup.Ct.Mo. 1912).</u>................ 13

*Traynor v. Trunage*, 485 U.S. 535, 546 (1988) ................................................ 2

*Uhrig v. United States,* 592 F.Supp. 349, 352 (4th Cir.1984) (quoting *Godwin v. United States,* 564 F.Supp. 1209, 1212 (D.Del.1983)................................................. 27

*United States v. Bisceglia,* 420 U.S. 141, 146 (1975)...................................... 27

*United States v. Bisceglia,* 420 U.S. 141, 146, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975)........ 29

*United States v. Brown*, 398 F.Supp. 444, 446-447 (E.D. Mich. 1975) ............. 29

*United States v. Burke,* 504 U.S. 229, 246, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992)

    (Scalia, J., concurring) ............................................................................. 27

*United States v. Central National Bank,* 1980 WL 1515m •7 *(N.D. Ohio 1980) ........... 28

*United States v. City and County of Denver,* 573 F.Supp. 686, 687 (D.Col. 1983) ........... 6

*United States v. Clallam County* (W.D.Wash.) 283 F. 645 (1922) (affirmed 263 U.S. 341)

    (1923) ...................................................................................................... 22

*United States v. Egenberg,* 443 F.2d 512, 515 (3d Cir. 1971) ........................................... 29

*United States v. Loughner,* 672 F.3d 731, 773 (9th Cir. 2012) ......................................... 26

*United States v. Matras,* 487 F.2d 1271, 1274 (8th Cir. 1973) ......................................... 29

*United States v. Newman,* 441 F.2d 165, 174 (5th Cir. 1971) ........................................... 28

*United States v. Newman, supra,* 441 F. 2d at 174-74 ...................................................... 28

*United States v. O'Shea,* 662 F.supp.2d 535, 539 (S.C. W.Va. 2009) .............................. 28

*United States v. O'Shea,* 662 F.Supp.2d 535, 539 (S.D.W.Va. 2009) ............................... 29

*United States v. Payne,* 30 F.2d 960, 961-962 (W.D.Northern Div.Wash. 1929) ............. 22

*United States v. Powell,* 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) ........ 29

*United States v. Richards,* 631 F.2d 341, 345 (4th Cir.1980) (quoting *United States v.*

    *Harrington,* 388 F.2d 520, 524 (2d Cir.1968) ............................................... 28

*Watt v. Alaska,* 451 U.S. 259, 284-285 (1981) .................................................................... 3

*Watts v. State of Indiana,* 338 U.S. 49, 54—55, 69 S.Ct. 1347, 1350, 1357, 93 L.Ed. 1801

    ............................................................................................................... 25

*Weeks, Secretary of War, et al. v. Goltra* 7 F.2d 838 (8th Cir. 1925) ................................ 22

*Zelson v. Thomforde,* 412 F.2d 56, 58 (3d Cir.1969) ........................................................ 27

**Statutes**

14 Stat. 27, (1866) ................................................................................. 5

26 U. S. C. § 7605(b) ............................................................................. 28

26 U.S.C. § 6020(a) ............................................................................... 30

*28* U.S.C § **132. Creation and composition of district courts** ....................... 2

**28 U.S.C. 132—Creation and composition of district courts** ....................... 1

28 U.S.C. § 132—Creation and composition of the district courts ................... 6

28 U.S.C. § 1746(1) ............................................................................. 8, 9

28, U.S.C., 1940 ed., § 1 ......................................................................... 2

**4 U.S.C. § 106(a). As to "income taxes"** ............................................... 6

**4 U.S.C. § 111** ...................................................................................... 7

**4 U.S.C. 104-110** .................................................................................. 7

**5 U.S.C. § 5517—Withholding State Income Taxes** (a) ................................. 7

62 Stat. 869-1009 Chapter 646, P.L. 773 (1948) ...................................... 1

96 Stat. 25-58 (1982) ............................................................................. 23

he Corporation Excise Tax of 1909 (36 Stat. 11, 112) ............................... 6

remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and

133 of this title .............................................................................. 2

section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this

title. ............................................................................................. 2

section 641 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Apr. 30,

1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3,

1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19)................................................................................................................ 2

**section 641 of title 48, U.S.C., 1940 ed., which applied only to the Territory of Hawaii**.................................................................................................................. 2

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48, U.S.C., 1940 ed.......................................................................................................... 2

**Subtitle A—Income Taxes**................................................................. 12, 16, 18

**Subtitle B—Estate and Gift Tax** ........................................................ 12, 16, 18

**Subtitle C—Employment Taxes** ......................................................... 13, 16, 18

**Subtitle D—Specific Excise Taxes** ..................................................... 13, 16, 18

**Subtitle E—Alcohol, Firearms and Tobacco**....................................... 13, 16, 18

*tate ex inf. Barker v. Duncan, 175 S.W. 940* (Sup.Ct.Missouri 1915) ................................ 5

**Other Authorities**

2 Bou. 116 ........................................................................................................ 19

2 Bou. 116. ....................................................................................................... 13

8th Circuit in Case No. 15-1774 ........................................................................ 23

*Annexations of Military Reservation by Political Subdivisions*, 11 Mil. L. Rev. 99, 103 (1961) ............................................................................................................... 7

**Attach C—Nelson**............................................................................................ 20

**Attach C—Nelson** page 4 ................................................................................. 14

**Attach C—Nelson** Page 5 ............................................................................. 14

**Attachment A—108 cites of DOJ "United States of America is a sovereign body politic." (Attach A—USA")** ..................................................................... 5

**Attachment B—Docket 73—Report and Recommendation ("Attach B—Leung")** ... 9

**Attachment C—Docket 85—Memorandum Opinion and Order ("Attach C—Nelson")** ................................................................................................... 14

**Attachment D—Appearance of Counsel of the United States of America ("Attach D—Appearance of USA")** ...................................................................... 23

*Blacks 4th Ed. page 1476,* "**Respondent. In equity practice.** ........................... 5

Coke, Litt. 29a ................................................................................................ 13, 19

*Conditio Praededens Adimpleri Debet Prius Quam Sequator Effectus,* Co. Litt. 201 "A condition precedent must be fulfilled before the effect can follow." *Blacks 4th Ed.* page 365. ...................................................................................................... 21

**Docket 121 Attachment E** ............................................................................. 5

Docket 1—Petition To Enforce Internal Revenue Service Summons, Pg. 1. "The United States of America on behalf of its agency, the Internal Revenue Service ("IRS") ......... 5

Dockets 112 and 113 ...................................................................................... 14, 20

**Fifth Declaration** ......................................................................................... 8

**Fifth Declaration of Wagner** ........................................................................ 12, 15, 18

**First Declaration** ......................................................................................... 6

**First Declaration of Wagner at Docket 2** ...................................................... 12, 15, 18

**Fourth Declaration** ...................................................................................... 8

**Fourth Declaration** of **Wagner**..........................................................................12, 15, 18

*Page 1732*—**Section 132—Revised** [Reviser's Notes]—**Section 132-Section Revised**.. 2

**Second Declaration**......................................................................................................... 7

**Second Declaration** of **Wagner at Docket 32** ....................................................12, 15, 18

Senate Report N. 96-304, 9th Congress 1st Session, August 3, 1979 "Federal Courts

    Improvements Act of 1979," especially pages 832-840 found in the Legislative History

    of 96 Stat. 25-58 .......................................................................................................... 24

**Seventh Declaration** ....................................................................................................... 9

**Seventh Declaration** of **Wagner** ........................................................................12, 15, 18

**Sixth Declaration** ........................................................................................................ 8, 9

**Sixth Declaration** of **Wagner**..............................................................................12, 15, 18

**Third Declaration**........................................................................................................... 8

**Third Declaration** of **Wagner**.............................................................................12, 15, 18

*Title 28, United States Code Congressional Service, New Title 28— and Judicial*

    *Procedure Pages 1487-2174, 80th Congress—2[nd]Session, Epochal Legislation, West*

    *Publishing 1948*—pg.i—"augmented by **expert revisers** and consultants"—*New Title*

    *28, United States Code, Judiciary and Judicial Procedure With **Official** Legislative*

    *History and **Reviser's Notes*** ...................................................................................... 2

*UNITED STATES OF AMERICA v. JOHN K. THORNTON*, 0-13-mc-00087-SRN-TNL

    (United States District Court, District, Docket 1—Petition to Enforce Internal Revenue

