UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-mc-87 (SRN/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **UNITED STATES OF** |
| Petitioner, ) | **AMERICA'S OPPOSITION** |
| ) | **TO RESPONDENT'S** |
| v. ) | **MISCELLANEOUS** |
| JOHN K. THORNTON, ) | **MOTIONS FOUND AT** |
| ) | **DOCKET ENTRIES 112, 118,** |
| Respondent. ) | **119 & 122** |

Petitioner the United States of America hereby responds to Respondent John K. Thornton's Expedited Motion to Provide Evidence of a Debt Due and Owing or a Tax Liability [Doc. No. 112], Expedited Motion to Dismiss-Lack of Subject Matter Jurisdiction [Doc. No. 118], Expedited Motion to Dismiss-No Plaintiff (Petitioner) [Doc. No. 119], and Expedited Motion for the Court to Identify the Evidence that is "Clear and Convincing" [Doc. No. 122]. Thornton has been in constructive civil contempt of court since March 27, 2015, for failing to comply with this Court's order dated August 1, 2014. Despite the Eighth Circuit Court of Appeals affirming this Court's finding, and the United States Supreme Court denying his Petition for a Writ of Certiorari, Thornton has made no effort to purge his contempt. Instead, Thornton seeks to dismiss this matter based on frivolous arguments, and, in the alternative, to reopen the Court's determination that the United States is entitled to enforcement of its Internal Revenue Service (IRS) summonses. For the reasons stated below, this Court should deny Thornton's motions.

## PROCEDURAL BACKGROUND

This action arises from the United States of America's Petition to enforce two IRS summonses, brought pursuant to 26 U.S.C. § 7402(b) and 26 U.S.C. § 7604(a). One summons seeks information to further an investigation into the collection of Thornton's income tax liability for the tax years 2001-2003, and one seeks information to calculate Thornton's income tax liability for the tax years 2004-2012, for which he did not file a return. (*See* Doc. No. 2, Exs. A-B.)

In its November 16, 2013 Order to Show Cause, the Court required Thornton to raise, in writing, any defense or opposition to the Petition. (*See* Doc. No. 4, ¶ 5.) Further, the Court ordered "only those issues brought into controversy by the responsive pleadings and factual allegations supported by affidavit will be considered," and "[a]ny uncontested allegation in the petition will be considered admitted." (*Id.* ¶ 6.) The United States served Thornton with the Order to Show Cause, Petition, and supporting documents, and Thornton filed motions to dismiss, raising challenges to the Petition, including challenges to subject matter jurisdiction. (*See generally,* Doc. Nos. 5-6, 14.) After conducting hearings on the Show Cause Order and Respondents' motions to dismiss, the Honorable Tony N. Leung ("Magistrate Judge Leung") issued a Report and Recommendation ("R&R"), recommending Thornton's motions be denied and the United States of America's Petition be enforced. (*See* Doc. No. 21.)

On August 1, 2014, after reviewing Thornton's objections to the R&R, this Court denied the motions to dismiss, determined that it has subject matter jurisdiction over the Petition, and issued an order compelling Thornton to comply with both summonses. (*See*

Doc No. 23). Since that time, this Court has denied numerous post-judgment motions filed by Thornton. (*See, e.g.*, Doc. Nos. 28, 34, 42.) On March 27, 2015, this Court found Thornton in constructive civil contempt of court for failing to comply with the August 1, 2014 Order. (*See* Doc. No. 85 at 1.) The Eighth Circuit Court of Appeals affirmed this Court's finding of contempt and denied Thornton's appeal and petition for rehearing *en banc*.[1] (*See* Doc. Nos. 97-100.)

Pursuant to this Court's Order, a bench warrant was issued on February 2, 2016, to apprehend Thornton and bring him without delay before the Court for further proceedings. (*See* Doc. Nos. 101-102.) The United States Marshals Service apprehended Thornton on March 20, 2018, and brought him before Magistrate Judge Leung the following day for an initial appearance on the finding of civil contempt. (*See* Doc. No. 108.) Magistrate Judge Leung released Thornton and issued a stay of the bench warrant until April 25, 2018, when the parties are set to appear before this Court for further proceedings regarding Thornton's ongoing civil contempt. (*Id.*) Since that time, Thornton has not progressed towards compliance with the IRS summonses, submitting instead four motions for miscellaneous relief. (*See* Doc. Nos. 112-113, 118-123.)

**ARGUMENT**

At the outset, Thornton's Expedited Motion to Provide Evidence of a Debt Due and Owing or a Tax Liability [Doc. No. 112] and Expedited Motion for the Court to Identify the Evidence that is "Clear and Convincing" [Doc. No. 122] should be denied as untimely.

---

[1] Additionally, the United States Supreme Court denied Thornton's Petition for Writ of Certiorari, and Petition for rehearing. (*See* Doc. Nos. 103-106.)

3

Both appear to seek information regarding the existence of tax liability for the calendar years ending 2001, 2002, and 2003, to support the IRS's need to investigate the collection of such past due liability. In his declaration in support of the Petition, Revenue Officer Jeffrey Wagner, declared: "It is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons in order to properly investigate the collectability of federal tax liability of Respondent for the calendar years ending 2001, 2002, and 2003." (Doc. No. 2, ¶ 20.) Thornton was placed on notice of Petitioner's position for why the summonsed information is necessary to further the IRS's investigation, and had an opportunity to respond. Ultimately, over three years ago, this Court decided that the United States of America is entitled to enforcement of the summonses. As a result, because both motions seek to reopen the merits considerations already decided by this Court, they are untimely, and should be denied.

Thornton's expedited motions to dismiss should also be denied. Although it is difficult to understand Thornton's position, his motions do not mention any of the *Powell* factors identified above, nor do they offer any evidence purporting to refute any of the *Powell* factors. Rather, Respondent appears to contend the United States of America has not appeared in this action or this Court lacks subject matter jurisdiction, but fails to present logical arguments in support of these contention. Indeed, Thornton's pleadings are replete with arguments that are "reminiscent of tax-protestor rhetoric that has been universally rejected by [the tax court] and other courts." *Williams v. Comm'r*, 114 T.C. 136, 138-39 (U.S. Tax Ct. 2000). The United States of America will not address each of Thornton's

jurisdictional arguments because "to do so might suggest that these arguments have some colorable merit." *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984*)*.

## CONCLUSION

For the reasons stated above, Thornton's expedited motions miscellaneous relief should be denied.

Dated: April 12, 2018

GREGORY G. BROOKER
United States Attorney

/s/Bahram Samie

BY: BAHRAM SAMIE
Assistant U.S. Attorney
Attorney ID Number 392645
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Email: Bahram.Samie@usdoj.gov