John Kirk Thornton
4128 Utica Avenue South
Saint Louis Park, Minnesota [55416]

**RECEIVED**
APR 13 2018
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

"**District Court of the United States**"
**District of Minnesota**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> *Petitioner* ) <br> vs. ) <br> **John Kirk Thornton,** ) <br> *In propria persona* ) | Case No. 0:13-mc-00087-SRN-TNL |

**Expedited Motion To Strike Bahram Samie's "UNITED STATES OF AMERICA'S OPPOSITION TO RESPONENT'S MISSCELLANEOUS MOTIONS FOUND AT DOCKET ENTRIES 112, 118, 119 AND 122" ("Samie's Motion on Behalf of the United States")**

Comes now, John Kirk Thornton, ("Thornton") *in propria persona* with this **Expedited Motion To Strike Bahram Samie's "UNITED STATES OF AMERICA'S OPPOSITION TO RESPONENT'S MISSCELLANEOUS MOTIONS FOUND AT DOCKET ENTRIES 112, 118, 119 AND 122" ("Samie's Motion on Behalf of the United States")**

The substantive reason for the "**Expedited Motion to Strike "Samie's Motion on Behalf of the United States"** is because Thornton is under threat of incarceration for Contempt of Court from *this Court* if *this Court* is not satisfied by April 25th, 2018 of whatever exactly they are demanding of the already existing "**clear and convincing evidence;**" and further, the "**UNITED STATES OF AMERICA**", being a sovereign

Expedited Motion to Strike           Page 1 of 11



SCANNED
APR 16 2018
U.S. DISTRICT COURT MPLS

**body politic, and its agency being the IRS**[1] has a bona fide track record of dilatory and obfuscations actions, not to mention that there is no "**Counsel for the United States of America**" [Plaintiff/Petitioner] in the "proceeding" and "hearing" in the United States District Court on the record in *"this Court"* being repeatedly condoned and endorsed by **a Tony N. Leung, Magistrate Judge ("Leung"), Susan Richard Nelson, Judge ("Nelson") and now a Bahram Samie ("Samie") on "<u>behalf of the United States.</u>"**

Amazingly eidetic memory[2] exhibited in this instant Controversy CON in *this Court* is quite selective to perpetuate the CON. This selective eidetic memory is probably controlled by the "Rules for Radicals, A Pragmatic Primer for Realistic Radicals" authored by Saul Alinsky, which dedicated his book to Lucifer[3], that stresses never admit the **CON**, remembering that there current exists two great examples of Alinsky's star pupils consisting of (confirmed Liars): (1) Hillary Rodham Clinton (she

---

[1] Docket 1—Petition To Enforce Internal Revenue Service Summons, Pg. 1.

[2] **Eidetic – n -** "One that experiences eidetic images 2. Of or relating to voluntarily producible visual images having almost photographic accuracy." *Webster's Third New International Dictionary Unabridged 1993*, Pg. 727.

    Eidetic—"*Psychol.* **A.** *adj.* Of, pertaining to, or designating a recollected mental image having unusual vividness and detail, as if actually visible; (of a person) capable of perceiving such images. **B.** A person able to perceive eidetic images. *The New Shorter Oxford English Dictionary* 1993, page 789.

    **Eidetic memory.** (sometimes called photographic memory) is an ability to vividly recall images from memory after only a few instances of exposure, with high precision for a brief time after exposure. *Psychology: A Modular Approach to Mind and Behavior*, page 310, Denis Coon 2005

[3] *"Lest we forget at least an over-the-shoulder acknowledgment to the very first radical; form all our legends, mythology, an history (and who is to know where mythology leaves off and history begins—or which is which), the first radical known to man who rebelled against the establishment and did it so effectively that he at least won his own kingdom—Lucifer —SAUL ALINSKY"*

wrote a thesis on Alinsky's CON tactics) remembering that Hillary personally met with Alinsky; and, (2) Barry Soetoro aka as Barack Hussein Obama.

