UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-mc-87 (SRN/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>JOHN K. THORNTON, )<br>)<br>Respondent. ) | **UNITED STATES OF AMERICA'S OPPOSITION TO RESPONDENT'S MISCELLANEOUS MOTIONS FOUND AT DOCKET ENTRIES 126 & 130** |

Petitioner the United States of America hereby responds to Respondent John K. Thornton's Expedited Motion to Strike Pleading [Doc. No. 126], and "Expedited Motion to Dismiss-as to the Essential Elements of Nelson's ORDER" [Doc. No. 130]. Thornton has been in constructive civil contempt of court since March 27, 2015, for failing to comply with this Court's order dated August 1, 2014. Despite the Eighth Circuit Court of Appeals affirming this Court's finding, and the United States Supreme Court denying his Petition for a Writ of Certiorari, Thornton has made no effort to purge his contempt. Instead, Thornton seeks to dismiss this matter based on frivolous arguments, and, in the alternative, to reopen the Court's determination that the United States is entitled to enforcement of its Internal Revenue Service (IRS) summonses. For the reasons stated below, this Court should deny Thornton's motions.

**PROCEDURAL BACKGROUND**

This action arises from the United States of America's Petition to enforce two IRS summonses, brought pursuant to 26 U.S.C. § 7402(b) and 26 U.S.C. § 7604(a). One

summons seeks information to further an investigation into the collection of Thornton's income tax liability for the tax years 2001-2003, and one seeks information to calculate Thornton's income tax liability for the tax years 2004-2012, for which he did not file a return. (*See* Doc. No. 2, Exs. A-B.)

In its November 16, 2013 Order to Show Cause, the Court required Thornton to raise, in writing, any defense or opposition to the Petition. (*See* Doc. No. 4, ¶ 5.) Further, the Court ordered "only those issues brought into controversy by the responsive pleadings and factual allegations supported by affidavit will be considered," and "[a]ny uncontested allegation in the petition will be considered admitted." (*Id.* ¶ 6.) The United States served Thornton with the Order to Show Cause, Petition, and supporting documents, and Thornton filed motions to dismiss, raising challenges to the Petition, including challenges to subject matter jurisdiction. (*See generally,* Doc. Nos. 5-6, 14.) After conducting hearings on the Show Cause Order and Respondents' motions to dismiss, the Honorable Tony N. Leung ("Magistrate Judge Leung") issued a Report and Recommendation ("R&R"), recommending Thornton's motions be denied and the United States of America's Petition be enforced. (*See* Doc. No. 21.)

On August 1, 2014, after reviewing Thornton's objections to the R&R, this Court denied the motions to dismiss, determined that it has subject matter jurisdiction over the Petition, and issued an order compelling Thornton to comply with both summonses. (*See* Doc No. 23). Since that time, this Court has denied numerous post-judgment motions filed by Thornton. (*See, e.g.*, Doc. Nos. 28, 34, 42.) On March 27, 2015, this Court found Thornton in constructive civil contempt of court for failing to comply with the August 1,

2014 Order. (*See* Doc. No. 85 at 1.) The Eighth Circuit Court of Appeals affirmed this Court's finding of contempt and denied Thornton's appeal and petition for rehearing *en banc*.[1] (*See* Doc. Nos. 97-100.)

Pursuant to this Court's Order, a bench warrant was issued on February 2, 2016, to apprehend Thornton and bring him without delay before the Court for further proceedings. (*See* Doc. Nos. 101-102.) The United States Marshals Service apprehended Thornton on March 20, 2018, and brought him before Magistrate Judge Leung the following day for an initial appearance on the finding of civil contempt. (*See* Doc. No. 108.) Magistrate Judge Leung released Thornton and issued a stay of the bench warrant until April 25, 2018, when the parties are set to appear before this Court for further proceedings regarding Thornton's ongoing civil contempt. (*Id.*)

On March 22, 2018, Revenue Officer Richard Wallin sent Thornton a letter, advising how to get in contact with the IRS to resolve his summons enforcement issues prior to the April 25, 2018 hearing before Judge Nelson. (*See* Wallin Decl., Ex. A.) On March 26, 2018, Wallin received a letter from Thornton in response to the March 22, 2018 letter, which, among other things, sought clarification on the materials and information the IRS requires him to produce so that the civil contempt charges would be lifted, and which requests additional information regarding Thornton's present tax liabilities. (*Id.*, Ex. B.) On March 26, 2018, Wallin responded to Thornton with a letter outlining the documents

---

[1] Additionally, the United States Supreme Court denied Thornton's Petition for Writ of Certiorari, and Petition for rehearing. (*See* Doc. Nos. 103-106.)

requested in both summonses and the need for testimony. (*Id.*, Ex. C.) Wallin also attached information related to Thornton's present tax liabilities.