    Service Summons, pg. 1 ................................................................................................ 4

**Expedited Motion**                 x

*UNITED STATES OF AMERICA v. JOHN K. THORNTON*, 0-13-mc-00087-SRN-TNL

(United States District Court, District, Docket 1—Petition to Enforce Internal Revenue

Service Summons, pg. 1. .................................................................................. 5

## Constitutional Provisions

Article III Section 1 and 2 ................................................................................ 17

Article III Section 1 and 2 Court....................................................................... 11

Article III Sections 1 and 2 ............................................................................... 19

Article III Sections 1 and 2 exercising the "judicial Power of the United States ............. 14

**Article III Sections 1 and 2 of the Constitution of the United States** ........................... 1

Article III sections 2 and 3 ............................................................................... 17

Article III sections 2 and 3 exercising the judicial Power of the United States................ 11

## I.  General Background Information.

Comes now John Kirk Thornton, *in propria persona* ("Thornton") with this **"Expedited Motion For The Court to Identify the Evidence that Is "Clear and Convincing" ("Motion—Evidence")** in **"the Court,"** being the **"District Court of the United States"** arising under **Article III Sections 1 and 2 of the Constitution of the United States** exercising the **judicial Power of the United States**.  The substantive reason for the **"Expedited Motion" is because Thornton is under threat of incarceration for Contempt of Court from *this Court* if *this Court* is not satisfied by April 25th, 2018 of whatever exactly they are demanding of the already existing "clear and convincing evidence;" and further, the "UNITED STATES OF AMERICA", being a sovereign body politic, and its agency being the IRS**[1] has a bona fide track record of dilatory and obfuscations actions, not to mention that there is no "Counsel for the United States of America" [Plaintiff/Petitioner] in the "proceeding" and "hearing" in the United States District Court on the record in *"this Court"* being repeatedly condoned and endorsed by **a Tony N. Leung, Magistrate Judge ("Leung") and a Susan Richard Nelson, Judge ("Nelson")**

The **"United States District Court," "District of Minnesota") (*this Court*) newly created** in 62 Stat. 869-1009 Chapter 646, P.L. 773 (1948) is found codified in **28 U.S.C. 132—Creation and composition of district courts**[2] exercising the "judicial power of a

---

[1] Docket 1—Petition To Enforce Internal Revenue Service Summons, Pg. 1.

[2] *Title 28, United States Code Congressional Service, New Title 28— and Judicial Procedure*

**Expedited Motion**                                          1

district court . . . may be exercised by a single judge, who may preside alone" *ibid.*, is

**comprised of a Leung and a Nelson** that are both deemed to know the law[3] and be

---

*Pages 1487-2174, 80th Congress—2[nd]Session, Epochal Legislation, West Publishing 1948—* pg.i—"augmented by **expert revisers** and consultants"—*New Title 28, United States Code, Judiciary and Judicial Procedure With **Official** Legislative History and **Reviser's Notes.***

### Page 1521—28 U.S.C § 132. Creation and composition of district courts

(a) There shall be in each judicial district a district court which shall be a court of record known as the **United States District Court for the district.**

(b) Each district court shall consist of the district judge or judges for the district in regular active service. Justices or judges designated or assigned shall be competent to sit as judges of the court.

(c) Except as otherwise provided **by law, or rule or order of court, the judicial power of a district court** with **respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges.**

### Page 1732—Section 132—Revised [Reviser's Notes]—Section 132-Section Revised

Based on title 28, U.S.C., 1940 ed., § 1, and **section 641** of title 48, U.S.C., 1940 ed., **Territories and Insular Possessions** (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19).

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48, U.S.C., 1940 ed., with changes in phraseology necessary to effect the consolidation.

**Subsection (c) is derived from section 641 of title 48, U.S.C., 1940 ed. [Territories and Insular Possessions], which applied only to the Territory of Hawaii.** The **revised** section, by extending it to **all districts, merely recognizes established practice.**

Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title. The **remainder of section 641** of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title.

[3] *In Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law**."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

In *Cannon v. University of* Chicago, 441 U.S. 677, 696-697 (1979)s "**It is always appropriate to assume that our elected representatives, like other citizens, know the law.**" In *Traynor v. Trunage*, 485 U.S. 535, 546 (1988) "It is always appropriate to assume that our

elected representatives, like other citizens, know the law." *Cannon v. University of Chicago,* 441 U.S. 677, 696–697 (1979)." *Bowsher v. Synar,* 478 U.S. 714, 738 **FN1** (1986) "Just as it is "always appropriate to assume that our elected representatives, like other citizens, know the law," *Cannon v. University of Chicago,* 441 U.S. 677, 696–697, (1979), so too is it appropriate to assume that our elected representatives, like other citizens, will respect the law." *Offshore Logistica, Inc. Tailentire,* 477 U.S. 207, 228 (1986) "*Cannon v. University of Chicago,* 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979) ("It is always appropriate to assume that our elected representatives, like other citizens, know the law"). In *Lowe v. S.E.C.,* 472 U.S. 181, 205 **FN50** (1985), to wit:

> "It is always appropriate to assume that our elected representatives, like other citizens, know the law." *Cannon v. University of Chicago,* 441 U.S. 677, 696-697, 99 S.Ct. 1946, 1957-58, 60 L.Ed.2d 560 (1979). Moreover, "[i]n areas where legislation might intrude on constitutional guarantees, we believe that Congress, which has always sworn to protect the Constitution, would err on the side of fundamental constitutional liberties when its legislation implicates those liberties." *Regan v. Time, Inc.,* 468 U.S. 641, 697, 104 S.Ct. 3262, 3292, 82 L.Ed.2d 487 (1984) (STEVENS, J., concurring in part and dissenting in part).

In *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 836 "Because it "is always appropriate to assume that our elected representatives, like other citizens, know the law **FN10** *Cannon v. University of Chicago,* 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979). In *Director, Office of Workers'Compensation Programs, U.S. Dept. of Labor v. Perini North River Assoc.,* 459 U.S. 297, 319 (1983) "We may We may presume "that our elected representatives, like other citizens, know the law," *Cannon v. University of Chicago,* 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979)." In *Albernaz v. United States,* 450 U.S. 333, 341 (1981), to wit:

> But, as we have previously noted, Congress is **"predominantly a lawyer's body,"** *Callanan v. United States,* 364 U.S. 587, 594, 81 S.Ct. 321, 325, 5 L.Ed.2d 312 (1961), and it is appropriate for us "**to assume that our elected representatives ... know the law.**" *Cannon v. University of Chicago,* 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979). As a result, if anything is to be assumed from the congressional \*342 silence on this point, it is that Congress was aware of the Blockburger rule and legislated with it in mind. **It is not a function of this Court to presume that "Congress was unaware of what it accomplished...."** *Railroad Retirement Bd. v. Fritz,* 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368 (1980).

In *Railroad Retirement Bd. v. Fritz,* 449 U.S. 166, 179 (1980) "Finally, we disagree with the District Court's conclusion that Congress was unaware of what it accomplished." In *Watt v. Alaska,* 451 U.S. 259, 284-285 (1981), to wit:

> The Court today is bothered because the literal meaning of a statute altered prevailing law. **FN8** But usually the very point of new legislation is to alter prevailing law. "**Every act is made, either for the purpose of making a change in the law, or for the purpose of better declaring the law; and its operation is not to be impeded by the mere fact that it is inconsistent with some previous**

learned in the law.

**Nelson**, who does superintend[4] **Leung**, therein *flows a fortiori* that all actions of

**Leung** in *this Court* are known, expressly condoned and approved by **Nelson**.

Leung and Nelson are merely an extension of the CON and Fraud of the "The

**United States of America on behalf of its agency**, the Internal Revenue Service

("IRS")"[5] that Nelson and Leung have that knowingly, expressly condoned and

intentionally supported proceeding forward against Thornton with **NO appearance** of

---

enactment." T. Sedgwick, The Interpretation and Construction of Statutory and Constitutional Law 104 (2d ed. 1874). **Congress does not have the affirmative obligation to explain to this Court why it deems a particular enactment wise or necessary, or to demonstrate that it is aware of the consequences of its action.** FN9 See *Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 592, 100 S.Ct. 1889, 1897, 64 L.Ed.2d 525. And "[i]t *285 **is not a function of this Court to presume that 'Congress was unaware of what it accomplished.' "** Albernaz v. United States, 450 U.S. 333, 342, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (quoting U.S. Railroad Retirement Board v. Fritz, 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368.