Thornton thanks Samie for his eidetic memory exposing the CON perpetuated upon Thornton by **Leung, Nelson and Samie in Samie's Motion on Behalf of the United States**, which will be Plead into *this Court* **in a separate pleading starting with Samie's eidetic of the start of the CON with Docket 4—ORDER TO SHOW CAUSE, page 1 "Upon the petition of the United States . . ."** by Leung that requires affidavits to rebut the Declaration by Wagner, being an revenue officers of the agency known as the "Internal Revenue Service" of the "UNITED STATES OF AMERICA." And if not rebutted by an affidavit "is admitted" therein rising to "clear and convincing evidence" in *this Court* **supported, endorsed and condoned by Leung, Nelson, Wilhelm and now Samie.**

Samie uses the **Docket 4 and by his admission in Samie's Motion on Behalf of the United States that Samie is still only appearing on behalf of the "United States" at Docket 124 page 2, to wit:**

> In its November 16, 2013 Order to Show Cause, the Court required Thornton to raise, in writing, any defense or opposition to the Petition. (See Doc. No. 4, ¶ 5.) Further, the Court ordered "only those issues **brought into controversy by the responsive pleadings and factual allegations supported by affidavit** will be considered," and "[a]ny **uncontested allegation in the petition will be considered admitted.**" (Id. ¶ 6.) The <u>United States</u> served Thornton with the Order to Show Cause, Petition, and supporting documents, and Thornton filed motions to dismiss, raising challenges to the Petition, including challenges to subject matter jurisdiction. (See generally, Doc. Nos. 5-6, 14.)

And further, in **Samie's Motion on Behalf of the United States Docket 124 page 4 "The United States of America will not address each of Thornton's jurisdictional**

arguments because "to do so might suggest that these arguments have some colorable merit."" *Crain v. Comm'r,* 737 F.2d 1417, 1417 (5th Cir. 1984)" is totally off-point upon inspection of *Crain v. C.I.R.,* 737 F.2d 1417, 1417 (5th Circuit 1984). Samie is "conflating" "to do so might suggest that these arguments have some colorable merit" with "subject matter jurisdiction" can be raised at any time. See *Abdi v. City of Minnesota,* 179 F.Supp.3d 895, 898 FN3 (D.Minn. 2016), to wit:

> Abdi complains that Defendants could have raised the standing issue much earlier in this litigation, well before the parties spent more than a year on discovery. He is likely correct. But that does not change the fact that the Court **must address standing now, as it implicates the Court's subject-matter jurisdiction,** e.g., *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 801 (8th Cir.2002), and **challenges to jurisdiction may be raised at any time**, see Fed. R. Civ. P. 12(h)(3).
>
> See also *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (stating that subject matter jurisdiction may never be forfeited or waived). Indeed, a federal court has a "special obligation" to satisfy itself of its own jurisdiction. *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). *Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. See *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Horsey v. Asher,* 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. See *Kaylor v. Fields,* 661 F.2d 1177, 1183 (8th Cir. 1981). If subject matter jurisdiction is lacking, the court must dismiss the action. See *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004).

There is conclusive evidence that there has been no appearance of the "Counsel for the United States of America" to date in this instant Controversy (sic) and Samie's interest (or appearance (sic)) on "behalf of the United States" is precluded as having standing in this instant Controversy (sic). And that issue of standing arises under so many precedents that "subject matter jurisdiction" must be proven, to which **Samie intentionally ignores.**

And further, Samie still signs his **Samie's Motion on Behalf of the United States as "Assistant U.S. Attorney."**

**Therefore, as Samie's Motion on Behalf of the United States Docket 124** has no objections to Thornton's Expedited Motions with the attachments they stand as true.

And further, as Samie or some other attorney has conclusive as evidenced in the Record there is no appearance of the "Counsel for the United States of America."

And further, as on behalf of the United States precluded that the "United States" is a party to this instant controversy.

On December 11, 2013 with **Leung,** to wit:

| | |
|---|---|
| **The Court:** | At this time, **government**, please identify yourself for the record. |
| **Mr. Wilhelm:** | Yes, Your Honor, I'm D. Gerald Wilhelm. I'm an Assistant United States Attorney. I'm here **on behalf of the United States**". |

On January 27, 2014 with **Leung,** to wit:

| | |
|---|---|
| **The Court:** | At this time, **government**, please identify yourself for the record. |
| **Mr. Wilhelm:** | Yes, Your Honor, I'm D. Gerald Wilhelm. I'm an Assistant United States Attorney. I'm here **on behalf of the United States**". |

On November 4th, 2014 with **Leung,** to wit:

| | |
|---|---|
| **The Court:** | First of all, **government**, please identify yourself for the record. |
| **Mr. Wilhelm:** | Yes, Your Honor, I'm D. Gerald Wilhelm. I'm an Assistant United States Attorney. I'm here **on behalf of the United States**". |

On January 27th, 2015 with **Leung,** to wit:

| | |
|---|---|
| **The Court:** | At this time, starting with the Petitioner, **United States of America,** identify yourself, Counsel, for the record please. |
| **Mr. Wilhelm:** | D. Gerald Wilhelm, Assistant United States Attorney, **for the United States**, Your Honor. |