Since the hearing on March 21, 2018, Thornton has not progressed towards compliance with the IRS summonses, except that he is currently scheduled to meet with Revenue Officer Wallin and provide testimony on Tuesday April 24, 2018 at 1 pm. (*See* Doc. No. 132.) During this time, Thornton has submitting seven motions for miscellaneous relief. (*See* Doc. Nos. 112, 118, 119, 122, 126, 127, and 130.) Petitioner has already responded to the motions docketed at 112, 113, 118, and 122, and this Court has already denied the motion docketed at 127. As a result, Petitioner responds to Thornton's Expedited Motion to Strike [Doc. No. 126] and Expedited Motion to Dismiss as the Essential Elements of Nelson's ORDER Do Not Exist [Doc. No. 130].

## ARGUMENT

At the outset, Thornton's Expedited Motion to Strike Petitioner's opposition memorandum is not a motion contemplated by the Federal Rules of Civil Procedure. *See, e.g.*, *Carlson Mktg. Grp., Inc. v. Royal Indem. Co.*, No. CIV.04-CV-3368, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) ("[T]here is no such thing as a "motion to strike"— at least when the paper being targeted is a memorandum or affidavit submitted in connection with a motion for summary judgment."). As a result, Thornton's Motion to Strike should properly be captioned as a reply memorandum in support of his motions to dismiss.

Indeed, the memorandum merely discusses at greater length Thornton's allegation that Petitioner the United States of America has never appeared in this action, nor has

4

counsel for the United States of America ever appeared in this matter. Thornton's argument is predicated on the notion that the words "United States" or "the government" cannot be used interchangeably to refer to the United States of America. Thornton's argument is frivolous, and unsupported by the Constitution of the United States of America (a/k/a "the United States Constitution") itself. *Compare, e.g.*, U.S. CONST. art. II, § 1, cl.1 ("The executive Power shall be vested in a President of the *United States of America*.") *with* U.S. CONST. art. II § 1, cl. 8 ("Before he enter on the Execution of his Office, he shall take the following Oath or Affirmation: 'I do solemnly swear (or affirm) that I will faithfully execute the Office of President of the *United States*, and will to the best of my Ability, preserve, protect and defend the Constitution of the *United States*.'") (emphases added). *See also* U.S. CONST. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the *Government* for a redress of grievances."). (emphasis added). Thornton's Motion to Strike should be denied.

Thornton's Expedited Motion to Dismiss as the Essential Elements of Nelson's ORDER Do Not Exist [Doc. No. 130] also raises frivolous reasons why he allegedly cannot comply with this Court's March 27, 2015 Memorandum Opinion and Order. First, Thornton argues the order was not complied with because it does not define "substantially" and the revenue officer improperly made a determination whether Thornton "substantially complied" with the IRS summonses. Aside from the fact that the Court never relinquished its inherent right to determine compliance (or substantial compliance) with its order,

Thornton's argument is irrelevant because the declaration establishes that he did not even make an effort to comply.

Second, Thornton argues the term "Declaration" was not defined and that a legal and lawful declaration was never filed because it did not strictly adhere to the requirements of 28 U.S.C. § 1746. Although Thornton correctly states that the Declaration of Jeffrey Wagner dated April 30, 2015, omits the words "true and correct," he cannot establish that the declaration sets forth untruthful statements.[2] Indeed, Thornton has presented no evidence to suggest he has provided any information, let alone adequate information, to the IRS in response to the summonses. Until he can do so, he continues to be in contempt of this Court's order.

Finally, Thornton presents arguments that again presume the term "government" cannot be used interchangeably with "the United States of America" or "the United States," and needed to be specifically defined within the Court's March 27, 2015 Order. As already discussed above, this Court should reject Thornton's frivolous arguments.

---

[2]Petitioner notes that 28 U.S.C. § 1746 requires that a declaration substantially follows the form language, which happened here. Declaration specifically cites to the statute and states that it is made under penalty of perjury, which incorporates the declarant's intention that the statements made are true and correct. Nevertheless, if the Court would like a corrected declaration, Petitioner respectfully requests leave to do so.

## CONCLUSION

For the reasons stated above, Thornton's expedited motions for miscellaneous relief should be denied.

Dated: April 23, 2018

GREGORY G. BROOKER
United States Attorney

/s/Bahram Samie

BY: BAHRAM SAMIE
Assistant U.S. Attorney
Attorney ID Number 392645
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5600
Email: Bahram.Samie@usdoj.gov