In *Garett v. United States*, 471 U.S. 773, 793-794 (1985), to wit:

"[The defendants] read much into nothing. Congress cannot be expected to specifically address each issue of statutory construction which may arise. But, as we have previously noted, Congress is '**predominantly a lawyer's body**,' ... and it is appropriate for us '**to assume that our elected representatives ... know the law.' ...** As a result if anything is to be assumed from the congressional silence on this point, it is that Congress was aware of the Blockburger rule and legislated with it in mind. It is not a function of this Court to presume that *794 'Congress was unaware of what it accomplished.' " Id., 450 U.S., at 341-342, 101 S.Ct., at 1143-44.

[4] *Blacks 4th Ed. pg. 1606,* **Superintend.** To have charge and direction of; to direct the course and oversee the details; to regulate with authority; to manage; to oversee with the power or direction; to take care of with authority. *Burrell Engineering & Construction Co. v. Grisier*, 240 S.FW. 899, 900 (Sup.Ct.Tx. 1922); *State v. First State Bank of Jud, et al.*, 202 N.W. 391, 402 ("Sup.Ct.N.D. 1925).

[5] *UNITED STATES OF AMERICA v. JOHN K. THORNTON*, 0-13-mc-00087-SRN-TNL (United States District Court, District, Docket 1—Petition to Enforce Internal Revenue Service Summons, pg. 1. "The United States of America on behalf of its agency, the Internal Revenue Service ("IRS")"

any "**Counsel for the United States of America.**"

In the Petition[6] Thornton is identified as a "Respondent." A "Respondent" is

defined in *Blacks 4th Ed. page 1476*, "**Respondent. In equity practice.** The party who

makes an answer to a bill or other proceeding in chancery. *State ex inf. Barker v.*

*Duncan, 175 S.W. 940* (Sup.Ct.Missouri 1915). As the current "UNITED STATES OF

AMERICA is legislating for only "citizens of the United States" clothed with only with

"civil rights"[7] (no political rights) therein the term definition in 42 U.S.C. § 2000e(n) of

"respondent" probably has application.

As already evidenced in the Docket Sheet of *this Court*, **in Docket 121**

**Attachment E** and again evidenced in **Attachment A—108 cites of DOJ "United**

**States of America is a sovereign body politic." (Attach A—USA")** are one hundred

and eight (108) cases of "**United States of America is a sovereign body politic**"

wherein *flows a fortiori* that the IRS is an agency of this "sovereign body politic," being

the "UNITED STATES OF AMERICA."[8]

And further, **Leung** and **Nelson have knowing and intentionally condoned**

under threats of incarnating Thornton forced Thornton to participate in **inquisitions**[9],

which are not adversarial outside and off-premise of *this Court* by an inquisitor, being a

---

[6] *UNITED STATES OF AMERICA v. JOHN K. THORNTON*, 0-13-mc-00087-SRN-TNL (United States District Court, District, Docket 1—Petition to Enforce Internal Revenue Service Summons, pg. 1. "The United States of America on behalf of its agency, the Internal Revenue Service ("IRS")"

[7] The First Civil Rights Act for "citizens of the United States" was enacted in 14 Stat. 27, (1866) memorialized in the Fourteenth Amendment.

[8] Docket 1—Petition To Enforce Internal Revenue Service Summons, Pg. 1. "The United States of America on behalf of its agency, the Internal Revenue Service ("IRS")"

[9] See Inquisitions, *infra.*

**Expedited Motion**                                5

**Jeffery Wagner**, Revenue Officer ("**Wagner**") therein *flow a fortiori* that **Wagner** is an "Revenue Officer" of the IRS, which is an Agency of the "United States of America" a "sovereign body politic;" *i.e.*, **Wagner is conducting an "inquisition" of Thornton under the alleged authority of a "sovereign body politic," being the "UNITED STATES OF AMERICA"** being enforced **by *this Court*** comprised of Leung and Nelson **exercising the "judicial power of the district court"**[10] precluding exercising the "judicial Power of the United States" arising under Article III Section 1 and 2 of the Constitution of the United States.

And further, this **Wagner** as a revenue officer of this "**sovereign body politic**" did file into the record of ***this Court,*** declarations.

The **First Declaration** actually being "under the **penalty of perjury that the forgoing is true and correct**" is evidenced in Docket 2 Pg. 1; and, *ibid.,* page 1, **Wagner** was conducting an "investigation into the federal income tax liability." The "federal **income** tax" is prohibited by term definition of "**income**" for "**Federal Income Tax**" as held in *Merchants' Loan & Trust Co. v. Smietanka*, 255 U.S. 509 (1921) "profit gained through sale or conversion of capital assets" within the meaning of The Corporation Excise Tax of 1909 (36 Stat. 11, 112) also precluding even the Sixteenth Amendment as the Government of the United States **has receded** the "income taxes" CON to the states and other local taxing authorities as evidenced in *United States v. City and County of Denver*, 573 F.Supp. 686, 687 (D.Col. 1983) **"4 U.S.C. § 106(a). As to "income taxes" [not "Federal Income Tax"], the United States, through the Buck Act, has receded**

---

[10] 28 U.S.C. § 132—Creation and composition of the district courts.

jurisdiction to the <u>states</u> and <u>other local taxing authorities.</u>" Codification of the Buck

Act is found in **4 U.S.C. 104-110** and **Consent to taxation of Federal Employees in 4**

**U.S.C. § 111.**

And further evidence of **<u>retrocession to the states</u>** is found in *Annexations of*

*Military Reservation by Political Subdivisions*, 11 Mil. L. Rev. 99, 103 (1961) to wit:

> A **retrocession statute** of major importance was enacted by Congress in 1940. This law, commonly known as the "**<u>Buck Act</u>**", **<u>retroceded to the states</u>** and to their **<u>duly constituted taxing authorities jurisdiction to levy and collect sales, use, and income taxes within federal areas</u>**. The federal government and its instrumentalities were excepted from the operation of the Act.

This **retrocession statue** is found on "**Federal Areas**" for "federal employment"

is codified in **5 U.S.C. § 5517—Withholding State Income Taxes** (a) ""[w]ho are

**<u>residents of the State</u>** with which the **<u>agreement</u>** is made" for "whose **<u>regular place of</u>**

**<u>Federal employment</u>** is within the **<u>State with which the agreement</u>** is made."

Thornton is NOT a resident of any State in any "federal area" but is domiciled in

Minnesota, being one of the several States as a "citizen of Minnesota" and also is a

"national of the United States" as defined in 8 U.S.C. § 1101(22)(B) "(B) a person who,

though not a citizen of the United States, owes permanent[11] allegiance to the United

States."

The **Second Declaration of Wagner** is evidenced in the Docket Sheet of *this*

*Court,* at Docket 32, wherein **Wagner** did state "I declare under penalty of perjury that

the foregoing is true and correct."

---

[11] 8 U.S.C. § 1101(31)—Definition of the term "permanent" means.

The **Third Declaration of Wagner** is evidenced in the Docket Sheet of *this Court* as **Docket 63** Page 7, wherein **Wagner** did state "I make this declaration under penalty of perjury, and in compliance with **this Court's** order of November 4, 2014." **NOTICE: Wagner does NOT state** that the **Declaration** is **"true and correct"** thereby this is merely under 28 U.S.C. § 1746 a meaningless piece of paper being a **CON** and **Fraud** to which **Leung** and **Nelson were parties to this CON** and **Fraud—this, being their Court.**

The **Fourth Declaration of Wagner** is evidenced in the Docket Sheet of *this Court* as **Docket 70** wherein **Wagner's Declaration** under 28 U.S.C. § 1746(1) that **has NO "penalty of perjury, true and correct,"** therein this Declaration is another void and meaningless **Declaration** with the continuing **CON** and **Fraud** being sanctioned by both **Leung and Nelson.**

The **Fifth Declaration of Wagner** is evidenced in the Docket Sheet of *this Court* as **Docket 80** wherein **Wagner's Declaration** is under 28 U.S.C. § 1746(1) but this **Declaration also has NO "penalty of perjury, true and correct,"** therein another void and meaningless **Declaration** with the continuing **CON** and **Fraud** being sanctioned by both **Leung and Nelson.**