On March 21st, 2018 with **Leung**, to wit:

| | |
|---|---|
| **The Court:** | And at this time, **government**, please identify yourself for the record. |
| **Mr. Samie** | Good afternoon, Your Honor. Assistant U.S. Attorney Bahram Samie appearing **on behalf of the United States.** |

As evidenced on December 11, 2013, *supra*; and, as evidenced on January 27th, 2014, *supra*; and, as evidenced on November 4th, 2014, *supra*; and, as evidenced on March 21st, 2018 there was no appearance of the "**Counsel for the United States of America.**" Wherein as any proceeding or hearing, even in *this Court* the appearance of the "Counsel for the United States of America" is a *sine qua non* of any adversarial Proceeding or Hearing. *Conditio Praededens Adimpleri Debet Prius Quam Sequator Effectus*, Co. Litt. 201 "A condition precedent must be fulfilled before the effect can follow." *Blacks 4th Ed.* page 365.

### a. Behalf

Concerning "behalf" as found in *Meyers v. State*, 105 S.W. 48, 49 (Tex.Civ.App. 1907), to wit:

> In the case of *State v. Eggerman*, 81 Tex. 569, 16 S. W. 1067, the Supreme Court, in passing upon whether a suit was "in **behalf** of the state," adopts the following definition: "The word '**behalf**' **means in the name of, on account of, benefit, advantage, interest, profit, defense, vindication**; and in any of these senses this is evidently within the meaning of the Constitution a suit in behalf of the state."

In *United States v. Payne*, 30 F.2d 960, 961-962 (W.D.Northern Div.Wash. 1929), to wit:

> The phrase, 'except when on behalf of the United States, 'was significantly used, and has a restricted application, **but has no application in a proceeding where the United States is a party.** It has application to actions **prosecuted or defended by instrumentalities of the United States, or others, on its behalf.** Suit may be brought **by one in authority for the benefit or advantage of the United States**, and, so brought, **would be in its behalf.** See *Georgia v. Brailsford*, 2 Dall. 402, (1792); *State v. Eggerman*, 81 Tex. 569, 16 S.W. 1067 (1891); *Hill County v. Atchison* (Tex.Civ.App.) 49 S.W. 145. **For suit when instrumentality was a party**, see *United States v. Clallam County* (W.D.Wash.) 283 F. 645 (1922) (affirmed 263 U.S. 341) (1923), **which was an action in which an agency or instrumentality of the United States defended.** See, also, *Weeks, Secretary of War, et al. v. Goltra* 7 F.2d 838 (8th Cir. 1925).
>
> There are corporate entities used by the United States as its instrumentalities and officers who prosecute and defend actions. Such actions would be on its behalf. The provision, 'except when on behalf of the United States,' **refers not to suits by the United States, but on its behalf by instrumentalities or officers**, the object being not to do the idle thing of collecting fees for the United States from its instrumentalities or officers, etc. The law must be construed, if possible, with a consistency to accomplish its purpose. *In re Ayers*, 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887).

It is clearly established that "on behalf of the United States" "has no application of where the United States is a party. It has applications to actions prosecuted or defended by instrumentalities of the United States, or others on its behalf," *ibid.*, or "for suit when instrumentality is a party." *Ibid.* Therefore, is the "UNITED STATES OF AMERICA," being a "sovereign body politic," prosecuting Thornton **for the benefit of the United States?**

Therefore, a matter of law, *this Court*, is required to dismiss with prejudice as to date the evidence in the Record conclusively proves that no "Counsel for the United States of America" has appeared therein as a matter of law, voiding all of this instant controversy (sic).

My Hand, *[signature]*

10. Thornton has relied upon the precedents and holding of the Courts of the United States that no Case or Controversy can proceed if the Plaintiff or Petitioner is the "United States of America" and no "Counsel for the United States of America" never appears.

This Declaration is filed under 28 U.S.C. § 1746 under the penalty of perjury that all facts are true and correct covered by this Declaration.

My Hand, *[signature]*

## VI. Certificate of Service.

I certify that this Expedited Motion to Strike is comprised of total of 2,293 words in 13 Font in Times New Roman Microsoft Version 16.12 for Mac running MacOS High Sierra Version 10.13.4.

I further certify that this Expedited Motion to Strike were delivered personally or mailed First Class prepaid to the following parties, to wit:

**Bahram Samie
U.S. Courthouse
300 S 4th Street Suite 600
Minneapolis, Minneapolis 55415**

Date: April 13th, 2015

_____
Signature