The **Sixth Declaration of Wagner** is evidenced in the Docket Sheet of *this Court* as **Docket 86** wherein **Wagner's Declaration** under 28 U.S.C. § 1746(1) **has a "penalty of perjury" statement but does NOT have "true and correct" in the Declaration,** therein another void and meaningless Declaration with the continuing **CON** and **Fraud** being sanctioned by both **Leung and Nelson.**

**Expedited Motion**                                8

And further, this **Sixth Declaration of Wagner** was filed directly into *this Court* **without being under a Motion or Pleading of the "Counsel for the United States of America,"** wherein *flow a fortiori* that **Wagner has <u>standing</u>** to file directly into *this Court*, **representing the "UNITED STATES OF AMERICA"** a "sovereign body politic." Again the **CON** and **Fraud** was being sanctioned by both **Leung and Nelson.**

The **Seventh Declaration of Wagner** is evidenced in the Docket Sheet of *this Court* as Docket 95 wherein **Wagner's Declaration** is under 28 U.S.C. § 1746(1) **has a "penalty of perjury"** but the **Declaration does NOT state that it is "true and correct,"** therein another void and meaningless **Declaration** with the continuing **CON** and **Fraud** being sanctioned by both **Leung and Nelson.**

## II. Leung's Clear and Convincing Evidence

It is a FACT that **Wagner** was **clothed w**ith some apparent undisclosed authority of a **"sovereign body politic" of the 'UNITED STATES OF AMERICA," which never appeared even ONCE as "Counsel for the United States of America" into** *this Court* did conduct inquisitions "off-premise" that <u>**were not under the Rules of Discovery**</u> as claimed by <u>**Leung**</u> as evidenced in **Attachment B—Docket 73—Report and Recommendation ("Attach B—Leung")** under the signature of "Tony N. Leung" page 5, to wit:

> "The court may hold a party **violating a discovery order in contempt of court.**" *Edeh v. Carruthers*, Civ. No. 10-2860, 2011 WL 4808194, at *2 (D. Minn. Sept. 20, 2011). "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both."

Note that "*Edeh*" is an "unpublished case" but this works with extremely legal nonsense with the **CON** and **Fraud** of **Leung** and **Nelson** **with no appearance of the Petitioner as "Counsel of the United States of America.**

It is a **FACT** that under the **Rules of Discovery in Federal Rules of Civil Procedure**, under the Title V. Disclosures and Discovery Rules 26 though Rule 37 that Thornton has a right to depose the Plaintiffs/Petitioners, to do interrogatories and Admissions; and, to have an **Evidentiary Hearing of some sort for this alleged "clear and convincing evidence" standard of an adversarial Court** of which all was **DENIED to Thornton.**

So **Leung LIED** on the Record, which is denial of Due Process of Law, not to mention that there was no jurisdiction as the "Petitioner" being the "United States of America" has never made any appearance as "Counsel for the United States of America" ever in *this Court*, which Leung and Nelson with full knowledge thereof condoned and sanctioned; but, still Leung and Nelson proceeded forward anyway with the threats and coercion against Thornton for the off-premise inquisitions.

> A party seeking civil contempt must prove by **clear and convincing evidence** "that the alleged contemnors violated a court order." *Chicago Truck Drivers,* 207 F.3d at 505 (citation omitted). If the **movant** produces **clear and convincing evidence**, "the burden . . . shift[s] to the [alleged contemnors] to show an inability to comply." Id. (citation omitted). "A mere assertion of 'present inability' is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why 'categorically and in detail;' (2) that their inability to comply was not 'self-induced;' and (3) that they made 'in good faith all reasonable efforts to comply'" *Edeh,* 2011 WL 4808194, at *3 (quoting *Chicago Truck Drivers,* 207 F.3d at 506).

**A.   QUESTION ONE—and Demand of Leung–Where Is this "Clear and Convincing Evidence" by the Movant, being the "United States of America?"**

Remember that the Record of *this Court* conclusively and irrevocably proves that there was not ONE scintilla of "**sworn testimony;**" and, that there is not one document that complies with the Rules of Evidence submitted into *this Court*; and, that there was no Bench Trial; and, that there was no Trial by a Jury of my Peers; and, that there was NO adversarial court proceeding.

So, Thornton, is demanding of **Leung** the production with specificity of this "**clear and convincing evidence**" that **was provided** by the "**Movant,**" *ibid. Chicago Truck Drivers*, being the "**UNITED STATES OF AMERICA,**" so that he can understand what exactly is being required of him.

*This Court,* has gone where no Article III Section 1 and 2 Court has ever gone by relying on **unsworn Declarations of a Plaintiff/Petitioner** that has not made an appearance with a "Counsel of the United States of America" that is transliterated or morphed into "Clear and Convincing Evidence" Standard of a Court of the United States arising under Article III sections 2 and 3 exercising the judicial Power of the United States.  And further, therein *flows a fortiori* that unsworn Declarations can be used in place of Depositions precluding the requirement any sworn testimony in an adversarial open Court on the Record in *this Court*, wherein *this Court* **will then make a determination that "clear and convincing evidence" exists.  This should greatly streamline *this Court*'s proceedings, hearings and save tremendous amounts of money—until this despotism is exposed and extinguished!**

**Expedited Motion**                                         11

**B.  QUESTION TWO—Demand of Leung–Is the "Clear and Convincing Evidence"**
**Provided by the "Movant," being the "UNITED STATES OF AMERICA" a**
**sovereign body politic, the Unsworn Declarations?**

As **Leung** did state that there exists "clear and convincing evidence" and the only

thing in the Record of *this Court* is the off-premise Inquisitions of **Wagner**, therein the

as the determination by **Leung** already has been make and exists; Therein,

(1) **Thornton is demanding that Leung identify this "clear and convincing**

**evidence" with specificity by the "movant," being the "United States of America"** if

it is the **sworn Declarations of Wagner,** being **the First Declaration of Wagner at**

**Docket 2 and/or the Second Declaration** of Wagner at Docket 32?

(2) **Thornton is demanding that Leung identify this "clear and convincing**

**evidence" with specificity by the "movant," being the "United States of America"** if

it is the **Unsworn Declarations of Wagner** being

(a) the **Third Declaration** of Wagner; and/or,

(b) the **Fourth Declaration** of Wagner; and/or,

(c) the **Fifth Declaration** of Wagner; and/or,

(d) the **Sixth Declaration** of Wagner; and/or,

(e) the **Seventh Declaration** of Wagner.

Notice to **Leung** that Thornton did in these inquisitions ask **Wagner** what specific

types of taxes pertained to his questions, as there are many "taxes" in the*se* United States,

that **Wagner** was demanding information on presumably in Title 26, being was it

**Subtitle A—Income Taxes; or, Subtitle B—Estate and Gift Tax; or, Subtitle C—**

Employment Taxes; or, Subtitle D—Specific Excise Taxes; or, Subtitle E—Alcohol, Firearms and Tobacco.

Wagner flatly refused to identify what Subtitle type of Tax that he was demanding answers and information on. Thornton now has new evidence that Wagner's questions of which he was demanding answers to had nothing to do with Title 26 taxes but that the tax information **Wagner** was probably founded in the Security Act of 1935 and Buck Act of 1940 enacted into positive Law in 1947 by Congress, therein Wagner was asking the Impossible of Thornton, *i.e.*, *Impotentia excusat legem*[12]. Therein, **Wagner,** could not answer Thornton's questions as the **CON** and **Fraud** would be exposing and identifying the specific "tax" that he was demanding records and answers to his questions.

But as **Leung** is Learned in the Law and deemed to know the law; and, as **Leung** has already identified that the specific "clear and convincing evidence" that the "movant," being the "United States of America" had provided, therein in a couple of days **Leung** should easily be able to disclose to Thornton what is being demanded of him with

---

[12] **The impossibility of doing what is required by the law excuses from the performance.** In the adjudged decision of *Akins v. Adams*, 164 S.W. 603, 608 (St. Louis Ct. Appeals 1914), to wit:

> **"Impotentia excusat legem."** No one (not even a judge) is bound to do what is impossible. *Strother v. Barrow,* 246 Mo. loc. cit. 254, 151 S. W. 960 (Sup.Ct.Mo. 1912).

In the adjudged decision of *Strother v. Barrow*, 151 S.W. 960, 964 (Sup. Ct Mo. 1912), to wit:

> **As the impossible excuses persons, so it excuses judges.** Some of the precepts of the law (of its very bones and framework) are: **No one is bound to do what is impossible.** 2 Bou. 116. Impossibility is an excuse in law. **"Impotentia excusat legem."** Coke, Litt. 29a.

In the adjudged decision of *Fenton V. Clark*, 11 Vt. 557, 561 (1839), to wit:

In cases where the act of God renders the performance *absolutely impossible,* the contract is discharged, according to the maxim "*impotentia excusat legem.*

specificity, so that he can comply, presuming that it is legal or lawful; or, giving

Thornton time for other options.

## C.  QUESTION THREE—Thornton Demand of Leung the "Evidence" in Docket 113 of the Debt Due and Owing.

As **Leung** has established by the "clear and convincing evidence" standard of an

adversarial court arising under Article III Sections 1 and 2 exercising the "judicial Power

of the United States his determination; therein, Thornton demands that **Leung** identify

the "evidence" demanded by Thornton that filed into Dockets 112 and 113 from **Leung**

so that Thornton can comply.  Restated Thornton incorporates the Dockets 112 and 113

into this **Expedited Motion—Evidence from Leung as his determination was valid**

**only if the Dockets 112 and 113 demands can be identified to Thornton by Leung.**

### III.  Nelson's "Clear and Convincing Evidence.

In *this Court*'s record, **Nelson** filed as evidenced by **Attachment C—Docket 85–**

**–Memorandum Opinion and Order ("Attach C—Nelson").**  In the **Attach C—Nelson**

Page 5 "The Court agrees with the magistrate judge that the Respondent [Thornton] has

failed to demonstrate a present inability to comply."

**Nelson** in **Attach C—Nelson** page 4 stated, to wit:

> For a party to be held in contempt, it must be shown that (1) **a valid order existed,** (2) **the party had knowledge of the order,** and (3) **the party disobeyed the order.**  *Reliance Ins. Co. v. Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998).  A party seeking civil contempt must establish by **clear and convincing evidence** that **alleged contemnor violated a court order.**  *Chicago Truck Drivers,* 207 F.3d at 505 (citation omitted). **Once the movant produces such evidence, the burden shifts to the contemnor to demonstrate an inability to comply.**    Id.  A party defending a contempt motion on the ground of present inability to comply must establish the following:   (1) that they were unable to comply,

**Expedited Motion**                    14

explaining why '**categorically and in detail;**' (2) that their inability to comply was not 'self-induced;' and (3) that they made 'in good faith all reasonable efforts to comply'" *Edeh v. Carruthers*, No. 10-cv-2860, 2011 WL 4808194, at *3 (D. Minn. Sept. 20, 2011) (quoting Chicago Truck Drivers, 207 F.3d at 506).

Therein *flow a fortiori* as **Nelson** superintends **Leung**, that **Nelson, being learned in the law and is deemed to know the law that evidence to support essential elements to this "civil contempt" are known to Nelson.**

Therefore,

**(1) Thornton is demanding that Nelson identify this "clear and convincing evidence" with specificity by the "movant," being the "United States of America"** if it is the **sworn Declarations of Wagner**, being the **First Declaration** of **Wagner at Docket 2 and/or the Second Declaration** of **Wagner at Docket 32?**

**(2)   Thornton is demanding that Nelson identify this "clear and convincing evidence" with specificity by the "movant," being the "United States of America"** if it is the **Unsworn Declarations of Wagner being**

    **(a) the Third Declaration of Wagner; and/or,**

    **(b)  the Fourth Declaration of Wagner; and/or,**

    **(c) the Fifth Declaration  of Wagner; and/or,**

    **(d) the Sixth Declaration of Wagner; and/or,**

    **(e) the Seventh Declaration of Wagner.**

Notice to **Nelson** that Thornton did in these inquisitions ask **Wagner** what specific types of taxes pertained to his questions, as there are many "taxes" in *these* United States, that **Wagner** was demanding information on presumably in Title 26, being was it

**Expedited Motion**                                15

Subtitle A—Income Taxes; or, Subtitle B—Estate and Gift Tax; or, Subtitle C—
Employment Taxes; or, Subtitle D—Specific Excise Taxes; or, Subtitle E—Alcohol,
Firearms and Tobacco.

**Wagner flatly refused to identify what Subtitle type of Tax that he was
demanding answers and information on.** Thornton now has new evidence that
Wagner's questions of which he was demanding answers to had nothing to do with Title
26 taxes but that the tax information **Wagner** was probably founded in the Security Act
of 1935 and Buck Act of 1940 enacted into positive Law in 1947 by Congress, therein
asking the Impossible of Thornton. Therein, **Wagner,** could not answer Thornton's
questions as the **CON** and **Fraud** would be exposing and identifying the specific "tax"
that he was demanding records and answers to his questions.

But as **Nelson** is Learned in the Law and deemed to know the law; and, as **Nelson**
has already stated that the specific "clear and convincing evidence" that the "movant,"
being the "United States of America" has been provided, therein in a couple of days
**Nelson** should easily be able disclose to Thornton what is being demanded of him with
specificity, so that he can comply, presuming that it is legal or lawful; or, giving
Thornton to have time for other options as required.

**A.   QUESTION ONE—and Demand of Nelson–Where Is this "Clear and
Convincing Evidence" by the Movant, being the "United States of America?"**

Remember that the Record of *this Court* conclusively and irrevocably proves that
there was not ONE scintilla of "**sworn testimony;**" and, that there is not one document
that complies with the Rules of Evidence submitted into *this Court*; and, that there was

**Expedited Motion**                          16

no Bench Trial; and, that there was no Trial by a Jury of my Peers; and, that there was NO adversarial court proceeding.

So, Thornton, is demanding of **Nelson** the production with specificity of this **"clear and convincing evidence"** that <u>was provided</u> by the **"Movant,"** *ibid. Chicago Truck Drivers*, being the **"UNITED STATES OF AMERICA,"** so that Thornton can understand what exactly is being required of him.

*This Court*, has gone where no Article III Section 1 and 2 Court has gone by relying on **unsworn Declarations of a Plaintiff/Petitioner** that has not made an appearance with a "Counsel of the United States of America" that is transliterated or morphed into "Clear and Convincing Evidence" Standard of a Court of the United States arising under Article III sections 2 and 3 exercising the judicial Power of the United States. And further, therein *flows a fortiori* that unsworn Declarations can be used in place of Depositions precluding the requirement any sworn testimony in an adversarial open Court on the Record in *this Court*, wherein *this Court* **will then make a determination that "clear and convincing evidence" exists. This should greatly streamline *this Court*'s proceedings, hearings and save tremendous amounts of money—until this despotism is exposed and extinguished!**

**B. QUESTION TWO—Demand of Nelson–Is the "Clear and Convincing Evidence" Provided by the "Movant," being the "UNITED STATES OF AMERICA" a sovereign body politic, the Unsworn Declarations?**

As **Leung** did state that there exists "clear and convincing evidence" and the only thing in the Record of *this Court* is the off-premise Inquisitions of **Wagner**, therein the as the determination by **Leung** already has been make and exists; Therein,

**(1) Thornton is demanding that Nelson identify this "clear and convincing evidence" with specificity by the "movant," being the "United States of America" if it is the sworn Declarations of Wagner, being the First Declaration of Wagner at Docket 2 and/or the Second Declaration of Wagner at Docket 32?**

**(2) Thornton is demanding that Nelson identify this "clear and convincing evidence" with specificity by the "movant," being the "United States of America" if it is the Unsworn Declarations of Wagner being**

**(a) the Third Declaration of Wagner; and/or,**

**(b) the Fourth Declaration of Wagner; and/or,**

**(c) the Fifth Declaration of Wagner; and/or,**

**(d) the Sixth Declaration of Wagner; and/or,**

**(e) the Seventh Declaration of Wagner.**

Notice to **Leung** that Thornton did in these inquisitions ask **Wagner** what specific types of taxes pertained to his questions, as there are many "taxes" in these United States, that **Wagner** was demanding information on presumably in Title 26, being was it **Subtitle A—Income Taxes; or, Subtitle B—Estate and Gift Tax; or, Subtitle C— Employment Taxes; or, Subtitle D—Specific Excise Taxes; or, Subtitle E—Alcohol, Firearms and Tobacco.**

**Wagner flatly refused to identify what Subtitle type of Tax that he was demanding answers and information on.** Thornton now has new evidence that Wagner's questions of which he was demanding answers to had nothing to do with Title 26 taxes but that the tax information **Wagner** was probably founded in the Security Act

of 1935 and Buck Act of 1940 enacted into positive Law in 1947 by Congress, therein Wagner was asking the Impossible of Thornton, *i.e.,* ***Impotentia excusat legem***[13]. Therein, **Wagner,** could not answer Thornton's questions as the **CON** and **Fraud** would be exposing and identifying the specific "tax" that he was demanding records and answers to his questions.

But as **Nelson** is Learned in the Law and deemed to know the law; and, as **Nelson** has already identified that the specific "clear and convincing evidence" that the "movant," being the "United States of America" had been provided, therein in a couple of days **Nelson** should easily be able to disclose to Thornton what is being demanded of him with specificity, so that he can comply, presuming that it is legal or lawful; or, giving Thornton to have time for other options.

## C.   QUESTION THREE—Thornton's Demand of Nelson of the "Evidence" in Docket 113 of the that Debt Due and Owing.

As **Nelson** has allegedly established by the "clear and convincing evidence" standard of an adversarial court arising under Article III Sections 1 and 2 exercising the "judicial Power of the United her determination; therein, Thornton demands that **Nelson**

---

[13] **The impossibility of doing what is required by the law excuses from the performance.** In the adjudged decision of *Akins v. Adams,* 164 S.W. 603, 608 (St. Louis Ct. Appeals 1914), to wit:

> **"Impotentia excusat legem."** No one (not even a judge) is bound to do what is impossible. Strother v. Barrow, 246 Mo. loc. cit. 254, <u>151 S. W. 960.</u>

In the adjudged decision of *Strother v. Barrow,* 151 S.W. 960, 964 (Sup. Ct Mo. 1912), to wit:

> **As the impossible excuses persons, so it excuses judges.** Some of the precepts of the law (of its very bones and framework) are: **No one is bound to do what is impossible.** 2 Bou. 116. Impossibility is an excuse in law. **"Impotentia excusat legem."** Coke, Litt. 29a.

In the adjudged decision of *Fenton V. Clark,* 11 Vt. 557, 561 (1839), to wit:

In cases where the act of God renders the performance *absolutely impossible,* the contract is discharged, according to the maxim "*impotentia excusat legem.*

identify the specific "evidence" demanded by Thornton that filed into Dockets 112 and

113 from **Nelson** so that Thornton can comply.   Restated Thornton incorporates the

Dockets 112 and 113 into this **Expedited Motion—Evidence from Nelson as her**

**determination was valid only if the Dockets 112 and 113 demands can be identified**

**to Thornton with specificity by Nelson.**

### D.  QUESTION FOUR—Is Nelson's Order A "Valid Order?"

**Nelson** in **Attach C—Nelson** page 4 stated "For a party to be held in contempt, it

must be shown that (1) **a valid order existed, (2) the party had knowledge of the**

**order,** and (3) **the party disobeyed the order.**  ˆ."

**Was Nelson's Order Valid?** The Official Record of *this Court*, **irrevocably and**

**conclusively proves that the Nelson did not have a "valid order" as the Petitioner,**

**being the "United States of America" never had a "Counsel for the United States of**

**America"** identified on the record as "Counsel for the United States of America" in this

instant Case.

On December 11, 2013 with **Leung,** to wit:

| | |
|---|---|
| **The Court:** the | At this time, **government,** please identify yourself for record. |
| **Mr. Welhelm:** | Yes, Your Honor, I'm D. Gerald Wilhelm. I'm an Assistant United States Attorney. I'm here **on behalf of the United States".** |

On January 27, 2014 with **Leung,** to wit:

| | |
|---|---|
| **The Court:** | At this time, **government,** please identify yourself for the record. |
| **Mr. Welhelm:** | Yes, Your Honor, I'm D. Gerald Wilhelm. I'm an Assistant United States Attorney. I'm here **on behalf of the United States".** |

On November 4th, 2014 with **Leung**, to wit:

**The Court:**     First of all, **government**, please identify yourself for
                   the record.

**Mr. Welhelm:**   Yes, Your Honor, I'm D. Gerald Wilhelm. I'm an
                   Assistant United States Attorney. I'm here **on behalf of
                   the United States"**.

On January 27th, 2015 with **Leung**, to wit:

**The Court:**     At this time, starting with the Petitioner, **United States
                   of America,** identify yourself, Counsel, for the record
                   please.

**Mr. Welhelm:**   D. Gerald Wilhelm, Assistant United States Attorney,
                   **for the United States**, Your Honor.

On March 21st, 2018 with **Leung**, to wit:

**The Court:**     And at this time, **government**, please identify yourself
                   for the record.

**Mr. Samie**      Good afternoon, Your Honor.  Assistant U.S. Attorney
                   Bahram Samie appearing **on behalf of the United
                   States.**

As evidenced on December 11, 2013, *supra*; and, as evidenced on January 27th,
2014, *supra*; and, as evidenced on November 4th, 2014, *supra*; and, as evidenced on
March 21st, 2018 there was no appearance of the **"Counsel for the United States of
America."** Wherein as any proceeding or hearing, even in **this Court** the appearance of
the "Counsel for the United States of America" is a *sine qua non* of any adversarial
Proceeding or Hearing.  *Conditio Praededens Adimpleri Debet Prius Quam Sequator
Effectus*, Co. Litt. 201 "A condition precedent must be fulfilled before the effect can
follow." *Blacks 4th Ed.* page 365.

### a. Behalf

Concerning "behalf" as found in *Meyers v. State*, 105 S.W. 48, 49 (Tex.Civ.App. 1907), to wit:

> In the case of *State v. Eggerman*, 81 Tex. 569, 16 S. W. 1067, the Supreme Court, in passing upon whether a suit was "in **behalf** of the state," adopts the following definition: "The word **'behalf' means in the name of**, on **account of, benefit, advantage, interest, profit, defense, vindication**; and in any of these senses this is evidently within the meaning of the Constitution a suit in behalf of the state."

In *United States v. Payne*, 30 F.2d 960, 961-962 (W.D.Northern Div.Wash. 1929),

to wit:

> The phrase, 'except when on behalf of the United States,' was significantly used, and has a restricted application, **but has no application in a proceeding where the United States is a party.** It has application to actions **prosecuted or defended by instrumentalities of the United States, or others, on its behalf.** Suit may be brought **by one in authority for the benefit or advantage of the United States**, and, so brought, **would be in its behalf.** See *Georgia v. Brailsford*, 2 Dall. 402, (1792); *State v. Eggerman*, 81 Tex. 569, 16 S.W. 1067 (1891); *Hill County v. Atchison* (Tex.Civ.App.) 49 S.W. 145. **For suit when instrumentality was a party,** see *United States v. Clallam County* (W.D.Wash.) 283 F. 645 (1922) (affirmed 263 U.S. 341) (1923), **which was an action in which an agency or instrumentality of the United States defended.** See, also, *Weeks, Secretary of War, et al. v. Goltra* 7 F.2d 838 (8th Cir. 1925).
>
> There are corporate entities used by the United States as its instrumentalities and officers who prosecute and defend actions. Such actions would be on its behalf. The provision, 'except when on behalf of the United States,' **refers not to suits by the United States, but on its behalf by instrumentalities or officers**, the object being not to do the idle thing of collecting fees for the United States from its instrumentalities or officers, etc. The law must be construed, if possible, with a consistency to accomplish its purpose. *In re Ayers,* 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887).
>
> It is clearly established that "on behalf of the United States" "has no application of

where the United States is a party. It has applications to actions prosecuted or defended by instrumentalities of the United States, or others on its behalf," *ibid.*, or "for suit when instrumentality is a party." *Ibid.* Therefore, is the "UNITED STATES OF AMERICA," being a "sovereign body politic," prosecuting Thornton **for the benefit of the United States?**

When D. Gerald Wilhelm ("**Wilhelm**") "appeared" in the 8th Circuit in Case No. 15-1774, being the appeal concerning Thornton in this instant Case (sic), which is evidenced by **Attachment D—Appearance of Counsel of the United States of America ("Attach D—Appearance of USA")**, Wilhelm magically appeared from the CON as the "**Counsel for the United States of America**" a **sovereign body politic**.

**E.  Thornton Has Standing in the United States Federal Court of Claims.**

Thanks to the concerted and tireless efforts of the inquisitorial star chamber tactics ((1) compel testimony regardless of the truth; and, (2) must be under Oath; and, (3) Contempt charges and/or incarceration and/or forfeiture of property) by **Wagner, Leung, Wilhelm, Nelson and Samie** therein *flows a fortiori* that Thornton now has "standing" to file claims against the "United States" into the United States Federal Court of Claims[14] as the Official Record irrevocably establishes that **Wagner, Leung, Wilhelm, Nelson and Samie** are in some capacity agents and actors of the "United States of America" being a "sovereign body politic" pursuing Thornton for a "debt due and owing" yet to be identified for the "**benefit**" of the **United States**. Remembering that the United States Federal Court of Claims, being a bona fide Article I Court decisions are appealed the

---

[14] Established in 96 Stat. 25-58 (1982).

Federal Circuit Court of Appeals, being a bona fide Court of the United States with National jurisdiction with "subject matter jurisdiction[15]" arising the Constitution of the United States Article III section 1 and 2.

### IV. Inquisitor Conducts Factual and Legal Investigation Himself

Upon exanimating the following holding and pronouncements of numerous courts that are in accord, there was NO adversarial court in Thornton's Case but merely a star chamber type inquisition against Thornton remembering that evidently only **Wagner conducted the factual and legal investigation off premises of *this Court.***

In *Laskowski v. Spellingings*, 443 F.3d 930, 941 (7th Cir. 2006), wherein the Seventh Circuit distinguishes the difference between an adversarial system and an inquisitorial system concerning plaintiff taxpayers with an inquisitor, to wit:

> It should not be undertaken in the absence of an actual claim for this form of relief and full briefing by the parties. *See McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (" **What makes a system adversarial rather than inquisitorial** is ... the presence of a judge who does not (**as an inquisitor does**) **conduct the factual and legal investigation himself**, but instead **decides on the basis of facts and arguments pro and con adduced by the parties**.").

### A. Fact Undisputed.

In *Bissell v. Breaker By-The-Sea, R & E Assoc.*, 7 F.Supp.2d 60, 63, (D.Maine 1998) "Unfortunately, however, courts in real life can deal only with assertions and admissions or denials of facts, not some elusive "ultimate" truth or reality, even for

---

[15] See Senate Report N. 96-304, 9th Congress 1st Session, August 3, 1979 "Federal Courts Improvements Act of 1979," especially pages 832-840 found in the Legislative History of 96 Stat. 25-58.

jurisdiction. If a fact is undisputed, a judge accepts it, and does not become an inquisitor

to conduct his or her own investigation."

## B. Accusatorial not Inquisitorial.

In *Miller v. Fenton*, 374 U.S. 104, 110 (1985) "[T]he court's analysis has

consistently been animated by the view that "ours is a accusatorial and not an

inquisitorial system. *Roberts v. Richmond*, 385 U.S. 534, 541 (1961)."

In *Rogers .v Richmond*, 365 U.S. 534, 540-541 (1961), to wit:

> Our decisions under that Amendment have made clear that convictions
> following the admission into evidence of confessions which are
> involuntary, i.e., the product of coercion, either physical or psychological,
> cannot stand. This is so not because such confessions are unlikely to be
> **\*541** true but because the methods used to extract them offend an
> underlying principle in the enforcement of our criminal law: **that ours is an
> accusatorial and not an inquisitorial system**—a system in which the
> State must establish guilt by evidence independently and freely secured and
> may not by coercion prove its charge against an accused out of his own
> mouth. See *Chambers v. State of Florida*, 309 U.S. 227, 60 S.Ct. 472, 84
> L.Ed. 716; *Lisenba v. People of State of California*, 314 U.S. 219, 236, 62
> S.Ct. 280, 289, 86 L.Ed. 166; *Rochin v. People of California*, 342 U.S. 165,
> 172—174, 72 S.Ct. 205, 209—210, 96 L.Ed. 183; *Spano v. People of State
> of New York*, 360 U.S. 315, 320—321, 79 S.Ct. 1202, 1205—1206, 3
> L.Ed.2d 1265; *Blackburn v. State of Alabama*, 361 U.S. 199, 206—207, 80
> S.Ct. 274, 279—280, 4 L.Ed.2d 242. And see *Watts v. State of Indiana*, 338
> U.S. 49, 54—55, 69 S.Ct. 1347, 1350, 1357, 93 L.Ed. 1801. To be sure,
> confessions cruelly extorted may be and have been, to an unascertained
> extent, found to be untrustworthy. But the constitutional principle of
> excluding confessions that are not voluntary does not rest on this
> consideration. Indeed, in many of the cases in which the command of the
> Due Process Clause has compelled us to reverse state convictions involving
> the use of confessions obtained by impermissible methods, independent
> corroborating evidence left little doubt of the truth of what the defendant
> had confessed. Despite such verification, confessions were found to be the
> product of constitutionally impermissible methods in their inducement.
> Since a defendant had been subjected to pressures to which, under our
> accusatorial system, an accused should not be subjected, we were
> constrained to find that the procedures leading to his conviction had failed

to afford him that due process of law which the Fourteenth Amendment guarantees.

## C. Adversarial v. Inquisitorial

In *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991), to wit:

> What makes a system **adversarial rather than inquisitorial** is not the presence of counsel, much less the presence of counsel where the defendant has not requested it; but rather, the presence of a judge who does not (as an **inquisitor does) conduct the factual and legal investigation himself,** but instead decides on the basis of facts and arguments pro and con adduced by the parties.

See also *In re United Air Lines, Inc.,* 438 F.3d 720, 738 (7th Cir. 2006); *Sanchez-Liamas v. Oregon,* 548 U.S. 331, 357 (2006); *United States v. Loughner,* 672 F.3d 731, 773 (9th Cir. 2012), to wit:

> As he recognized, "[w]hat makes a system adversarial rather than inquisitorial is not the presence of counsel ... but rather, the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con adduced by the parties." *McNeil v. Wisconsin,* 501 U.S. 171, 181, n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). In Loughner's *Harper* hearings, the **presiding psychiatrist**, Dr. Tomelleri, **acted as an inquisitor.**

In *Dietrz v. Blould,* 794 F.3d 1093,1102, 1103 (9th Cir. 2015), to wit:

> Our system of justice is an adversarial one. "What makes a system adversarial rather than inquisitorial is not the presence of counsel," but "the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the bases of facts and arguments pro and con adduced by the parties." *McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). Consistent with this principle, our court has never required district court judges develop—by interrogation of witnesses—**the record on which they render judgments; instead, we require district court judges to make specific findings based on the evidence that the parties place in the record**.

In *United States v. Bendolph,* 409 F.3d 155, 172 (3rd Cir. 2005), to wit:

Underlying the *Scott* and *Nardi* decisions is the rule that generally it is not appropriate for a court to *sua sponte* raise non-jurisdictional defenses not raised by the parties. *See Acosta v. Artuz,* 221 F.3d 117, 122 (2d Cir.2000) ("Generally, courts should not raise *sua sponte* nonjurisdictional defenses not raised by the parties."); *cf. Zelson v. Thomforde,* 412 F.2d 56, 58 (3d Cir.1969) (**holding that a court may not raise the defense of lack of personal jurisdiction—a non-jurisdictional defense because it does not concern the power of the court to entertain the suit—once the defendant has waived the issue by appearing**). This rule exists because ours is an adversarial system, which relies on advocacy by trained counsel. *Cf. United States v. Burke,* 504 U.S. 229, 246, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) (Scalia, J., concurring) ("The rule that points of law not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, **distinguishes our adversary system of justice from the inquisitorial one.**"). In an adversarial system, it is not for the courts to bring to light the best arguments for either side; that responsibility is left to the parties themselves. *McNeil v. Wisconsin,* 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) ("What makes a system adversarial rather than inquisitorial is ... **the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con *adduced by the parties.*"**) (emphasis added). As the Supreme Court has explained, "[t]he determination of what may be useful to the defense can properly and effectively be made only by an advocate." *Dennis v. United States,* 384 U.S. 855, 875, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

## D. Taxpayer and Power of Inquisition

In *Brown v. United States,* 2011 WL 2470732, *2 (E.D. N.C. 2011), to wit:

The IRS's " 'summons power should ... be liberally construed in light of the purposes it serves.' " *Uhrig v. United States,* 592 F.Supp. 349, 352 (4th Cir.1984) (quoting *Godwin v. United States,* 564 F.Supp. 1209, 1212 (D.Del.1983)). As noted above, the IRS possesses the "**power of inquisition**" to investigate possible **unpaid tax liabilities, and its inquisitory powers need not be supported by probable cause that wrongdoing has occurred.** *Powell,* 379 U.S. at 57; *see also United States v. Bisceglia,* 420 U.S. 141, 146 (1975) ( "**The purpose of the [summons] statutes is not to accuse, but to inquire.**"). **Although a court will not enforce a summons that appears to be a groundless fishing expedition through** taxpayer **records, the IRS need only convince the court that it "has a 'realistic expectation rather than an idle hope that something**

**may be discovered.'** " *United States v. Richards,* 631 F.2d 341, 345 (4th Cir.1980) (quoting *United States v. Harrington,* 388 F.2d 520, 524 (2d Cir.1968)). "This standard generally will be satisfied where the summons pertains to **'a legitimate investigation of an ascertainable target.'** " *United States v. O'Shea,* 662 F.Supp.2d 535, 541 (S.D.W.Va.2009) (quoting *Tiffany Fine Arts, Inc. v. United States,* 469 U.S. 310, 320 (1985)). **"Provided that the four good faith elements are satisfied, no greater justification is required."** *Id.*

In *United States v. Central National Bank*, 1980 WL 1515m •7 *(N.D. Ohio

1980), to wit:

> The teaching of *Powell* militates against approval of the Magistrate's reasoning and result. **The taxpayer in *Powell*,** who had previously been examined by the IRS, challenged a summons directed at tax years as to which, unless fraud was proved, the statute of limitations had run. The **taxpayer** asserted that the IRS should bear the burden of showing a basis for suspecting fraud as a prerequisite to the enforcement of the summons, relying on 26 U. S. C. § 7605(b), which precludes "unnecessary examination or investigations." The Court firmly rejected this argument [FN8] and ruled that probable cause need not be shown to obtain enforcement of a section 7602 summons.

> FN8. It has the **power of inquisition**, if one chooses to call it that, **which is not derived from the judicial function**. It is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not. [*United States v. Powell*] 379 U. S. at 57. This analogy further supports the court's conclusion that inquiry into the basis for an IRS investigation should not be allowed as a matter of course. See *United States v. Newman, supra,* 441 F. 2d at 174-74.

In *United States v. Newman*, 441 F.2d 165, 174 (5th Cir. 1971), to wit:

> An important factor back of this approach is of course the fact that if accusatory proceedings are begun the person concerned **'will be accorded all the traditional judicial safeguards at a subsequent adjudicative proceeding * * *.'** [*Hannah v.* Larche] 363 U.S. at 446 [1980]. And this applies in the context of an IRS summons situation as Donaldson makes clear.

In *United States v. O'Shea*, 662 F.supp.2d 535, 539 (S.C. W.Va. 2009), to

wit:

> Furthermore, the IRS possesses the **"power of inquisition"** to investigate possible unpaid tax liabilities, and its **inquisitory powers** need **not be supported by probable cause that wrongdoing has occurred.** *Powell,* 379 U.S. at 57, 85 S.Ct. 248; *see also United States v. Bisceglia,* 420 U.S. 141, 146, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975) ("The purpose of the [summons] statutes **is not to accuse, but to inquire.**"). If the Government meets its burden of demonstrating that the summons was issued in good faith, **"it is entitled to an enforcement order unless the <u>taxpayer</u> can show that the IRS is attempting to abuse the court's process."** *Conner,* 434 F.3d at 680 (quoting *United States v. Stuart,* 489 U.S. 353, 353, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989)).

*United States v. O'Shea,* 662 F.Supp.2d 535, 539 (S.D.W.Va. 2009) "[T]he

IRS possesses the **"power of inquisition"** **<u>to investigate</u>** possible unpaid tax

liabilities . . . the purpose . . . **is not to accuse, but to inquire** . . . unless the [I am

a] **taxpayer."**

In *United States v. Brown,* 398 F.Supp. 444, 446-447 (E.D. Mich. 1975), to

wit:

> Judicial enforcement of a summons is appropriate upon a showing that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not within the possession of the Secretary, and that the Secretary or his delegate has determined the necessity of further examination and **has notified the taxpayer** in writing to that effect. *United States v. Powell,* 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

> Section 7602 of Title 26 of the United States Code authorizes the Secretary or his delegate to **summon a taxpayer** or a**ny other person to testify or to provide any books, papers, records, or other data which may be relevant or material to the tax investigation.** Relevancy and materiality in this context are established when the information sought might illuminate the tax liabilities in question. See *United States v. Matras,* 487 F.2d 1271, 1274 (8th Cir. 1973); *United States v. Egenberg,* 443 F.2d 512, 515 (3d Cir. 1971).

**Bankruptcy Courts Can't Discharge Liability with 6020(b) Unless From Another Court.**

In *In re Wogoman*, 475 B.R. 239, (10th Cir. B.A.P. 2012), to wit:

The hanging paragraph, which purports to define the term **"return,"** provides:

> For purposes of this subsection, the term **"return"** means a **return that satisfies the requirements of applicable nonbankruptcy law** (including **applicable filing requirements**). Such term includes a return prepared pursuant to **section 6020(a)** of the Internal Revenue Code of 1986, or similar State or local law, or **a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986**, or a similar State or local law. **FN12.**
>
> **FN12:** 11 U.S.C. § 523(a)(*) (hanging paragraph

Section 6020(a) of the Internal Revenue Code ("IRC") **refers to a return prepared by the IRS with the assistance of the taxpayer, and when signed by the taxpayer,** may be treated as a return filed by the taxpayer. **FN13.**

> **FN13.** Technically, the IRC authorizes the Secretary of the Treasury to prepare the return, which is accomplished through the IRS. Subsection (a) of § 6020, "Returns prepared for or executed by Secretary," provides:
>
> (a) Preparation of return by Secretary.—If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, **being signed by such person**, may be received by the Secretary as the return of such person.
>
> 26 U.S.C. § 6020(a). Generally speaking, § 6020(a) acts as a **"taxpayer assistance procedure."** *See* Michael I. Saltzman & Leslie Book, *IRS Practice and Procedure* ¶ 4.02[1][a] (2012). It should be noted that in conjunction with a return prepared under § 6020(a), **the taxpayer typically agrees to immediate assessment and collection of the taxes shown on the return**. See *IRS Chief Counsel Advisory*

### V. Conclusion.

As **Wagner, Leung, Wilhelm, Nelson and Samie** are in some capacity agents and actors of the "United States of America" being a "sovereign body politic" pursuing Thornton for a "debt due and owing" yet to be identified for the "**benefit**" of the **United States** under the Order of *this Court* by **Leung** and **Nelson** existing and having already established under the "clear and convincing" evidence standard of Courts of the United States arising under Article III section 1 and 2; therein, in a matter of a several days **Leung** and **Nelson** should be forthcoming identifying same with specificity so that Thornton can identify with specificity what is claimed for the benefit of the United States is missing or at the root of the Civil Contempt.

Or, *this Court* **could dismiss this instant Case with prejudice for lack of "subject matter jurisdiction;" and/or dismiss this instant Case as it is CON as there has never been "Counsel for the United States of America" being a sovereign politic making the mandatory appearances; and/or dismiss this instant Cases there is no "clear and convincing evidence."**

Thornton is giving **Notice to "UNITED STATES OF AMERICA"** and its agents or employees consisting of **Wagner, Leung, Wilhelm, Nelson and Samie** that Thornton now has standing to file into the United States Federal Court of Claims.

And further, Thornton now has the essential elements to file a bona fide Writ of Habeas Corpus ad subjiciendum.

My Hand,

**Expedited Motion**                        31

## VI.  Certificate of Service.

I certify that this Motion to Dismiss is comprised of 10,208 words in 13 Font in Times New Roman.

I further certify that this Motion and Attachments were delivered personally or mailed First Class prepaid to the following parties, to wit:

**Bahram Samie**
**U.S. Courthouse**
**300 S 4th Street Suite 600**
**Minneapolis, Minneapolis 55415**

Date: April 10th, 2015

_____
Signature